# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOFTWARE FREEDOM CONSERVANCY, INC. and ERIK ANDERSEN,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BEST BUY CO., INC.; SAMSUNG ELECTRONICS AMERICA, INC.; WESTINGHOUSE DIGITAL ELECTRONICS, LLC; JVC AMERICAS CORPORATION; WESTERN DIGITAL TECHNOLOGIES, INC.; ROBERT BOSCH LLC; PHOEBE MICRO, INC.; HUMAX USA INC.; COMTREND CORPORATION; DOBBS-STANDFORD CORPORATION; VERSA TECHNOLOGY INC.; and GCI TECHNOLOGIES CORPORATION,<br><br>　　　　　　Defendants. | Civil Action No: 09-cv-10155 (SAS)<br>Judge Scheindlin<br><br>**DEFENDANT WESTINGHOUSE DIGITAL ELECTRONICS, LLC'S ANSWER AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Defendant Westinghouse Digital Electronics, LLC ("Westinghouse") responds to the allegations in the Complaint of plaintiffs Software Freedom Conservancy, Inc. ("SFC") and Erik Andersen ("Anderson") (collectively "Plaintiffs") by denying each and every paragraph unless specifically noted otherwise as follows:

The preamble to Plaintiffs' Complaint consists of Plaintiffs' characterization of the complaint, which speaks for itself, and thus requires no response. To the extent that it does require a response, Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the statements in the preamble and, therefore, denies them.

## **THE PARTIES**

1.  Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies them.

2.  Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, denies them.

3.  Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies them.

4.  Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, therefore, denies them.

5.  Westinghouse admits the allegations in Paragraph 5 of the Complaint.

6.  Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies them.

7.  Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies them.

8.  Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies them.

9.  Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies them.

10. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies them.

11. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies them.

12. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies them.

13. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies them.

14. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies them.

15. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies them.

16. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies them.

## JURISDICTION AND VENUE

17. Westinghouse admits that the Complaint purports to allege claims for copyright infringement.  Westinghouse admits that subject matter jurisdiction is proper pursuant U.S.C. §§ 1331 and 1338(a) to the extent that Plaintiffs, individually and collectively, are able to demonstrate a proper claim for copyright infringement. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations as asserted against all other defendants in this case and, therefore, denies them.

18. Westinghouse does not contest that this Court has personal jurisdiction over Westinghouse.  To the extent the remaining allegations of Paragraph 18 are directed to

Westinghouse, Westinghouse denies them. With respect to allegations regarding parties other than Westinghouse, Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies them.

19. Insofar as the allegations of Paragraph 19 are directed to Westinghouse, Westinghouse admits that venue is proper in this judicial district, although Westinghouse maintains that there are more convenient forums in which to proceed with this action.

## FACTUAL BACKGROUND

20. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies them.

21. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies them.

22. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies them.

23. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them.

25. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies them.

26. Westinghouse admits that it sells high definition television.  To the extent the remaining allegations of Paragraph 26 are directed to Westinghouse, Westinghouse denies them.  With respect to the allegations regarding parties other than Westinghouse, Westinghouse is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies them.

27. Westinghouse admits that it sells the TX-52F480S LCD HDTV.  To the extent the remaining allegations of Paragraph 27 are directed to Westinghouse, Westinghouse denies them.  With respect to the allegations regarding parties other than Westinghouse, Westinghouse is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies them.

28. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies them.

29. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies them.

<u>**CLAIM FOR RELIEF**</u>

<u>**COUNT I- COPYRIGHT INFRINGEMENT**</u>

30. Westinghouse incorporates by reference its responses to Paragraphs 1 through 29 as though set forth in full herein.

31. Westinghouse is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies them.

32. Westinghouse denies each and every allegation in Paragraph 32.

33. Westinghouse denies each and every allegation in Paragraph 33.

## PLAINTIFFS' PRAYER FOR RELIEF

Westinghouse denies that Plaintiffs are entitled to any relief whatsoever.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Westinghouse, without waiver, limitation or prejudice, hereby asserts the following Affirmative Defenses:

## FIRST DEFENSE
### (Failure to State a Claim)

34. Plaintiffs have failed to state any claim upon which relief can be granted.

## SECOND DEFENSE
### (First Sale)

35. Plaintiffs' claims for relief are barred by the First Sale doctrine.

## THIRD DEFENSE
### (Laches)

36. Plaintiffs' claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH DEFENSE
### (Estoppel)

37. Plaintiffs' claims for relief are barred, in whole or in part, by the equitable doctrine of estoppel.

## FIFTH DEFENSE
## (17 U.S.C. §507(b))

38. Upon information and belief, Plaintiffs' claims for recovery are barred, in whole or in part, by 17 U.S.C. §507(b).

## PRAYER FOR RELIEF

WHEREFORE, Westinghouse respectfully requests the following relief:

A. That Plaintiffs' action be dismissed with prejudice;

B. That it be ordered that Plaintiffs take nothing by way of the Complaint;

C. That a judgment be entered declaring that Westinghouse has not infringed Plaintiffs' copyright.

D. That Westinghouse be awarded its costs and disbursements in this action; and

E. That Westinghouse be granted such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant Westinghouse hereby demands a trial by jury on all issues triable thereby.

Dated: March 8, 2010

                                          s/Kyle B. Fleming
                                        Kyle B. Fleming (KF-2327)
                                        Renner, Otto, Boisselle & Sklar, LLP
                                        1621 Euclid Avenue, 19th Floor
                                        Cleveland, Ohio 44115

       (216) 621-1113

       *Attorneys for Westinghouse Digital Electronics, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 8, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document was served by electronic service on all parties of record via CM/ECF.


Dated: March 8, 2010

                                                                         s/Kyle B. Fleming
                                                                    Kyle B. Fleming (KF-2327)