UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOFTWARE FREEDOM CONSERVANCY, INC. and ERIK ANDERSEN,<br><br>    Plaintiffs,<br><br>    -against-<br><br>BEST BUY CO., INC., SAMSUNG ELECTRONICS AMERICA, INC., WESTINGHOUSE DIGITAL ELECTRONICS, LLC, JVC AMERICAS CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., ROBERT BOSCH LLC, PHOEBE MICRO, INC., HUMAX USA INC., COMTREND CORPORATION, DOBBS-STANFORD CORPORATION, VERSA TECHNOLOGY INC., ZYXEL COMMUNICATIONS INC., ASTAK INC., and GCI TECHNOLOGIES CORPORATION,<br><br>    Defendants. | FILED VIA ECF<br><br>Civil Action No. 09-CIV-10155 (SAS)<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT BEST BUY CO., INC.'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

Best Buy Co., Inc. ("Best Buy"), erroneously sued in place of Best Buy Stores, L.P. and BestBuy.Com, LLC, answers Software Freedom Conservancy, Inc. and Erik Andersen's ("Plaintiffs") Original Complaint ("Complaint") as follows:

## GENERAL DENIAL

Best Buy denies each and every allegation, matter, or thing contained in the Complaint which is not expressly admitted, qualified or answered herein.

## THE PARTIES

1.     Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. Best Buy admits the allegations in paragraph 3.

4. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

9. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

## JURISDICTION AND VENUE

17. Best Buy admits that the Complaint alleges infringement under the United States copyright laws but denies copyright infringement. Best Buy also admits that this Court has subject matter jurisdiction over copyright claims generally.

18. Best Buy admits that this Court has personal jurisdiction over Best Buy, but denies paragraph 18 to the extent that it alleges copyright infringement by Best Buy. Best Buy is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 18 and therefore denies them.

19. Best Buy admits that venue is proper in this jurisdiction. To the extent that paragraph 19 alleges copyright infringement by Best Buy, Best Buy denies the allegation. Best Buy is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 19 and therefore denies them.

## FACTUAL BACKGROUND

20. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22.     Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23.     Best Buy admits that Plaintiffs have, in paragraph 23 of their Complaint, provided a quotation from section 2(b) of Exhibit A to their Complaint, which purports to be a License. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies them.

24.     Best Buy admits that Plaintiffs have, in paragraph 24 of their Complaint, provided a quotation from section 3 of Exhibit A to their Complaint, which purports to be a License. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies them.

25.     Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26.     Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27.     Best Buy denies the allegations that are specific to Best Buy in paragraph 27. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies them.

28.     Best Buy admits that Plaintiffs have, in paragraph 28 of their Complaint, provided a partial quotation from section 4 of Exhibit A to their Complaint. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies them.

29.     Best Buy admits that a letter was faxed to Best Buy Co., Inc. from the Software Freedom Conservancy on November 18, 2009, purporting to be notice of

copyright infringement by Insignia NS-WBRDVD. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies them.

## PLAINTIFFS' CLAIM FOR RELIEF

## COUNT I—COPYRIGHT INFRINGEMENT

30. Best Buy denies the allegations in paragraph 30, except as expressly admitted herein.

31. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32. Best Buy denies the allegations in paragraph 32 to the extent that paragraph 32 alleges copyright infringement by Best Buy. Best Buy is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 32 and therefore denies them.

33. Best Buy denies the allegations in paragraph 33 to the extent that paragraph 33 alleges that Plaintiffs are entitled to recover damages from Best Buy. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies them.

34. Best Buy denies the allegations in paragraph 34 to the extent that paragraph 34 alleges that Plaintiffs are entitled to permanently enjoin Best Buy. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore denies them.

35. Best Buy denies the allegations in paragraph 35 to the extent that paragraph 35 alleges that Plaintiffs are entitled to recover attorneys' fees and costs from

Best Buy. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

36. Plaintiffs have failed to join a required party.

### SECOND AFFIRMATIVE DEFENSE

37. Plaintiffs lack standing.

### THIRD AFFIRMATIVE DEFENSE

38. Use of the work identified by Plaintiffs in their Complaint was licensed or otherwise authorized.

### FOURTH AFFIRMATIVE DEFENSE

39. Plaintiffs do not hold a valid or enforceable copyright in the work identified in their Complaint, and such alleged copyright is invalid and/or unenforceable.

### FIFTH AFFIRMATIVE DEFENSE

40. Best Buy has not infringed any valid or enforceable copyright belonging to Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

41. Best Buy's alleged conduct constitutes fair use.

### SEVENTH AFFIRMATIVE DEFENSE

42. To the extent that any Best Buy entity has infringed any valid and enforceable copyright in the work identified in Plaintiffs' Complaint, which is denied, such infringement was innocent and not willful.

**COUNTERCLAIMS**

Defendant/Counterclaimant Best Buy for its separate counterclaims against Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen states and alleges as follows:

1.  This is an action for declaratory judgment, together with such further relief based thereon as may be necessary or proper, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  There is an actual controversy between Best Buy and Plaintiffs arising under United States copyright laws, Title 17 of the United States Code.

2.  The subject matter jurisdiction of this Court is founded upon Title 28, United States Code §§ 1331, 1338(a), 2201 and 2202.

3.  Best Buy is a Minnesota corporation with its principal place of business at 7601 Penn Ave. South, Richfield, Minnesota 55423.

4.  Software Freedom Conservancy, Inc. alleges that it is a not-for-profit New York corporation with its principal place of business at 1995 Broadway, 17th Fl., New York, New York 10023.

5.  Erik Andersen alleges that he has a residence in Springville, Utah.

6.  Mr. Anderson alleges that he authored, developed and owns the copyrights in a computer program called "BusyBox."

7.  Software Freedom Conservancy, Inc. alleges that it is a copyright enforcement agent for Mr. Andersen with respect to BusyBox.

8.  Mr. Andersen and Software Freedom Conservancy, Inc. ("Plaintiffs") allege that Best Buy has infringed Mr. Andersen's alleged copyrights in BusyBox.

## FIRST COUNTERCLAIM

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

9. Best Buy restates and realleges each of the allegations set forth in the Counterclaim paragraphs 1-8 above.

10. By filing the instant Complaint, Plaintiffs have purported to assert a claim for copyright infringement by Best Buy of copyrights in BusyBox.

11. Best Buy has not infringed any copyrights in BusyBox.

12. Best Buy is entitled to judgment that it has not infringed any copyrights in BusyBox.

## JURY DEMAND

13. Best Buy requests a jury trial on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Best Buy prays for judgment in its favor against Plaintiffs/Counterclaimants as follows:

1. Dismissing Plaintiffs' cause of action with prejudice and on the merits;

2. Declaring that Best Buy has not infringed the alleged copyrights in BusyBox;

3. Awarding Best Buy its costs, including reasonable attorneys' fees, incurred in connection with this matter; and

4. Awarding such other relief as this Court deems just and equitable.

Dated: New York, New York
       March 8, 2010

Respectfully submitted,

/s/ David Leichtman
David Leichtman (DL-7233)
dleichtman@rkmc.com

>Hillel I. Parness (HP-1638)
>hiparness@rkmc.com
>Oren D. Langer (OL-5962)
>odlanger@rkmc.com
>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
>499 Park Avenue, Suite 1200
>New York, New York  10022
>Tel.:  212.980.7400
>Fax:  212.980.7499
>
>Emmett J. McMahon
>Sharon E. Roberg-Perez
>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
>2800 LaSalle Plaza
>800 LaSalle Avenue
>Minneapolis, MN  55402
>Tel.:  612.349.8500
>Fax: 612. 339.4181
>
>*Counsel for Best Buy Co., Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the below date, he did cause a true and correct copy of the foregoing **DEFENDANT BEST BUY CO., INC.'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT** to be served via this Court's Electronic Case Filing system upon counsel for all parties.

Dated: March 8, 2010

                                              /s/ Oren D. Langer
                                            Oren D. Langer (OL-5962)