MOSES & SINGER LLP
Philippe Zimmerman
pzimmerman@mosessinger.com
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone:  (212) 554-7800
Facsimile:   (917) 206-4395

and

THE YOCCA LAW FIRM LLP
Mark W. Yocca (*pro hac vice* application to be filed)
myocca@yocca.com
Paul Kim (*pro hac vice* application to be filed)
pkim@yocca.com
19900 MacArthur Boulevard, Suite 650
Irvine, California 92612
Telephone:   (949) 253-0800
Facsimile:    (949) 253-0870
Attorneys for Defendant,
VERSA TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOFTWARE FREEDOM CONSERVANCY, INC. and ERIK ANDERSEN,<br><br>                                            Plaintiffs,<br><br>vs.<br><br>BEST BUY CO., INC., SAMSUNG ELECTRONICS AMERICA, INC., WESTINGHOUSE DIGITAL ELECTRONICS, LLC, JVC AMERICAS CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., ROBERT BOSCH LLC, PHOEBE MICRO, INC., HUMAX USA INC., COMTREND CORPORATION, DOBBS-STANDFORD CORPORATION, VERSA TECHNOLOGY INC., ZYXEL COMMUNICATIONS INC., ASTAK INC., and GCI TECHNOLOGIES CORPORATION,<br><br>                                            Defendants. | **09 CIV. 10155 (SAS)**<br><br><br><br>**DEFENDANT VERSA TECHNOLOGY, INC.'S ANSWER WITH JURY DEMAND** |

807159v2  012659.0101

Defendant, VERSA TECHNOLOGY, INC. (hereinafter, "Defendant" or "VersaTek"), by its undersigned attorneys, hereby submits its answer to the complaint of Plaintiffs SOFTWARE FREEDOM CONSERVANCY, INC. and ERIK ANDERSEN (hereinafter collectively, "Plaintiffs") as follows:

## PRELIMINARY STATEMENT

Plaintiffs' preliminary statement states legal conclusions, and therefore no response is required. To the extent a response is deemed required, Defendant denies, generally and specifically, each and every allegation contained in Plaintiffs' preliminary statement.

## THE PARTIES

1. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 1 of the complaint.

2. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 2 of the complaint.

3. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 3 of the complaint.

4. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the complaint, and on that basis,

denies, generally and specifically, each and every allegation contained in paragraph 4 of the complaint.

5. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 5 of the complaint.

6. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 6 of the complaint.

7. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 7 of the complaint.

8. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 8 of the complaint.

9. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 9 of the complaint.

10. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 10 of the complaint.

11. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 11 of the complaint.

12. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 12 of the complaint.

13. Defendant admits the allegations contained in paragraph 13 of the complaint.

14. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 14 of the complaint.

15. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 15 of the complaint.

16. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the complaint, and on that basis,

denies, generally and specifically, each and every allegation contained in paragraph 16 of the complaint.

## JURISDICTIONAL ALLEGATIONS

17. Paragraph 17 states a legal conclusion, and therefore no response is required. To the extent a response is deemed required, Defendant admits the allegations contained in paragraph 17.

18. Paragraph 18 states legal conclusions, and therefore no response is required. To the extent a response is deemed required, Defendant denies, generally and specifically, each and every allegation contained in paragraph 18.

*19.* Paragraph 19 states a legal conclusion, and therefore no response is required. To the extent a response is deemed required, Defendant denies, generally and specifically, each and every allegation contained in paragraph 19 of the complaint.

## FACTUAL BACKGROUND

20. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 20 of the complaint.

21. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 21 of the complaint.

22. Defendant admits that a document entitled "GNU General Public License, Version 2, June 1991" is attached to the complaint as Exhibit A. Except as expressly admitted, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of

the allegations contained in paragraph 22 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 22 of the complaint.

23. Paragraph 23 states legal conclusions, and therefore no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 23 of the complaint and expressly refers the Court to the license for its terms.

24. Paragraph 24 states legal conclusions, and therefore no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 24 of the complaint and expressly refers the Court to the license for its terms.

25. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 25 of the complaint.

26. Defendant admits that it sells electronic products, including routers. Except as expressly admitted, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 26 of the complaint.

27. Defendant admits that prior to receiving notice of the alleged copyright infringement as set forth in the complaint, Defendant had distributed products identified as PS-730 and VX-BW2250. Except as expressly admitted, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 27 of the complaint.

28. Paragraph 28 states legal conclusions, and therefore no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 28 of the complaint and expressly refers the Court to the license for its terms.

29. Defendant denies that Plaintiffs notified Defendant in writing or otherwise of the alleged copyright infringement by Defendant's products PS-730 and VX-BW2250, prior to the filing of the instant complaint. Defendant further denies that it has either ignored or refused to meaningfully respond to Plaintiffs because Defendant never received notice of the allegations at issue prior to the filing of the complaint. Defendant further denies that it copied, modified or distributed products in violation of Plaintiffs' rights under the Copyright Laws after the filing of the complaint. With respect to the other defendants, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 29 of the complaint.

## CLAIM FOR RELIEF

## COUNT I – COPYRIGHT INFRINGEMENT

30. Defendant incorporates by reference and restates its responses to the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

31. Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the complaint, and on that basis, denies, generally and specifically, each and every allegation contained in paragraph 31 of the complaint.

32. Paragraph 32 states a legal conclusion, and therefore no response is required. To the extent a response is deemed required, Defendant denies, generally and specifically, each and every allegation contained in paragraph 32 of the complaint.

33. Paragraph 33 states a legal conclusion, and therefore no response is required. To the extent a response is deemed required, Defendant denies, generally and specifically, each and every allegation contained in paragraph 33 of the complaint.

34. Paragraph 34 states legal conclusions, and therefore no response is required. To the extent a response is deemed requires, Defendant denies, generally and specifically, each and every allegation contained in paragraph 34 of the complaint.

35. Paragraph 35 states a legal conclusion, and therefore no response is required. To the extent a response is deemed required, Defendant denies, generally and specifically, each and every allegation contained in paragraph 35 of the complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The complaint and each claim therein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (LACK OF STANDING)

On information and belief, Defendant alleges that Plaintiffs lack standing to assert their claims, if any, because they do not own the alleged copyright at issue and/or do not have a valid registration for that copyright.

## THIRD AFFIRMATIVE DEFENSE

### (JOINT OWNERSHIP)

On information and belief, Defendant alleges that Plaintiffs' claims are barred because other third parties jointly created the alleged copyright at issue and those third parties are joint copyright owners of the alleged copyright at issue in this action.

## FOURTH AFFIRMATIVE DEFENSE

### (INDISPENSABLE PARTIES)

On information and belief, Defendant alleges that Plaintiffs' claims are barred because there are indispensable parties that have not been joined in this lawsuit, including the other authors and/or owners of the alleged copyright at issue.

## FIFTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

On information and belief, Defendant alleges that Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (NO STATUTORY DAMAGES)

On information and belief, Defendant alleges that Plaintiffs' claims for statutory damages are barred because they did not obtain a valid copyright registration prior to the beginning of the alleged infringement and has otherwise not complied with the statutory prerequisites for such an award.

## SEVENTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

On information and belief, Defendant alleges that Plaintiffs' claims are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (LACHES)

On information and belief, Defendant alleges that Plaintiffs' claims are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

### (WAIVER)

On information and belief, Defendant alleges that Plaintiffs' claims are barred by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

On information and belief, Defendant alleges that Plaintiffs' claims are barred by the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

### (ACQUIESCENCE)

On information and belief, Defendant alleges that Plaintiffs' claims are barred by the doctrine of acquiescence.

### TWELFTH AFFIRMATIVE DEFENSE

### (CONSENT)

On information and belief, Defendant alleges that Plaintiffs' claims are barred by the doctrine of consent.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (COSTS AND ATTORNEYS' FEES)

On information and belief, Defendant alleges that Plaintiffs' prayer for costs and attorneys' fees is barred because Plaintiffs do not meet the statutory prerequisites of the Copyright Act for such an award and cannot prove the requisite state of mind or culpability on the part of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (MATERIAL BREACH)

On information and belief, Defendant alleges that Plaintiffs' claims are barred because any and all obligations Defendant may have had under the alleged license agreement at issue in this case were excused by the material breaches of the agreement by Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (ILLEGAL, UNCONSCIONABLE AND CONTRARY TO PUBLIC POLICY)

On information and belief, Defendant alleges that Plaintiffs' claims are barred, limited and/or excluded on the grounds that the alleged license at issue in this case and/or certain provisions contained therein are illegal, unconscionable and barred by public policy as well as by statutory and case law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (LACK AND/OR FAILURE OF CONSIDERATION)

On information and belief, Defendant alleges that Plaintiffs' claims are barred because Defendant's performance of any obligations with respect to the alleged license at issue in this action have been excused by lack and/or material failure of consideration on the part of Plaintiffs with respect to that license.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (RESERVATION OF RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES)

Defendant has insufficient knowledge or information upon which to form a belief as to whether Defendant may have additional and yet unstated affirmative defenses available. Defendant reserves its right to amend this answer and assert additional affirmative defenses as warranted by discovery and further investigation to which other affirmative defenses may apply.

## **PRAYER**

WHEREFORE, Defendant respectfully prays for judgment as follows:

1. That plaintiffs take nothing by way of plaintiffs' Complaint as against Defendant;

2. That Defendant be dismissed with prejudice from this lawsuit;

3. For recovery of Defendant's attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable.

Dated:  March 8, 2010

>  Respectfully submitted,
>
>  MOSES & SINGER LLP
>
>  By: //pzimmerman
>     Philippe Zimmerman
>     The Chrysler Building
>     405 Lexington Avenue
>     New York, NY 10174
>  Telephone: (212) 554-7800
>  Facsimile:  (917) 206-4395
>
>  and
>
>  Mark W. Yocca (*pro hac vice* application to be filed)
>  Paul Kim (*pro hac vice* application to be filed)
>  THE YOCCA LAW FIRM LLP
>  19900 MacArthur Boulevard, Suite 650
>  Irvine, California 92612
>  Telephone:  (949) 253-0800
>  Facsimile:   (949) 253-0870
>
>  Attorneys for Defendant,
>  VERSA TECHNOLOGY, INC.