UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

SOFTWARE FREEDOM CONSERVANCY, INC. : 09 Civ. 10155 (SAS)
and ERIK ANDERSEN,

                             Plaintiffs    :    **ANSWER OF**
                                     :    **ROBERT BOSCH LLC**
    -against-

BEST BUY CO. INC., et al.,

                             Defendants.
----------------------------------------X

       Defendant Robert Bosch LLC ("RBLLC"), by its attorneys, Schiff Hardin LLP, as and for its Answer, alleges as follows:

       1.    To the extent a response is required to the unnumbered paragraph preceding Paragraph 1 of the Complaint, RBLLC, on information and belief, denies the allegations concerning it and denies knowledge or information sufficient to respond to the allegations concerning plaintiffs or any other defendant.

       2.    Denies knowledge or information sufficient to respond to the allegations of Paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15 and 16 of the Complaint.

       3.    Denies the allegations of Paragraph 8, except admits that RBLLC is a Delaware limited liability company.

       4.    Denies knowledge or information sufficient to respond to the allegations of Paragraphs 17, 18 and 19 of the Complaint insofar as other defendants are concerned but admits that, insofar as the allegations of the Complaint as to it are concerned, RBLLC does not contest the jurisdiction of the Court or venue in this district.

5. Denies the allegations of Paragraph 20 of the Complaint insofar as they assert that plaintiff Andersen is the sole author and developer of the BusyBox computer program and further denies knowledge or information sufficient to respond to the characterizations of BusyBox as extremely customizable, fast and flexible or as to the nature or extent of its use in products.

6. Denies knowledge or information sufficient to respond to the allegations of Paragraphs 21, 22, 23, 24 and 25 of the Complaint, except admits that distribution of some versions of BusyBox purportedly occurs pursuant to the GNU General Public License, Version 2, and respectfully refers the Court to the entire license for the terms and conditions thereof.

7. Denies the allegations of Paragraph 26 of the Complaint insofar as they assert that RBLLC sells or has distributed a version of BusyBox in which plaintiff Andersen possesses a copyright, and further denies knowledge or information sufficient to respond to the allegations of Paragraph 26 of the Complaint insofar as they concern other defendants.

8. Denies the allegations of Paragraph 27 of the Complaint insofar as they allege that RBLLC has distributed the DVR4C Security System DVR or firmware for it, and further denies that the DVR4C Security System DVR firmware embodies a version of BusyBox software in which plaintiff Andersen possesses a copyright, and further denies knowledge or information sufficient to respond to the allegations of Paragraph 27 of the Complaint insofar as they concern other defendants.

9. Denies the allegations of Paragraph 28 of the Complaint insofar as they allege that RBLLC has distributed the DVR4C Security System DVR or firmware for it, and further denies that the DVR4C Security System DVR firmware embodies a version of BusyBox software in which plaintiff Andersen possesses a copyright, and further denies knowledge or information

sufficient to respond to the allegations of Paragraph 28 of the Complaint insofar as they concern other defendants, and, with regard to the allegations of Paragraph 28 concerning the GNU General Public License, Version 2, respectfully refers the Court to the entire license for the terms and conditions thereof.

10. Denies the allegations of Paragraph 29 of the Complaint insofar as RBLLC is concerned and further denies knowledge or information sufficient to respond to the allegations of Paragraph 29 of the Complaint insofar as they concern other defendants.

11. Repeats and realleges its answers to Paragraphs 1 to 29 of the Complaint, set out above, as if repeated at length, and further responds that the reference to Paragraph 30 being incorporated by reference in Paragraph 30 makes no substantive allegation, and therefore requires no response.

12. Denies knowledge or information sufficient to respond to the allegations of Paragraph 31 of the Complaint.

13. Denies the allegations of Paragraphs 32, 33, 34 and 35 of the Complaint insofar as they concern RBLLC, and further denies knowledge or information sufficient to respond to the allegations of Paragraphs 32, 33, 34 and 35 of the Complaint insofar as they concern the other defendants.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

RBLLC, as and for affirmative and additional defenses, alleges as follows:

1. The Complaint fails to state a claim on which relief can be granted.

2. The GNU General Public License, Version 2, as alleged by Plaintiffs, is not enforceable.

3. On information and belief, plaintiffs are not proper parties.

4.     Plaintiffs are not entitled to assert a claim for statutory damages against RBLLC under 17 U.S. C. §504(c).

## PRAYER FOR RELIEF

WHEREFORE, defendant RBLLC respectfully requests that the Court enter judgment in its favor, against Plaintiffs:

(1)    Dismissing the Complaint against RBLLC in its entirety, with prejudice, and denying all relief sought by Plaintiffs against RBLLC;

(2)    Awarding RBLLC its reasonable attorneys' fees and costs of this action pursuant to 17 U.S.C. §505; and

(3)    Granting RBLLC such other and further relief in its favor as to the Court may appear just and proper.

Dated: New York, New York
       March 8, 2010

Respectfully submitted,

SCHIFF HARDIN LLP

By: _____
    David Jacoby (DJ3440)
    Attorneys for Defendant
    Robert Bosch LLC
    900 Third Avenue
    New York, New York 10022
    (212) 753-5000

NY\50770707.1

- 4 -