```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
```
SOFTWARE FREEDOM CONSERVANCY, INC.
and ERIK ANDERSEN                                   09-CIV-10155 (SAS)

                         Plaintiffs,                   Judge Scheindlin

         v.

BEST BUY CO., INC., SAMSUNG ELECTRONICS     **ANSWER OF DEFENDANT**
AMERICA, INC., WESTINGHOUSE DIGITAL           **JVC AMERICAS CORP.**
ELECTRONICS, LLC, JVC AMERICAS
CORPORATION, WESTERN DIGITAL
TECHNOLOGIES, INC., ROBERT BOSCH LLC,     **FILED ELECTRONICALLY**
PHOEBE MICRO, INC., HUMAX USA INC.,
COMTREND CORPORATION, DOBBS-STANFORD
CORPORATION, VERSA TECHNOLOGY INC.,
ZYXEL COMMUNICATIONS INC., ASTAK, INC.,
and GCI TECHNOLOGIES CORPORATION,

                         Defendants.
```
-----------------------------------------------------------------x
```

        Defendant JVC Americas Corporation ("JVC"), by their attorneys, Weil, Gotshal & Manges LLP, for their Answer to the Complaint ("Complaint") of Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen ("Plaintiffs"), herein state:

        JVC denies the introductory paragraph of the Complaint to the extent it purports to assert any claims, but acknowledges that Plaintiffs are attempting to bring a claim here.

        1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

        2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

        3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

      4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

      5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

      6.  Admit the allegations contained in paragraph 6 of the Complaint.

      7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

      8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

      9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

      10.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

      11.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

      12.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

      13.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

      14.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

      15.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 of the Complaint constitute conclusions of law to which no responsive pleading is required.

18. The allegations contained in Paragraph 18 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, JVC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admits that JVC conducts business in New York state.

19. The allegations contained in Paragraph 19 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a response is required, JVC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except admit that Exhibit A of the Complaint consists of a document entitled "General Public License, Version 2" (the "GPL").

23. Deny the allegations in paragraph 23 of the Complaint to the extent they purport to describe JVC's alleged obligations under the GPL, and respectfully refer the Court to the GPL for a complete and accurate statement of its terms.

24. Deny the allegations in paragraph 24 of the Complaint to the extent they purport to describe JVC's alleged obligations under the GPL, and respectfully refer the Court to the GPL for a complete and accurate statement of its terms.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, except admit that JVC sells certain audio and visual electronic products, and that JVC distributes certain products that contain "firmware" that includes BusyBox software. Deny the allegations in the last two sentences of paragraph 26 of the Complaint, and respectfully refer the Court to the GPL for a complete and accurate statement of its terms.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, except admit that JVC's LT-42P789 LCD television and VN-C20U IP Network Camera contains a particular version of BusyBox software. Deny any allegations that purport to describe JVC's alleged obligations under the GPL, and respectfully refer the Court to the GPL for a complete and accurate statement of its terms.

28. Deny the allegations in paragraph 28 of the Complaint to the extent they purport to describe JVC's alleged obligations under the GPL, and respectfully refer the Court to the GPL for a complete and accurate statement of its terms.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 29 of the Complaint, except admit that JVC received a letter from the Software Freedom Conservancy, dated October 30,

2009, to which JVC responded, *inter alia*, by letter dated November 4, 2009. Deny the remaining allegations contained in paragraph 29 of the Complaint.

### Answering the First Claim for Relief

30. JVC hereby incorporates the responses set forth in paragraphs 1 through and including 29 above as if set forth fully herein.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

In response to Plaintiffs' "Prayer for Relief," JVC denies that Plaintiffs are entitled to any relief – injunctive, monetary, or otherwise – against JVC.

### **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where such burden properly rests with Plaintiffs, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefore, JVC hereby asserts the following defenses to the claims asserted in the Complaint:

### **As And For A First Defense**

36. The Complaint fails to state a claim upon which relief may be granted.

### **As And For A Second Defense**

37. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert them.

### As And For A Third Defense

38. Plaintiffs have suffered no injury or damages.

### As And For A Fourth Defense

39. Plaintiffs have failed to mitigate any purported damages.

### As And For A Fifth Defense

40. Plaintiffs have waived their claims against JVC.

### As And For A Sixth Defense

41. Plaintiffs are estopped from pursuing their claims against JVC.

### As And For A Seventh Defense

42. Plaintiffs' claims are barred, in whole or in part, by the relevant statutes of limitation and the doctrine of laches.

### As And For An Eighth Defense

43. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### As And For A Ninth Defense

44. Plaintiffs' claims are barred, in whole or in part, by the doctrine of de minimis use.

### As And For A Tenth Defense

45. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to join necessary, proper and/or indispensable parties to this action.

### As And For An Eleventh Defense

46. Any purported damages allegedly suffered by Plaintiffs are the results of the acts or omissions of third persons and not JVC.

## **PRAYER FOR RELIEF**

For the reasons set forth above, JVC respectfully requests that the Court:

　i.　Dismiss Plaintiffs' Complaint in its entirety;

　ii.　Award attorneys' fees and costs as permitted by law;

　iii.　Award such other and further relief as the Court deems just and proper.

Dated: New York, New York
　　　　March 8, 2010

/s/  David L. Yohai
David L. Yohai
David Yolkut
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
david.yohai@weil.com

*Attorneys for Defendant JVC Americas Corp.*