UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SOFTWARE FREEDOM CONSERVANCY, INC. and ERIK ANDERSON, | No.: 09-CV-10155 (SAS) |
| Plaintiffs, | |
| v. | **ANSWER** |
| BEST BUY CO., INC., SAMSUNG ELECTRONICS AMERICA, INC., WESTINGHOUSE DIGITAL ELECTRONICS, LLC, JVC AMERICAS CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., ROBERT BOSCH LLC, PHOEBE MICRO, INC., HUMAX USA INC., COMTREND CORPORATION, DOBBS-STANFORD CORPORATION, VERSA TECHNOLOGY INC., ZYXEL COMMUNICATIONS INC., ASTAK, INC., and GCI TECHNOLOGIES CORPORATION, | |
| Defendants. | |

---

## **DEFENDANT ZYXEL COMMUNICATIONS INC.'S ANSWER TO COMPLAINT**

Defendant Zyxel Communications, Inc., ("Defendant"), by and through its undersigned attorneys, hereby demands a trial by jury on all issues so triable and hereby answers each of the numbered paragraphs of the Complaint filed by Software Freedom Law Conservancy and Erik Andersen ("Plaintiffs") on December 14, 2009 (the "Complaint") as follows:

### **THE PARTIES**

1.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

US_ACTIVE-103327555.1

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

14. Defendant admits the allegations of this paragraph.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

## JURISDICTION AND VENUE

17. Paragraph 17 of the Complaint contains conclusions of law to which no response is required.

18. Paragraph 18 of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 18 contains factual allegations pertaining to other co-defendants, Defendant lacks sufficient knowledge and/or belief, and therefore denies the allegations set forth therein. Defendant admits that it generally sells, distributes and/or markets its products through its website and otherwise in various states, including New York, but denies that it sells, distributes and/or markets infringing products. Defendant denies the remaining allegations of this paragraph.

19. Paragraph 19 of the Complaint contains conclusions of law to which no response is required. To the extent Paragraph 19 contains factual allegations pertaining to other co-

defendants, Defendant lacks sufficient knowledge and/or belief, and therefore denies the allegations set forth therein. Defendant denies the remaining allegations of this paragraph.

## FACTUAL BACKGROUND

20. Defendant admits that BusyBox is a computer program that comprises a set of computing tools. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

22. Defendant admits that BusyBox is distributed under a copyright license entitled the "GNU General Public License, Version 2." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore denies them.

23. Defendant admits that Section 2(b) of the License is accurately quoted. Defendant further admits that the License purports to grant certain rights to other parties and purports to contain covenants applicable to such other parties, but states that the License speaks for itself. The remaining allegations of this paragraph contain legal conclusions to which no response is required.

24. Defendant admits that the object code or executable form of a computer program is the form that can actually be run on a computer. Defendant further admits that Section 3 of the License is accurately quoted, but states that the License speaks for itself. The remainder of the allegations in this paragraph contain legal conclusions to which no response is required.

US_ACTIVE-103327555.1

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies them.

26. Defendant answers the allegations of this paragraph only as to itself and makes no response on behalf of any other defendant. Defendant admits that it sells certain electronic products that contain embedded executable forms of software, called "firmware." The last two sentences of this paragraph contain legal conclusions to which no response is required. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore denies them.

27. Defendant answers the allegations of this paragraph only as to itself and makes no response on behalf of any other defendant. Defendant denies the allegations of this paragraph to the extent the allegations are direct against it. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore denies them.

28. Defendant admits that paragraph 4 of the License is quoted correctly but states that the License speaks for itself. The remainder of the allegations of this paragraph contain legal conclusions to which no response is required.

29. Defendant denies the allegations this paragraph.

## CLAIM FOR RELIEF

## COUNT 1 – COPYRIGHT INFRINGEMENT

30. Defendant restates its answers to paragraphs 1 through 30 as if more fully set forth herein.

US_ACTIVE-103327555.1

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and therefore denies them.

32. Defendant answers the allegations of this paragraph only as to itself and makes no response on behalf of any other defendant. Defendant denies the allegations of this paragraph to the extent the allegations are direct against it.

33. Defendant answers the allegations of this paragraph only as to itself and makes no response on behalf of any other defendant. Defendant denies the allegations of this paragraph to the extent the allegations are direct against it.

34. Defendant answers the allegations of this paragraph only as to itself and makes no response on behalf of any other defendant. Defendant denies the allegations of this paragraph to the extent the allegations are direct against it.

35. Defendant answers the allegations of this paragraph only as to itself and makes no response on behalf of any other defendant. Defendant denies the allegations of this paragraph to the extent the allegations are direct against it.

\*   \*   \*

Defendant denies all other allegations not otherwise specifically addressed in its Answer.

## RESPONSE TO PRAYER FOR RELIEF

36. Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint, or to any relief whatsoever.

US_ACTIVE-103327555.1

## AFFIRMATIVE DEFENSES

Defendant alleges and asserts the following defenses in response to the allegations of Plaintiffs' Complaint, undertaking the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Defendant reserves the right to assert any additional defenses which may be disclosed during the course of additional investigation and discovery.

### First Affirmative Defense

Plaintiffs have not stated a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that the version of BusyBox software registered by Plaintiffs with United States Copyright Office is not incorporated or used in any of the Defendant's accused products.

### Third Affirmative Defense

Plaintiffs are barred from recovering because they have failed to comply with the statutory prerequisites to their copyright infringement action by failing to register the versions of the software that forms the basis for their infringement claims.

### Fourth Affirmative Defense

Plaintiffs are estopped to assert any claims of infringement against the Defendant to the extent Plaintiffs unreasonably delayed in filing suit against the Defendant.

### Fifth Affirmative Defense

Defendant believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that Plaintiffs have failed to join necessary parties to this action.

### Sixth Affirmative Defense

Defendant believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that either or both Plaintiffs lack standing to assert the claim alleged in the Complaint against Defendant.

### Seventh Affirmative Defense

Defendant believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that Plaintiffs have granted Defendant full license to any use that Defendant has made or is making of the BusyBox software.

### Eighth Affirmative Defense

Plaintiffs claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or unclean hands.

### Ninth Affirmative Defense

Defendant believes that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that Plaintiffs have not suffered any cognizable damage.

### Tenth Affirmative Defense

Plaintiffs' alleged claims are barred to the extent the applicable statutes of limitations and limitations on damages have elapsed.

### Eleventh Affirmative Defense

Plaintiffs have failed to mitigate their damages, if any, and to the extent of their failure to mitigate, any damages awarded to Plaintiffs should be reduced accordingly.

### Twelfth Affirmative Defense

Plaintiffs have failed to mitigate their damages, if any, and to the extent of their failure to mitigate, any damages awarded to Plaintiffs should be reduced accordingly.

### Thirteenth Affirmative Defense

Plaintiffs' claim is barred by Plaintiffs' failure to perform all conditions, covenants and promises required by them to be performed in accordance with the terms and conditions of the license at issue.

## Fourteenth Affirmative Defense

Plaintiffs' claims are barred because Plaintiffs have materially breached the license at issue.

DATED this the 8th day of March, 2010.

                     Emily B. Kirsch (EB 4216)
                     Email: ekirsch@reedsmith.com
                     REED SMITH LLP
                     599 Lexington Avenue
                     New York, New York 10022
                     Telephone: +1 212 521-5400
                     Facsimile: +1 212 521-5450

                     *Counsel for Defendant ZyXEL Corporation*

**OF COUNSEL**

S.J. Christine Yang
Law Offices of S. J. Christine Yang
17220 Newhope Street, Suite 101-102
Fountain Valley, CA 92708
Tel: 714-641-4022
Fax: 714-641-2082
cyang@sjclawpc.com