UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOFTWARE FREEDOM CONSERVANCY, INC., et al.<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　- against -<br><br>BEST BUY, INC., et al.<br><br>　　　　　　　　　　　　　　Defendants. | 09 Civ. 10155 (SAS)<br><br>ECF CASE<br><br>**JURY TRIAL DEMANDED** |

## WESTERN DIGITAL TECHNOLOGIES, INC.'S ANSWER TO THE COMPLAINT

Defendant Western Digital Technologies, Inc. ("Western Digital"), through its undersigned counsel, as and for its Answer to the Complaint filed by Software Freedom Conservancy, Inc. and Erik Andersen, states as follows:

### THE PARTIES

1. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies these allegations.

2. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies these allegations.

3. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies these allegations.

4. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies these

allegations.

5. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies these allegations.

6. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies these allegations.

7. In response to paragraph 7 of the Complaint, Western Digital admits that it is a Delaware corporation with its principal place of business at 20511 Lake Forest Drive, Lake Forest, CA 92630.

8. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies these allegations.

9. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies these allegations.

10. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies these allegations.

11. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies these allegations.

12. Western Digital denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies these allegations.

13. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies these allegations.

14. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies these allegations.

15. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies these allegations.

16. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies these allegations.

**JURISDICTION AND VENUE**

17. In response to paragraph 17 of the Complaint, Western Digital states that subject matter jurisdiction is a legal conclusion, but admits that it appears this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Western Digital denies the allegations in paragraph 17 of the Complaint.

18. As to the allegations against other Defendants in Paragraph 18 of the Complaint, Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies these allegations. Western Digital states that personal jurisdiction is a legal conclusion, but admits this Court

appears to have personal jurisdiction over it. Western Digital admits that it owns and operates a website at http://store.westerndigital.com where it sells products to, including, but not limited to, residents of New York state. Western Digital further admits that it contracts to supply goods, including, but not limited to, into New York state. Except as expressly admitted, Western Digital denies the allegations in paragraph 18 of the Complaint.

19. As to the allegations against other Defendants in Paragraph 19 of the Complaint, Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies these allegations. Western Digital states that venue is a legal conclusion, but admits that venue appears to be proper under 28 U.S.C. § 1391, but not convenient. Western Digital further admits that it conducts business in New York state. Except as expressly admitted, Western Digital denies the allegations in paragraph 19 of the Complaint.

**FACTUAL BACKGROUND**

20. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies these allegations.

21. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies these allegations.

22. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies these allegations.

23. In response to paragraph 23 of the Complaint, Western Digital states that the License speaks for itself and on that basis, denies any allegations of paragraph 23 inconsistent therewith.

24. In response to paragraph 24 of the Complaint, Western Digital states that the License speaks for itself and on that basis, denies any allegations of paragraph 24 inconsistent therewith. As to any other allegations in paragraph 24 of the Complaint, Western Digital denies each and every allegation contained therein.

25. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies these allegations.

26. As to the allegations against other Defendants in Paragraph 26 of the Complaint, Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore denies these allegations. Western Digital admits that it sells media players containing software which it licenses from a third party. Defendant further admits that it makes source code available for download on its website. Except as expressly admitted, Western Digital denies all the allegations contained in paragraph 26 of the Complaint.

27. As to the allegations against other Defendants in Paragraph 27 of the Complaint, Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies these allegations. Western Digital admits that it offers for sale media players, including the WDBABF0000NBK WD TV HD Media Player, that contain software, including Busybox, which software is licensed from a third party. Western Digital states that the License speaks for itself and on that basis, denies any allegations of paragraph 27 inconsistent therewith. Except as expressly admitted, Western Digital denies all the allegations contained in paragraph 27 of the Complaint.

28. As to the allegations against other Defendants in Paragraph 28 of the Complaint, Western

Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies these allegations. In response to paragraph 28 of the Complaint, Western Digital states that the License speaks for itself and on that basis, denies any allegations of paragraph 28 inconsistent therewith.  Western Digital denies each and every remaining allegation contained therein.

29. As to the allegations against other Defendants in Paragraph 29 of the Complaint, Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies these allegations. Western Digital admits that Plaintiffs sent a letter dated September 4, 2009, addressed to Raymond M. Bukaty, alleging that Western Digital failed to comply with the License.  Except as expressly admitted, Western Digital denies the allegations contained in paragraph 29 of the Complaint.

## COUNT 1

## COPYRIGHT INFRINGEMENT

30. In response to paragraph 30, Western Digital incorporates its answers from paragraphs 1 through 29 as though fully stated herein.

31. Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore denies these allegations.

32. As to the allegations against other Defendants in Paragraph 32 of the Complaint, Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore denies these allegations. Western Digital denies each and every remaining allegation contained therein.

33. As to the allegations against other Defendants in Paragraph 33 of the Complaint, Western

Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore denies these allegations. Western Digital denies each and every remaining allegation contained therein.

34.     As to the allegations against other Defendants in Paragraph 34 of the Complaint, Western Digital denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore denies these allegations. Western Digital denies each and every remaining allegation contained therein.

35.     In response to paragraph 35 of the Complaint, Western Digital denies each and every allegation contained therein.

In response to Plaintiffs' "Prayer for Relief," Western Digital denies that Plaintiffs are entitled to any relief, injunctive, monetary, or otherwise, against Western Digital.

## **DEFENSES**

36.     Defendant alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, Defendant specifically reserves all defenses under rule 8(c) of the Federal Rules of Civil Procedure, the Copyright Laws of the United States, and any other defenses, at law or in equity, that may now exist or be available in the future based on discovery or further factual investigation in this case.

## FIRST DEFENSE

## (FAILURE TO JOIN REQUIRED PARTIES)

37.     Upon information and belief, Plaintiffs have failed to join all required parties to this action, including all owners of the BusyBox copyright.

## SECOND DEFENSE

## (FAILURE TO REGISTER)

38.     Upon information and belief, copyright of certain of the versions of BusyBox allegedly being used by Western Digital are not registered with the United States Copyright Office.

## THIRD DEFENSE

## (NON- INFRINGEMENT)

39.     Western Digital does not infringe, and has not infringed, either directly or indirectly, any valid and enforceable copyright.

## FOURTH DEFENSE

## (LICENSE)

40.     Plaintiffs' claims are barred in whole or in part because of a license.

## FIFTH DEFENSE

## (INDEMNIFICATION)

41.     Any purported damages allegedly suffered by Plaintiffs are the results of the acts or omissions of third persons over whom Western Digital had neither control nor responsibility.

## SIXTH DEFENSE

### (UNCLEAN HANDS)

42.     The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

### (FAILURE TO STATE A CLAIM)

43.     The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Western Digital and fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief from Western Digital.

## EIGHTH DEFENSE

### (FIRST SALE DOCTRINE)

44.     Plaintiffs claims are barred by the first sale doctrine.

## NINTH DEFENSE

### (DAMAGES)

45.     Plaintiffs have not suffered damages as a result of any alleged infringement.

## TENTH DEFENSE

### (STANDING)

46.     Upon information and belief, Plaintiffs lack standing.

## DEMAND FOR JURY TRIAL

Defendant Western Digital hereby demands a trial by jury on all issues triable thereby.

WHEREFORE, Defendant Western Digital prays as follows:

(1) That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs and attorneys' fees incurred; and

(3) For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  New York, New York<br>March 8, 2010 | Respectfully submitted,<br><br>JONES DAY<br><br><br> /s/ Lynn M. Marvin<br>Ognian Shentov, Esq. (OS-4868)<br>Lynn M. Marvin, Esq. (LM-2281)<br>JONES DAY<br>222 E. 41st Street<br>New York, NY  10017<br>Telephone: 212-326-3939<br>Facsimile: 212-755-7306<br><br>Counsel for Defendant<br>WESTERN DIGITAL TECHNOLOGIES, INC. |

## **CERTIFICATE OF SERVICE**

I, Lynn M. Marvin, an attorney at Jones Day, hereby certifies, under penalty of perjury, that on March 8, 2010 I caused a true and correct copy of DEFENDANT WESTERN DIGITAL, INC.'S ANSWER TO THE COMPLAINT to be served by ECF delivery and electronic mail on all counsel of record.

Dated:   New York, New York
         March 8, 2010

                                                /s/ Lynn M. Marvin
                                                Lynn M. Marvin (LM-2281)