Eugene M. Pak, Esq. (CA-168699)
DLA PIPER LLP (US)
555 Mission Street, 24th Floor
San Francisco, CA 94105
Tel: 415-836-2500
Fax: 415-836-2501

Andrew P. Valentine, Esq. (CA-162094)
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650-833-2000
Fax: 650-833-2001

Andrew L. Deutsch, Esq. (NY-1198522)
Airina Lynn Rodrigues, Esq. (NY-4607362)
DLA PIPER LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Tel: 212-335-4500
Fax: 212-335-4501

Attorneys for Defendant Humax USA, Inc.

| | |
|---|---|
| **SOFTWARE FREEDOM CONSERVANCY,** and **ERIK ANDERSEN,** <br><br> Plaintiffs <br><br> v. <br><br> **BEST BUY CO., INC., et al.** <br><br> Defendants. | ECF CASE <br> 09 Civ. 10155 (SAS) <br><br> **DEFENDANT HUMAX USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** <br><br> **JURY TRIAL DEMANDED** |

Defendant Humax USA, Inc.("Humax" or "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Complaint of Software Freedom Conservancy, Inc. and Erik Andersen, and each of them (collectively, "Plaintiffs"), as follows:

The preliminary paragraph of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained therein.

## THE PARTIES

1.	Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and denies the allegations contained therein.

2.	Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and denies the allegations contained therein.

3.	Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and denies the allegations contained therein.

4.	Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and denies the allegations contained therein.

5.	Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and denies the allegations contained therein.

6. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and denies the allegations contained therein.

7. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and denies the allegations contained therein.

8. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and denies the allegations contained therein.

9. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and denies the allegations contained therein.

10. Defendant admits that it is a Delaware corporation with its principal place of business at 17501 Von Karman Avenue, Irvine, California 92614.

11. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and denies the allegations contained therein.

12. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and denies the allegations contained therein.

13. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and denies the allegations contained therein.

14. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and denies the allegations contained therein.

15. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and denies the allegations contained therein.

16. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and denies the allegations contained therein.

## JURISDICTION AND VENUE

17. Defendant admits that Plaintiffs purport to allege jurisdiction under the statutory provisions cited in paragraph 17 of the Complaint, and, except as so admitted, denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 directed toward Defendant, and is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint, and denies such allegations.

19. Defendant denies the allegations of paragraph 19 directed toward Defendant, and is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint, and denies such allegations.

## FACTUAL BACKGROUND

20. Defendant admits that BusyBox is a computer program that is used in different products. Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint, and denies such allegations.

21. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and denies the allegations contained therein.

22. Defendant admits that a copy of what appears to be the GNU General Public License, Version 2 (the "License") is attached as Exhibit A to the Complaint. Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint, and denies such allegations.

23. Defendant admits that Section 2(b) of the License contains the quoted language. The allegations in the last two sentences of paragraph 23 state legal conclusions to which no response is required. Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint, and denies the allegations contained therein.

24. Defendant admits object code of a computer program can generally be run on a computer, but is not normally human-readable, and admits that Section 3 of the License contains the quoted language. The remaining allegations in paragraph 24 state legal conclusions to which no response is required.

25. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and denies such allegations.

26. Defendant admits that it sells electronic products containing firmware, but Defendant denies that is has distributed firmware that contains BusyBox or a derivative work of BusyBox. As to allegations concerning other defendants, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26

of the Complaint, and denies such allegations. The remaining allegations in paragraph 26 state legal conclusions to which no response is required.

27. Defendant denies the allegations of paragraph 27 directed to Defendant. As to allegations concerning other defendants, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and denies such allegations.

28. The allegations of paragraph 28 state legal conclusions to which no response is required.

29. Defendant denies the allegations of paragraph 29 directed to Defendant. As to allegations concerning other defendants, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and denies such allegations.

## CLAIM FOR RELIEF

## COUNT I – COPYRIGHT INFRINGEMENT

30. Defendant realleges and restates paragraphs 1 through 29, above.

31. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and denies such allegations.

32. Defendant denies the allegations of paragraph 32 directed to Defendant. As to allegations concerning other defendants, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and denies such allegations.

33. Defendant denies the allegations of paragraph 33 directed to Defendant. As to allegations concerning other defendants, Defendant is without knowledge and information

sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and denies such allegations.

34. Defendant denies the allegations of paragraph 34 directed to Defendant. As to allegations concerning other defendants, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and denies such allegations.

35. Defendant denies the allegations of paragraph 35 directed to Defendant. As to allegations concerning other defendants, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and denies such allegations.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief..

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

36. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack Of Standing)

37. Either or both Plaintiffs lack standing to bring the claims alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Statute Of Limitations)

38. Plaintiffs' claims are barred or limited by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

39. Plaintiffs' claims are barred or limited by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver And Estoppel)

40. Plaintiffs' claims are barred or limited by the doctrines of waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

41. Plaintiffs' claims are barred or limited by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Add Necessary or Indispensable Parties)

42. Plaintiffs' claims are barred or limited by its failure to add necessary or indispensable parties.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure To Mitigate)

43. Plaintiffs are barred or limited from claiming or recovering any relief sought in the Complaint, including but not limited to damages, if any, by reason of their failure to mitigate, minimize or avoid any damages they allegedly suffered.

### NINTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

44. Plaintiffs are not entitled to the relief sought because their actions constitute a misuse of the copyright.

### TENTH AFFIRMATIVE DEFENSE
### (Fair Use)

45. Plaintiffs' claims are barred or limited by the doctrine of fair use.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Bad Faith)

46. Plaintiffs' claims are barred or limited because this action was brought in bad faith and with an improper purpose to burden, harass and oppress Defendant.

### TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

47. Plaintiffs' claims are barred as this Court lacks subject matter jurisdiction including territorial jurisdiction as to the claims against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

48. Plaintiffs' claims are barred as this Court lacks personal jurisdiction as to the Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Venue)

49. Plaintiffs' claims are barred as this judicial district is an improper or inconvenient venue as to the Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (License)

50. Plaintiffs' claims are barred or limited to the extent Defendant had a license to the work at issue.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

51. Plaintiffs' claims are barred or limited to the extent other affirmative defenses may apply. Defendant reserves the right to amend its Answer and defenses and to assert additional defenses and/or counterclaims as discovery proceeds.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Humax USA, Inc. requests that this Court enter judgment in its favor, and against Plaintiffs and dismiss and deny all of Plaintiffs' claims and requests for relief, with prejudice, and that Plaintiffs take nothing by way of their Complaint, and further award Defendant its fees and costs, and all such other relief as is just and proper

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury of all issues triable by jury.

Dated: March 8, 2010                                **DLA PIPER LLP (US)**

By: /s/ Eugene Pak _____
Eugene M. Pak (admitted *pro hac vice*)
555 Mission Street, 24th Floor
San Francisco, CA 94105
eugene.pak@dlapiper.com
Tel: 415-836-2500
Fax: 415-836-2501

Andrew P. Valentine (admitted *pro hac vice*)
DLA Piper LLP (US)
2000 University Avenue
East Palo Alto , CA 94303
Andrew.Valentine@dlapiper.com
Tel.: (650) 833-2065
Fax: (650) 687-1204

Andrew L. Deutsch
Airina L. Rodrigues
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY  10020-1104
andrew.deustsch@dlapiper.com
airina.rodrigues@dlapiper.com
Tel: 212 335-4500
Fax: 212 335-4501

Attorneys for Defendant Humax USA, Inc.