UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

SOFTWARE FREEDOM CONSERVANCY, INC. and ERIK ANDERSEN,

                Plaintiffs,

v.

BEST BUY CO., INC., SAMSUNG ELECTRONICS AMERICA, INC., WESTINGHOUSE DIGITAL ELECTRONICS, LLC, JVC AMERICAS CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., ROBERT BOSCH, LLC, PHOEBE MICRO, INC., HUMAX USA INC., COMTREND CORPORATION, DOBBS-STANDFORD CORPORATION, VERSA TECHNOLOGY INC., ZYXEL COMMUNICATIONS INC., ASTAK, INC., and GCI TECHNOLOGIES CORPORATION,

                Defendants.

———————————————————————

ECF CASE

Civil No.: 09-CIV-10155 (SAS)

Judge Scheindlin

**SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO COMPLAINT**

**AND**

**DEMAND FOR JURY TRIAL**

      Defendant Samsung Electronics America, Inc. ("Samsung" or "Defendant") hereby answers the like-numbered paragraphs of the Complaint ("Complaint") filed by Software Freedom Conservancy, Inc. and Erik Andersen ("Plaintiffs") as follows:

      Initial Unnumbered Paragraph:      Defendant admits the averments contained in the initial unnumbered paragraph of the Complaint to the extent such averments accurately characterize the nature of the action.  Defendant denies the averments contained in the initial unnumbered paragraph of the Complaint to the extent such averments relate to Samsung.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the further averments of the initial unnumbered paragraph and, on that basis, denies each such averment.

## THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 of the Complaint and, on that basis, denies each such averment.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the Complaint and, on that basis, denies each such averment.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the Complaint and, on that basis, denies each such averment.

4. Defendant admits the averments of paragraph 4 of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the Complaint and, on that basis, denies each such averment.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the Complaint and, on that basis, denies each such averment.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the Complaint and, on that basis, denies each such averment.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the Complaint and, on that basis, denies each such averment.

9. Defendant is without knowledge or information sufficient to form a belief as to

the truth of the averments of paragraph 9 of the Complaint and, on that basis, denies each such averment.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the Complaint and, on that basis, denies each such averment.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the Complaint and, on that basis, denies each such averment.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the Complaint and, on that basis, denies each such averment.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the Complaint and, on that basis, denies each such averment.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the Complaint and, on that basis, denies each such averment.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 15 of the Complaint and, on that basis, denies each such averment.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 16 of the Complaint and, on that basis, denies each such averment.

## JURISDICTION AND VENUE

17. Defendant admits that this Court has subject matter jurisdiction over actions brought under the provisions of the Copyright Act. Defendant denies the further averments of paragraph 17 of the Complaint.

18. Defendant admits that it conducts business in the State of New York. Defendant denies the further averments of paragraph 18 of the Complaint to the extent such further averments relate to Samsung. Defendant is without knowledge or information sufficient to form a belief as to the truth of the further averments of paragraph 18 of the Complaint and, on that basis, denies each such averment.

19. Defendant denies the averments of paragraph 19 of the Complaint to the extent such averments relate to Samsung. Defendant is without knowledge or information sufficient to form a belief as to the truth of the further averments of paragraph 19 of the Complaint and, on that basis, denies each such averment.

## FACTUAL BACKGROUND

20. Defendant denies that Mr. Anderson is the author or developer of the BusyBox computer program, and the owner of the copyright in that computer program. Defendant is without knowledge or information sufficient to form a belief as to the truth of the further averments of paragraph 20 of the Complaint and, on that basis, denies each such averment.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 21 of the Complaint and, on that basis, denies each such averment.

22. Defendant admits that a document appearing to be entitled "GNU General Public License, Version 2" is attached to the Complaint as Exhibit A. Defendant is without knowledge or information sufficient to form a belief as to the truth of the further averments of paragraph 22

of the Complaint and, on that basis, denies each such averment.

23.     Defendant admits the averments of paragraph 23 of the Complaint to the extent they accurately reproduce the language of the alleged license.  Defendant denies the further averments of paragraph 23 of the Complaint.

24.     Defendant admits the averments of paragraph 24 of the Complaint to the extent they accurately reproduce the language of the alleged license.  Defendant denies the further averments of paragraph 24 of the Complaint.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 25 of the Complaint and, on that basis, denies each such averment.

26.     Defendant admits that it is involved in the marketing and sale of electronic products.  Defendant denies the averments of paragraph 26 of the Complaint to the extent such averments relate to Samsung.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the further averments of paragraph 26 of the Complaint and, on that basis, denies each such averment.

27.     Defendant denies the averments of paragraph 27 of the Complaint to the extent such averments relate to Samsung.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the further averments of paragraph 27 of the Complaint and, on that basis, denies each such averment.

28.     Defendant admits the averments of paragraph 28 of the Complaint to the extent they accurately reproduce the language of the alleged license.  Defendant denies the further averments of paragraph 28 of the Complaint.

29.     Defendant denies the averments of paragraph 29 of the Complaint to the extent such averments relate to Samsung.  Defendant is without knowledge or information sufficient to

form a belief as to the truth of the further averments of paragraph 29 of the Complaint and, on that basis, denies each such averment.

## CLAIM FOR RELIEF

### (Count I – Copyright Infringement)

30. Defendant hereby restates and incorporates by reference its responses in paragraph 1 through 29, inclusive, as its response to paragraph 30 of the Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31 of the Complaint and, on that basis, denies each such averment.

32. Defendant denies the averments of paragraph 32 of the Complaint to the extent such averments relate to Samsung. Defendant is without knowledge or information sufficient to form a belief as to the truth of the further averments of paragraph 32 of the Complaint and, on that basis, denies each such averment.

33. Defendant denies the averments of paragraph 33 of the Complaint to the extent such averments relate to Samsung. Defendant is without knowledge or information sufficient to form a belief as to the truth of the further averments of paragraph 33 of the Complaint and, on that basis, denies each such averment.

34. Defendant denies the averments of paragraph 34 of the Complaint to the extent such averments relate to Samsung. Defendant is without knowledge or information sufficient to form a belief as to the truth of the further averments of paragraph 34 of the Complaint and, on that basis, denies each such averment.

35. Defendant denies the averments of paragraph 35 of the Complaint to the extent such averments relate to Samsung. Defendant is without knowledge or information sufficient to form a belief as to the truth of the further averments of paragraph 35 of the Complaint and, on

that basis, denies each such averment.

## AFFIRMATIVE DEFENSES

Further answering as to all claims of the Complaint, and without altering the burden of proof, Defendant avers that:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

36.     As a separate and distinct First Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that the Complaint and each of said claims for relief fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

37.     As a further, separate and distinct Second Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that Plaintiffs' claims are barred by applicable statutes of limitations including, but not limited to, 28 U.S.C. § 1658 and 17 U.S.C. § 507(b).

### THIRD AFFIRMATIVE DEFENSE

### (Improper Joinder)

38.     As a further, separate and distinct Third Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that the Complaint improperly joins different defendants and/or plaintiffs and/or fails to join necessary defendants and/or plaintiffs including, but not limited to, all the co-authors of the alleged copyrighted materials.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

39.     As a further, separate and distinct Fourth Affirmative Defense to the Complaint

and each claim for relief alleged therein, Defendant alleges that Plaintiffs' claims are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

40. As a further, separate and distinct Fifth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

41. As a further, separate and distinct Sixth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that Plaintiffs' claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Copyright Interest)

42. As a further, separate and distinct Seventh Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that Plaintiffs do not have sufficient rights in the alleged copyrighted materials to claim ownership in any copyright therein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Fair Use)

43. As a further, separate and distinct Eighth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that Plaintiffs' claims are barred by the doctrine of fair use.

## NINTH AFFIRMATIVE DEFENSE

### (Misuse)

44. As a further, separate and distinct Ninth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that Plaintiffs' claims are barred by the doctrine of copyright misuse. Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims are barred because Plaintiffs have used the alleged copyrights at issue in this case to engage in anticompetitive behavior under United States law.

## TENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

45. As a further, separate and distinct Tenth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that, to the extent Defendant has infringed any of Plaintiffs' copyrights such infringement was innocent and unintentional.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Use)

46. As a further, separate and distinct Eleventh Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that any alleged copyright infringement was only *de minimis* and, therefore, not actionable.

## TWELFTH AFFIRMATIVE DEFENSE

### (Licensed Use)

47. As a separate and distinct Twelfth Affirmative Defense and each claim for relief alleged therein, Defendant alleges that Plaintiffs' claim for copyright infringement is barred under at least the provisions of 17 U.S.C. § 109(a), as Defendant was licensed and any copies alleged to be infringing were, therefore, lawfully made.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Improper Venue)

48. As a further, separate and distinct Thirteenth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that venue for this matter is improper.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Public Domain)

49. As a further, separate and distinct Fourteenth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that the alleged copyrighted materials are now, and have been during all relevant times, within the public domain.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

50. As a further, separate and distinct Fifteenth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that Plaintiffs lack standing to sue Defendant for copyright infringement.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Register Copyright)

51. As a further, separate and distinct Sixteenth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that Plaintiffs have failed to register the alleged copyrighted materials and, therefore, are precluded from bringing a claim for copyright infringement pursuant to 17 U.S.C. § 411.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Timely Register Copyright)

52. As a further, separate and distinct Seventeenth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that Plaintiffs have failed to timely register the alleged copyrighted materials and, therefore, are precluded from bringing a claim for statutory damages and attorneys' fees pursuant to 17 U.S.C. § 412.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

53. As a further, separate and distinct Eighteenth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that Plaintiffs have not incurred any damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Consent)

54. As a further, separate and distinct Nineteenth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that one or more of the owners of the alleged copyrighted materials have consented to its use by Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver)

55. As a further, separate and distinct Twentieth Affirmative Defense to the Complaint and each claim for relief alleged therein, Defendant alleges that the owners of the alleged copyrighted materials have waived any right to bring any claim for infringement of the alleged copyrighted materials.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiffs take nothing by their Complaint;

2. That Defendant be dismissed from this action with prejudice;

3. For its costs of suit incurred herein;

4. For its attorney fees incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b)(1), Defendant demands trial by jury on all issues so triable.

DATED:  April 5, 2010.

        BULLIVANT HOUSER BAILEY PC

        By  s/ Michael M. Ratoza
            Michael M. Ratoza, admitted *pro hac vice*
            BULLIVANT HOUSER BAILEY PC
            300 Pioneer Tower, 888 SW Fifth Avenue
            Portland, Oregon  97204
            Telephone: 503.228.6351
            Facsimile: 503.295.0915
            E-mail: michael.ratoza@bullivant.com

        Attorneys for Defendant SAMSUNG ELECTRONICS AMERICA, INC.

12355503.3