*Plaintiffs' request for a pre motion conference is hereby granted. A conference is scheduled for May 20, 2010 at 11:00 am. SO ORDERED*

*Date: 5/4/10*

*Shira A. Scheindlin USDJ*

| | |
|---|---|
| frdm | **Software Freedom Law Center** |

DANIEL B. RAVICHER
LEGAL DIRECTOR
212-461-1902
ravicher@softwarefreedom.org

1995 Broadway, 17th Floor
New York, NY 10023-5882
tel +1-212-580-0800
fax +1-212-580-0898
www.softwarefreedom.org

May 3, 2010

**By Facsimile**

Honorable Shira A. Scheindlin, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007
Fax: (212) 805-7920

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/10
```

  Re: Software Freedom Conservancy, Inc. et al. v. Best Buy Co., Inc., et al.
     1:09-cv-10155-SAS

Dear Judge Scheindlin:

  Plaintiffs in this action for copyright infringement write to request a pre-motion conference in contemplation of two motions against defendant Westinghouse Digital Electronics, LLC ("Westinghouse"). The first contemplated motion is for summary judgment of infringement and an award of appropriate remedies. The second contemplated motion is to compel discovery. Plaintiffs propose a single pre-motion conference be held during the week of May 17th or otherwise at the Court's earliest convenience.

  As discussed more fully below, Plaintiffs hold valid copyright in portions of a computer program known as BusyBox. Westinghouse has made and continues to make copies and distributions of BusyBox without Plaintiffs permission. Thus, Westinghouse has committed and continues to commit infringement of Plaintiffs' copyright. For that reason, Plaintiffs seek to move for summary judgment of infringement against Westinghouse and to request all appropriate remedies therefor, including the issuance of an injunction, an award of damages, attorneys fees and costs, and an order for Westinghouse to deliver all infringing articles to Plaintiffs for disposition. Plaintiffs also seek to move for an order compelling Westinghouse to produce discovery that could justify an increase in the award of damages.

### Plaintiffs Seek Summary Judgment of Infringement Against Westinghouse

  A copyright infringement claim comprises two elements: (i) ownership of a valid copyright and (ii) unauthorized copying, modifying or distributing of the copyrighted work by another. 17 U.S.C. § 501; Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991).

  *Plaintiffs Own Valid Copyright in BusyBox.* Plaintiff Erik Andersen is a computer programer and beginning in 2002 he wrote and then submitted code for inclusion into the BusyBox project. Mr. Andersen is the copyright owner in his contributions to BusyBox and he registered his copyright in 2008. See, e.g., "BusyBox, v.0.60.3.", Copyright Reg. No. TX0006869051 (10/2/2008).

Honorable Shira A. Scheindlin, U.S.D.J.                                 May 3, 2010
Re: Software Freedom Conservancy v. Best Buy, 1:09-cv-10155-SAS          Page 2

*Westinghouse Has Copied and Redistributed BusyBox Without Plaintiffs' Permission.* Westinghouse has distributed copies of BusyBox in at least its TX-52F480S and TX-47F430S 1080p HDTV products. Westinghouse has also distributed copies of BusyBox via its website as part of software updates for those HDTV products. See, e.g., http://207.38.27.164/firmware/SW/SusanII_v1.3.0_20071026.rar and http://207.38.27.164/firmware/SW/SusanII_v1.6.3.rar.[1] These copies and distributions of BusyBox were made without Plaintiffs' permission and continue unabated today.

Since these facts satisfy the two elements of a copyright infringement claim, Plaintiffs seek to move for summary judgment of infringement against Westinghouse.

### Plaintiffs Seek All Appropriate Remedies Against Westinghouse

As a consequence of Westinghouse's infringement, Plaintiffs seek (i) permanent injunctive relief, (ii) damages, (iii) reasonable attorneys' fees and costs, and (iv) any such further relief as the Court may deem just and proper, including delivery of all infringing articles to Plaintiffs for disposition. Where a plaintiff has established copyright infringement, the award of the foregoing relief is proper. 17 U.S.C. §§ 502-505. As such, Plaintiffs will respectfully request that, upon entry of summary judgment against Westinghouse, the Court award the following relief:

*Permanent Injunction*: Under 17 U.S.C. § 502(a), a court may grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." In this Circuit, "permanent injunctions are generally granted where liability has been established and there is a threat of continuing infringement." Pearson Educ., Inc. v. Jun Liao, 2008 U.S. Dist. LEXIS 39222, at *14-15 (S.D.N.Y. 2008). Plaintiffs will respectfully request that the Court permanently enjoin Westinghouse from any further copying, distribution or use of BusyBox.

*Damages*: Under 17 U.S.C. § 504(a), "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer ...; or (2) statutory damages." A plaintiff may pursue a determination of both alternative forms of damages before having to elect between the two. 17 U.S.C. § 504(c)(1). For the purposes of uncovering information relating to Westinghouse's profits to which Plaintiffs are entitled, Plaintiffs served Westinghouse with an initial discovery request on March 22. No response has been received, even though the deadline to respond thereto passed on April 21. Thus, Plaintiffs will move the Court to compel Westinghouse to respond to the discovery request.[2] While Plaintiffs pursue information relating to Westinghouse's profits, Plaintiffs will respectfully request that the Court determine the amount of statutory damages to which Plaintiffs would be entitled if so elected.

*Costs and Attorney's Fees*: Under 17 U.S.C. § 505, a court may grant to prevailing copyright holders "the recovery of full costs" and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Plaintiffs will identify their costs and

---

[1] IP Address 207.38.27.164 is owned by Westinghouse. See ARIN WHOIS Database, http://ws.arin.net/whois (last visited April 27, 2010).

[2] On April 27, Plaintiffs attempted to confer with counsel for Westinghouse regarding the discovery request, but were told that Westinghouse has undergone an assignment for the benefit of creditors in California and is unlikely to continue to defend itself in this matter.

Honorable Shira A. Scheindlin, U.S.D.J.  May 3, 2010
Re: Software Freedom Conservancy v. Best Buy, 1:09-cv-10155-SAS  Page 3

reasonable attorney's fees for pursuing this action against Westinghouse and respectfully request that the Court order Westinghouse to pay to Plaintiffs those costs and fees.

*Other Proper Relief: Delivery of All Infringing Articles to Plaintiffs*: Under 17 U.S.C. § 503(b), "[a]s part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies ... found to have been made or used in violation of the copyright owner's exclusive rights." Plaintiffs will respectfully request that the Court order Westinghouse to deliver all articles containing BusyBox to Plaintiffs for disposition as they see fit. Plaintiffs intend to donate all such infringing articles to local schools and homeless shelters.

In closing, Plaintiffs propose a pre-motion conference for the week of May 17th (or otherwise at the Court's earliest convenience) to address any questions or issues the Court may have with respect to Plaintiffs' intended motions for summary judgment of infringement and to compel discovery against Westinghouse.

Respectfully submitted,

Daniel B. Ravicher

cc:   Counsel for all defendants (by fax and email)