SOFTWARE FREEDOM LAW CENTER, INC.
Daniel B. Ravicher (DR1498)
Aaron Williamson (AW1337)
Michael A. Spiegel (MS2309)
1995 Broadway, 17th Floor
New York, NY 10023-5882
Tel.: 212-580-0800
Fax.: 212-580-0898

Attorneys for Plaintiffs *Software Freedom
Conservancy, Inc.* and *Erik Andersen*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------- X | | |
| SOFTWARE FREEDOM CONSERVANCY, INC. and ERIK ANDERSEN, | : : : | ECF CASE |
| Plaintiffs, | : : | 09-CV-10155 (SAS) |
| -against- | : : | |
| BEST BUY CO., INC., SAMSUNG ELECTRONICS AMERICA, INC., WESTINGHOUSE DIGITAL ELECTRONICS, LLC, JVC AMERICAS CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., ROBERT BOSCH LLC, PHOEBE MICRO, INC., HUMAX USA INC., COMTREND CORPORATION, DOBBS-STANFORD CORPORATION, VERSA TECHNOLOGY INC., ZYXEL COMMUNICATIONS INC., ASTAK INC., and GCI TECHNOLOGIES CORPORATION, | : : : : : : : : : : : | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR DEFAULT JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT AGAINST DEFENDANT WESTINGHOUSE DIGITAL ELECTRONICS, LLC** |
| Defendants. | : | |
| ------------------------------------------------------------- X | | |

Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen ("Plaintiffs") respectfully submit this Memorandum of Law in support of their motion for default judgment, or in the alternative, summary judgment against defendant Westinghouse Digital Electronics, LLC ("Westinghouse").

<u>INTRODUCTION</u>

Plaintiffs filed this action against fourteen commercial electronics distributors for copyright infringement because they each copied and distributed Plaintiffs' copyrighted software without Plaintiffs' permission and continued to do so even after receiving direct notice from Plaintiffs of its unlawful activity. In their Complaint, Plaintiffs respectfully requested judgment against each defendant and relief in the form of (i) an injunction restraining defendants from any further infringement of Plaintiffs' copyrights, (ii) an award of damages, (iii) an accounting and disgorgement of each defendant's profits from its unlawful activities, (iv) a reimbursement of Plaintiffs' litigation expenses, and (v) any such further relief as the court may deem proper.

Since answering Plaintiffs' Complaint and making initial disclosures, Westinghouse has not participated in this matter and its counsel has said it does not expect Westinghouse to participate. Thus, with leave of the court granted during the May 20 pre-motion conference held in this matter, Plaintiffs respectfully move for default judgment against Westinghouse under Rule 37. In the alternative, Plaintiffs move for summary judgment against Westinghouse based on the Statement of Material Facts ("SMF")[1] and declarations submitted herewith that show there is no genuine issue as to any material fact regarding Westinghouse's infringement of Plaintiffs'

---

[1] The Statement of Material Facts ("SMF") filed pursuant to Local Rule 56.1 contains a complete list of all of the material facts. As required by the Rule, each paragraph in the SMF includes a supporting citation to one or more declaration or other document filed herewith.

1

copyrights.  Upon judgment being granted in their favor, Plaintiffs also respectfully request an award of all appropriate remedies, including an injunction, damages, and attorneys' fees and costs.

### WESTINGHOUSE HAS CEASED TO PARTICIPATE, MAKING DEFAULT JUDGMENT UNDER RULE 37 APPROPRIATE

On March 8, 2010, Westinghouse served its Answer and Initial Disclosures, but since then has not participated in this matter.  Westinghouse did not make initial discovery requests by March 22, the deadline specified in the court's Scheduling Order.  D. Ravicher ¶ 4;[2] SMF ¶ 19. Westinghouse has not responded to Plaintiffs' initial discovery request, which was made on March 22, and the response to which was due April 21.  D. Ravicher ¶ 5; SMF ¶ 20.  When Plaintiffs attempted to confer with Westinghouse regarding its failure to respond to Plaintiffs' initial discovery request, Westinghouse's counsel replied that Westinghouse had executed a general assignment for the benefit of creditors in California and was unlikely to continue to appear in this matter.  D. Ravicher ¶ 6; SMF ¶ 21.  Westinghouse's counsel declined to confer about discovery, potential settlement, or anything else involving this matter.  Since, Westinghouse's counsel asked Plaintiffs' consent to withdraw from representing Westinghouse in this matter.  D. Ravicher ¶ 10; SMF ¶ 25.

On May 3, 2010, Plaintiffs requested a pre-motion conference in contemplation of motions to compel discovery for summary judgment.  D. Ravicher ¶ 7; SMF ¶ 22.  Plaintiffs served Westinghouse with a copy of that letter; Westinghouse did not reply.  *Id.*  Westinghouse

---

2  The designation "D. [Name]" refers to the declaration of the identified individual attached to Plaintiffs' Motion for Summary Judgment.

also failed to appear at the pre-motion conference held on May 20, 2010.  D. Ravicher, ¶ 9; SMF ¶ 24.  Thus, despite making initial appearances at the beginning of this matter, Westinghouse has failed to participate in this action for several months.

Federal Rule of Civil Procedure 37 authorizes a court to enter severe sanctions against a party if the circumstances justify doing so.  *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) ("in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where ... they are clearly warranted.").  A district court has wide discretion in imposing such sanctions.  *Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).  To determine whether a default judgment is warranted, "courts have considered the following factors: (a) willfulness or bad faith on the part of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions; (e) the client's complicity; and (f) prejudice to the moving party." *American Cash Card v. AT&T Corp.*, 184 F.R.D. 521, 524 (S.D.N.Y. 1999), *aff'd* 210 F.3d 354 (2d Cir. 2000) (*citing* Jodi Golinsky, *The Second Circuit's Imposition of Litigation-Ending Sanctions for Failures to Comply with Discovery Orders*, 62 Brook. L. Rev. 585, 596-97 (1996)).

Here, Westinghouse's failure to participate cannot be attributed to mere negligence, but is by its own admissions intentional and calculated.  Furthermore, Westinghouse has repeatedly failed to fulfill its discovery obligations, suggesting that it will similarly ignore lesser sanctions: Westinghouse did not begin discovery as required by the Scheduling Order, or respond to

Plaintiffs' discovery request, or confer about such discovery request, or respond to Plaintiffs' letter requesting a pre-motion conference, or attend the pre-motion conference. Westinghouse has notice that the court considers default judgment appropriate, because Plaintiffs served it with a copy of the transcript of the pre-motion conference on May 24, 2010. D. Ravicher ¶ 9; SMF ¶ 24. And having willfully abandoned its defense, Westinghouse cannot expect a less-severe sanction. Finally, as a private individual and a non-profit organization with limited resources, Plaintiffs would be severely prejudiced by having to pursue an unresponsive defendant while attempting to litigate or settle with the nine other remaining defendants in this case. Thus, the *American Cash Card* factors all favor default judgment against Westinghouse.

## SUMMARY JUDGMENT IS ALSO APPROPRIATE

Summary judgment shall be granted if "there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

A copyright infringement claim comprises two elements: (i) ownership of a valid copyright; and, (ii) unauthorized copying, modifying, or distributing of the copyrighted work by another. 17 U.S.C. § 501(a); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

There is no genuine issue of fact that Plaintiffs' own a valid copyright in BusyBox and that Westinghouse has made unauthorized copies and distributions of BusyBox.  Thus, Plaintiffs are entitled to summary judgment on their claim of copyright infringement against Westinghouse.

### *Plaintiffs Own Valid Copyrights in BusyBox*

Plaintiff Erik Andersen is a computer programmer.  D. Andersen ¶¶ 1-2; SMF ¶¶ 1-2. Beginning in 1999, he wrote software and contributed it to an open source software program known as BusyBox.[3]  D. Andersen ¶ 3; SMF ¶ 3.  Although he allows others to use the code he contributed to BusyBox under certain terms and conditions, Mr. Andersen retains ownership over the copyrights in those contributions.  D. Andersen ¶¶ 3, 5; SMF ¶¶ 3, 5.  In October 2008, he registered his copyright in the code he contributed to BusyBox version 0.60.3, which was first published in April 2002.   D. Andersen ¶ 4; SMF ¶ 4.

The evidentiary weight to be accorded copyright registrations is set forth in 17 U.S.C. § 410(c), which states:

> In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

Although Mr. Andersen's copyright was registered more than five years after first publication, in the absence of any evidence to the contrary, Plaintiffs are still entitled to a presumption of validity. *Yurman Design, Inc. v. Golden Treasure Imps., Inc.*, 275 F. Supp. 2D 506, 515-16

---

3  BusyBox is a single computer program that comprises a set of computing tools and optimizes them for computers with limited resources, such as cell phones, PDAs, and other small, specialized electronic devices.  BusyBox is extremely customizable, fast, and flexible, and is used in countless products sold by many manufacturers all over the world.  D. Kuhn ¶ 4; SMF ¶ 8.

5

(S.D.N.Y.  2003).  Thus, there is no genuine dispute regarding the issue of whether Mr. Andersen holds valid copyright in his contributions to BusyBox.

<u>*Westinghouse Has Copied and Redistributed BusyBox Without Plaintiffs' Permission*</u>

In 2009, Plaintiffs investigated whether Westinghouse was distributing copies of BusyBox in its High Definition Television ("HDTV") products.  D. Kuhn ¶¶ 5-6; SMF ¶¶ 9-10.  Plaintiffs discovered BusyBox within software provided by Westinghouse via its website for use in one of its HDTV products.[4]  D. Kuhn ¶¶ 7, 10; SMF ¶¶ 11, 14.  Thus, there is no genuine dispute that Westinghouse has distributed copies of BusyBox both (i) within its HDTV's and (ii) also via its website as part of software intended for those HDTV's.  These copies and distributions of BusyBox were made without Plaintiffs' permission and continue unabated today.  D. Andersen ¶ 5; D. Kuhn ¶ 7; SMF ¶¶ 5, 11.

Plaintiffs note that Westinghouse could have had Mr. Andersen's permission to make these distributions if it complied with the *GNU General Public License, Version 2* ("GPLv2") under which Mr. Andersen licenses his copyrighted contributions to BusyBox.  D. Andersen ¶ 5; SMF ¶ 5.  However, GPLv2 § 6 prohibits licensees who distribute BusyBox from imposing additional restrictions on recipients of BusyBox.  Westinghouse violated this prohibition when it distributed BusyBox under its own "Non-Exclusive Copyright License" that imposed restrictions

---

4  The version of BusyBox distributed by Westinghouse is believed to be version v0.60.2.  D. Kuhn ¶ 10; SMF ¶ 14.  While Mr. Andersen owns copyright in portions of that version of BusyBox as well, the copyright registration here was for the next subsequent version of BusyBox, v0.60.3.  D. Andersen ¶ 4; SMF ¶ 4.  However, since Mr. Andersen "is the owner of the copyright of both the derivative and pre-existing work, the registration certificate relating to the derivative work in this circumstance will suffice to permit it to maintain an action for infringement based on defendants' infringement of the pre-existing work."  *Streetwise Maps, Inc. v. Vandam, Inc.*, 159 F.3D 739, 747 (2d Cir. 1998).  Thus, the registration for v0.60.3 constitutes registration for v0.60.2 as well.

on recipients beyond those contained in GPLv2.[5]   D. Kuhn ¶ 9; SMF ¶ 13.   Further, Westinghouse failed to comply with the requirement in GPLv2 § 3 to provide recipients of BusyBox with either a copy of the complete and corresponding source code thereto or an offer for such source.   D. Kuhn ¶ 11; SMF ¶ 15.   Under GPLv2 § 4, Westinghouse's violation of GPLv2's terms and conditions terminated any right Westinghouse had to copy, modify or redistribute BusyBox.   Therefore, Westinghouse's subsequent copying and distributing of BusyBox was and is without permission.

UPON ENTRY OF JUDGMENT,
<u>PLAINTIFFS SEEK ALL APPROPRIATE REMEDIES</u>

Where a plaintiff has established copyright infringement, it is proper for a court to award (i) permanent injunctive relief, (ii) damages, (iii) reasonable attorneys' fees and costs, and (iv) any such further relief as the Court may deem just and proper.   17 U.S.C. §§ 502-505.   As such, Plaintiffs respectfully request that, upon entry of default judgment, or in the alternative, summary judgment against Westinghouse, the court award the following relief:

*Permanent Injunction*:   Under 17 U.S.C. § 502(a), a court may grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." "[P]ermanent injunctions are generally granted where liability has been established and there is a threat of continuing infringement."   *Pearson Educ., Inc. v. Jun Liao*, 2008 U.S. Dist. LEXIS 39222, at *14-15 (S.D.N.Y. 2008).   Since Westinghouse continues to infringe Mr. Andersen's

---

5   For example, The GPLv2 does not restrict what uses may be made of the software, but Section 3 of the Westinghouse License restricts permitted use of the software to "personal, non-commercial purposes only."   Therefore, this is an additional restriction placed on recipients of BusyBox from Westinghouse.

copyright to this day, Plaintiffs respectfully request that the court permanently enjoin Westinghouse from any further copying, distribution or use of BusyBox.

_Damages_:  Under 17 U.S.C. § 504(a), "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer ...; or (2) statutory damages."  A plaintiff may pursue a determination of both forms of damages before having to elect between the two.  17 U.S.C. § 504(c)(1).  Thus, Plaintiffs respectfully request that the court determine the amount of statutory damages to which Plaintiffs would be entitled if so elected.

Under 17 U.S.C. § 504(c)(2), if a defendant's infringement was willful, a court may award statutory damages up to $150,000.  A finding of willful infringement is appropriate if the infringer was "actually aware of the infringing activity," _Island Software & Computer Serv. v. Microsoft Corp._, 413 F.3d 257, 263 (2d Cir 2005), and it is appropriate for a court to find willfulness and award maximum statutory damages on summary judgment, especially against a defendant that has "failed to take [the] litigation seriously." _U2 Home Entertainment v. Lai Ying Music & Video Trading, Inc._, 2005 U.S. Dist. LEXIS 9853, *26 (S.D.N.Y. 2005).

Here, Westinghouse had actual knowledge of its infringement of Plaintiffs' copyright as of at least September 2009, when counsel for Plaintiffs wrote a letter to Westinghouse on September 2, 2009, notifying it of the infringement and in-house counsel for Westinghouse responded by email with the subject "Your attached letter of September 2, 2009".  D. Ravicher ¶¶ 2–3 (copies of the September 2, 2009, letter sent by Plaintiffs to Westinghouse and the September 15, 2009, email sent by Westinghouse's Senior Counsel to Plaintiffs attached thereto as Exhibits 1 and 2, respectively); SMF ¶¶ 17–18.  Thus, the infringement committed by Westinghouse since at least

September 15, 2009, was willful and an award of enhanced statutory damages is appropriate. Moreover, the maximum award of statutory damages of $150,000 is warranted by Westinghouse's refusal to participate in the ligation, which demonstrates that it is no longer "tak[ing the] litigation seriously." *U2 Home*, 2005 U.S. Dist. LEXIS 9853, *26.

*Costs and Attorneys' Fees*:   Under 17 U.S.C. § 505, a court may grant to prevailing copyright holders "the recovery of full costs" and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."   It is appropriate to award attorneys' fees on summary judgment of copyright infringement, especially if the infringement was willful and the defendant has "refused to participate in the discovery process." *U2 Home*, 2005 U.S. Dist. LEXIS 9853, *29–30.   Plaintiffs will identify their costs and reasonable attorney's fees for pursuing this action against Westinghouse and respectfully request that the court order Westinghouse to pay to Plaintiffs those costs and fees, since Westinghouse's infringement was willful and Westinghouse has "refused to participate in the discovery process." *Id.*

*Other Proper Relief: Delivery of All Infringing Articles to Plaintiffs*:   Under 17 U.S.C. § 503(b), "[a]s part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies ... found to have been made or used in violation of the copyright owner's exclusive rights."   Such "reasonable disposition" can include issuing an order permitting plaintiffs to seize infringing articles and donate those infringing articles to charity. *Universal City Studios v. Ahmed*, 1994 U.S. Dist. LEXIS 6251, *14 (E.D.P.A. 1994).   Rather than order the destruction of infringing articles in Westinghouse's possession, Plaintiffs respectfully request that the court order Westinghouse to deliver all articles containing BusyBox to Plaintiffs

for reasonable disposition.  Plaintiffs will donate all such articles to charity.


## CONCLUSION

For the above reasons, Plaintiffs respectfully ask that the motion in support of default

judgment, or in the alternative, summary judgment against defendant Westinghouse be granted

and that all appropriate remedies be awarded therefor.


Dated: June 3, 2010
      New York, New York

                           Respectfully submitted,
                           SOFTWARE FREEDOM LAW CENTER, INC.

                           By:  s/ Daniel B. Ravicher_____
                           Daniel B. Ravicher (DR1498)
                           Aaron Williamson (AW1337)
                           Michael A. Spiegel (MS2309)
                           1995 Broadway, 17th Floor
                           New York, NY 10023-5882
                           Tel.: 212-580-0800
                           Fax.: 212-580-0898

                           Attorneys for Plaintiffs *Software Freedom*
                           *Conservancy, Inc.* and *Erik Andersen*