SOFTWARE FREEDOM LAW CENTER, INC.
Daniel B. Ravicher (DR1498)
Aaron Williamson (AW1337)
Michael A. Spiegel (MS2309)
1995 Broadway, 17th Floor
New York, NY 10023-5882
Tel.: 212-580-0800
Fax.: 212-580-0898

Attorneys for Plaintiffs *Software Freedom Conservancy, Inc.* and *Erik Andersen*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
SOFTWARE FREEDOM CONSERVANCY, INC. and  :
ERIK ANDERSEN,                            :  ECF CASE
                                          :
                    Plaintiffs,           :  09-CV-10155 (SAS)
        -against-                         :
                                          :
BEST BUY CO., INC., SAMSUNG ELECTRONICS  :  **PLAINTIFFS' RULE 56.1**
AMERICA, INC., WESTINGHOUSE DIGITAL      :  **STATEMENT OF MATERIAL**
ELECTRONICS, LLC, JVC AMERICAS           :  **FACTS**
CORPORATION, WESTERN DIGITAL             :
TECHNOLOGIES, INC., ROBERT BOSCH LLC,    :
PHOEBE MICRO, INC., HUMAX USA INC.,      :
COMTREND CORPORATION, DOBBS-STANFORD     :
CORPORATION, VERSA TECHNOLOGY INC.,      :
ZYXEL COMMUNICATIONS INC., ASTAK INC.,   :
and GCI TECHNOLOGIES CORPORATION,        :
                                          :
                    Defendants.           :
------------------------------------------------------------------- X

Pursuant to Local Rule 56.1, plaintiffs submit the following statement of material facts.

1

**PLAINTIFFS**

1.	Plaintiff Mr Erik Andersen is a private individual with a residence in Springville, Utah.  D. Andersen[1] ¶ 1.

2.	Mr. Andersen is a computer programmer and has for many years written and distributed computer software in a professional capacity.  D. Andersen ¶ 2.

3.	Beginning in about November 1999, Mr. Andersen wrote software for inclusion in a open source computer program known as BusyBox.  Mr. Andersen allowed his contributions to be included in the BusyBox project, but retained all ownership of the the copyrights therein.  Over the years, the BusyBox project came to include many of Mr. Andersen's contributions.  D. Andersen ¶ 3.

4.	Mr. Andersen registered his copyright in the new and revised computer source code written by him that was included in BusyBox version 0.60.3, which was first published on April 27, 2002.  D. Andersen ¶ 4 (annexed thereto as Exhibit 1 is a true copy of "BusyBox, v.0.60.3.", Copyright Reg. No. TX0006869051 (10/2/2008)).

5.	Mr. Andersen allows his contributions to the BusyBox project to be copied, modified and redistributed by others under certain terms.  Specifically, he licenses the copyright in his contributions under the terms of a well known open source software license called the "GNU General Public License, Version 2" ("GPLv2").  Mr. Andersen does not allow his contributions to be copied, modified or distributed under any other terms.  D. Andersen ¶ 5 (annexed thereto as Exhibit 2 is a true copy of GPLv2).

---

1   The designation "D. ____" refers to the declaration of the identified individual attached to Plaintiffs' Motion for Default, or in the Alternative, Summary Judgment.

6. Plaintiff The Software Freedom Conservancy, Inc. ("Conservancy) acts as a fiscal sponsor for many open source and Free Software projects. By joining the Conservancy, projects obtain the benefits of a formal legal structure while keeping themselves focused on software development. These benefits include, most notably, the ability to collect earmarked project donations and protection from personal liability for the developers of the project. The Conservancy also holds assets for its member projects and manages them on behalf of and at the direction of the project. The Conservancy is a tax-exempt 501(c)(3) organization, so member projects can receive tax-deductible donations to the extent allowed by law. D. Kuhn ¶ 3.

7. Bradley M. Kuhn is the President of the Conservancy. He is also the Technology Director of the Software Freedom Law Center, which is counsel to plaintiffs in this matter. D. Kuhn ¶ 1. Mr. Kuhn holds a B.S. and M.S. in Computer Science, and has been a software developer and open source and Free Software advocate since the early 1990's. He has extensive experience investigating the use of open source and Free Software by third parties. D. Kuhn ¶ 2.

8. The BusyBox open source software program is a member project of the Conservancy. BusyBox is a single computer program that comprises a set of computing tools and optimizes them for computers with limited resources, such as cell phones, PDAs, and other small, specialized electronic devices. BusyBox is extremely customizable, fast, and flexible, and is used in countless products sold by many manufacturers all over the world. D. Kuhn ¶ 4.

9. In addition to being the fiscal sponsor of its member projects, the Conservancy serves as copyright enforcement agent for some owners of copyrights in the member projects. The Conservancy acts as copyright enforcement agent for Mr. Erik Andersen, the owner of

copyright in significant portions of BusyBox. In this capacity, the Conservancy identifies users of open source software that may not be doing so in compliance with the applicable license terms. The Conservancy, with the assistance of legal counsel, then addresses those issues to help third parties ensure they are making appropriate use of open source software. D. Kuhn ¶ 5.

**DEFENDANT WESTINGHOUSE**

10. Software that is intended to be installed into an electronic device is frequently referred to as "firmware." In connection with Mr. Kuhn's work in open source and Free Software license monitoring, at some point in 2009 he conducted an investigation to determine whether Westinghouse was distributing the BusyBox program as part of the firmware for its High Definition Television ("HDTV") products. D. Kuhn ¶ 6.

11. As part of Mr. Kuhn's investigation, he downloaded a copy of the firmware for Westinghouse's TX-52F480S HDTV product by visiting the Westinghouse firmware download webpage at http://www.westinghousedigital.com/firmware.aspx. From that webpage, he downloaded the file located at http://207.38.27.164/firmware/SW/SusanII_v1.6.3.rar, which was identified as the firmware for Westinghouse's TX-52F480S HDTV product. D. Kuhn ¶ 7 (attached thereto as Exhibit 1 is a screenshot of Westinghouse webpage indicating Model Number TX-52F480S). That file was still available for download from Westinghouse's website as of June 3, 2010.

12. The ARIN WHOIS database (http://ws.arin.net/whois) identifies Westinghouse as the owner of the IP address 207.38.27.164 from which I downloaded the file. D. Kuhn ¶ 8.

13. Before Mr. Kuhn downloaded the file, he was prompted to agree to a

*Westinghouse Digital Electronics, LLC Non-Exclusive Copyright License*.  D. Kuhn ¶ 9 (attached thereto as Exhibit 3 is the *Westinghouse Digital Electronics, LLC Non-Exclusive Copyright License*).

14. Mr. Kuhn analyzed the firmware file and discovered that BusyBox was indeed present therein.  In particular, he opened the RAR archive file, which contained a file called "safe-kernel.img1".  Byte location 2601216 of that "safe-kernel.img1" file was a compressed ramdisk (a virtual filesystem).  Inside that ramdisk, Mr. Kuhn found a binary version of BusyBox.  Searching that binary version showed strings of characters that are unique to BusyBox, including the specific version number, identified as v0.60.2.  D. Kuhn ¶ 10.

15. When Mr. Kuhn downloaded the Westinghouse firmware that contained BusyBox, there was no corresponding source code or offer for corresponding source code for BusyBox provided therewith.  D. Kuhn ¶ 11.

**THE LAWSUIT**

16. Daniel B. Ravicher is a member of the bar of this court and the Legal Director of the Software Freedom Law Center ("SFLC"), counsel in this action to all plaintiffs.  He is also a member of the Board of Directors for Plaintiff Conservancy.  D. Ravicher ¶ 1.

17. On September 2, 2009, Mr. Ravicher sent a letter to Westinghouse's CEO Richard Houng regarding copyright infringement of the BusyBox software by its HDTV products.  D. Ravicher ¶ 2 (attached thereto as Exhibit 1 is a true copy of Mr. Ravicher's September 2, 2009, letter).

18. On September 15, 2009, Mr. Ravicher received an email from Westinghouse's

Senior Counsel, Arthur Moore, with the subject "Your attached letter of September 2, 2009" regarding his letter.  D. Ravicher ¶ 3 (attached thereto as Exhibit 2 is a true copy of the September 15, 2009, email).

19.  As of June 3, 2010, Westinghouse has not made any initial discovery requests of Plaintiffs.  The court's scheduling order in this matter required initial discovery requests to be made by March 22.  D. Ravicher ¶ 4.

20.  On March 22, 2010, Mr. Ravicher served on counsel for Westinghouse Plaintiffs' First Request for the Production of Documents.  As of June 3, 2010, Westinghouse has not responded thereto, despite the fact that a response was due by April 21, 2010.  D. Ravicher ¶ 5.

21.  On April 27, 2010, Mr. Ravicher contacted counsel for Westinghouse, Jay Campbell, Esq. of the firm Renner, Otto, Boisselle & Sklar, LLP, regarding Westinghouse's overdue response to Plaintiffs' discovery request.  Mr. Campbell told Mr. Ravicher that Westinghouse had undergone an assignment for the benefit of creditors under California state law and was unlikely to continue defending itself in this action.   D. Ravicher ¶ 6.

22.  On May 3, 2010, Mr. Ravicher wrote a letter to Chambers with a copy served on Westinghouse requesting a pre-motion conference in contemplation of a motion to compel discovery and a motion for summary judgment.  Westinghouse never responded thereto.  D. Ravicher ¶ 7.

23.  On May 8, 2010, Mr. Ravicher received a letter dated April 28, 2010 from Michael L. Joncich of Credit Management Association regarding Westinghouse's assignment for the benefit of creditors.  D. Ravicher ¶ 8 (attached thereto as Exhibit 3 is a true copy of the May 8,

2010, letter).

24. On Thursday, May 20, the court held a pre-motion conference in response to Mr. Ravicher's letter of May 3. At the conference, the court granted Plaintiffs permission to file a motion for default judgment, or in the alternative, summary judgment against Westinghouse. No counsel for Westinghouse appeared at the conference. D. Ravicher ¶ 9 (attached thereto as Exhibit 4 is a true copy of the transcript of the May 20, 2010, pre-motion conference). Mr. Ravicher served a copy of the transcript of the May 20 pre-motion conference on counsel for Westinghouse on May 24, 2010. *Id.*

25. On Monday May 24, 2010, Mr. Campbell called Mr. Ravicher and said that Westinghouse's counsel of record in this matter – Kyle B. Fleming of the law firm Renner, Otto, Boisselle & Sklar LLP and Sarah B. Yousuf of the law firm Kane Kessler, P.C. – intended to file a motion to withdraw as counsel in this case. On May 26, Mr. Campbell's associate, Betsy Batts, confirmed by email the intention of Mr. Fleming and Ms. Yousuf to do so. D. Ravicher ¶ 10.

Dated: June 3, 2010
    New York, New York

                                      Respectfully submitted,
                                      SOFTWARE FREEDOM LAW CENTER, INC.

                                      By: s/ Daniel B. Ravicher
                                      Daniel B. Ravicher (DR1498)
                                      Aaron Williamson (AW1337)
                                      Michael A. Spiegel (MS2309)
                                      1995 Broadway, 17th Floor
                                      New York, NY 10023-5882
                                      Tel.: 212-580-0800
                                      Fax.: 212-580-0898

                                      Attorneys for Plaintiffs *Software Freedom*
                                      *Conservancy, Inc. and Erik Andersen*