**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------- X
SOFTWARE FREEDOM CONSERVANCY, INC. and          :
ERIK ANDERSEN,                                  :
                                                :       ECF CASE
                          Plaintiffs,           :
          -against-                             :       09-CV-10155 (SAS)
                                                :
BEST BUY CO., INC., SAMSUNG ELECTRONICS         :
AMERICA, INC., WESTINGHOUSE DIGITAL             :
ELECTRONICS, LLC, JVC AMERICAS                  :       DECLARATION OF
CORPORATION, WESTERN DIGITAL                    :       DANIEL B. RAVICHER
TECHNOLOGIES, INC., ROBERT BOSCH LLC,           :
PHOEBE MICRO, INC., HUMAX USA INC.,             :
COMTREND CORPORATION, DOBBS-STANFORD            :
CORPORATION, VERSA TECHNOLOGY INC.,             :
ZYXEL COMMUNICATIONS INC., ASTAK INC., and      :
GCI TECHNOLOGIES CORPORATION,                   :
                                                :
                          Defendants.           :
------------------------------------------------------------------- X
```

I, Daniel B. Ravicher, pursuant to 28 U.S.C. 1746, declare as follows:

1.      I am a member of the bar of this court and the Legal Director of the Software

Freedom Law Center ("SFLC"), counsel in this action to all plaintiffs.  I am also a member of the

Board of Directors for the Software Freedom Conservancy, a named plaintiff in this case.  I offer

this declaration in support of the foregoing plaintiffs' motion for default judgment, or in the

alternative, summary judgment against defendant Westinghouse Digital Electronics, LLC

("Westinghouse").

2.      Attached hereto as Exhibit 1 is a true copy of a letter I sent to Westinghouse's

CEO Richard Houng on September 2, 2009 regarding copyright infringement of the BusyBox software by their TX-52F480S LCD HDTV product.

3.      Attached hereto as Exhibit 2 is a true copy of an e-mail I received from Westinghouse's Senior Counsel, Arthur Moore, on September 15, 2009, with the subject "Your attached letter of September 2, 2009" regarding my letter.

4.      As of the date of this declaration, Westinghouse has not made any initial discovery requests of the plaintiffs.  The court's scheduling order in this matter required initial discovery requests to be made by March 22.

5.      On March 22, 2010, I served on counsel for Westinghouse Plaintiffs' First Request for the Production of Documents.  As of the date of this declaration, Westinghouse has not responded thereto, despite the fact that a response was due by April 21, 2010.

6.      On April 27, 2010, I contacted counsel for Westinghouse, Jay Campbell, Esq. of the firm Renner, Otto, Boisselle & Sklar, LLP, regarding Westinghouse's overdue response to Plaintiffs' discovery request.  Mr. Campbell told me that Westinghouse had undergone an assignment for the benefit of creditors under California state law and was unlikely to continue defending itself in this action.

7.      On May 3, 2010, I wrote a letter to Chambers with a copy served on Westinghouse requesting a pre-motion conference in contemplation of a motion to compel discovery and a motion for summary judgment.  Westinghouse never responded thereto.

8.      On May 8, 2010, I received a letter dated April 28, 2010 from Michael L. Joncich of Credit Management Association regarding Westinghouse's assignment for the benefit of

creditors.  A copy of that letter is attached hereto as Exhibit 3.

9.      On Thursday, May 20, 2010, the court held a pre-motion conference in response to my letter of May 3.  A transcript of that conference is attached hereto as Exhibit 4.  At the conference, the court granted Plaintiffs permission to file a motion for default judgment, or in the alternative, summary judgment against Westinghouse.  No counsel for Westinghouse appeared at the conference.  As directed by the court, I served a copy of the transcript on counsel of record for Westinghouse on May 24, 2010.

10.      On Monday, May 24, 2010, Mr. Campbell called me and said that Westinghouse's counsel of record in this matter – Kyle B. Fleming of Renner, Otto, Boisselle & Sklar LLP and Sarah B. Yousuf of Kane Kessler, P.C. – intended to file a motion to withdraw as counsel in this case.  On May 26, Mr. Campbell's associate, Betsy Batts, confirmed by email their intention to do so.

I declare under penalty of perjury that the forgoing is true and correct.

_____
Daniel B. Ravicher

Executed on June 3, 2010
New York, New York