```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x
 3    SOFTWARE FREEDOM CONSERVANCY,
      INC.,
 4
                    Plaintiff,
 5
              v.                                09 CV 10155
 6
      BEST BUY CO., INC. et al,
 7
                    Defendant.
 8
      ------------------------------x
 9                                              New York, N.Y.
                                                May 20, 2010
10                                              11:30 A.M.

11    Before:

12                    HON. SHIRA A. SCHEINDLIN,

13                                          District Judge

14                         APPEARANCES

15    DANIEL B. RAVICHER
      AARON KYLE WILLIAMSON
16    MICHAEL ANDREW SPIEGEL
           Attorneys for Plaintiff
17
      ALANNA FRISBY
18    PHILIPPE ALAIN ZIMMERMAN
           Attorneys for Defendant
19
20
21
22
23
24
25
```

1      (In open court)

2      THE COURT:  My chambers somehow failed to record this
3 conference, so we endorsed a letter dated May 3 from
4 Mr. Ravicher, the plaintiff's attorney, that there would be a
5 conference on 11:00 a.m. May 20th, but then nobody put it on
6 our calendar.  So we just totally missed it.

7      I have no letter response to the plaintiff's letter
8 from defense counsel.  And yet they are here today.  And I'll
9 know your names in just a minute.

10      MR. RAVICHER:  We seek just to make our motion against
11 one of the defendants --

12      THE COURT:  Good morning, everyone.

13      We failed to calendar this, but I have the plaintiff's
14 letter of May 3.  I know exactly what the plaintiff is seeking.
15 I read the letter, so no point in your repeating that at all,
16 Mr. Ravicher.  The question is, what's the defense answer to
17 all of this.  And plaintiff says, you have not provided the
18 discovery, it is an obvious case of infringement, they are
19 going to move for summary judgement, finding a judgement of
20 infringement seeking remedies.  But if you can't oppose the
21 motion under Rule 11, then you can't.  There is no need for a
22 motion if you can't oppose it in good faith.  What are you
23 going to say?  They say it's a clear-cut case of infringement,
24 they own the copyright, you are producing these Busy Boxes, you
25 know you shouldn't be, it's just a matter of damages, isn't it?

```
 1   And what discovery have you not made?
 2           MR. ZIMMERMAN:  Your Honor, the defendants who are
 3   present here are not the subject of the proposed motion.
 4           THE COURT:  Well, then, that's that.
 5           So, what's there to say?  Why don't you do this by
 6   default?
 7           MR. RAVICHER:  Well, your Honor, the defendant filed
 8   an answer, but then since filing the answer, they have not done
 9   anything else.
10           THE COURT:  Exactly.  So they failed to respond to
11   discovery requests.
12           MR. RAVICHER:  Right.
13           THE COURT:  So you have sanctions under Rule 37.
14           MR. RAVICHER:  Well, that was one of the motions to
15   compel, but we believe we have enough evidence already in our
16   own possession to make our case.
17           THE COURT:  Right.  But you can also move for default
18   judgement for the failure to produce any discovery, you know,
19   failure to respond to any discovery requests.  You do it on
20   both grounds.  Do it in the alternative.
21           MR. RAVICHER:  Okay.
22           THE COURT:  Okay, but do it quickly.  You're
23   absolutely right.  I mean they are not defending, so I know
24   they answered, but they are not here.  They received your
25   letter and they are not here.
```

05k0softc

1            Who is the counsel who is not here?
2            MR. RAVICHER:  Westinghouse counsel, your Honor, was
3    Kyle Fleming of --
4            THE COURT:  Kyle Fleming.
5            MR. RAVICHER:  -- Renner Otto, a firm --
6            THE COURT:  Of, what's the name?
7            MR. RAVICHER:  Law firm's name is Renner Otto, of
8    Cleveland, Ohio.  And their local counsel was Sarah, with an H,
9    Yousuf of the firm, Kane Kessler.
10           THE COURT:  Uh-huh.
11           MR. RAVICHER:  I had a conversation with Mr. Fleming
12   in order to attempt to confer about their failure to produce
13   discovery.  And he said that Westinghouse has undergone some
14   California State equivalent to bankruptcy.
15           THE COURT:  That's what I figured.  Okay.  Just make
16   your motion at the earliest possible time.
17           When do you want to make it?
18           MR. RAVICHER:  Well, I could -- I could make it today,
19   on oral testimony, or I can make it by papers within two weeks.
20           THE COURT:  I wish I could say yes to the oral motion,
21   but I don't think we can do it.  They have to.  Summary
22   judgement, they have to have the notice.  Last ditch effort to
23   respond.  So you'll have to make it in writing, since it is
24   dispositive.
25           Okay, so that's -- we'll make it two weeks from today?

1            MR. RAVICHER:  Two weeks, yes.

2            THE COURT:  Today being May 20.  We'll expect the

3   motion June 3.

4            MR. RAVICHER:  Can I also make a motion, under 25C, to

5   join the new owners in interests, successors in interest?

6            THE COURT:  Well, yeah, but then we're really going to

7   have give them some time to respond.  In other words, the other

8   parties have been here all along.  If you add a new party --

9            MR. RAVICHER:  Right.  So I'll move first for

10  judgement, and after judgement is entered, then make 25C

11  motion.

12           THE COURT:  Yeah.  So what I was going to say, is

13  since Westinghouse has been here all along, two weeks to

14  respond is enough.  You're going to make this -- but this can't

15  go on.  So June 3 is the motion date, response is due June 17.

16  I would ask you to order this transcript -- it will be short.

17  And send it to both Mr. Fleming's firm and Mrs. Yousuf's firm,

18  so they see the dates I have set right away.

19           June -- what did I say, 17th for response.  If you get

20  a response, which I doubt, then your reply is due Monday,

21  June 28th.

22           Okay?

23           MR. RAVICHER:  Yes, your Honor.

24           THE COURT:  That will be fully submitted.  I urge you

25  to do it on both grounding.  You should win as a matter of law,

05k0softc

1  anyway. And that -- after failure to participate.

2  Okay, with respect to the other defendant who is here,

3  I'm sorry I didn't realize that. JVC Americas is Ms. Frisby's

4  client. And Versa Technology is Mr. Zimmerman's client, right?

5  MR. ZIMMERMAN: Yes, your Honor.

6  THE COURT: So what are we doing with these two?

7  MR. RAVICHER: We are in discovery with them, your

8  Honor.

9  THE COURT: I mean is it -- is there anything for me

10  to do?

11  MR. ZIMMERMAN: No.

12  THE COURT: Oh, okay. So you sort of just came to

13  come, okay. Sorry you had to wait all of that time.

14  MR. RAVICHER: Thank you, your Honor.

15  THE COURT: Do you have anything to raise, either of

16  you?

17  MR. ZIMMERMAN: No, your Honor.

18  THE COURT: Sorry for the delay.

19  (Adjourned)

20

21

22

23

24

25