UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X

SOFTWARE FREEDOM
CONSERVANCY, INC, and ERIK
ANDERSON,
                    Plaintiffs,                          **OPINION AND ORDER**

            - against -                                  **09 Civ. 10155 (SAS)**

BEST BUY CO., INC., SAMSUNG
ELECTRONICS AMERICA, INC.,
WESTINGHOUSE DIGITAL
ELECTRONICS, LLC, JVC AMERICAS
CORPORATION, WESTERN DIGITAL
TECHNOLOGIES, INC., ROBERT
BOSCH LLC, PHOEBE MICRO, INC.,
HUMANX USA INC., COMTREND
CORPORATION, DOBBS-STANFORD
CORPORATION, VERSA
TECHNOLOGY INC., ZYXEL
COMMUNICATIONS INC., ASTAK
INC., and GCI TECHNOLOGIES
CORPORATION,

                    Defendants.

-------------------------------------------------- X



SHIRA A. SCHEINDLIN, U.S.D.J.:

**I.     INTRODUCTION**

            The Software Freedom Conservancy, Inc. ("Conservancy") and Erik

Anderson (together, "Plaintiffs") bring this action against fourteen commercial

electronics distributors (collectively, "Defendants") for copyright infringement.[1]

After answering the Complaint and making initial disclosures, Defendant

Westinghouse Digital Electronics, LLC ("Westinghouse") ceased complying with

its discovery obligations.  On June 3, 2010, Plaintiffs moved for a default

judgment, or in the alternative summary judgment against Westinghouse.  On June

29, 2010, Westinghouse's attorneys moved to withdraw as counsel of record.  For

the reasons that follow, both Plaintiffs' motion for default judgment and

Westinghouse's counsels' motion to withdraw are granted.

## II.   BACKGROUND[2]

In 1999, Anderson developed software and contributed it to BusyBox,

an open source computer program.[3]  Anderson permits third parties to copy,

modify, and redistribute his BusyBox code, subject to the terms and conditions

---

[1]   *See* Complaint ("Compl.") ¶ 1.

[2]   The facts have been drawn from Plaintiffs' 56.1 Statement ("Pl. 56.1"), the declaration of Daniel B. Ravicher, counsel for Plaintiffs ("Ravicher Decl."), the Declaration of Erik Anderson ("Anderson Decl.") and the Complaint. Because Defendant Westinghouse has defaulted, this Court "is required to accept all of the [Plaintiffs'] factual allegations as true and draw all reasonable inferences in their favor," except those relating to damages. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

[3]   *See* Pl. 56.1 ¶ 3; Anderson Decl. ¶ 3.

2

contained in the "GNU General Public License, Version 2" (the "License").[4] Distribution of BusyBox under any other terms is not permitted.[5]  In October 2008, Anderson registered a copyright in the code he contributed to BusyBox version 0.60.3, which was first published in 2002.[6]

According to Plaintiffs, each Defendant – including Westinghouse – distributed Plaintiffs' copyrighted BusyBox software without Plaintiffs' permission.  Specifically, Plaintiffs allege that Westinghouse distributed copies of BusyBox within its High Definition Television ("HDTV") products, as well as through software for use with those HDTVs, on terms other than those contained in the License.[7]  On September 2, 2009, counsel for Plaintiffs sent a letter to Westinghouse regarding its infringing activities.[8]  Plaintiffs claim that despite notification of its unlawful infringement, Westinghouse – as well as the other Defendants – continues to copy, modify, or distribute BusyBox in violation of Plaintiffs' exclusive rights.[9]

---

[4]     See Compl. ¶¶ 22-23.

[5]     See id. ¶ 23.

[6]     See Pl. 56.1 ¶ 4; Anderson Decl. ¶ 4.

[7]     See Pl. 56.1 ¶¶ 11, 14.

[8]     See Ravicher Decl. ¶ 2.

[9]     See Compl. ¶ 29.

Plaintiffs filed this action on December 14, 2009.  On March 8, 2010, Westinghouse served its Answer and made initial disclosures.  Since then, Westinghouse has refused to participate in the litigation.  On March 22, 2010, Plaintiffs served Westinghouse with their initial discovery requests.  Westinghouse failed to respond.[10]  On April 27, 2010, Plaintiffs' counsel contacted counsel for Westinghouse regarding Westinghouse's overdue response to Plaintiffs' discovery request.  Westinghouse's counsel responded that Westinghouse had executed a General Assignment for the benefit of creditors – an alternative to bankruptcy under California state law – and was unlikely to continue defending itself in the instant action.[11]

A pre-motion conference was held before this Court on May 20, 2010.[12]  Counsel for Westinghouse failed to appear.[13]  At this conference, Plaintiffs notified the Court that they intended to move for a default judgment pursuant to Rule 37 of the Federal Rules of Civil Procedure.[14]  This Court ordered Plaintiffs to submit their motion by June 3, 2010, and set a response deadline for Westinghouse

---

[10]    *See* Pl. 56.1 ¶ 20; Ravicher Decl. ¶ 5.

[11]    *See* Pl. 56.1 ¶ 21; Ravicher Decl. ¶ 6.

[12]    *See* 5/20/10 Hearing Transcript ("Hr'g Tr.") at 3:2-3.

[13]    *See* Pl. 56.1 ¶ 22; Ravicher Decl. ¶ 7.

[14]    *See* Hr'g Tr. at 3:17-20.

of June 17, 2010.[15]  Plaintiffs were also directed to send a transcript of the hearing to Westinghouse.[16]

On June 3, 2010, Plaintiffs moved for an entry of default.  Plaintiffs sought a final judgment and relief in the form of: (1) an injunction restraining Westinghouse from any further infringement on Plaintiffs' copyright; (2) an award of damages; (3) reimbursement for reasonable attorneys' fees and costs; and (4) any further relief as the Court may deem just and proper.  Westinghouse did not respond to Plaintiffs' motion.  On June 29, 2010, Kyle B. Fleming and Sarah Bawany Yousuf – on behalf of the law firms of Renner, Otto, Boiselle, & Sklar LLP and Kane Kessler, P.C. – moved to withdraw as counsel for Westinghouse.

## III.   APPLICABLE LAW

Rule 37(b) of the Federal Rules of Civil Procedure permits a court to sanction a disobedient party for failing to comply with a discovery order.  Among the sanctions available to the court is the ability to "render[] a default judgment . . . ."[17]  "Although entry of default judgment is an extreme measure, discovery orders are meant to be followed. 'A party who flouts such orders does

---

[15]    *See id.* at 5:15-18.

[16]    *See id.*

[17]    Fed. R. Civ. P. 37(b)(2)(A)(vi).

so at his peril.'"[18]

In the Second Circuit, a default judgment is appropriate when a defendant's failure to comply with a discovery order is based on willfulness, bad faith, or fault.[19]  "[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained."[20]  Factors relevant to this determination include "(1) the willfulness of the noncompliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of his noncompliance."[21]  "'[A] default judgment entered on well-pleaded allegations in a

---

[18]     *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995) (quoting *Update Art, Inc. v. Modin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988)).

[19]     *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007).

[20]     *SEC v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998) ("[D]efaults have been found willful where, for example, an attorney failed, for unexplained reasons, to respond to a motion for summary judgment, or failed, for flimsy reasons, to comply with scheduling orders.") (citations omitted).

[21]     *Davidson v. Dean*, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (citing *Bambu Sales*, 58 F.3d at 852-54). *Accord In re Fosamax Prods. Liab. Litig.*, No. 07 Civ. 3652, 2010 WL 1779276, at *2 (S.D.N.Y. Apr. 27, 2010) ("Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control.").

complaint establishes a defendant's liability.'"[22]

## IV.  DISCUSSION

### A.  Default

There can be no dispute that Westinghouse has refused to comply with its discovery obligations.  After making initial disclosures, Westinghouse knowingly missed every discovery deadline.  Westinghouse's noncompliance has continued for months, despite notification that failure to comply with its discovery obligations would result in an entry of default.  In fact, counsel for Westinghouse did not even bother to appear for the conference regarding the missed discovery deadlines,[23] and has affirmatively indicated that Westinghouse no longer plans to participate in this litigation.[24]  Westinghouse, moreover, failed to even acknowledge – must less respond to – Plaintiffs' motion for default.  Although Westinghouse's noncompliance may not have been willful, I am aware of no law precluding this Court from declaring Westinghouse in default.[25]  No lesser sanction

---

[22]   *Time Warner Cable of New York City v. Barbosa*, No. 98 Civ. 3522, 2001 WL 118608, at *4 (S.D.N.Y. Jan. 2, 2001) (quoting *Bambu Sales*, 58 F.3d at 854).

[23]   *See* Hr'g Tr. at 3:2-3.

[24]   *See* Pl. 56.1 ¶ 21; Ravicher Decl. ¶ 6.

[25]   The Court is aware that Westinghouse has undergone an assignment for the benefit of creditors – an alternative to bankruptcy under California law.

than default will have any efficacy.  As a result, an entry of default is warranted.[26]

## B.    Permanent Injunctive Relief

Under section 502(a) of the Copyright Act, a court at its discretion

may grant injunctive relief "on such terms as it may deem reasonable to prevent or

restrain infringement of a copyright."[27]  "'[P]ermanent injunctions are generally

granted where liability has been established and there is a threat of continuing

infringement.'"[28]  In the Second Circuit, once a plaintiff establishes a prima facie

case of copyright infringement, there is a presumption of irreparable harm that

generally justifies injunctive relief.[29]

Having accepted all well-pleaded facts in the Complaint as true,

---

Federal bankruptcy law mandates an automatic stay of all other litigation once a
bankruptcy proceeding has been initiated.  No such provision exists under
California state law.  Accordingly, a default judgment can be entered against
Westinghouse, and Plaintiffs can file a claim for a share of Westinghouse's assets
as creditors under the terms set forth in the Assignment Agreement.

[26]    *See Bambu Sales*, 58 F.3d at 853-54 (confirming an entry of default
judgment for failure to comply with discovery orders).

[27]    17 U.S.C. § 502(a).

[28]    *Pearson Educ. Inc. v. Jun Liao*, No. 07 Civ. 2423, 2008 WL 2073491,
at *14-*15 (S.D.N.Y. May 13, 2008) (quoting *U2 Home Entm't, Inc. v. Fu Shun
Wang*, 482 F. Supp. 2d 314, 319 (E.D.N.Y. 2007)).

[29]    *See Merkos L'inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*,
312 F.3d 94, 96 (2d Cir. 2002); *Random House, Inc. v. Rosetta Books LLC,* 283
F.3d 490, 490 (2d Cir. 2002); *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d
60, 64 (2d Cir. 1996).

Westinghouse infringed on Plaintiffs' copyright by distributing BusyBox within firmware for its HDTV products and on software intended for those HDTVs, in a manner that did not comply with the License.[30]  Although informed of its unlawful infringement, Westinghouse "continues to copy, modify or distribute BusyBox in violation of Plaintiffs' exclusive rights under the Copyright Act."[31]  As a result of such conduct, Westinghouse is liable for infringing Plaintiffs' copyright.[32]  It is unlikely that, unless enjoined, Westinghouse will cease its ongoing violation of Plaintiffs' exclusive rights.[33]  Therefore, to prevent further copying, distribution, or use of Busybox without permission, Plaintiffs' request for injunctive relief permanently enjoining Westinghouse is granted.

## C.   Damages

"Once an act of infringement under the Copyright Act has been proven, a plaintiff may, in lieu of an award of actual damages and profits, request

---

[30]     *See* Compl. ¶ 27.

[31]     *Id.* ¶ 29.

[32]     *See id.* ¶¶ 30-32 (pursuant to 17 U.S.C. § 501).

[33]     *See Broadcast Music, Inc. v. 120 Bay Street Corp.*, No. 09 Civ. 5056, 2010 WL 1329078, at *2 (E.D.N.Y. Apr. 5, 2010) (granting permanent injunctive relief on a motion for default judgment because defendants had "refused to stop infringing [plaintiff's] copyrights, despite being repeatedly put on notice of their infringement," indicating they posed "a threat of continuing infringement.").

9

that statutory damages under 17 U.S.C. § 504(c) be awarded.  If a plaintiff so

elects, the district court will grant anywhere between $750 and $30,000 for each

copyright infringed."[34]  The court has discretion under section 504(c)(2), however,

to "increase the award of statutory damages to a sum of not more than $150,000" if

it finds "that the infringement was committed willfully."[35]  "To prove 'willfulness'

under the Copyright Act, the plaintiff must show (1) that the defendant was

actually aware of the infringing activity, or (2) that the defendant's actions were

the result of 'reckless disregard' for, or 'willful blindness' to, the copyright

holder's rights."[36]  However, "no award of statutory damages . . . shall be made for

. . . any infringement of copyright commenced after first publication of the work

and before the effective date of its registration, unless such registration is made

---

[34]     *Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257,
262-63 (2d Cir. 2005) (citing 17 U.S.C. § 504(c)(1)).

[35]     17 U.S.C. § 504(c)(2).

[36]     *Island Software*, 413 F.3d at 263 (citing *In re Aimster Copyright
Litig.*, 334 F.3d 643, 650 (7th Cir. 2003). *Accord Lipton v. Nature Co.*, 71 F.3d
464, 472 (2d Cir. 1995); *N.A.S. Import Corp. v. Chenson Enters.*, 968 F.2d 250,
252 (2d Cir. 1992)). *See also Bryant v. Media Right Prod., Inc.*, 603 F.3d 135, 143
(2d Cir. 2010) ("A copyright holder seeking to prove that a copier's infringement
was willful must show that the infringer 'had knowledge that its conduct
represented infringement or . . . recklessly disregarded the possibility.'") (quoting
*Twin Peaks Prods., Inc. v. Publications Int'l Ltd.*, 996 F.2d 1366, 1382 (2d Cir.
1993)).

within three months after the first publication of the work."[37]

I have already found that Westinghouse's infringement was willful, even if its default in this litigation was not.[38] After being notified of its unlawful activity, Westinghouse knowingly continued distributing the BusyBox software in violation of Plaintiffs' copyright. That is the very definition of willful infringement. Accordingly, an award of enhanced statutory damages is appropriate.[39] Because Westinghouse failed to participate in the discovery process, Plaintiffs are entitled to the full amount of statutory damages – $30,000 – for the

---

[37]    17 U.S.C. § 412.

[38]    Defendants have the burden of proving an innocent infringement. *See D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990) (holding that defaulting defendants in copyright infringement action could not have met burden of establishing innocent infringement, and were therefore subject to enhanced statutory damages); *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2008) (deeming defendant's trademark infringement "willful" by virtue of the entry of default judgment).

[39]    Anderson did not register his copyright in the BusyBox code until 2008 – more than five years after its first publication. Under 17 U.S.C. § 412, therefore, Plaintiffs are not entitled to statutory damages for any infringement that occurred before the date of registration. Ordinarily, this Court would take the length of the infringement into account when calculating the appropriate damage award. Westinghouse's default, however, makes it impossible to determine the extent of infringement with any specificity. Accordingly, Plaintiffs' request for enhanced statutory damages based on willful conduct must be granted.

11

single copyright infringed.[40] Without a better guide for setting enhanced damages, the Court will award treble damages on the basis of Westinghouse's willful infringement, bringing the total award to $90,000.[41]

### D.    Attorneys' Fees and Costs

Section 505 of the Copyright Act permits the court to award "full costs," including a "reasonable attorney's fee," to the prevailing party in a copyright action.[42] Whether to award attorney's fees is completely at the court's discretion.[43] However, "[b]ecause the Copyright Act intended to encourage suits to redress infringement, 'fees are generally awarded to a prevailing plaintiff.'"[44]

---

[40]    *See Island Software*, 413 F.3d at 265 ("[W]ithin the statutory framework, a district judge has wide discretion in setting the statutory damage award anywhere between $750 and $30,000 for each work infringed.").

[41]    Relief in the form of treble damages is common, especially where damages are not merely compensatory, but also serve a deterrent function. *See, e.g., Electronic Trading Group, LLC v. Banc of Am. Sec. LLC*, 588 F.3d 128, 138 (2d Cir. 2009) (noting defendants' exposure to treble damages for anti-trust liability); *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 180 (2d Cir. 2004) (noting the RICO treble damages remedy); *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 490 (S.D.N.Y. 2008) (explaining that willful infringement of a design patent "provides a basis for the award of treble damages").

[42]    17 U.S.C. § 505.

[43]    *See Fogerty v. Fantasy*, 510 U.S. 517, 534 (1994).

[44]    *N.A.S. Import Corp.,* 968 F.2d at 254 (quoting *Roth v. Pritikin*, 787 F.2d 54, 57 (2d Cir. 1986)).

"When determining whether to award attorneys fees, district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence."[45]  "A finding that a defendant's copyright infringement was willful can support the award of attorney's fees to the plaintiff."[46]

As with statutory damages, Plaintiffs are entitled to reasonable attorneys' fees by virtue of Westinghouse's default.[47]  In light of Westinghouse's willful infringement and refusal to participate in the discovery process, an award of attorneys' fees is both appropriate and "in line with the statutory goal of deterrence."[48]  Plaintiffs are directed to submit a fee application by August 6, 2010 detailing their costs and expenses in connection with this litigation.

### E.   Forfeiture of Infringing Articles

---

[45]     *Bryant*, 603 F.3d at 144 (citing *Fogerty*, 510 U.S. at 534 n.19).

[46]     *U2 Home Entm't v. Lai Ying Music & Video Trading, Inc.*, No. 04 Civ. 1233, 2005 WL 1231645, at *7 (S.D.N.Y. May 25, 2005) (citing *Kepner-Tregoe*, 186 F.3d at 289).

[47]     *See id.* at *8 (awarding attorney's fees where defendants willfully infringed on plaintiff's copyright and "refused to participate in the discovery process").

[48]     *Kepner-Tregoe,* 186 F.3d at 289 (citing *Fogerty*, 510 U.S. at 534 n.19).

Pursuant to section 503 of the Copyright Act, "the court may order the destruction or other reasonable disposition of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights."[49]  The court has broad discretion in granting this equitable remedy,[50] but  relief under section 503(b) is not automatic.[51]  An order directing impoundment or forfeiture is appropriate only where legal remedies or statutory damages do not provide adequate relief.[52]

Given Plaintiffs' claim of continuing infringement, forfeiture of all articles containing copies of BusyBox is appropriate.[53]  An order directing forfeiture of infringing units would not be unduly burdensome in this case, because Westinghouse is only required to forfeit those HDTV products containing BusyBox that are now in its possession.  Here, Plaintiffs request that the Court

---

[49]     17 U.S.C. § 503(b).

[50]     *See Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1992).

[51]     *See Love v. Kwitny*, 772 F. Supp. 1367, 1374 (S.D.N.Y. 1991).

[52]     *See Tar-Hong Melamine USA, Inc. v. Shun Hoa Trading Co.,* No. 08 Civ. 3962, 2010 WL 1692920, at *6 (E.D.N.Y. Feb. 16, 2010); *RSO Records, Inc. v. Peri*, 596 F. Supp. 849, 863 (S.D.N.Y. 1984).

[53]     *See, e.g., Yash Raj Films (USA), Inc. v. Adda Rong, Inc.*, No. 08 Civ. 2280, 2010 WL 1270013, at *8 (E.D.N.Y. Mar. 12, 2010) (granting order directing defendants to forfeit infringing articles under § 503(b) to protect against future infringement).

14

order Westinghouse to deliver all infringing articles to Plaintiffs so they can be donated to charity. This is a reasonable disposition of the infringing articles, and serves to prevent future infringement.[54] Plaintiffs' request is granted.

### F.    Motion to Withdraw as Counsel

The law firms of Renner, Otto, Boiselle, & Sklar LLP and Kane Kessler, P.C. move to withdraw as counsel for Westinghouse on the grounds that the Credit Management Association of California – the company holding Westinghouse's assets in trust while it undergoes the General Assignment – discharged them and revoked their authority to represent Westinghouse.[55] The court gives an attorney leave to withdraw when that attorney has been discharged by her client, and doing so is appropriate in this case. Because a default judgment has been entered, moreover, Westinghouse has no further need for counsel in connection with this matter. The motion to withdraw as counsel of record is granted.

### V.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a default judgment

---

[54]    *See Rogers*, 960 F.2d at 313 (affirming district court's order requiring defendants to turn over all infringing materials to plaintiffs under 17 U.S.C. § 503(b)).

[55]    *See* Memorandum in Support of Motion to Withdraw Counsel of Record.

against Westinghouse is granted.  Accordingly, the Court need not address

Plaintiffs' motion for summary judgment.  Plaintiffs are directed to submit a fee

application by August 6, 2010.  The Clerk of Court is directed to close the motion

to withdraw Renner, Otto, Boisselle & Sklar and Kane Kessler as counsel for

Westinghouse (Docket No. 127).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            July 27, 2010

16

## -Appearances-

### For Plaintiff (Software Freedom Conservatory, Inc.):

Mishi Choudhary, Esq.
Daniel Ben Ravicher, Esq.
Michael Andrew Spiegel, Esq.
Aaron Kyle Williamson, Esq.
Software Freedom Law Center, Inc.
1995 Broadway, 17th Floor
New York, NY 10023
(212) 580-0800

### For Plaintiff (Erik Anderson):

Daniel Ben Ravicher, Esq.
Benjamin N. Cardozo School of Law
55 Fifth Avenue
New York, NY 10003
(212) 790-0442

### For Defendant (Westinghouse Digital Electronics, Inc.):

Kyle Bradford Fleming, Esq.
Renner, Otto, Boisselle & Sklar, LLP
1621 Euclid Avenue, 19th Floor
Cleveland, OH 44115
(216) 621-1113

Sarah Hawa Bawany Yousuf, Esq.
Kane Kessler, P.C.
1350 Avenue of the Americas
New York, NY 10019
(212) 541-6222