UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

SOFTWARE FREEDOM
CONSERVANCY, INC, and ERIK
ANDERSON,

                Plaintiffs,

- against -

BEST BUY CO., INC., SAMSUNG
ELECTRONICS AMERICA, INC.,
WESTINGHOUSE DIGITAL
ELECTRONICS, LLC, JVC AMERICAS
CORPORATION, WESTERN DIGITAL
TECHNOLOGIES, INC., ROBERT BOSCH
LLC, PHOEBE MICRO, INC., HUMANX
USA INC., COMTREND CORPORATION,
DOBBS-STANFORD CORPORATION,
VERSA TECHNOLOGY INC., ZYXEL
COMMUNICATIONS INC., ASTAK INC.,
and GCI TECHNOLOGIES
CORPORATION,

                Defendants.

------------------------------------------------------- X

ORDER

09 Civ. 10155 (SAS)



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

        In an Opinion and Order dated July 27, 2010, this Court entered a default judgment against Westinghouse Digital Electronics, LLC ("Westinghouse") for failure to participate in an action brought by Software Freedom Conservancy,

1

Inc. and Erik Anderson (collectively, "Plaintiffs") for copyright infringement. This Court awarded Plaintiffs, *inter alia*, reasonable attorneys' fees pending the submission of a fee application. On July 27, 2010, attorneys for Plaintiffs wrote a letter to the Court requesting $47,010 in attorneys' fees and $675 in other costs.[1] Because I find that these fees and costs are reasonable in light of the attorneys' technical expertise in the field, Westinghouse is ordered to pay Plaintiffs a total of $47,685.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          August 2, 2010

---

[1] Plaintiffs calculated their costs and attorneys' fees as follows. Lead counsel Daniel Ravicher worked 54.2 hours in connection with Plaintiffs' motion for a default judgment at a rate of $550 per hour. Associate counsels Aaron Williamson and Michael Spiegel worked one hour and forty-two hours, respectively, at a rate of four hundred dollars per hour. All three attorneys have legal and technical expertise in the area of software-related copyright law. The additional $675 was for experts' fees.