SOFTWARE FREEDOM LAW CENTER, INC.
Daniel B. Ravicher (DR1498)
Aaron Williamson (AW1337)
Michael A. Spiegel (MS2309)
1995 Broadway, 17th Floor
New York, NY 10023-5882
Tel.: 212-580-0800
Fax.: 212-580-0898

Attorneys for Plaintiffs *Software Freedom
Conservancy, Inc.* and *Erik Andersen*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------------------- X <br> SOFTWARE FREEDOM CONSERVANCY, INC. and <br> ERIK ANDERSEN, <br><br>                           Plaintiffs, <br>        -against- <br><br> BEST BUY CO., INC., SAMSUNG ELECTRONICS AMERICA, INC., WESTINGHOUSE DIGITAL ELECTRONICS, LLC, JVC AMERICAS CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., ROBERT BOSCH LLC, PHOEBE MICRO, INC., HUMAX USA INC., COMTREND CORPORATION, DOBBS-STANFORD CORPORATION, VERSA TECHNOLOGY INC., ZYXEL COMMUNICATIONS INC., ASTAK INC., and GCI TECHNOLOGIES CORPORATION, <br><br>                           Defendants. <br> ------------------------------------------------------------------- X | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | ECF CASE <br><br> 09-CV-10155 (SAS) <br><br><br> **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO JOIN SUCCESSORS IN INTEREST OF DEFENDANT WESTINGHOUSE DIGITAL ELECTRONICS, LLC** |

Plaintiffs Software Freedom Conservancy, Inc., and Erik Andersen ("Plaintiffs") respectfully submit this Memorandum of Law in support of their motion to join Credit Managers Association of California, d/b/a Credit Management Association, and Westinghouse Digital, LLC, successors in interest of defendant Westinghouse Digital Electronics, LLC, pursuant to Federal Rule of Civil Procedure 25(c). The court granted Plaintiffs leave to make this motion at the pre-motion conference held by the court on May 20, 2010.

## INTRODUCTION

Plaintiffs filed this action against fourteen commercial electronics distributors for copyright infringement because they each copied and distributed Plaintiffs' copyrighted software without Plaintiffs' permission and continued to do so even after receiving direct notice from Plaintiffs of their unlawful activity. On July 27, 2010, the court granted Plaintiffs' default judgment against Westinghouse Digital Electronics, LLC, ("Predecessor Westinghouse Digital Electronics") and awarded Plaintiffs permanent injunctive relief, enhanced statutory damages in the amount of $90,000, attorneys' fees, and forfeiture of all infringing articles.

After this action was commenced, defendant Predecessor Westinghouse Digital Electronics executed a General Assignment for the benefit of creditors ("General Assignment"), under Cal. Civ. Proc. Code §§ 1800 *et seq.*, in favor of Credit Managers Association of California, d/b/a Credit Management Association ("CMA"). Declaration of Daniel B. Ravicher (hereinafter "D. Ravicher") ¶ 2, Exhibit 1. Subsequent to the General Assignment, CMA sold certain of the assets of Predecessor Westinghouse Digital Electronics to Golden Star Electronics, LLC, n/k/a Westinghouse Digital, LLC ("Successor Westinghouse Digital") for $500,000 in cash,

an agreement to pay $1.5 million in royalties from future product sales, and the assumption of certain obligations totaling approximately $18 million.  *Id.*  The chart below sets forth these events in chronological order.

| Date | Event |
|---|---|
| December 14, 2009 | Complaint filed by Plaintiffs against Predecessor Westinghouse Digital Electronics |
| April 2, 2010 | Predecessor Westinghouse Digital Electronics executes General Assignment for the benefit of creditors to CMA |
| Some date between April 2 and April 28, 2010 | CMA sells assets of Predecessor Westinghouse Digital Electronics to Successor Westinghouse Digital |
| July 27, 2010 | Court awards Plaintiffs Default Judgment against Predecessor Westinghouse Digital Electronics |

Plaintiffs now move to join both CMA and Successor Westinghouse Digital as successors in interest of Predecessor Westinghouse Digital Electronics.

I.    CMA AND SUCCESSOR WESTINGHOUSE DIGITAL MAY BE JOINED AS SUCCESSORS IN INTEREST UNDER RULE 25(C)

Federal Rule of Civil Procedure 25(c) governs the substitution or joinder of successors in interest to original parties.  Rule 25(c) reads, in pertinent part: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  Joinder or substitution under Rule 25(c) is "appropriate even after final judgment . . . if the transfer of interest took place after the case was filed."  *Moore's Federal Practice* § 25.31; *see, e.g.*, *Arnold Graphics Indus., Inc. v. Independent Agent Center, Inc.*, 775 F.2d 38 (2d Cir. 1985) (affirming district court's substitution after judgment).  Successors in interest subject to joinder under Rule 25(c) are automatically subject to personal jurisdiction in a Court that has jurisdiction over the predecessor

in interest.  *Moore's Federal Practice* § 25.33; *see LiButti v. U.S.*, 178 F.3d 114, 123–24 (2d Cir. 1999) ("[V]arious courts have held that when a person is found to be a successor in interest, the court gains personal jurisdiction over them . . . .").

The determination of whether or not a party is a successor in interest for Rule 25(c) purposes is a question of state law.  *LiButti* 178 F.3d at 124 (2d Cir. 1999).  In general, successors in interest are properly joined where "(1) the person agreed to assume the liability of the predecessor, (2) two companies merged, (3) the purchaser was simply a continuation of the seller, or (4) fraud was involved."  *Moore's Federal Practice* § 25.31; *see also LiButti*, 178 F.3d at 124 (applying this test in the Second Circuit as a matter of New Jersey law); *Schwartz v. McGraw-Edison Co.*, 14 Cal. App. 3d 767, 781 (Cal. Ct. App. 1971) (applying a similar test under California law), *abrogated in part by Ray v. Alad Corp.*, 19 Cal. 3d 22 (Cal. 1997) (further broadening successor liability in the strict products liability context).  Successor liability may also exist when the property that is the subject of litigation is transferred.  *See, e.g.*, *ELCA Eners., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) (allowing substitution of purchaser of real property for prior owner).

Any one of these conditions is sufficient to justify joining a party under Rule 25(c). "[T]he determination of 'whether an entity is a [successor-in-interest]' so as to warrant exercise of Rule 25(c) involves 'appl[ication of] law to facts.'"  *Organic Cow, LLC v. Ctr. For New England Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003) (quoting *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993)).

      A.    <u>CMA Continued and Successor Westinghouse Digital is Continuing the Business of Predecessor Westinghouse Digital Electronics</u>

The precise final disposition of the assets of Predecessor Westinghouse Digital Electronics as between itself, CMA, and Successor Westinghouse Digital is not entirely evident from the notice of General Assignment given by CMA. D. Ravicher ¶ 2, Exhibit 1. However, it seems clear that the business of Predecessor Westinghouse Digital Electronics passed through CMA and is now being continued by Successor Westinghouse Digital.

One fact supporting the conclusion that Successor Westinghouse Digital is continuing the business of Predecessor Westinghouse Digital Electronics is that the successor company, which is named "Golden Star Electronics, LLC", is now known as "Westinghouse Digital, LLC", which is almost exactly the same as the name of the previous entity, "Westinghouse Digital Electronics, LLC." D. Ravicher¶ 2,, Exhibit 1. The only difference between the name used by the predecessor corporation and the name used by the successor corporation is that the latter is no longer using the word "Electronics" at the end. Using the same name manifests a desire to maintain the goodwill and reputation associated therewith. This is only beneficial if the successor wishes to continue the same or similar business as the predecessor, else there would be no reason to want to continue to use the same name.

A second fact supporting the conclusion that Successor Westinghouse Digital is continuing the business of Predecessor Westinghouse Digital Electronics is that Successor Westinghouse Digital is using the same exact business address that was used by Predecessor Westinghouse Digital Electronics. The address registered by Successor Westinghouse Digital with the California Secretary of State on March 23, 2010, is 500 N. State College Blvd, Ste 1300,

Orange, CA 92868.  D. Ravicher ¶ 3, Exhibit 2.  This is precisely the same address used by Predecessor Westinghouse Digital Electronics.  D. Ravicher ¶ 4, Exhibit 3 (American Registry for Internet Numbers (ARIN) IP Address WHOIS Information showing Predecessor Westinghouse Digital Electronics registered its address on January 22, 2010, with ARIN as 500 N. State College Blvd, Ste 1300, Orange, CA 92868).

A third fact supporting the conclusion that Successor Westinghouse Digital is continuing the business of Predecessor Westinghouse Digital Electronics is that on August 6, 2010, counsel for Plaintiffs received a telephone call from an attorney named Arthur Moore, who represented himself as being an in-house attorney for Successor Westinghouse Digital.  D. Ravicher ¶ 5.  Previously, in September and October 200, the same Arthur Moore had corresponded with plaintiffs' counsel in his capacity as in-house counsel for Predecessor Westinghouse Digital Electronics.  *Id.*  Thus, Successor Westinghouse Digital appears to be employing at least some of the same employees as Predecessor Westinghouse Digital Electronics.

Thus, it seems undeniable that the new Successor Westinghouse Digital intends to, and in fact is, continuing the business previously conducted by Predecessor Westinghouse Digital Electronics, because it is using virtually the same name, the exact same address, and at least some of the same employees.  As such, the court may join Successor Westinghouse Digital as a successor in interest because it is "simply a continuation of the seller."  *LiButti*, 178 F.3d at 124.  Further, since the "business" of Predecessor Westinghouse Digital Electronics flowed through CMA for at least some period of time during April 2010 (it did not flow directly from Predecessor Westinghouse Digital Electronics to Successor Westinghouse Digital), then CMA

6

may also be joined as a successor in interest in this action.

  B. <u>CMA and Successor Westinghouse Digital Assumed the Liabilities of Predecessor Westinghouse Digital Electronics</u>

It also appears as though both CMA and Successor Westinghouse Digital assumed the liabilities of Predecessor Westinghouse Digital Electronics, which is an additional basis on which to join CMA and Successor Westinghouse Digital in this action. *Id*. This implication results from the fact that CMA transferred to Successor Westinghouse Digital $18 million in liabilities of the Predecessor Westinghouse Digital Electronics. D. Ravicher ¶ 2, Exhibit 1. If the liabilities of Predecessor Westinghouse Digital Electronics were transferred by CMA to Successor Westinghouse Digital, then they must have previously been transferred from Predecessor Westinghouse Digital Electronics to CMA. Since those liabilities of Predecessor Westinghouse Digital Electronics rested with CMA for some period of time and now rest with Successor Westinghouse Digital, both of those parties are properly joined in this action.

  C. <u>The Property at Issue in this Matter Transferred from Predecessor Westinghouse Digital Electronics to CMA and Successor Westinghouse Digital</u>

Thirdly, the property that is the subject of this litigation, namely the infringing HDTV's and web servers that contain copies of Plaintiffs' BusyBox software, appears to have been transferred from Predecessor Westinghouse Digital Electronics to CMA and then on to Successor Westinghouse Digital much in the same way the liabilities were transferred. This transfer of the property at issue in this matter is yet another justification for joining CMA and Successor Westinghouse Digital. *ELCA Eners., Inc.*, 53 F.3d at 191.

II.   THE COURT SHOULD EXERCISE ITS DISCRETION TO JOIN CMA AND SUCCESSOR WESTINGHOUSE DIGITAL AS SUCCESSORS IN INTEREST UNDER RULE 25(C)

Rule 25(c) joinder is a procedural device that "does not ordinarily alter the substantive rights of parties . . . [and as a result,] a Rule 25(c) decision is generally within the district court's discretion." *Luxliner*, 13 F.3d at 72.  For the reasons given above, the court should exercise its discretion to join the successors in interest of Predecessor Westinghouse Digital Electronics in order to render effective the the court's default judgment for Plaintiffs and its award of monetary and injunctive relief.  Predecessor Westinghouse Digital Electronics' assets — including facilities subject to the court's permanent injunction, and HDTV units subject to the court's forfeiture order — appear to have been entirely transferred to CMA and then Successor Westinghouse Digital, and the court's judgment cannot be effective in providing Plaintiffs with the relief to which they are entitled without joining these parties.  Joinder, rather than substitution, is appropriate, so that Predecessor Westinghouse Digital Electronics also remains subject to the court's judgment to the extent necessary.

CONCLUSION

For the above reasons, Plaintiffs respectfully ask that the motion to join CMA and Successor Westinghouse Digital, successors in interest of defendant Predecessor Westinghouse Digital Electronics, be granted.

Dated: August 9, 2010
      New York, New York

      Respectfully submitted,
      SOFTWARE FREEDOM LAW CENTER, INC.

      By: s/ Daniel B. Ravicher
      Daniel B. Ravicher (DR1498)
      Aaron Williamson (AW1337)
      Michael A. Spiegel (MS2309)
      1995 Broadway, 17th Floor
      New York, NY 10023-5882
      Tel.: 212-580-0800
      Fax.: 212-580-0898

      Attorneys for Plaintiffs *Software Freedom Conservancy, Inc.* and *Erik Andersen*