UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                               :

SOFTWARE FREEDOM CONSERVANCY, INC.  :
and ERIK ANDERSEN,  :
                                              :

         Plaintiffs,  :
                                              :

      -against-  :            09 Civ. 10155 (SAS)
                                            :

BEST BUY CO., INC., SAMSUNG ELECTRONICS :
AMERICA, INC., WESTINGHOUSE DIGITAL  :
ELECTRONICS, LLC, JVC AMERICAS  :
CORPORATION, WESTERN DIGITAL  :
TECHNOLOGIES, INC., ROBERT BOSCH LLC,  :
PHOEBE MICRO, INC., HUMAX USA INC.,  :
COMTREND CORPORATION, DOBBS-  :
STANFORD CORPORATION, VERSA  :
TECHNOLGY INC., ZYXEL COMMUNICATIONS :
INC., ASTAK INC., and GCI TECHNOLOGIES  :
CORPORATION,  :
                                              :

         Defendants.  :
                                            :
------------------------------------------------------------- x

## CREDIT MANAGERS ASSOCIATION OF CALIFORNIA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO JOIN SUCCESSORS IN INTEREST OF DEFENDANT WESTINGHOUSE DIGITAL ELECTRONICS, LLC

Robert L. Weigel (RW 0163)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Credit Managers Association of California*

New York, New York
September 20, 2010

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ...................................................................................... 4

    I.    General Assignment Of The Assignor WDE And Subsequent Sale Of
         Assets Between CMA And Westinghouse Digital, LLC. ...................................... 4

    II.   Plaintiffs Obtained A Default Judgment Against The Assignor WDE
         On July 27, 2010. ............................................................................................. 5

    III.  There Is Pending Litigation Regarding Successor Liability For
         Assignor WDE. .................................................................................................. 6

    IV.  CMA Has No "Minimum Contacts" With State Of New York. ............................ 8

ARGUMENT ...................................................................................................... 8

    I.    CMA Is An Assignee For The Benefit Of The Creditors Of
         Westinghouse Digital Electronics, LLC, And Plaintiffs Frivolous
         Motion To Join CMA Disregards California's Well-Recognized
         Administration Of Claims In A General Assignment. ...................................... 10

         A.    Plaintiffs' Must Submit Their Claim Of Default Judgment
               Against The Assignor WDE To CMA As Assignee To Be
               Eligible For A Distribution, Or Collect Nothing. ................................... 11

         B.    Plaintiffs' Accusations Of Successor Liability And Motion Of
               Joinder Are Frivolous Attempts To Jump Ahead Of Other
               Creditors Of The Assignor WDE ............................................................ 11

    II.   Plaintiffs' Attempt To Join CMA As Successor Violates CMA's Due
         Process Rights. .................................................................................................. 13

         A.    Joinder Of Parties Under Rule 25(c) Must Adhere To Due
               Process Of Law, Including The Basic Tenets Of Subject
               Matter Jurisdiction and Personal Jurisdiction Over The Person
               Of A Defendant. ...................................................................................... 14

         B.    This Court Lacks Subject Matter Jurisdiction Over This
               Action And Personal Jurisdiction Over CMA, And Rule 25
               Cannot Be Used To Bootstrap Alleged Successors To A
               Default Judgment Without Due Process. ................................................. 15

CONCLUSION .................................................................................................. 19

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Arnold Graphics Industries, Inc. v. Independent Agent Center, Inc.*,
   775 F.2d 38 (2d Cir. 1985)................................................................................ 15

*Brainard v. Fitzgerald*,
   44 P.2d 336 (Cal. 1935) ............................................................................... 1, 13

*Bumb v. Bennett*,
   333 P.2d 23 (Cal. 1959) .................................................................................... 1

*Credit Managers Association of Southern California v. National Independent
   Business Alliance*,
   209 Cal. Rptr. 119 (Cal. Ct. App. 1984) ..................................................... 1, 10

*Credit Managers' Association of Southern California v. Brubaker*,
   285 Cal. Rptr. 417 (Cal. Ct. App. 1991) ..................................................... 2, 12

*ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc.*,
   53 F.3d 186 (8th Cir. 1995) .............................................................................. 13

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ......................................................................................... 16

*Luxliner P.L. Export, Co. v. FDI/Luxliner, Inc.*,
   13 F.3d 69 (3d Cir. 1993) ................................................................................. 15

*Panther Pumps & Equipment Co. v. Hydrocraft, Inc.*,
   566 F.2d 8 (7th Cir. 1977) ................................................................................ 16

*Peacock v. Thomas*,
   516 U.S. 349 (1996).................................................................................... 3, 16

*Ray v. Alad Corp.*,
   560 P.2d 3 (Cal. 1977) ..................................................................................... 12

*Schwartz v. McGraw-Edison Co.*,
   92 Cal. Rptr. 776 (Cal. Ct. App. 1971) ........................................................... 12

*Sherwood Partners, Inc. v. EOP-Marina Business Center, L.L.C.*,
   62 Cal. Rptr. 3d 896 (Cal. Ct. App. 2007) ................................................ 11, 12

*Vollestedt Kerr Lumber Co. v. Production Homes, Inc.*,
   279 P.2d 615 (Cal. Dist. Ct. App. 1955)................................................... 11, 12

*Wilhoit v. Cunningham*,
   25 P. 675 (Cal. 1891) ................................................................................. 1, 10

## Statutes

Cal. Civ. Proc. Code § 1802 ................................................................................. 10

**Table of Authorities**
**(Continued)**

Page(s)

**Other Authorities**

1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 710 ............................................. 11

**Rules**

Fed. R. Civ. P. 25(c) ................................................................................................................ 13

Credit Managers Association of California d/b/a Credit Management Association ("CMA"), a California nonprofit corporation, respectfully submits this memorandum of law in opposition to plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen's ("Plaintiffs") motion to join CMA as a successor in interest of defendant Westinghouse Digital Electronics, LLC ("Assignor WDE") pursuant to Federal Rule of Civil Procedure 25(c) (the "Motion").

## PRELIMINARY STATEMENT

CMA is an assignee for the benefit of creditors of Assignor WDE pursuant to the well-established, long-recognized law of general assignments in California. Plaintiffs admit to Assignor WDE's general assignment in favor of CMA (Motion p. 2), but fail to respect its consequences, and so bring this Motion to join CMA in complete disregard of the law and facts.

"An assignment for benefit of creditors is a business liquidation device available to an insolvent debtor as an alternative to formal bankruptcy proceedings." *Credit Managers Association of S. California v. Nat'l Indep. Bus. Alliance,* 209 Cal. Rptr. 119, 121 (Cal. Ct. App. 1984) CMA's only relationship to the Assignor WDE is as assignee for the benefit of the Assignor WDE's creditors. The California Supreme Court has made clear that "[t]he assignee for the benefit of creditors, like a trustee, holds a bare legal title in trust for the beneficiaries." *Bumb v. Bennett*, 333 P.2d 23, 29 (Cal. 1959). The beneficiaries, in turn, are entitled to take their proportionate share in the assignment estate with other creditors, or not at all. *Wilhoit v. Cunningham*, 25 P. 675, 676 (Cal. 1891) ("[T]he creditors must either avail themselves of the assets without preference, . . . or not at all."); *Brainard v. Fitzgerald*, 44 P.2d 336, 339 (Cal. 1935) ("In other words, a nonconsenting creditor cannot prefer himself over those who abide by the transfer.") Here, Plaintiffs may submit their claim, now liquidated by default judgment, in the general assignment to share in the distribution of Assignor WDE's assets.

Instead, the Plaintiffs are attempting to jump ahead of other creditors and join CMA personally to this litigation.  There is no basis in law or fact for such joinder.  Rule 25(c) of the Federal Rules of Civil Procedure ("FRCP") is strictly a procedural rule that looks to the substantive law to determine whether an action should, in the Court's discretion, continue unabated against a party's successor.  The law with respect to CMA could not be clearer – CMA is the assignee for the benefit of Assignor WDE's creditors – and CMA enjoys all the rights and responsibilities as assignee under California law.  CMA was assigned the property of Assignor WDE in trust for its creditors for liquidation and equitable distribution.  Thus, an assignment for the benefit of creditors differs materially from a straightforward assignment to a buyer or even an assignment as security in that an assignee for the benefit of creditors cannot act, liquidate, or distribute the estate's assets for its own benefit.  An assignee does not, for example, assume the liabilities of an assignor in an assignment for the benefit of creditors.  *Credit Managers' Association of S. California v. Brubaker*, 285 Cal. Rptr. 417, 421 (Cal. Ct. App. 1991) ("The beneficial procedure of an assignment for benefit of creditors would be impossible to use if the assignee had to assume the liabilities of the insolvent business.").  This assignment, like other general assignments CMA has administered in California, "was an assignment for the benefit of creditors, pursuant to which CMA, as a disinterested third party, would liquidate and distribute the assets of [the assignor] to creditors."  *Id.*

Plaintiffs' Motion neither contests the legitimacy of the general assignment nor suggests CMA violated its fiduciary duties to the creditors of Assignor WDE.  The facts as Plaintiffs allege do not support successor liability under California law:  CMA as assignee did not assume Assignor WDE's liabilities; CMA did not merge with Assignor WDE; CMA did not continue the business of Assignor WDE; and no fraud was involved in the general assignment.

Plaintiffs' Motion is also unwarranted because Plaintiffs' action has abated as to the Assignor WDE by Plaintiffs' default judgment against the Assignor WDE.  Prior to the Court's entry of default judgment, CMA informed the Court of the general assignment and its expectation that Plaintiffs could submit their claim, reduced to judgment, to CMA for administration in the assignment estate.  Plaintiffs now wish to jump ahead of other creditors, or somehow hold CMA personally liable for the default judgment against Assignor WDE, without any support in law or fact – and at the expense of creditor funds from the estate.  CMA has repeatedly tried to save creditors' money by offering to stipulate to the allowance of Plaintiffs' claims in full, but they have refused.  Plaintiffs have forced CMA to needlessly waste estate resources on this Motion, and CMA reserves its right to recover all reasonable expenses, including attorneys' fees, related thereto.

Plaintiffs' Motion also fails because this Court lacks both subject matter and personal jurisdiction over CMA.  CMA does not waive its right to object on these bases.  Federal courts, for example, possess no "ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable on the judgment."  *Peacock v. Thomas*, 516 U.S. 349, 351 (1996).  Here, Plaintiffs attempt to make CMA answerable for the default judgment against Assignor WDE is not ancillary to that judgment to support jurisdiction.  Plaintiffs do not even allege facts supporting any claim of personal or derivative liability against CMA, and does not otherwise exist any federal question or diversity jurisdiction over CMA.  Furthermore, a court has no power to adjudicate a claim against a person unless it has power over the person of the defendant.  Here, Plaintiffs have failed to establish any basis for personal jurisdiction over CMA in its individual capacity.  Therefore, this Motion must be denied.

## STATEMENT OF FACTS

CMA is a California nonprofit corporation that has served business-to-business companies since 1883, with its principal place of business in California.  (Joncich Decl. ¶ 3, Ex. 1.)  CMA has a long history of assisting insolvent companies with workouts or liquidation through cost-effective alternatives to bankruptcy, such as general assignments for the benefit of creditors.  (*See id.*)  An assignment for the benefit of creditors is a time-honored, out-of-court liquidation under California law.  (*See* Newman Decl. ¶ 8, Ex. 2 [Cal. Jur. excerpts].)  CMA has served as an assignee for the benefit of creditors on numerous occasions, which have involved sale transactions between a financially distressed company and a buyer interested in obtaining the assets of the company on a going-concern basis as well as orderly liquidation.  (Joncich Decl. ¶ 4.)

## I.     General Assignment Of The Assignor WDE And Subsequent Sale Of Assets Between CMA And Westinghouse Digital, LLC.

On April 2, 2010, the Assignor WDE executed a General Assignment for the benefit of its creditors in favor of CMA.  (Joncich Decl. ¶ 5.)  CMA, solely in its capacity as assignee for the benefit of the Assignor WDE's creditors, accepted the assignment and subsequently sold certain assets used in the operation of the Assignor WDE's business to Westinghouse Digital, LLC f/k/a Golden Star Electronics, LLC (the "Buyer") for $500,000 in cash, plus an agreement to pay a percentage of future royalties (up to $1.5 million) and the Buyer's obligation to assume certain obligations of the assignment estate.  (*Id*. ¶ 6.)  Prior to consummating the sale, CMA ensured that the sale had been publicized in the Wall Street Journal and the Los Angeles Times.  (*Id*. ¶ 7.)  At the time of the sale, Westinghouse Digital, LLC offered the best value to the Assignor WDE's creditors under the circumstances, and CMA received no objection to the sale

from any creditor, nor any offer to bid on the assets that were ultimately sold to the Buyer.
(*Id.* ¶ 8.)

Notice of the General Assignment and sale to the Buyer was provided by CMA to all known creditors of the Assignor WDE – including the Plaintiffs – in the form of a creditor bulletin.  (*Id.* ¶ 9, Exhibit 2 [Creditor Bulletin].)  A Statement of Condition was provided in the Bulletin, based on the books and records of the Assignor WDE, showing assets of approximately $1.6 million and liabilities of approximately $42.3 million.  (*Id.* ¶ 9.)  CMA also provided creditors a proof of claim form to submit as part of CMA's administration of the assignment estate.  (*Id.*)  Creditors who wish to participate in the claims administration process and estate distributions are required to submit their proof of claim no later than September 27, 2010. (*Id.* ¶ 10.)  As of the date hereof, the Plaintiffs have not submitted a proof of claim regarding their claims against the Assignor WDE.  (*Id.* ¶ 11.)

## II.    Plaintiffs Obtained A Default Judgment Against The Assignor WDE On July 27, 2010.

According to the Court's docket, on June 3, 2010, the Plaintiffs filed a motion with this Court for default judgment, or in the alternative, summary judgment against the Assignor WDE. (Docket Nos. 112-117.)  No opposition to the motion was received, and on June 29, 2010, the Assignor WDE's attorneys filed a motion to withdraw as counsel.  (Docket Nos. 127-129.)

On or about July 22, 2010, a conference call was held with the Court and Mr. Ravicher concerning the default motion and request for withdrawal.  Samuel A. Newman, a partner at the law firm of Gibson, Dunn & Crutcher LLP and counsel for CMA, participated on the call as a courtesy to the Court to explain CMA's role as assignee for the benefit of the Assignor WDE's creditors.  (Newman Decl. ¶¶ 1, 3.)  As was then explained to the Court and Mr. Ravicher, CMA lacked the resources to defend the litigation, and had no interest in opposing the lawful

liquidation of Plaintiffs' claims.  (*Id*. ¶ 4.)  CMA understood from Mr. Ravicher that the Plaintiffs had alleged claims against the Assignor WDE, which could be liquidated by entry of a default judgment against the Assignor WDE, and Plaintiffs then might participate in distributions from the assignment estate upon submitting the appropriate proof of claim or stipulating with CMA as to the amount of an allowed claim.  (Joncich Decl. ¶ 12.)  CMA did urge the Court to exercise its discretion in the liquidation of the Plaintiffs' claims given the fact that the allowance of a large claim would be to the detriment of other unpaid creditors of the Assignor WDE. (Newman Decl. ¶ 5.)  In the exercise of its discretion, the Court entered a default judgment against the Assignor WDE on July 27, 2010.

While the Plaintiffs to date have not submitted a proof of claim to CMA, Plaintiffs filed this Motion seeking to hold CMA personally liable for their claims.  Interestingly, Plaintiffs also issued a press release announcing the unprecedented nature of the Court's decision to issue its default judgment.  For "the first time a court in the USA has granted an injunction" against the alleged violator of Plaintiffs' General Public License when the Court entered its order of default judgment against the Assignor WDE.  (*Id*. ¶ 6, Ex. 1 [Press Release].)

Also, when contacted by Mr. Ravicher regarding the briefing schedule for the Motion, CMA reiterated its willingness to stipulate to the Plaintiffs' claim.  Mr. Ravicher refused such stipulation and stated the assignment "supports a direct claim of copyright infringement against [CMA]."  (*Id*. ¶ 7, Ex. 8 [August 15 Email].)

III.    **There Is Pending Litigation Regarding Successor Liability For Assignor WDE.**

Following the General Assignment of the Assignor WDE, litigation was commenced regarding whether certain entities are liable as successors of the Assignor WDE, including the following.

- *Darwin Chang v. Westinghouse Digital, LLC, et al.*, pending in the United States Bankruptcy Court for the Central District of California, Adversary Case No. 8:10-ap-1338-ES, originally filed in the Superior Court of the State of California.  (*Id.* ¶ 11, Ex. 5 [Chang Complaint].)  Plaintiff Chang's prayer for relief includes a request for a declaration that Westinghouse Digital, LLC is liable as a successor entity for the debt owed by the Assignor WDE to Chang.

- *Samsung Electronics Co., Ltd., et al., v. Petters Group Worldwide, LLC, et al.*, pending in the United States District Court for the District of Delaware, Case No. 1:08-cv-00248-GMS.  (*Id.* ¶ 12, Ex. 6 [Samsung Complaint].)  The *Samsung* plaintiffs included in its fourth amended complaint a prayer for relief of an award for successor liability against Westinghouse Digital, LLC for the Assignor WDE's infringement of the patents at issue in the *Samsung* action.

- *Westinghouse Digital, LLC v. Samsung Electronics Co., Ltd., et al.*, pending in the Superior Court of California, County of Orange, Case No. 30-2010-00395529.  (*Id.* ¶ 13, Ex. 6 [WD Complaint].)  The plaintiff Westinghouse Digital, LLC requests in its verified complaint a declaration that Westinghouse Digital, LLC is not liable under any theory of successor liability for the obligations, liabilities or debts of the Assignor WDE.

These actions are ongoing, and no one has established who, if anyone, may be liable as a successor of the Assignor WDE.  Also, no complaint has been filed against CMA by any creditor asserting successor liability for the acts or omissions of the Assignor WDE or that CMA otherwise breached its duties to creditors as assignee for the benefit of creditors.  (Joncich Decl. ¶ 13.)

**IV.     CMA Has No "Minimum Contacts" With State Of New York.**

In conducting its business, CMA has no meaningful, or "minimum," contacts with the state of New York.  CMA is not incorporated in New York, nor has it qualified to do business in New York.  (*Id*. ¶ 14.)  CMA has no subsidiaries incorporated or qualified to do business in New York.  (*Id.* ¶ 15)  CMA has no officers or employees residing or domiciled in New York, nor has it contracted with persons in New York to act on its behalf with respect to marketing, distributing or servicing any of CMA's products or services.  (*Id.* ¶ 16)

CMA has no branch office or comparable facilities in New York, and has no telephone listings or mailing address in New York.  (*Id.* ¶ 17)  CMA has no bank accounts or other tangible personal or real property in New York.  (*Id.* ¶ 18)  CMA does not direct any of its advertising specifically toward New York residents, nor does it advertise in any publications that are directed primarily toward New York residents.  (*Id.* ¶ 19)  None of CMA's directors reside or are domiciled in New York, and no meetings of the board of directors have been held in New York. (*Id.* ¶ 20)  CMA's transactions with the Assignor WDE occurred in California, not New York, and involve the administration of the Assignor WDE's general assignment estate pursuant to the state laws of California.  (*Id.* ¶ 21)

CMA objects to the personal jurisdiction of this Court and does not waive its right to dismissal of any and all claims asserted against it in this action for lack of personal jurisdiction. (*Id.* ¶ 22)

<u>**ARGUMENT**</u>

There is no basis in law or fact to join CMA, either in its individual capacity or as assignee, to join CMA as successor of the Assignor WDE under Federal Rule of Civil Procedure ("FRCP") 25(c).  The Plaintiffs state the following facts as to CMA.

- Assignor WDE "executed a General Assignment for the benefit of creditors ('General Assignment'), under Cal. Civ. Proc. Code §§ 1800 *et seq*., in favor of Credit Managers Association of California, d/b/a Credit Management Association ('CMA')."  (Motion p. 2.)

- "[I]t seems clear that the business of [Assignor WDE] passed through CMA . . . ."  (Motion p. 5.)

- "[T]he 'business' of [Assignor WDE] flowed through CMA for at least some period of time . . . ."  (Motion p. 6.)

- "[I]t appears as though . . . CMA assumed the liabilities of [Assignor WDE] . . . ."  (Motion p. 7.)

- "[T]he property that is the subject of this litigation . . . appears to have been transferred from [Assignor WDE] to CMA . . . ."  (Motion p. 7.)

Taken as true, these facts are entirely consistent with the administration of a general assignment estate under California law and do not satisfy the legal standard for successor liability or provide a basis to join CMA to this lawsuit.  Plaintiffs seek to "render effective the the [sic] court's default judgment for Plaintiffs" by joining CMA, when Plaintiffs' only basis for relief with respect to CMA, *qua* assignee for the benefit of Assignor WDE's creditors, is to submit to the claims administration process of a general assignment prescribed and governed by California law.

Pursuant to California law, the General Assignment created a trust that vests title in the assignee as trustee for all the creditors of the Assignor WDE.  The assignee collects, sells and otherwise liquidates the assets of the Assignor WDE to be divided among the Assignor WDE's creditors.  The Plaintiffs received notice of the General Assignment, but, instead of submitting a

proof of claim to participate in a distribution to creditors, are attempting to join CMA to this litigation and somehow hold CMA personally liable for the Assignor WDE's obligations as a successor in interest.  The facts clearly support the conclusion that CMA is an assignee for the benefit of creditors, not liable as a successor to the Assignor WDE.  Therefore, there is no merit to the Plaintiffs' request for joinder under FRCP 25.  Also, joining CMA to this litigation would rob CMA of its due process rights because this Court lacks personal jurisdiction over CMA.

I.      **CMA Is An Assignee For The Benefit Of The Creditors Of Westinghouse Digital Electronics, LLC, And Plaintiffs Frivolous Motion To Join CMA Disregards California's Well-Recognized Administration Of Claims In A General Assignment.**

The history and nature of assignments for the benefit of creditors is well-documented by the California Supreme Court and California Courts of Appeal.  "For a period of time in California, both the common law type and a statutory alternative type of such assignment existed at the same time," but in 1980 the statutory alternative was repealed, leaving common-law general assignments and certain California code sections pertaining to such assignments.  *Credit Managers Association*, 209 Cal. Rptr. at 121 (emphasis omitted).  The California Code of Civil Procedure, for example, prescribes when an assignee must give notice of a general assignment to the assignor's creditors and "establish a date by which creditors must file their claims to be able to share in the distribution of proceeds of the liquidation of the assignor's assets."  Cal. Civ. Proc. Code § 1802.

The purpose of a general assignment is "to enable a debtor, through his assignee, to dispose of his property for the benefit of his creditors."  *Wilhoit*, 25 P. at 676.  This purpose would be defeated if creditors could ignore the assignment and sell an assignor's assets by writ of execution or otherwise seek a preference.  *Id.*  Creditors must take their proportionate share or, failing to timely submit a proof of claim or disregarding the assignment, take nothing from the

assignment estate.  *See id.*  Because general assignments are a well-accepted alternative in

California to liquidation in federal bankruptcy, "[a]n assignment for the benefit of creditors is a

widely used method by which an insolvent debtor transfers his or her assets in trust to an

assignee, who liquidates them and distributes the proceeds to the creditors."  *Sherwood Partners,*

*Inc. v. EOP-Marina Bus. Ctr., L.L.C.*, 62 Cal. Rptr. 3d 896, 898 (Cal. Ct. App. 2007) (quoting 1

Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 710, p. 795).  In other words, the

general assignment effects a transfer to all the assignor's creditors through the liquidation and

administration of the assignment estate.  *See Vollestedt Kerr Lumber Co. v. Prod. Homes, Inc.*,

279 P.2d 615, 616-18 (Cal. Dist. Ct. App. 1955) (stating that assignee was not a purchaser for

value, but stood in the same position as those it represented, the assignor's creditors, and held a

certain transfer was exempt from general assignment as a "transfer to other creditors in

satisfaction of their debts by assignment for the benefit of creditors").

   A.   **Plaintiffs' Must Submit Their Claim Of Default Judgment Against
        The Assignor WDE To CMA As Assignee To Be Eligible For A
        Distribution, Or Collect Nothing.**

   Plaintiffs have received notice of the General Assignment.  This Court has been informed

of the General Assignment and its operation under California law.  Plaintiffs do not dispute the

validity of the General Assignment or allege fraud or any violation of fiduciary duty against

CMA.  Plaintiffs *only* way to "render effective" their default judgment against the Assignor

WDE with respect to CMA is to submit a proof of claim against the assignment estate to receive

a distribution from the liquidated assets of the Assignor WDE.

   B.   **Plaintiffs' Accusations Of Successor Liability And Motion Of Joinder
        Are Frivolous Attempts To Jump Ahead Of Other Creditors Of The
        Assignor WDE.**

   Instead of submitting a claim to CMA for a distribution from the assignment estate,

Plaintiffs attempt to join CMA pursuant to FRCP 25 as a successor of the Assignor WDE.

The general rule under California law[1] regarding successor liability is that "if one corporation purchases the assets of another and pays a fair consideration therefore, *no liability for the debts of the selling corporation exists* in the absence of fraud or agreement to assume the debts." *Schwartz v. McGraw-Edison Co.*, 92 Cal. Rptr. 776, 783 (Cal. Ct. App. 1971) (emphasis added), *abrogated on other grounds by Ray v. Alad Corp.*, 560 P.2d 3 (Cal. 1977). The exception to the general rule for transferee liability occurred "(1) where there is an express or implied assumption of liability; (2) where the transaction amounts to a consolidation or merger; (3) where the transaction was fraudulent; (4) where some elements of a purchase in good faith where lacking . . ., or (5) where the transferee corporation was a mere continuation or reincarnation of the old corporation." *Schwartz*, 92 Cal Rptr. at 784.

Here, Plaintiffs' vague allegations against CMA – that property "passed through" CMA or that "it appears" CMA assumed liabilities or was a transferee of the Assignor WDE's property – fail to carry Plaintiffs' burden to establish an exception to the *Schwartz* general rule. More to the point, however, is that CMA is not a "purchaser for value" and simply does not fit the analysis of whether it is a successor corporation of the Assignor WDE. *See Vollestedt Kerr Lumber Co.*, 279 P.2d at 617 (assignees for the benefit of creditors "are not purchasers for value"). CMA, as assignee, sold certain liabilities to the Buyer, thereby obtaining the obligation of the Buyer to discharge these liabilities and reduce the pool of potential claims for the benefit of all creditors, but CMA never assumed these liabilities itself or by operation of law. *E.g.*, *Sherwood Partners, Inc.*, 62 Cal. Rptr. 3d at 899-900; *Credit Managers' Association*, 285 Cal. Rptr. at 421. The general assignment was supported by the consideration of indebtedness to the

---

[1] Plaintiffs do not dispute that state law controls the determination of successor liability and cites California law in support of its argument. (Motion p. 4.)

creditors.  *E.g.*, *Brainard*, 44 P.2d at 339.  Therefore, CMA, as assignee for the benefit of Assignor WDE's creditors, received the Assignor WDE's assets and liabilities in trust for the creditors and is liquidating the assets for their benefit.

Plaintiffs now seek to avoid participating in the administration of the Assignor WDE's assignment estate under the pretense that CMA personally succeeded to Assignor WDE's interest in property.  At a minimum, if Plaintiffs wish to challenge the legitimacy of the general assignment, assert a claim directly against CMA, or attempt to enforce a default judgment against CMA, they should do so in California where courts have personal jurisdiction over CMA and expertise regarding matters specific to California law.  CMA maintains, however, that Plaintiffs only lawful recourse against CMA to collect on the default judgment is to submit its proof of claim to CMA as assignee for the Assignor WDE's creditors so that they might share in a distribution from the liquidation of the Assignor WDE.  There is no reason this Court should use its discretion to grant the extraordinary, and unjustified, relief requested in Plaintiffs' Motion.

## II.      Plaintiffs' Attempt To Join CMA As Successor Violates CMA's Due Process Rights.

FRCP 25(c) provides:  "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted or joined with the original party."  "The rule is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit."  *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) (quotation marks and citation omitted).

In light of the above-discussion of California general assignments and the Plaintiffs' frivolous attempt to leap frog other creditors to collect their judgment, it is not clear what

obligation CMA has to respond to the Motion because CMA is merely an assignee for the benefit of creditors and lacks minimum contact with the state of New York, which means this Court lacks personal jurisdiction over CMA.  However, service to nonparties of a motion to join pursuant to FRCP 25(c) must conform to the same process for service of a summons under Rule 4, and CMA acknowledges receipt of the Motion in California.  But Plaintiffs have sought neither to amend their complaint to add CMA a party under FRCP 15, nor to amend the default judgment under FRCP 59(e).  Rather, Plaintiffs wish to join CMA as a successor of the Assignor WDE under FRCP 25(c) and somehow bind CMA to the default judgment entered against the Assignor WDE.  CMA submits this response to oppose the Motion, but does not waive its defense to Plaintiffs' claims asserted against CMA for lack of personal jurisdiction.

> **A.**   **Joinder Of Parties Under Rule 25(c) Must Adhere To Due Process Of Law, Including The Basic Tenets Of Subject Matter Jurisdiction and Personal Jurisdiction Over The Person Of A Defendant.**

While motions to substitute or join successors have been granted after a judgment is entered against an original party, courts have been careful not to deprive respondents' due process of law.  The Third Circuit has instructed with regard to Rule 25(c) motions:

> Because joinder or substitution under Rule 25(c) does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case, a Rule 25(c) decision is generally within the district court's discretion. . . .  In contrast to Rule 56, regarding summary judgment, Rule 25(c) does not specify a method for deciding motions or a standard to use in determining whether motions can be decided on the papers. This gap in Rule 25(c) most likely stems from the fact that the rule does not easily lend itself to contested motion practice; it permits automatic continuation of a lawsuit against an original corporate party, although the outcome will bind the successor corporation, unless the court believes the transferee's presence would facilitate the conduct of the litigation. . . .  In the absence of explicit direction, we will delineate the procedures required *to accord due process to the parties*.

*Luxliner P.L. Export, Co. v. FDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993) (reversing the district court where district court failed to hold an evidentiary hearing regarding competing affidavits of material facts) (emphasis added).

According respondents due process is consistent with the Second Circuit's opinion in *Arnold Graphics Industries, Inc. v. Independent Agent Center, Inc.*, 775 F.2d 38 (2d Cir. 1985), which the Plaintiffs cite in support of the proposition that joinder under Rule 25(c) is appropriate even after a judgment.  Plaintiffs fail to point out, however, that the *Arnold Graphics* plaintiff obtained a judgment from the United States District Court for the Northern District of Ohio, then took the Ohio judgment and "docketed" it in the Southern District of New York to substitute a parent company incorporated in New York who had its principal place of business in Newburgh, New York.  775 F.2d at 39-40.  In the Ohio action, the court had dismissed the parent corporation for lack of personal jurisdiction, but without prejudice, and the *Arnold Graphics* plaintiff sought to enforce the judgment against the parent corporation where it could establish personal jurisdiction and present evidence regarding a *de facto* merger.  *See id*.  Here, Plaintiffs simply cannot proceed against CMA in New York where personal jurisdiction is lacking.

Furthermore, FRCP 25 is merely a procedural device to join or substitute parties with its purpose to ensure that actions may continue unabated against true parties-in-interest.  This is inapplicable here, where the action has concluded against the Assignor WDE.

**B.    This Court Lacks Subject Matter Jurisdiction Over This Action And Personal Jurisdiction Over CMA, And Rule 25 Cannot Be Used To Bootstrap Alleged Successors To A Default Judgment Without Due Process.**

Plaintiffs' nine-page memorandum of law filed on August 9, 2010, in support of their Motion is unclear how it aims to "render effective the the [sic] default judgment for Plaintiffs" against CMA.  Mr. Ravicher's email to CMA's counsel on August 15, 2010, however, clearly

describes Plaintiffs' intent to hold CMA personally liable for the judgment obtained against the Assignor WDE.  (Newman Decl. ¶ 7, Ex. 8 [August 15 Email] ("I look forward to setting precedent that businesses like your client, which portend to offer a 'get out of jail' free card to those who intentionally flout intellectual property laws are not protectable under any version of the law. . . .  Thus, not only does that support our joiner [sic] motion, it also supports a direct claim of copyright infringement against your client.")  Plaintiffs fail to allege facts in their Motion to support holding CMA personally liable for the default judgment.

Moreover, the Supreme Court of the United States has held that a federal district court lacks both independent subject matter and ancillary jurisdiction over a subsequent action that seeks to hold another person answerable for a judgment, such as by asserting a post-judgment, state-law veil-piercing claim.  *Peacock*, 516 U.S. at 866-69.  Like the facts in *Peacock*, Plaintiffs are, in essence, asserting new facts and theories of liability not found in the original action against Assignor WDE.  *See id*. at 358.  Therefore, there is no ancillary jurisdiction over Plaintiffs' post-judgment motion to enforce their default judgment, nor is there any basis for federal question or diversity jurisdiction over CMA.

In addition, due process requires that a court have jurisdiction over the person of the defendant for the defendant to be bound by the court's judgment or decree.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (holding that due process requires that, if the person "is not present within the territory of the forum, he have certain minimum contacts with it such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'").  A motion under Rule 25(c) against a nonparty cannot circumvent the requirement of personal jurisdiction.  *Panther Pumps & Equip. Co. v. Hydrocraft, Inc.*, 566 F.2d 8, 23 (7th Cir. 1977)

("The motion to substitute [alleged successor] faces an insurmountable obstacle:  lack of personal jurisdiction.").

To say that successors in interest are automatically subject to personal jurisdiction, as the Plaintiffs do (Motion pp. 3-4), merely begs the question – while the original party may have been subject to jurisdiction, Plaintiffs are not relieved of their obligation to prove the joined party has minimum contacts or some other basis for personal jurisdiction.  Here, CMA has not assumed the liabilities of the Assignor WDE, merged with the Assignor WDE, continued the business of the Assignor WDE, or otherwise subject itself of the jurisdiction of New York such that joining CMA to this action would be proper.  In relation to the Assignor WDE, CMA is trustee of the assignment estate and has sold most of the Assignor WDE's business assets to the Buyer. Plaintiffs have cited no authority for the proposition that an assignee for the benefit of the assignor's creditors, pursuant to a general assignment under California law, is a successor-in-interest to the assignor for purposes of FRCP 25.

Plaintiffs' own allegations against CMA are vague at best and fail to establish successor liability against CMA.  Plaintiffs' allegations are the following (emphasis added):  "[t]he precise final disposition of the assets of [Assignor WDE's] . . . is *not entirely evident*"; "it seems clear that the [Assignor WDE's] business . . . *passed through* CMA"; "the 'business' of [Assignor WDE] *flowed through* CMA for at least some period of time"; "it *appears as though*" CMA assumed the liabilities of the Assignor WDE; and "the property that is the subject of this litigation . . . *appears to have been* transferred from [the Assignor WDE] to CMA."  Such vague and inconclusive statements can establish neither successor liability, nor an identity of interest with the Assignor WDE such that this Court has jurisdiction over CMA.  Notably, the Plaintiffs

do not suggest that CMA has violated its fiduciary duties to creditors as assignee for their benefit.

And in CMA's individual capacity, CMA has no "minimum contacts" with the state of New York to establish personal jurisdiction over CMA, (see Section I.D.), and Plaintiffs fail to prove otherwise.  Because of its lack of contacts, it would be unreasonable, to say the least, to require CMA to defend this action in courts within New York or contest enforcement of the default judgment directly against CMA.  CMA is entitled to its day in court to contest the Plaintiffs' claims of successor liability, if necessary, and such court must have jurisdiction over CMA to validly render judgment of the claims.

Plaintiffs admit their purpose in seeking joinder of CMA is their attempt to enforce the default judgment of the Assignor WDE against CMA, but they have failed to establish why this Court should exercise its discretion to join CMA, not as an additional party to the action, but as a substitute for the Assignor WDE.  Joinder would not aid the administration of the case – default judgment has been entered against the Assignor WDE.  Moreover, joinder would not aid Plaintiffs' collection against the Assignor WDE because it cannot unlawfully subvert the equitable distribution of the Assignor WDE's assets through the administration of the general assignment executed in favor of CMA.   Plaintiffs may claim an unprecedented victory when it obtained default judgment against the Assignor WDE, but here, the Court should not entertain the Plaintiffs novel request for joinder.

## <u>CONCLUSION</u>

For the foregoing reasons, CMA respectfully requests that this Court deny Plaintiffs'

Motion, and CMA reserves its right to dismiss any claim against it in this Court for lack of

subject matter and personal jurisdiction.


Dated:    New York, New York
          September 20, 2010

                                        Respectfully submitted,

                                        GIBSON, DUNN & CRUTCHER LLP


                                     By:  /s/ Robert Weigel
                                           Robert Weigel (RW 0163)
                                           200 Park Avenue, 47th Floor
           `                   New York, New York 10166-0193
                                         (212) 351-4000

                                         -and-

                                         Oscar Garza
                                         Samuel A. Newman
                                         Daniel B. Denny
                                         333 South Grand Avenue
                                         Los Angeles, California 90071-3197
                                         (213) 229-7000

                                       *Attorneys for Credit Managers Association of*
                                         *California*