UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SOFTWARE FREEDOM CONSERVANCY, INC.
and ERIK ANDERSEN,

        Plaintiffs,

   -against-                                 09 Civ. 10155 (SAS)

BEST BUY CO., INC., SAMSUNG ELECTRONICS
AMERICA, INC., WESTINGHOUSE DIGITAL
ELECTRONICS, LLC, JVC AMERICAS
CORPORATION, WESTERN DIGITAL
TECHNOLOGIES, INC., ROBERT BOSCH LLC,
PHOEBE MICRO, INC., HUMAX USA INC.,
COMTREND CORPORATION, DOBBS-
STANFORD CORPORATION, VERSA
TECHNOLGY INC., ZYXEL COMMUNICATIONS
INC., ASTAK INC., and GCI TECHNOLOGIES
CORPORATION,

        Defendants.

------------------------------------------------------------------x

## DECLARATION OF MICHAEL JONCICH

Pursuant to 28 U.S.C. § 1746, Michael Joncich hereby declares as follows:

1.     I am a Manager in the Adjustment Bureau and agent of Credit Managers Association of California ("CMA"), a California corporation.

2.     I submit this Declaration in support of CMA's opposition to the plaintiffs' motion to join successors in interest of defendant Westinghouse Digital Electronics, LLC in the above-captioned action.

**History and Experience of Credit Managers Association of California**

3. CMA is a California nonprofit corporation that has served business-to-business companies since 1883, with its principal place of business in California. Attached hereto as **Exhibit 1** is a brief history of CMA and description of the services provided by CMA.

4. CMA has served as an assignee for the benefit of creditors on numerous occasions, which have involved sale transactions between a financially distressed company and a buyer interested in obtaining the assets of the company on a going-concern basis as well as orderly liquidation.

**CMA As Assignee For The Benefit Of The Creditors
Of Westinghouse Digital Electronics, LLC**

5. On April 2, 2010, Westinghouse Digital Electronics, LLC n/k/a Mora Electronics, LLC (the "Assignor WDE") executed a General Assignment for the benefit of its creditors in favor of CMA.

6. CMA, solely in its capacity as assignee for the benefit of the Assignor WDE's creditors, accepted the assignment and subsequently sold certain assets used in the operation of the Assignor WDE's business to Westinghouse Digital, LLC f/k/a Golden Star Electronics, LLC (the "Buyer") for $500,000 in cash, plus an agreement to pay a percentage of future royalties (up to $1.5 million) and the Buyer's obligation to assume certain obligations of the assignment estate.

7. Prior to consummating the sale, CMA ensured that the sale had been publicized in the Wall Street Journal and the Los Angeles Times.

8. At the time of the sale, Westinghouse Digital, LLC offered the best value to the Assignor WDE's creditors under the circumstances, and CMA received no objection to the sale from any creditor, nor any offer to bid on the assets that were ultimately sold to the Buyer.

9. Notice of the General Assignment and sale to the Buyer was provided by CMA to all known creditors of the Assignor WDE (including the Plaintiffs) in the form of a creditor bulletin. Attached hereto as **Exhibit 2** is a true and correct copy of "Bulletin No. 1," the creditor bulletin sent to the Assignor WDE's creditors. A Statement of Condition was provided in the Bulletin, based on the books and records of the Assignor WDE, showing assets of approximately $1.6 million and liabilities of approximately $42.3 million. CMA also provided creditors a proof of claim form to submit as part of CMA's administration of the assignment estate.

10. Creditors who wish to participate in the claims administration process and estate distributions are required to submit their proof of claim no later than September 27, 2010.

11. As of the date hereof, the plaintiffs in the above-captioned case (the "Plaintiffs") have not submitted a proof of claim regarding their claims against the Assignor WDE.

12. I have understood that Plaintiffs had alleged claims against the Assignor WDE, which could be liquidated by entry of a default judgment against the Assignor WDE, and Plaintiffs then might participate in distributions from the assignment estate upon submitting the appropriate proof of claim or stipulating with CMA as to the amount of an allowed claim.

13. No complaint has been filed against CMA by any creditor asserting successor liability for the acts or omissions of the Assignor WDE or that CMA otherwise breached its duties to creditors as assignee for the benefit of Assignor WDE's creditors.

### CMA Has No Minimum Contacts With The State Of New York

14. CMA is not incorporated in New York, nor has it qualified to do business in New York.

15. CMA has no subsidiaries incorporated or qualified to do business in New York.

16. CMA has no officers or employees residing or domiciled in New York, nor has it contracted with persons in New York to act on its behalf with respect to marketing, distributing or servicing any of CMA's products or services.

17. CMA has no branch office or comparable facilities in New York, and has no telephone listings or mailing address in New York.

18. CMA has no bank accounts or other tangible personal or real property in New York.

19. CMA does not direct any of its advertising specifically toward New York residents, nor does it advertise in any publications that are directed primarily toward New York residents.

20. None of CMA's directors reside or are domiciled in New York, and no meetings of the board of directors have been held in New York.

21. CMA's transactions with the Assignor WDE occurred in California, not New York, and involve the administration of the Assignor WDE's general assignment estate pursuant to the state laws of California.

22. CMA objects to the personal jurisdiction of this Court and does not waive its right to dismissal of any and all claims asserted against it in this action for lack of personal jurisdiction.

23. I declare under penalty of perjury that the foregoing is true and correct. Executed at Burbank, California this 17th day of September, 2010.

_____
Michael Joncich