UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SOFTWARE FREEDOM CONSERVANCY, INC.
and ERIK ANDERSEN,

        Plaintiffs,

  -against-                                           09 Civ. 10155 (SAS)

BEST BUY CO., INC., SAMSUNG ELECTRONICS
AMERICA, INC., WESTINGHOUSE DIGITAL
ELECTRONICS, LLC, JVC AMERICAS
CORPORATION, WESTERN DIGITAL
TECHNOLOGIES, INC., ROBERT BOSCH LLC,
PHOEBE MICRO, INC., HUMAX USA INC.,
COMTREND CORPORATION, DOBBS-
STANFORD CORPORATION, VERSA
TECHNOLGY INC., ZYXEL COMMUNICATIONS
INC., ASTAK INC., and GCI TECHNOLOGIES
CORPORATION,

        Defendants.

------------------------------------------------------------x

## DECLARATION OF SAMUEL A. NEWMAN

Pursuant to 28 U.S.C. § 1746, Samuel A. Newman hereby declares as follows:

1.    I am a partner at Gibson, Dunn & Crutcher LLP and counsel to Credit Managers Association of California ("CMA"), a California corporation.

2.    I submit this Declaration in support of CMA's opposition to the plaintiffs' motion to join successors in interest of defendant Westinghouse Digital Electronics, LLC in the above-captioned action.

**Conference Call with Court and Mr. Ravicher**

3.  On or about July 22, 2010, a conference call was held with the Court and Mr. Ravicher concerning the default motion and request for withdrawal. I participated on the call as a courtesy to the Court to explain CMA's role as assignee for the benefit of creditors of Westinghouse Digital Electronics, LLC n/k/a Mora Electronics, LLC (the "Assignor WDE").

4.  I explained to the Court and Mr. Ravicher that CMA lacked the resources to defend the litigation, and had no interest in opposing the lawful liquidation of the claims of plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen (the "Plaintiffs").

5.  I urged the Court to exercise its discretion in the liquidation of the Plaintiffs' claims given the fact that the allowance of a large claim would be to the detriment of other unpaid creditors of the Assignor WDE.

6.  Following the Court's entry of default judgment against the Assignor WDE, Plaintiffs issued a press release announcing the unprecedented nature of the Court's decision to issue its default judgment. Attached hereto as **Exhibit 1** is a true and correct copy of the press release dated August 3, 2010 from plaintiff Software Freedom Conservancy's website available at http://conservancy.softwarefreedom.org/news/2010/aug/03/busybox-gpl/.

7.  Mr. Ravicher also copied me on correspondence to Daniel B. Denny, an associate at Gibson, Dunn & Crutcher LLP, to respond to an email sent by Mr. Denny and inform us that he would not withdraw the joinder motion or stipulate to a claim in the assignment estate. Attached hereto as **Exhibit 8** is a true and correct copy of the email I received from Mr. Ravicer on August 15, 2010.

## California Authority Governing
## Assignments For The Benefit Of Creditors

8. California Jurisprudence is a legal treatise that summarizes blackletter California law. For the Court's convenience, I have attached hereto as **Exhibit 2** are true and correct copies of the following sections from California Jurisprudence regarding assignments for the benefit of creditors: 16A Cal. Jur. 3d *Creditors' Rights and Remedies* §§ 24, 25, 30, 32, 36, 37, 44 (2010).

9. The following California Supreme Court cases are cited in CMA's memorandum of law in opposition to Plaintiffs' and attached hereto as **Exhibit 3** for the Court's convenience:

- *Brainard v. Fitzgerald*, 44 P.2d 336, 339 (Cal. 1935);

- *Bumb v. Bennett*, 333 P.2d 23, 29 (Cal. 1959); and

- *Wilhoit v. Cunningham*, 25 P. 675, 676 (Cal. 1891).

10. The following California Court of Appeals cases are cited in CMA's memorandum of law in opposition to Plaintiffs' and attached hereto as **Exhibit 4** for the Court's convenience:

- *Credit Managers' Association of S. California v. Brubaker*, 285 Cal. Rptr. 417, 421 (Cal. Ct. App. 1991);

- *Credit Managers Association of S. California v. Nat'l Indep. Bus. Alliance,* 209 Cal. Rptr. 119, 121 (Cal. Ct. App. 1984);

- *Sherwood Partners, Inc. v. EOP-Marina Bus. Ctr., L.L.C.*, 62 Cal. Rptr. 3d 896, 898 (Cal. Ct. App. 2007); and

- *Vollestedt Kerr Lumber Co v. Prod. Homes, Inc.*, 279 P.2d 615, 616-18 (Cal. Dist. Ct. App. 1955).

**Pending Litigation Regarding Successor Liability For Assignor WDE**

11. Attached hereto as **Exhibit 5** is a copy of the *Complaint for Declaratory Relief to Determine Alter Ego Liability, Single Enterprise Liability, Successor Entity Liability, and Principal-Agent Liability* filed in *Darwin Chang v. Westinghouse Digital, LLC, et al.*, pending in the United States Bankruptcy Court for the Central District of California, Adversary Case No. 8:10-ap-1338-ES, originally filed in the Superior Court of the State of California, County of Santa Clara.

12. Attached hereto as **Exhibit 6** is a copy of the *Fourth Amended Complaint for Patent Infringement* filed in *Samsung Electronics Co., Ltd., et al., v. Petters Group Worldwide, LLC, et al.*, pending in the United States District Court for the District of Delaware, Case No. 1:08-cv-00248-GMS.

13. Attached hereto as **Exhibit 7** is a copy of the *Verified Complaint to Quiet Title in Personal Property and for Declaratory Relief* (without exhibits) filed in *Westinghouse Digital, LLC v. Samsung Electronics Co., Ltd., et al.*, pending in the Superior Court of California, County of Orange, Case No. 30-2010-00395529.

14. I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California this 20th day of September, 2010.

Samuel A. Newman