# Exhibit 2

Westlaw.

CAJUR CREDITOR § 24                                                                      Page 1
16A Cal. Jur. 3d Creditors § 24

California Jurisprudence 3d
Database updated May 2010

Creditors' Rights and Remedies
Mary Babb Morris, J.D., of the staff of the National Legal Research Group, Inc.

IV. Assignments for Benefit of Creditors
A. In General

Topic Summary Correlation Table References

**§ 24. Generally**

**West's Key Number Digest**

West's Key Number Digest, Debtor and Creditor 🔑1.1

An assignment for the benefit of creditors is a business liquidation device available as an alternative to bankruptcy.[1] A general assignment for the benefit of creditors is ordinarily a conveyance by a debtor without consideration from the grantee of substantially all of his or her property to a party in trust to collect the amount owing to him, to sell and convey the property, to distribute the proceeds of all the property among his or her creditors, and to return the surplus, if any, to the debtor.[2]

If the conveyance is to a trustee, and the debtor intends to divest himself, not only of the title to the property but also of all control over it, and if it is intended as an absolute conveyance of all his or her property, and is made for the purpose of securing a distribution of its proceeds among his or her creditors, or a portion of them, in legal effect it is an assignment for the benefit of creditors, no matter what name or designation the parties may give it.[3]

---

[FN1] 15 California Law Revision Commission Reports 1121.

As to the effect of federal bankruptcy law, see § 27.

[FN2]

**Legal Encyclopedias**

Am. Jur. 2d, Assignments For Benefit of Creditors § 1.

[FN3] Sabichi v. Chase, 108 Cal. 81, 41 P. 29 (1895).

Westlaw. © 2010 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

CAJUR CREDITOR § 24

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

CAJUR CREDITOR § 25                                                                                    Page 1
16A Cal. Jur. 3d Creditors § 25


California Jurisprudence 3d
Database updated May 2010

Creditors' Rights and Remedies
Mary Babb Morris, J.D., of the staff of the National Legal Research Group, Inc.

IV. Assignments for Benefit of Creditors
A. In General


Topic Summary Correlation Table References

**§ 25. Distinctions**


**West's Key Number Digest**

West's Key Number Digest, Debtor and Creditor ⚷1.1

    Transactions similar in some respects to an assignment for the benefit of creditors may be distinguished on the basis that they lack the element of trust present in an assignment. Thus, a transfer of real estate by a debtor to a creditor in consideration of his or her large indebtedness to the creditor and also in consideration of a promise by the creditor to pay another creditor, is not an assignment for the benefit of creditors, since no trust has been created.[1] Additionally, where a debtor, upon settlement with his or her creditors and in consideration of a release of their claims, makes an absolute assignment of his or her property to an assignee, the transaction, as between the parties, is not an assignment for the benefit of creditors, but an absolute sale.[2]

    Not every trust agreement made for the purpose of payment of debts is an assignment for the benefit of creditors. Where, for instance, a deed of part of a grantor's property accompanied by a contemporaneous declaration of trust, stating that the rents, profits, and proceeds of the property deeded are to be applied to pay certain specified creditors, and that the surplus profits are to be paid to the grantor for life with remainder to her children, and the main purpose of the trust is to preserve the property for the grantor's children and for her own support, the deed and declaration of trust do not constitute an assignment for the benefit of creditors.[3]

---

        [FN1] Saunderson v. Broadwell, 82 Cal. 132, 23 P. 36 (1889).

        [FN2] Levy v. Scott, 115 Cal. 39, 46 P. 892 (1896).

        [FN3] Heath v. Wilson, 139 Cal. 362, 73 P. 182 (1903).

Westlaw. © 2010 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

CAJUR CREDITOR § 25

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

California Jurisprudence 3d
Database updated May 2010

Creditors' Rights and Remedies
Mary Babb Morris, J.D., of the staff of the National Legal Research Group, Inc.

IV. Assignments for Benefit of Creditors
B. Requisites; Validity

Topic Summary Correlation Table References

**§ 30. Generally**

**West's Key Number Digest**

West's Key Number Digest, Debtor and Creditor ⚷2

Assignments that have for their general purpose the appropriation of the entire estate of an insolvent debtor to the payment of his or her debts are favored in the law and will be construed so that they may stand rather than fall. The general rule is that a voluntary assignment for the benefit of creditors is valid if it does not go beyond that delay and obstruction of collection of debts occasioned by the orderly and legal administration of the estate incident to all general assignments.[1]

An assignment of real property is not invalid, as against an attaching creditor, even though it is not recorded as a conveyance as required by statute.[2]

Although to constitute an assignment for the benefit of creditors, the intention of the debtor to divest himself or herself of title must be present, no secret intention of the debtor proposing such an assignment would defeat the assignment, which is in the nature of a trust.[3]

---

[FN1]

**Legal Encyclopedias**

Am. Jur. 2d, Assignments For Benefit of Creditors § 26.

[FN2] Bumb v. Bennett, 51 Cal. 2d 294, 333 P.2d 23 (1958) (referring to Civ. Code, § 1215).

As to an assignment as prevailing over a subsequent attachment, see § 32.

As to an assignment as terminating the lien of a prior temporary protective order or attachment, see §§ 259 to 265.

[FN3] Mechanics Bank of Richmond v. Rosenberg, 201 Cal. App. 2d 419, 20 Cal. Rptr. 202 (1st Dist.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

1962).

Westlaw. © 2010 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

CAJUR CREDITOR § 30

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

California Jurisprudence 3d
Database updated May 2010

Creditors' Rights and Remedies
Mary Babb Morris, J.D., of the staff of the National Legal Research Group, Inc.

IV. Assignments for Benefit of Creditors
B. Requisites; Validity

Topic Summary Correlation Table References

**§ 32. Necessity of assent of creditors**

**West's Key Number Digest**

West's Key Number Digest, Debtor and Creditor ⚷2

An acceptance by the creditors of an assignment for their benefit is presumed,[1] on the theory that they may be supposed to have accepted that which is manifestly to their advantage.[2] Although, at least in the case of an assignment for the benefit of creditors generally, the nonacceptance of any particular creditor may result in postponing him or her to other creditors, nonacceptance is not fatal to the assignment,[3] for in such a case, preferences are not illegal.[4] This being so, the assignment prevails over a subsequent attachment or execution.[5] In other words, a nonconsenting creditor, in such a case, cannot prefer himself or herself over those who abide by the transfer.[6]

---

[FN1] Brainard v. Fitzgerald, 3 Cal. 2d 157, 44 P.2d 336 (1935).

[FN2]

**Legal Encyclopedias**

Am. Jur. 2d, Assignments For Benefit of Creditors § 35.

[FN3] Brainard v. Fitzgerald, 3 Cal. 2d 157, 44 P.2d 336 (1935); Mechanics Bank of Richmond v. Rosenberg, 201 Cal. App. 2d 419, 20 Cal. Rptr. 202 (1st Dist. 1962).

As to assignments not for the benefit of creditors generally as void as to nonassenting creditors if there is no immediate delivery and change of possession, see § 34.

[FN4] § 35.

[FN5] Brainard v. Fitzgerald, 3 Cal. 2d 157, 44 P.2d 336 (1935).

As to the effect of an assignment on a judgment lien against an assignor, see § 38.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 1:09-cv-10155-SAS   Document 148-2   Filed 09/20/10   Page 8 of 13

As to a valid assignment for the benefit of creditors as having priority over a subsequent attachment, generally, see § 218.

As to the statutory provisions respecting effect, on attachment, of a subsequent general assignment for benefit of creditors, see §§ 259 to 265.

[FN6] Brainard v. Fitzgerald, 3 Cal. 2d 157, 44 P.2d 336 (1935).

Westlaw. © 2010 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

CAJUR CREDITOR § 32

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

CAJUR CREDITOR § 36                                                                                    Page 1
16A Cal. Jur. 3d Creditors § 36


California Jurisprudence 3d
Database updated May 2010

Creditors' Rights and Remedies
Mary Babb Morris, J.D., of the staff of the National Legal Research Group, Inc.

IV. Assignments for Benefit of Creditors
C. Operation And Effect


Topic Summary Correlation Table References

**§ 36. Generally**


**West's Key Number Digest**

West's Key Number Digest, Debtor and Creditor ⚷3

 An assignment for the benefit of creditors operates as a conveyance and not as a mere power.[1] The assignor is divested of his or her entire interest, subject to the right to a reconveyance of any residue remaining after the creditors are satisfied, or to payment of the surplus proceeds of the sale of the property.[2] Even if the fund or property assigned for the benefit of creditors exceeds the amount of the creditors' claims, the assignment will nevertheless pass title to the assignee, who holds the excess as agent or trustee for the assignors.[3] An assignment passes the legal and equitable title of the debtor's property absolutely from the debtor to the assignee.[4] Thus, although money in the hands of an assignee is held by the assignee in trust for the creditors, it is not a special deposit by or for them and cannot be lawfully claimed by a creditor as his or her individual personal property; neither can all the creditors, jointly, so claim it.[5] As noted elsewhere, an assignment prevails over a subsequent attachment or execution,[6] and it terminates the lien of a temporary protective order or of attachment created within a certain time period prior to the making of the assignment.[7]

 An assignor for the benefit of creditors may have previously conveyed some property to others, or he or she may not have included all of his or her property in the assignment. Generally, the assignee cannot claim property which has not been conveyed to him or her,[8] since his or her rights are determined by the instrument of assignment.[9] As the assignee cannot recover that property, neither can the creditors claim it under the assignment; if they have any recourse, it is not by virtue of the assignment, but independent of it.[10] By statute, however, the assignee has the power to avoid fraudulent transfers[11] and to recover certain preferential transfers.[12]

---

  [FN1]

**Legal Encyclopedias**

  Am. Jur. 2d, Assignments For Benefit of Creditors § 72.

  [FN2] Wilhoit v. Cunningham, 87 Cal. 453, 25 P. 675 (1891).

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

[FN3] Mechanics Bank of Richmond v. Rosenberg, 201 Cal. App. 2d 419, 20 Cal. Rptr. 202 (1st Dist. 1962).

As to the right of an assignor to the surplus remaining after his or her debts are paid, see § 54.

[FN4]

**Legal Encyclopedias**

Am. Jur. 2d, Assignments For Benefit of Creditors § 73.

[FN5] Dunsmoor v. Furstenfeldt, 88 Cal. 522, 26 P. 518 (1891).

[FN6] §§ 32, 218.

As to the effect of an assignment on a judgment lien against an assignor, see § 38.

[FN7] §§ 259 to 265.

[FN8] Wilhoit v. Bryant, 78 Cal. 263, 20 P. 561 (1889).

[FN9] § 44.

[FN10] Francisco v. Aguirre, 94 Cal. 180, 29 P. 495 (1892).

[FN11] § 46.

[FN12] §§ 47, 48.

Westlaw. © 2010 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

CAJUR CREDITOR § 36

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

CAJUR CREDITOR § 37                                                              Page 1

16A Cal. Jur. 3d Creditors § 37


California Jurisprudence 3d
Database updated May 2010

Creditors' Rights and Remedies
Mary Babb Morris, J.D., of the staff of the National Legal Research Group, Inc.

IV. Assignments for Benefit of Creditors
C. Operation And Effect


Topic Summary Correlation Table References

**§ 37. Nature of title acquired by assignee**


**West's Key Number Digest**

West's Key Number Digest, Debtor and Creditor ☞3

   A general assignment for the benefit of creditors passes to the assignees all property and every right of the assignor. The assignee takes only that property which the assignor may legally convey or assign, however.[1] Thus, an assignment for the benefit of creditors does not carry with it to the assignee the title to property which the assignor has previously transferred to some of his or her creditors.[2] Also, only the interest of the assignor, in and to the property, is taken by the assignee, and he or she can have no greater rights therein than the assignor had.[3]

---

[FN1] Peterson v. Ball, 211 Cal. 461, 296 P. 291, 74 A.L.R. 187 (1931).

[FN2] Moore v. Schneider, 196 Cal. 380, 238 P. 81 (1925).

As to the power of an assignee to avoid fraudulent transfers and to recover certain preferential transfers, see §§ 46 to 49.

[FN3] Moore v. Schneider, 196 Cal. 380, 238 P. 81 (1925).

Westlaw. © 2010 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

CAJUR CREDITOR § 37

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

CAJUR CREDITOR § 44                                                                                   Page 1
16A Cal. Jur. 3d Creditors § 44


California Jurisprudence 3d
Database updated May 2010

Creditors' Rights and Remedies
Mary Babb Morris, J.D., of the staff of the National Legal Research Group, Inc.

IV. Assignments for Benefit of Creditors
D. Assignee
2. Powers, Duties, and Liabilities


Topic Summary Correlation Table References

**§ 44. Generally**


**West's Key Number Digest**

West's Key Number Digest, Debtor and Creditor ⊃4

    In general, it may be said that the duty of an assignee for the benefit of creditors is to protect the assigned estate, and to administer it fairly and faithfully in the spirit of honesty with which he or she is presumed to undertake the charge.[1] An assignee for the benefit of creditors may in his or her discretion and according to what he or she considers to be in the best interest of the creditors perform or refuse to perform the assignor's part of an executory contract; he or she must exercise ordinary prudence and good faith in dealing with the assignor's contract obligations, and where he or she induces the other party to perform or otherwise reaps the benefit of a contract the assignee must assume its obligations.[2] He or she is clothed with a power coupled with a trust for the benefit of creditors and undertakes to apply the proceeds to the payment of the debts of the assignor.[3] The assignee is not at liberty to relinquish this trust until the debts have become in some manner discharged.[4]

    An assignee for the benefit of creditors is considered as being merely a representative of the assignor.[5] He or she has no greater or other rights than those possessed by the assignor and is under the same disabilities.[6]

    The exact duties and powers of an assignee for the benefit of creditors are dependent in each case, to some degree, on the terms of the particular assignment;[7] however, a trust of assets or property for creditors, of itself, suggests specific and well-defined duties, imposing specific and well-defined obligations upon the trustee; and a trust is not void because it is not completely or particularly declared.[8]

---

        [FN1] Baker v. Bartol, 6 Cal. 483, 1856 WL 849 (1856).

        [FN2] Sweet v. Markwart, 158 Cal. App. 2d 700, 323 P.2d 192 (3d Dist. 1958).

        As to the assignee's duties with respect to the administration and distribution of the estate, see §§ 53 to 59.


© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

[FN3] Handley v. A. Pfister & Co., 39 Cal. 283, 1870 WL 917 (1870).

[FN4] § 42.

[FN5] First Nat. Bank of San Jose v. Menke, 128 Cal. 103, 60 P. 675 (1900); First Nat. Bank of Stockton v. Pomona Tile Mfg. Co., 82 Cal. App. 2d 592, 186 P.2d 693 (2d Dist. 1947).

[FN6] First Nat. Bank of San Jose v. Menke, 128 Cal. 103, 60 P. 675 (1900).

[FN7] Bank of Visalia v. Dillonwood Lumber Co., 148 Cal. 18, 82 P. 374 (1905); Francisco v. Aguirre, 94 Cal. 180, 29 P. 495 (1892); Exchange Bank v. Scholz, 49 Cal. App. 2d 232, 121 P.2d 526 (1st Dist. 1942).

[FN8] Forbes v. Scannell, 13 Cal. 242, 1859 WL 985 (1859).

Westlaw. © 2010 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

CAJUR CREDITOR § 44

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.