# Exhibit 3

44 P.2d 336 Page 1
3 Cal.2d 157, 44 P.2d 336
**(Cite as: 3 Cal.2d 157, 44 P.2d 336)**

Supreme Court of California.
BRAINARD
v.
FITZGERALD et al.
S. F. 15252.

April 16, 1935.
Rehearing Denied May 16, 1935.

In Bank.

Action by G. W. Brainard against W. J. Fitzgerald, the Massachusetts Bonding and Insurance Company, and another. From a judgment for plaintiff against the bonding company, the latter appeals.

Affirmed.

For prior opinion, see 34 P.(2d) 761.

West Headnotes

**[1] Debtor and Creditor 117T ⚷2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases
    (Formerly 39k159 Assignments for Benefit of Creditors)
Proviso that act, invalidating transfers of personalty without change of possession as against transferor's creditors, shall not apply to assignment, statutory "or otherwise," for benefit of creditors generally, held to exempt not only such statutory assignments, but all other such assignments executed in good faith. West's Ann.Civ.Code, §§ 3440, 3449-3473.

**[2] Debtor and Creditor 117T ⚷2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases
    (Formerly 39k159 Assignments for Benefit of Creditors)
Assignment of copartnership's entire assets for benefit of its creditors generally held within statutory proviso exempting all goodfaith assignments for benefit of creditors generally from provisions invalidating transfers of personalty without change of possession as against transferor's creditors. West's Ann.Civ.Code, §§ 3440, 3449-3473.

**[3] Debtor and Creditor 117T ⚷2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases
    (Formerly 39k32 Assignments for Benefit of Creditors)
Assignment of copartnership's assets for benefit of its creditors generally held supported by consideration consisting of indebtedness to creditors.

**[4] Debtor and Creditor 117T ⚷3**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk3 k. Construction and Operation. Most Cited Cases
    (Formerly 39k184 Assignments for Benefit of Creditors)
Assignment of copartnership's assets for benefit of its creditors generally vested title in assignee as trustee for all creditors.

**[5] Debtor and Creditor 117T ⚷2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases
    (Formerly 39k44 Assignments for Benefit of Creditors)
Creditor's acceptance of transfer of copartnership's assets for benefit of its creditors generally is presumed until contrary is shown.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

**[6]** Debtor and Creditor 117T ⚷2

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases
    (Formerly 39k44 Assignments for Benefit of Creditors)

Any particular creditor's nonacceptance of assignment of copartnership's assets for benefit of its creditors generally is not fatal to assignment, though it may postpone such creditor to other creditors; preferences not being illegal. West's Ann.Civ.Code, § 3451.

**[7]** Debtor and Creditor 117T ⚷2

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases
    (Formerly 39k44 Assignments for Benefit of Creditors)

Assignment for benefit of assignor's creditors generally prevails over subsequent attachment or execution, though not accepted by particular creditor, who cannot prefer himself over creditors abiding by transfer.

**[8]** Debtor and Creditor 117T ⚷3

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk3 k. Construction and Operation. Most Cited Cases
    (Formerly 39k184 Assignments for Benefit of Creditors)

Copartnership's property right in assets, assigned in good faith for benefit of its creditors generally, passed out of it, and thereafter no legal title, on which attachment could fasten, existed in it.

**[9]** Exchanges 160 ⚷14

160 Exchanges
    160k14 k. Actions by or Against Exchanges. Most Cited Cases

Court is not inclined to interfere with practice of local boards of trade in procuring assignments, executed in good faith for benefit of assignor's creditors generally, in absence of conflict with or violation of statutory law. Civ.Code, §§ 3440, 3449-3473.

**\*\*336 \*157** Appeal from Superior Court, City and County of San Francisco; Walter Perry Johnson, Judge.**\*\*337** Fred A. Watkins, of Long Beach, for appellant.

John F. O'Sullivan, of San Francisco, amicus curiae.

Norman A. Eisner and Grant H. Wren, both of San Francisco, for respondent.

Craig & Weller, Frank C. Weller, and Merrill L. Granger, all of Los Angeles, Dinkelspiel & Dinkelspiel and William H. Penaat, all of San Francisco (Fred S. Herrington, of San Francisco, of counsel), amici curiae.

WASTE, Chief Justice.

This is an appeal from a money judgment entered in favor of the plaintiff in an action brought **\*158** against the surety on an attachment bond furnished in another action.

It appears that the Richard Behrendt Company was a copartnership engaged in the business of selling at wholesale toys, fireworks, and novelties. At about 9:15 o'clock on the morning of January 20, 1932, the copartnership executed and delivered to the plaintiff herein, who is the secretary of the board of trade of San Francisco, an assignment of all its assets for the benefit of creditors generally. The assignment is on a printed form used generally by boards of trade. We shall not pause to quote its provisions, for it is conceded on all sides that the assignment was not to benefit any individual creditor or group of creditors, but, as stated, was for the benefit of creditors generally. Immediately following such assignment, and at about 10 o'clock the same

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

morning, a representative of the assignee arrived at the premises occupied by the copartnership and proceeded to check the books and to take inventory, remaining at the store until approximately 2 o'clock, when he left to attend a meeting at the board of trade office. During his absence, and some time between 2 and 3 o'clock of the same afternoon, the sheriff levied an attachment and placed a keeper in the premises. The attachment issued in an action commenced that day by a creditor of the copartnership. It is undisputed that the assignment was executed and delivered several hours prior to the levy of the attachment. Shortly after such levy the assignee served a third-party claim on the sheriff, whereupon the attaching creditor furnished a bond, the one here sued on and in which the appellant is named as surety, to prevent the release of the property. The sheriff having subsequently removed certain quantities of the attached merchandise and sold the same under execution, this action was commenced. Though named in the complaint as defendants, the action was abandoned as to the sheriff and attaching creditor and prosecuted solely against the surety on the attachment bond. From a judgment for plaintiff in the sum of $3,000, the surety has appealed.

It is the appellant's contention, in substance, that the assignment made by the debtor to the respondent, though for the benefit of creditors generally and prior in point of time to the levy of the attachment, is nevertheless subservient ***159** thereto inasmuch as it was not executed in conformity with sections 3449-3473 of the Civil Code, and was not accompanied by a change of possession.

Respondent, on the other hand, while conceding that the assignment to him does not satisfy the statutory requirements as to form and recordation, urges that it constitutes a valid common-law assignment for the benefit of creditors generally, and, being prior in point of time to the attachment, should prevail over the attachment.

Concisely stated, we are required to determine whether a valid common-law assignment of stock in trade for the benefit of creditors generally prevails over a subsequent attachment. No question of actual fraud arises as to the assignment herein.

[1] So far as material here, section 3440 of the Civil Code provides that 'Every transfer of personal property * * * is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession; * * *

'Provided, also, that the sale, transfer, or assignment of a stock in trade, in bulk, * * * otherwise than in the ordinary course of trade and in the regular and usual practice and method of business of the vendor, * * * unless at least seven days before the consummation of such sale, transfer, assignment, * * * the vendor, transferor, assignor * * * or the intended vendee, transferee, assignee * * * shall record in the office of the county recorder * * * a notice of said intended sale, transfer, assignment; * * *

'Provided, further, that the provisions of this section shall not apply or extend * * * **338** to any transfer or assignment, statutory *or otherwise*, * * * made for the benefit of creditors generally. * * *'

The italicized words, 'or otherwise,' were added to the section by an amendment thereof in 1917 (Stats. 1917, p. 255) and, in our opinion, indicate a definite legislative intention to exempt from the provisions of the section not only statutory assignments for the benefit of creditors generally executed in accordance with sections 3449-3473, supra, **160** but all other assignments, executed in good faith, for the benefit of creditors generally. To conclude otherwise would be to disregard and render meaningless the very language placed in the section by the cited amendment.

In some of the decisions we find persuasive lan-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

guage suggesting that common-law assignments for the benefit of creditors generally are valid and exempt from the provisions of section 3440, supra. The decision in Jarvis v. Webber, 196 Cal. 86, 97-99, 236 P. 138, 143, after reviewing the history of the pertinent Code sections having to do with assignments for the benefit of creditors, and the cases construing the same, contains the following:

'While the case of Heath v. Wilson [139 Cal. 362, 73 P. 182] was pending, in fact only a few weeks before the decision was handed down, section 3440 of the Civil Code, providing that certain transfers of personal property are conclusively presumed to be fraudulent, if made by a person having at the time the possession or control of the property and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, was amended (Stats. 1903, p. 111) to provide that the provisions of the section should not apply or extend to any transfer or assignment made for the benefit of creditors generally. In 1905 (St. 1905, p. 622), section 3451 of the code was amended by providing that the provisions of the title relating to assignments for the benefit of creditors do not affect the power of a person, although insolvent, to transfer property in good faith to a particular creditor, or creditors, or to some other person or persons in trust for the purpose of paying or securing the whole or part of a debt owing to such creditor or creditors. Under a more recent amendment (Stats. 1917, p. 255), the provisions of section 3440, supra, relating to fraudulent transfers, are declared not to apply or extend to any transfer or assignment, 'statutory or otherwise,' made for the benefit of creditors generally.

'We think it must be conceded, therefore, that two kinds of transfers or assignments for the benefit of creditors generally are recognized in the code sections we have enumerated. One is the statutory assignment for the benefit of creditors, enabling an insolvent debtor, through his assignee, to provide for the immediate conversion of the assigned\*161 property, or the disposal thereof, and the distribution of the proceeds ratably among the creditors. Civ. Code, § 3449 et seq. If the debtor adopts this method of satisfying his creditors, it matters not whether the creditors give their consent to the transfer. If the provisions of the code are complied with, the assignment is binding on consenting and nonconsenting creditors alike. The other form of transfer is one which, while containing certain characteristics of an assignment for the benefit of creditors, is, in effect, only a conveyance in trust by way of paying or securing certain obligations of the debtor. These transfers are not invalid because they do not conform to the provisions of the sections of the code relating to assignments for the benefit of creditors. Civ. Code, §§ 3432 and 3451; Heath v. Wilson, supra. If made for the benefit of creditors generally, such conveyances are protected in their operation as to delivery, and continued change of possession of the property transferred, by the exception contained in section 3440 of the code as amended. But in the present case we are unable to agree with appellant that the transaction whereby D'Egilbert and his allied corporations transferred the property to Jarvis resulted in an assignment for the benefit of creditors generally. By its terms, it inures only to the benefit of one named creditor of the grantors, 'and all other creditors * * * who shall consent to the agreement,' the final provision being that the creditors 'who shall consent to the trust in writing shall be entitled to an equal pro rata right, with all other creditors who consent to the trust in writing, in the benefits thereof.' A nonconsenting creditor is not bound by such a transfer, and his consent thereto cannot be compelled by any act of the debtors, the trustee, or the other creditors. In order, therefore, that an attempted transfer by a debtor, for the purpose of paying or securing one or more creditors-*which does not amount to an assignment for creditors generally*-may be made effective as against nonconsenting creditors, the conveyance must be executed with due regard to the general principles of law applicable to such transactions. We are unable to construe the transfer in this case as an assignment for the benefit of creditors generally. It was, therefore, not within the exception

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

provided by section 3440, supra. The **\*\*339** question whether or not delivery and change of possession attended **\*162** the transaction thus becomes a material consideration in the case.'

The assignment here under consideration, as distinguished from that involved in the cited case, was made for the benefit of creditors generally, and is not therefore hedged with the restrictions surrounding an assignment for the benefit of a limited number of creditors, as was the situation in Jarvis v. Webber, supra.

We also find language in Moore v. Schneider, 196 Cal. 380, 386, 238 P. 81, 83, which, contrary to appellant's contention herein, tends to recognize the existence in this state of common-law assignments for the benefit of creditors generally. In the course of the opinion it is there stated that 'In the case of an assignment for the benefit of creditors, either statutory *or nonstatutory*, the estate passes as the result of some positive act or agreement on the part of the owner of the property. In the one case, the estate of the insolvent 'devolves' upon the assignee by operation of law. In the other, the estate is 'granted' by the owner.' As in Jarvis v. Webber, supra, but as distinguished from the case at bar, the nonstatutory assignment in Moore v. Schneider, supra, was not made for the benefit of creditors generally.

The same criticism may be leveled at the attempted assignment involved in Kaye v. Jacobs, 122 Cal. App. 421, 428, 10 P.(2d) 186, 189, wherein the opinion, after indicating that said assignment did not satisfy the requirements essential to a statutory assignment, went on to point out that, 'Since, however, the assignment which was attempted to be made by the instrument of October 6, 1924, was an assignment of a stock in trade, it must be considered with reference to the provisions of section 3440, Civil Code. This section expressly provides that the sale, transfer, or assignment of a stock in trade, in bulk, will be conclusively presumed to be fraudulent and void as against the existing creditors of the vendor, transferor, or assignor unless the notice required by the statute shall be given. Assignments for the benefit of creditors generally are expressly exempted from the requirements of the statute. It is not contended that the assignment attempted to be made by the instrument under consideration was intended as an assignment for the benefit of creditors generally, but it is conceded that it was intended to operate as an assignment of a stock in trade for the benefit of a certain class of creditors, viz., the mercantile**\*163** creditors or creditors of the jewelry business. It was not, therefore, under the circumstances disclosed, an assignment exempted from the provisions of section 3440, Civil Code. Jarvis v. Webber, 196 Cal. 86, 236 P. 138.'

[2][3][4][5][6][7][8] The assignment of the entire assets of the copartnership having been made for the benefit of creditors generally, it falls squarely within the proviso of section 3440, supra, and does no violence to the provisions of that section. It is supported by a consideration (the indebtedness to the creditors), and vested title in the assignee as trustee for all the creditors. Jarvis v. Webber, supra. The transfer having been made for the benefit of creditors, their acceptance is presumed until the contrary is shown. Forbes v. Scannell, 13 Cal. 242, 243, 288; Bump on Fraudulent Conveyances (2d Ed.) 327. While the nonacceptance of any particular creditor may result in postponing him to other creditors, it is not fatal to the assignment (Bump, supra), for preferences are not illegal under our law. Section 3451, Civ. Code. This being so, the assignment prevails over a subsequent attachment or execution. Bump, supra. In other words, a nonconsenting creditor cannot prefer himself over those who abide by the transfer. The assignment herein having been made in good faith, the property right passed out of the copartnership debtor, and thereafter no legal title existed in it on which the attachment could have fastened.

[9] Because of varying statutory provisions there involved, we shall not undertake to refer to the numerous authorities from other jurisdictions wherein common-law assignments have been held to take

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

priority over subsequent attachments or executions of an opposing creditor. In the absence of any conflict with or violation of our statutory law, we are not inclined to interfere with the practice developed by local boards of trade of procuring assignments, executed in good faith, for the benefit of creditors generally. Experience has shown that this practice has much to commend it.

The judgment is affirmed.

We concur: CURTIS, J.; SHENK, J.; THOMPSON, J.; SEAWELL, J.; PRESTON, J.; LANGDON, J.
CA. 1935
Brainard v. Fitzgerald
3 Cal.2d 157, 44 P.2d 336

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

333 P.2d 23 Page 1
51 Cal.2d 294, 333 P.2d 23
**(Cite as: 51 Cal.2d 294, 333 P.2d 23)**

Supreme Court of California, In Bank.
August J. BUMB, Respondent,
v.
Minnie M. BENNETT et al., Appellants.
L. A. 24884.

Dec. 12, 1958.
Rehearing Denied Jan. 7, 1959.

Action involving rights arising from a general assignment for benefit of partnership creditors. From a judgment of the Superior Court, Los Angeles County, David Coleman, J., the defendants appealed. The Supreme Court, Spence, J., held that the assignment was not void because not complying with the statutory provisions respecting assignments for benefit of creditors but was valid as common-law assignment; that the recording was not necessary; that defendants had no standing to raise objections to enforcement of a condition in the assignment where they were not injured thereby; that the assignment sufficiently described the realty assigned and that the assignment was not invalid as authorizing the assignee to pay the individual partners' tax liabilities nor because of an alteration by the assignee for the purpose of allegedly increasing his compensation.

Judgment affirmed.

Vacating opinion, 326 P.2d 566.

West Headnotes

**[1] Debtor and Creditor 117T ⚷2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases
    (Formerly 39k22 Assignments for Benefit of Creditors)
An assignment of personalty for benefit of creditors may be valid as a common-law assignment although it is not made in conformity with the statutes. West's Ann.Civ.Code, §§ 3449-3473.

**[2] Debtor and Creditor 117T ⚷2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases
    (Formerly 39k22 Assignments for Benefit of Creditors)
An assignment of partnership property to assignee for benefit of creditors was not necessarily invalid because it did not comply with the statutes relating to statutory assignments for creditors, since the statute merely renders invalid certain transfers not accompanied by an immediate change of possession, and since there are other code provisions giving recognition to common-law assignments for benefit of creditors. West's Ann.Civ.Code, § 3440(e); West's Ann.Code Civ.Proc. § 1204.

**[3] Debtor and Creditor 117T ⚷2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases
    (Formerly 39k22 Assignments for Benefit of Creditors)
Common-law assignments for creditors whether of real or personal property are valid because they existed at common law, and hence common-law assignments of both personalty and realty are permitted by law and neither is invalid because they do not conform to the Civil Code provisions relating to statutory assignments for benefit of creditors. West's Ann.Civ.Code, §§ 3449-3473.

**[4] Debtor and Creditor 117T ⚷2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most

Cited Cases

(Formerly 39k170 Assignments for Benefit of Creditors)

An assignment of partnership property to an assignee for benefit of creditors was not invalid because not recorded where the assignment was valid as a common-law assignment. West's Ann.Civ.Code, §§ 3449-3473.

**[5] Fraudulent Conveyances 186 €==154(1)**

186 Fraudulent Conveyances
    186I Transfers and Transactions Invalid
        186I(K) Retention of Possession or Apparent Title by Grantor
            186k154 Failure to Record or File Instrument
                186k154(1) k. In General. Most Cited Cases

A transfer is not invalid because of the failure to record it as a conveyance of real property, since an unrecorded deed or assignment is sufficient to pass title against a subsequent attaching creditor. West's Ann.Civ.Code § 1215.

**[6] Debtor and Creditor 117T €==2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases

(Formerly 39k31 Assignments for Benefit of Creditors)

An assignment of partnership property to assignee for benefit of partnership creditors was not an assignment for benefit of creditors generally, where beneficiaries were limited to a particular class of creditors and to such other creditors as assented to its terms. West's Ann.Civ.Code, § 1215.

**[7] Debtor and Creditor 117T €==2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases

(Formerly 39k31 Assignments for Benefit of Creditors)

An assignment of partnership property to assignee for benefit of partnership creditors would not be invalid because limited to a particular class of creditors and to such others as assented to its terms since preferences are not illegal; Kaye v. Jacobs, 122 Cal.App. 421, 430, 10 P.2d 186 disapproved in part. West's Ann.Civ.Code, § 3432.

**[8] Debtor and Creditor 117T €==2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases

(Formerly 39k31 Assignments for Benefit of Creditors)

An assignment of partnership property to assignee for benefit of partnership creditors was not invalid as against defendants who were not injured by enforcement of the requirement that secured creditors must render their security or forfeit their right to participate in the estate. West's Ann.Civ.Code, §§ 3449-3473.

**[9] Debtor and Creditor 117T €==2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases

(Formerly 39k47 Assignments for Benefit of Creditors)

Creditors who consented to assignment of partnership property to assignee for benefit of partnership creditors had no standing to object to the assignment. West's Ann.Civ.Code, §§ 3449-3473.

**[10] Partnership 289 €==151**

289 Partnership
    289IV Rights and Liabilities as to Third Persons
        289IV(A) Representation of Firm by Partner
            289k151 k. Assignment for Benefit of Creditors. Most Cited Cases

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

As respects authority of partner to assign for benefit of creditors, evidence supported finding that property assigned to assignee for benefit of partnership creditors was an asset of the partnership. West's Ann.Corp.Code, § 15008.

**[11] Partnership 289 ⚷151**

289 Partnership
    289IV Rights and Liabilities as to Third Persons
        289IV(A) Representation of Firm by Partner
            289k151 k. Assignment for Benefit of Creditors. Most Cited Cases

Where partnership property was used at the firm's place of business and held in the names of the individual partners as tenants in common, it could not be assigned for benefit of creditors by one partner without the express authorization of his copartner. West's Ann.Corp.Code, §§ 15009, 15010.

**[12] Partnership 289 ⚷151**

289 Partnership
    289IV Rights and Liabilities as to Third Persons
        289IV(A) Representation of Firm by Partner
            289k151 k. Assignment for Benefit of Creditors. Most Cited Cases

Absent evidence that the copartner had abandoned the business, the partnership property could not be assigned for the benefit of creditors by one partner without the authorization of the other. West's Ann.Corp.Code, § 15009.

**[13] Evidence 157 ⚷267**

157 Evidence
    157VIII Declarations
        157VIII(A) Nature, Form, and Incidents in General
            157k267 k. Making of Statement Fact in Issue. Most Cited Cases

Where witness was testifying to the fact that a statement was made, the testimony was not hearsay.

**[14] Debtor and Creditor 117T ⚷2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases

(Formerly 39k52 Assignments for Benefit of Creditors)

There is no requirement that assent to assignment of partnership property for benefit of creditors be reduced to writing.

**[15] Frauds, Statute Of 185 ⚷143(2)**

185 Frauds, Statute Of
    185IX Operation and Effect of Statute
        185k143 Persons to Whom Statute Is Available
            185k143(2) k. Creditors. Most Cited Cases

Where the assignment of partnership property for benefit of creditors might be voidable by the nonsigning partner but he had never objected, judgment creditors could not invoke the statute of frauds to avoid the assignment. West's Ann.Civ.Code, §§ 1091, 1624, 1971, 2309; West's Ann.Code Civ.Proc. § 1973.

**[16] Debtor and Creditor 117T ⚷2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk2 k. Requisites and Validity. Most Cited Cases

(Formerly 39k58 Assignments for Benefit of Creditors)

Where deed of assignment of partnership property for benefit of creditors transferred all the property of the assignor of every kind and nature both real, personal or mixed and any interest or equity therein not exempt from execution but did not specifically describe any real property, the phrase "all of the property of the assignor" was sufficient to describe the property to be conveyed.

**[17] Internal Revenue 220 ⚷4776**

220 Internal Revenue
    220XXIII Liens

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

      220k4771 Property Subject to Lien
         220k4776 k. Cotenancy and Partnership Property. Most Cited Cases
   (Formerly 220k1717)

**Partnership 289 ⚖181**

289 Partnership
    289IV Rights and Liabilities as to Third Persons
      289IV(C) Application of Assets to Liabilities
        289k177 Assets of Firm
          289k181 k. Rights of Creditors of Individual Partners. Most Cited Cases
Federal income tax obligations of individual partners are not liens on a partnership property nor are they entitled to priority of payment from that property.

**[18] Debtor and Creditor 117T ⚖2**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
      117Tk2 k. Requisites and Validity. Most Cited Cases
   (Formerly 39k90 Assignments for Benefit of Creditors)
Assignment of partnership property for creditors was not invalid because authorizing the assignee to pay the net proceeds to creditors after deducting moneys which assignee could pay to discharge any lien on property and an indebtedness under the law entitled to priority of payment including personal income taxes of the partners, since the assignment should not be construed as conferring authority of the assignee to pay individual partners' tax liabilities from partnership assets before applying the proceeds to discharge the partnership obligations where its language was consistent with a different and valid interpretation.

**[19] Alteration of Instruments 25 ⚖2**

25 Alteration of Instruments
    25k1 Materiality
      25k2 k. Nature and Extent of Change in General. Most Cited Cases

It is not every material alteration of a written instrument which will invalidate it.

**[20] Alteration of Instruments 25 ⚖11(2)**

25 Alteration of Instruments
    25k11 Persons Making Alteration, and Intent
      25k11(2) k. Alteration by Stranger. Most Cited Cases

**Debtor and Creditor 117T ⚖3**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
      117Tk3 k. Construction and Operation. Most Cited Cases
   (Formerly 39k184 Assignments for Benefit of Creditors)
An assignee for benefit of creditors holds a bare legal title in trust for the beneficiary, and hence his alteration of the assignment interest in a manner neither sanctioned by nor advantageous to the beneficiaries but solely to increase his own compensation should not deprive creditors of their rights under the assignment.

**[21] Alteration of Instruments 25 ⚖11(2)**

25 Alteration of Instruments
    25k11 Persons Making Alteration, and Intent
      25k11(2) k. Alteration by Stranger. Most Cited Cases
Alteration of assignment for benefit of creditors of a partnership by the assignee by striking out the word "net" in respect to his compensation did not render the assignment void where the alteration was neither sanctioned by nor advantageous to the parties beneficially interested. West's Ann.Civ.Code, §§ 3449-3473.

**\*\*25 \*297** William Katz, Los Angeles, for appellant.

Harold A. Slane, Harold Slane, Jr., and Sidney J. Unickel, Los Angeles, for respondent.

Glen Behymer, Los Angeles, James M. Conners, San Francisco, Cyril W. McClean, Oakland, Brown

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

& Brown, Howard B. Brown, Craig, Weller & Laugharn,**\*298** Frank C. Weller, Hubert F. Laugharn, Thomas S. Tobin, William E. Bartley, Andrew F. Leoni, Joseph S. Potts, Jr., Gendel & Raskoff, Bernard Shapiro, J. Rolf de Wied, Herbert Colden, Los Angeles, and Kenneth G. McGilvray, Sacramento, as amici curiae on behalf of respondent.

SPENCE, Justice.

Defendants Minnie M. Bennett, Victoria E. Bloch and Leonard Bloch appeal from a judgment quieting title to a parcel of real property in plaintiff as assignee for the benefit of creditors of B. F. Wells & Son, a copartnership, and enjoining defendants from claiming any interest therein.

From and after December 30, 1955, the record owners of the property in dispute were 'Bert F. Wells and Edward L. Wells, father and son, as Tenants in Common, doing business as B. F. Wells & Son.' On May 25, 1956, B. F. Wells & Son, by Edward L. Wells, executed an assignment of all the partnership property to plaintiff as assignee for the benefit of the partnership creditors. The assignment was accepted by plaintiff at approximately 9:00 A.M. on May 29, 1956. On that same day, at 12:17 P.M., defendant Bennett, as the representative of certain unsecured creditors of B. F. Wells & Son, levied an attachment upon the real property here involved and, after judgment in her favor, assigned her rights to defendant Victoria E. Bloch, who thereafter purchaed the property at execution sale. Defendant Leonard Bloch is the husband of defendant Victoria E. Bloch.

The trial court entered judgment for plaintiff based on findings that the realty was partnership property, that the partnership liabilities were greatly in excess of its assets, and that the assignment was valid and prior to the attachment. There can be no question but that the judgment was proper if the assignment was valid. **\*\*26**Brainard v. Fitzgerald, 3 Cal.2d 157, 163, 44 P.2d 336. Defendants contend that it was not.

[1] Defendants first argue that the assignment is void because it did not comply with the code provisions relating to statutory assignments for the benefit of creditors. Civil Code, ss 3449-3473. Defendants concede that an assignment of personal property for the benefit of creditors may be valid as a common-law assignment although it is not made in conformity with those sections. Brainard v. Fitzgerald, supra, 3 Cal.2d 157, 44 P.2d 336. But they insist that common-law assignments of personalty are valid only because of legislative recognition of such assignments in **\*299**section 3440, subdivision (e), of the Civil Code. Since that section has no application to transfers of realty, they conclude that assignmetns of real property are invalid unless the statutory provisions are observed.

[2] There is no merit in this contention. Section 3440 does not purport to validate any transfer of a debtor's property; it merely renders invalid certain transfers which are not accompanied by an immediate change of possession. And, contrary to defendants' contention, there are other provisions in our codes which give recognition to common-law assignments for the benefit of creditors. Thus section 1204 of the Code of Civil Procedure provides for preferred labor claim liens against 'any property' transferred by 'any assignment, * * * whether formal or informal, * * * made for the benefit of creditors * * *.'

[3] However, we need not further labor the question of legislative 'recognition,' for the validity of common-law assignments whether of real or personal property does not depend on such tenuous ground. They are valid because they existed at common law (See Billings v. Billings, 2 Cal. 107) and because the only presently effective statutory provisions ( Civ.Code, ss 3449-3473) which could be construed as invalidating them do not 'affect the power of a person, although insolvent, * * * to transfer property * * *, in good faith to a particular creditor, or creditors, or to some other person or persons in trust for such particular creditor or creditors for the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

purpose of paying or securing the whole or part of a debt owing to such creditor or creditors * * *.' (Civ.Code, s 3451; Brainard v. Fitzgerald, supra, 3 Cal.2d 157, 160-161, 44 P.2d 336; Jarvis v. Webber, 196 Cal. 86, 98, 236 P. 138.) It follows that common-law assignments of both personalty and realty are permitted by our laws, and that neither are invalid because they do not conform to the provisions of the Civil Code relating to statutory assignments for the benefit of creditors.

[4][5] Defendants next contend that the assignment is void because it was not recorded. The assignment was not invalid as against defendants by reason of the sections requiring assignments for the benefit of creditors to be recorded (Civ.Code, ss 3458, 3459, 3463-3466) sicne those sections do not apply to common-law assignments. Brainard v. Fitzgerald, supar, 3 Cal.2d 157, 161, 44 P.2d 336; see also Jarvis v. Webber, supra, 196 Cal. 86, 98, 236 P. 138; First Nat. Bank of Stockton v. Pomona Tile Mfg. Co., 82 Cal.App.2d 592, 608, 186 P.2d 693. Nor is the transfer invalid because of the failure to record it as a conveyance **\*300** (Civ.Code, s 1215; Moore v. Schneider, 196 Cal. 380, 389, 238 P. 81) of real property, since an unrecorded deed or assignment is sufficient to pass title against a subsequent attaching creditor. Watkins v. Wilhoit, 104 Cal. 395, 398-399, 38 P. 53; Fares v. Morrison, 54 Cal.App.2d 773, 776, 129 P.2d 735.

Defendants also assail the assignment because it was not made for the benefit of creditors generally. The deed of assignment provied that 'before secured creditors shall be paid hereunder they shall first be required to surrender to said Assignee the security so holden by them and accept the provisions of this agreement.'

[6][7] Since the beneficiaries of the assignment were limited to a particular class of creditors and to such other creditors as assented to its terms, it was not an assignment for the benefit of creditors generally. **\*\*27**Jarvis v. Webber, supra, 196 Cal. 86, 98-99, 236 P.2d 138. But that fact, standing alone, does not render the transfer invalid, for 'preferences are not illegal under our law.' Brainard v. Fitzgerald, supra, 3 Cal.2d 157, 163, 44 P.2d 336, 339. An insolvent debtor may lawfully pay one or more of his creditors to the exclusion of others by a direct teansfer. Civ.Code, s 3432. We can see no reason why he may not do the same thing by way of a transfer in trust where there is no basis for contending that the transfer is in fraud of creditors. See Brainard v. Fitzgerald, supra, 3 Cal.2d 157, 162, 44 P.2d 336; Jarvis v. Webber, supra, 196 Cal. 86, 98-99, 236 P. 138. It is true that Sabichi v. Chase, 108 Cal. 81, 41 P. 29, and Rapp v. Whittier, 113 Cal. 429, 45 P. 703, contain apparent holdings to the effect that preferential assignments are invalid. Those cases, however, are no longer in point. They were based on section 3457 of the Civil Code a section subsequently made inapplicable to common-law assignments. (Stats.1905, ch. 466, s 1, p. 622; now Civ.Code, s 3451.) To the extent that Kaye v. Jacobs, 122 Cal.App. 421, 430, 10 P.2d 186, purports to follow the Sabichi case, it is disapproved.

[8][9] Additionally, defendants maintain that the requirement that secured creditors must surrender their security or forfeit their right to participate in the estate is so unreasonable as to render the assignment void. But even assuming that this condition might render the assignment invalid as against a nonconsenting secured creditor, defendants have no standing to raise this objection since they could not be injured by enforcement of the condition. (Burrill, Voluntary Assignments for the Benefit of Creditors (1894), s 452, p. 600.) No **\*301** other creditors are in a position to object since they have consented to the assignment. See Peterson v. Ball, 211 Cal. 461, 468, 296 P. 291, 74 A.L.R. 187; Garn v. Thorwaldson, 40 Cal.App. 62, 66, 180 P. 9; Stone-Ordean Wells Co. v. Anderson, 66 Mont. 64, 212 P. 853.

[10] Defendants further claim that the assignment is invalid because it was neither signed by B. F. Wells nor authorized by him in the manner prescribed by law. Record title to the property was in the name of the individual partners as tenants in common.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

However, the uncontradicted evidence showed that the property was purchased with partnership funds, that it constituted the place of business of the partnership, and that in every way it was treated as partnership property by the record owners. The trial court's finding that the property was an asset of the partnership was, therefore, amply supported. (Corporations Code, s 15008; see also Vineland Homes, Inc., v. Barish, 138 Cal.App.2d 747, 755-758, 292 P.2d 941; Rishwain v. Smith, 77 Cal.App.2d 524, 534, 175 P.2d 555; Parmelee v. Brainard, 62 Cal.App.2d 182, 184, 144 P.2d 381.)

[11][12] As partnership property used as the firm's place of business and held in the names of the individual partners as tenants in common, it could not be conveyed by one partner without the express authorization of his co-partner. (Corp.Code, ss 15009, 15010; Petrikis v. Hanges, 111 Cal.App.2d 734, 738-739, 245 P.2d 39.) And, absent evidence that the co-partner had abandoned the business, it could not be assigned for the benefit of creditors by one partner without the authorization of the other. (Corp.Code, s 15009; see also Richlin v. Union Bank & Trust Co., 197 Cal. 296, 304, 240 P. 782.)

[13] The assignment was executed in the name of the partnership by Edward L. Wells. It is not contended that Bert F. Wells had abandoned the business, but, over defendants' objection, Edward was permitted to testify that he had discussed the assignment with his partner, and that the latter had said, 'Go ahead.' Defendants contend that this testimony was inadmissible hearsay. Since the witness was testifying to the fact that the statement was made, the testimony was not hearsay. (6 Wigmore, Evidence (3d ed. 1940), s 1766, p. 177.) And unless the authorization was required to be in writing, it sufficiently expressed the assent of the non-signing partner.

**\*\*28** [14][15] **\*302** As a matter of agency or partnership law, there is no requirement that the assent be reduced to writing. Hooper v. Baillie, 118 N.Y. 413, 23 N.E. 569; Crane, Partnership (2d ed. 1952), p. 267. But defendants maintain that the assignment operated as a conveyance of the property in dispute and therefore was required to be 'subscribed by the party * * * assigning * * * the same, or by his lawful agent thereunto authorized by writing.' (Code Civ.Proc. s 1971; see also Civ.Code, ss 1091, 1624, 2309; Code Civ.Proc. s 1973.) While the assignment might be voidable by the non-signing partner, he has never objected and defendants, as judgment creditors, cannot invoke the statute of frauds to avoid the assignment. Wood Estate Co. v. Chanslor, 209 Cal. 241, 250-251, 286 P. 1001; Mitchell v. Locurto, 79 Cal.App.2d 507, 512-513, 179 P.2d 848; 6 C.J.S. Assignments for Benefit of Creditors s 374, p. 1419.

[16] Defendants next argue that the assignment insufficiently described the real estate assigned. '(A) description of the property by general terms, as is so generally the case in assignments, is no more void for uncertainty than it is in its less frequent use in deeds.' (4 American Law of Property (1952), p. 781.) The deed of assignment purported to transfer 'all of the property of the Assignor of every kind and nature and wheresoever situated, both real and personal or mixed, and any interest or equity therein not exempt from execution * * *.' The assignment did not specifically describe any real property, but the phrase 'all of the property of the Assignor' sufficiently described the property to be conveyed. Brusseau v. Hill, 201 Cal. 225, 230-231, 256 P,. 419, 55 A.L.R. 157; Petigrew v. Dobbelaar, 63 Cal. 396, 397.

Defendants further maintain that the assignment is invalid because it provided that the assignee was to pay the net proceeds to the creditors 'after deducting all monies which said Assignee shall at his option pay to discharge any lien on any of said property and any indebtedness which under the law is entitled to priority of payment, including any and all personal income taxes which may be due from E. L. W(ells) and B. F. W(ells) and after paying all charges and expenses' of administration.

[17][18] Admittedly, this provision could be read as directing the assignee to pay the individual partners'

tax liabilities from the partnership assets before applying any of the proceeds to discharge the partnership obligations. But the assignment should not be construed as conferring this authority where its **\*303** language is consistent with a different and valid interpretation. (Burrill, Voluntary Assignments for the Benefit of Creditors (1894), s 285, p. 382; Bump, Fraudulent Conveyances (2d ed. 1876), pp. 358-359.) The challenged clause can be read as authorizing the assignee to prefer only such income tax obligations as may be a lien on the partnership property or which, under the law, are entitled to priority of payment. The income tax obligations of the individual partners are not liens on the partnership property, as distinguished from the partners' shares in any surplus ( United States v. Worley, 5 Cir., 213 F.2d 509; Adler v. Nicholas, 10 Cir., 166 F.2d 674) nor are they entitled to priority of payment from that property. United States v. Kaufman, 267 U.S. 408, 45 S.Ct. 322, 69 L.Ed. 685. Therefore, the assignee was not authorized to prefer or pay them, and the assignment is not void as reserving a benefit to the individual members of the firm.

Finally, defendants maintain that the assignment is void because the assignee drew three lines through the word 'net' in the sentence providing that he was entitled to 'ten per cent (10%) of all net funds coming into his possession pursuant to this agreement.' The assignee admitted drawing the lines, but insisted that he did not strike the word. He explained that he initially thought that the insertion of the word 'net' was 'obviously * * * wrong,' that he drew the lines through it, but after consulting with attorneys representing the creditors and the assignor, he 'accepted the assignment on the basis that **\*\*29** it was 10 per cent of all net funds and so signed it.'

[19] The cancellation of the word 'net' effected an alteration of the instrument. Since it purported to change the rights of the parties, it was material. Consolidated Loan Co. v. Harman, 150 Cal.App.2d 488, 491-492, 310 P.2d 450. However, not every material alteration of a written instrument will invalidate it. Thus an alteration by a stranger to the instrument or an agent acting beyond the scope of his authority is a mere spoliation and does not affect the right of the parties to enforce the instrument as it was originally written. Walsh v. Hunt, 120 Cal. 46, 53, 52 P. 115, 39 L.R.A. 697. It has also been said that 'a material alteration of a deed by a trustee who holds the legal title for others, who are entitled to the enjoyment of the beneficial interest, does not invalidate the deed, for the trustee is not a party within a rule that a material alteration by a party to a deed, with a view to increase the benefit which he may take under **\*304** it, renders it void.' (8 Thompson, Real Property (perm. ed. 1940), s 4235, p. 16; see also 3 C.J.S. Alteration of Instruments s 53 p. 971.)

[20][21] We are of the opinion that this latter rule correctly states the law and is controlling here. The assignee for the benefit of creditors, like a trustee, holds a bare legal title in trust for the beneficiaries. Accordingly, his alteration of the instrument in a manner neither sanctioned by, nor advantageous to, the parties beneficially interested, but solely for the purpose of increasing his own compensation, should not deprive the partnership creditors of their rights under the assignment. We have concluded, therefore, that the assignment was not rendered void by the alteration, and that plaintiff was entitled to quiet his title as assignee for the benefit of creditors.

The judgment is affirmed.

GIBSON, C. J., and SHENK, CARTER, TRAYNOR, SCHAUER and McCOMB, JJ., concur.
CAL. 1959.
Bumb v. Bennett
51 Cal.2d 294, 333 P.2d 23

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

25 P. 675    Page 1
87 Cal. 453, 25 P. 675
**(Cite as: 87 Cal. 453, 25 P. 675)**

C

*Supreme Court of California.*
WILHOIT *et al.*
v.
CUNNINGHAM *et al.*
**No. 13,495.**

Jan. 6, 1891.

Commissioners' decision. In bank. Appeal from superior court, San Joaquin county.

West Headnotes

**Debtor and Creditor 117T ⬤⟶5**

117T Debtor and Creditor
    117Tk1 Assignments for Benefit of Creditors
        117Tk5 k. Administration of Assigned Estate. Most Cited Cases
     (Formerly 39k277 Assignments for Benefit of Creditors)

**Parties 287 ⬤⟶76(5)**

287 Parties
    287VI Defects, Objections, and Amendment
        287k76 Want of Capacity or Interest
            287k76(5) k. Demurrer. Most Cited Cases
Though an assignment for benefit of creditors to plaintiffs would be void if the affidavit required by West's Ann.Civ.Code, § 3462, was not attached to and filed with the inventory, and plaintiffs would be without legal capacity to sue in an action to restrain a sale of the assigned property on execution against the assignor, still the complaint is not demurrable by reason of its failure to allege such attachment and filing, as, under West's Ann.Code Civ.Proc. § 433, the omission of the complaint to show plaintiffs' legal capacity to sue must be taken advantage of by answer.

**Execution 161 ⬤⟶171(4)**

161 Execution
    161IX Relief Against Execution
        161k169 Injunction
            161k171 Grounds
                161k171(4) k. Claim of Property by Third Person, and Cloud on Title. Most Cited Cases
The complaint alleged that defendant A. levied attachments on P.'s land; that B. was adjudged an insolvent, and A. proved her claims against him; that thereafter, by consent, the insolvency proceedings were dismissed, and B. executed to plaintiffs an assignment for the benefit of his creditors of all his property, including said land; that plaintiffs accepted the trust; that said levies were dissolved; that A. obtained judgments in said attachment suits, and executions were issued, and the sheriff had levied on the land, and, unless restrained by injunction would sell it, and prevent plaintiffs executing their trust. *Held,* that the complaint was not demurrable as not stating a cause of action, as, even if the debtor had an attachable interest by reason of his right to any residue, the complaint alleged a threatened sale not of such interest, but of the land; and, under Civ.Code, § 3457, where an assignment for benefit of creditors is made, the creditors must avail themselves of the assets without preference, or not at all.

**Pleading 302 ⬤⟶192(2)**

302 Pleading
    302V Demurrer or Exception
        302k192 Grounds for Demurrer in General
            302k192(2) k. Uncertainty, Indefiniteness, or Lack of Particularity. Most Cited Cases
Ambiguity and uncertainty being made separate grounds of demurrer by Code Civ.Proc. § 430, subd. 7, a demurrer on the ground that the complaint is ambiguous "and" uncertain cannot be sustained, where the complaint is defective in only one of said respects.
**\*\*675 \*454** *J. C. Campbell*, for appellants.

*Carter & Smith*, for respondents.

GIBSON, C.

This is an appeal by the plaintiffs from a final judgment entered against them upon defendants' demurrer to their complaint, praying that defendants be enjoined from selling the realty in controversy under certain writs of execution. It appears by the complaint that Ella Averill, on the 6th day of October, 1885, commenced two separate actions, in the superior court of San Joaquin county, against M. E. Bryant to recover of him the amounts due upon two promissory notes, and, on the same day, caused a writ of attachment to issue in each action, and be levied upon certain real estate then belonging to Bryant; that thereafter, on the 31st day of the same month, Bryant was by and in the same court adjudged an insolvent debtor, against whom the said creditor Averill, on the 27th day of the same month, proved her several claims, including the two promissory notes above mentioned; that on or about the 30th day of January, 1886, by the consent of defendant Averill, as such creditor, and all the other creditors, the insolvency proceedings were by an order of the court duly dismissed; that, on the 16th day of February, 1886, Bryant, being still insolvent, at the request of defendant Averill and his other creditors, executed and delivered to plaintiffs a deed of assignment of all his property not exempt from execution, for the benefit of his creditors, pursuant to division 4, pt. 2, tit. 3, of the Civil Code, which deed embraced the real estate levied upon by the writs of attachment above mentioned; that the plaintiffs, as such **\*455** assignees, accepted the trust, and in due time qualified, as required by law, and entered upon, and still continue in, the discharge of the duties of the said trust; that the said deed and a proper inventory were duly filed for record; that defendant Averill assented, to the execution and delivery of the deed of assignment to the plaintiffs, and also to the acceptance by plaintiffs of the trust thus created; that, since the said trust was created, the plaintiffs have been the owners, and in the possession of the real estate in controversy, in trust for the benefit of all of the creditors of Bryant, including the defendant Averill; that, prior to the execution of said deed, the levies under the writs of attachment above mentioned were dissolved; that on the 21st day on September, 1887, in the superior court aforesaid, the defendant Averill obtained a judgment in her favor in each of the suits upon the promissory notes, and caused a writ of execution, regular in form, to issue in each case, and to be placed in the hands of her co-defendant Cunningham, as sheriff of San Joaquin county, for service; that the said sheriff has, by virtue of said writs of execution, levied upon and threatens to, and, unless restrained by injunction, will, sell the real estate in question, and thereby cast a cloud upon the plaintiffs' title thereto, which will prevent them from executing their trust expeditiously, and with advantage to the creditors of Bryant; that the said execution levies were made for the express purpose of hindering the plaintiffs from executing their trust. The grounds of the demurrer are-*First*, insufficiency of the facts stated to constitute a cause of action; *second*, ambiguity and uncertainty of the facts in certain specified particulars; *third*, incapacity of the plaintiffs to sue, because it does not appear that the inventory was verified, as required by section 3462 of the Civil Code.

1. In support of the first ground of demurrer, the respondents contend that the **\*\*676** assignor still retains an equitable interest in the land in controversy, which was **\*456** included in the deed of assignment, and that it is subject to sale upon execution. But this argument does not apply to the facts. The allegation is, that the defendant Cunningham, as sheriff, has levied upon and threatens to sell, not only the assignor's equitable interest in the residuum of the property assigned, but the whole of the property itself, thereby including the assignees' legal title thereto, as well as the equitable interest of the assignor in the residuum, if there should be any. The deed of assignment is controlled by the provisions of the Civil Code relative to trusts. Civil Code, § 3449. Those provisions, so far as applicable here, are as follows: 'Sec. 863. Except as hereinafter otherwise provided, every express trust in real property, valid as such in its creation, vests the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust. Sec. 864. Notwithstanding anything contained in the last section, the author of a trust may, in its creation, prescribe to whom the real property to which the trust relates shall belong, in the event of the failure or termination of the trust, and may transfer or devise such property, subject to the execution of the trust.' The trust created by the deed of assignment here relates to real property, and was expressly created for the benefit of the creditors of the assignor. There was no reservation in it of any estate or interest to the assignor, except that authorized by section 864, supra, wherein the assignor provides that the residuum left after his creditors are satisfied shall be returned to him, his executors, administrators, or assigns. No other estate or interest could be reserved in a trust of this character. Subdivision 4, § 3457, of the Civil Code. The effect of the deed, then, was to divest the assignor of his entire interest and estate in the property assigned, subject to ***457** the right to a reconveyance of any residue remaining undisposed of after the creditors are satisfied, or payment of the overplus of the proceeds of the sales of the property. This is in accordance with the weight of authority in other jurisdictions, as shown in Burrill on Assignments, (5th Ed.) § 298. Under our law as declared in the Civil Code, an insolvent may, in good faith, make an assignment for the benefit of his creditors, with or without the consent of the latter, and, when such an assignment is made, the creditors must either avail themselves of the assets without preference, (section 3457,) or not at all. The object of the law is to enable a debtor, through his assignee, to dispose of his property for the benefit of his creditors. This object would be defeated, if one of the creditors could ignore the assignment, and sell the property to satisfy his particular claim. Such a sale would, if it could be made, deprive the assignees of the property, or, if it would not, still the sale would cloud the title of the assignees, because, in any action they might have to prosecute for the removal of the cloud so cast, the evidence of the purchaser's title would show that such latter title was derived from the assignor, to overcome which, the assignees would have to prove that the judgments were obtained in actions commenced before the deed of assignment was made upon debts covered and provided for by the deed of assignment. Pixley v. Huggins, 15 Cal. 127; Porter v. Pico, 55 Cal. 165; Roth v. Insley, (Cal.) 24 Pac. Rep. 853. Such a cloud, it is evident, would prevent them from disposing of the property to the advantage of the creditors in the performance of their trust. The respondents further contend that the threatened sales, if made, would not cast a cloud upon the assignees' title to the property, inasmuch as the judgments, upon which the executions were issued, were obtained subsequent**458** to the assignment, and therefore all that could pass under the sales would be the equitable interest of the assignor in the residuum of the property assigned. But the facts here show that the actions, in which she obtained her several judgments, were begun upon subsisting credits before the assignment was made, and that, as such a creditor, she assented to the assignment. Therefore she is one of the creditors for whose benefit the assignment was made, and as such must take her proportionate share with the other creditors. Besides, as already shown, the execution levies were not restricted to the equitable interest of the assignor in the residuum, but were made upon the whole property. It is further claimed by the respondents that as the complaint shows that defendant Averill acquired a lien by attachment in each of the actions in which she obtained her judgments, above mentioned, before the assignment was made, and as it does not appear that those attachments were dissolved, the liens so acquired became merged in the judgments, and, in consequence, she is entitled to sell the realty in question to satisfy such judgments. But it is distinctly alleged that those attachments were dissolved, but the date is not stated. If, however, the absence of the date renders it insufficient, it appears from the allegations respecting the insolvency proceedings which preceded the assignment, and which are pleaded as matters of inducement, that the attachments were

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

levied within one month prior to Bryant's filing his petition in insolvency. Since this is so, the attachments became dissolved by operation of law, (insolvent act of 1880, § 17,) and that which is implied by law need not be pleaded, ( Kraner v. Halsey, 82 Cal. 209, 22 Pac. Rep. 1137.)

2. The second ground of demurrer is in the conjunctive; that is, that the complaint is ambiguous and uncertain. These are made separate grounds of demurrer by subdivision 7 of section 430 of the Code of Civil Procedure. And, in the case of Kraner v. Halsey, supra, **\*459** it was held that, where such separate grounds of demurrer are conjoined, the complaint must be defective on each, or the demurrer must be overruled. There the complaint was held to be neither ambiguous nor unintelligible, but uncertain in several particulars, and the demurrer upon the ground of ambiguity, unintelligibility, and uncertainty, **\*\*677** not sustainable. In this case, we do not think the complaint is ambiguous. There is but one respect in which it may be said to be so, and that is wherein it is stated that the defendant Averill, as a creditor, proved her claim in the insolvency proceedings several days before Bryant was adjudged an insolvent. But, as those proceedings were dismissed, this allegation is immaterial. The complaint is uncertain with regard to dates, as in Kraner v. Halsey, as well as in several other respects, but, as it is not both ambiguous and uncertain, it comes within the rule of that case.

3. As to the capacity of the plaintiffs to maintain this action as assignees, it is urged that, as it does not appear from the complaint, that the affidavit required by section 3462 of the Civil Code was attached to and filed with the inventory, the assignment in consequence was void, and the plaintiffs are therefore without legal capacity to sue. In the case of District No. 110 v. Feck, 60 Cal. 405, this court said: 'The defendants demurred to the complaint. The first ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action. The objections specified are, in substance, that it does not appear from the complaint that the plaintiff was ever duly created a swamp and overflowed land district. That objection, however, if well taken, would go to the legal capacity of the plaintiff to sue, and not to the sufficiency of the facts stated to constitute a cause of action. Bank v. Donnell, 40 N. Y. 410. A demurrer on the ground that plaintiff has not the legal capacity to sue would be bad, because it does **\*460** not appear upon the face of the complaint that the plaintiff has not. It is not a good ground of demurrer that it does not appear in the complaint that the plaintiff has the legal capacity to sue. That omission can only be taken advantage of by answer. Code Civil Proc. § 433; Bank v. Donnell, supra.' See, also, Miller v. Luco, 80 Cal. 257, 22 Pac. Rep. 195. In the present case it appears by sufficient allegations, the defect not having been specially pointed out under the first ground of demurrer, that Bryant made a valid assignment for the benefit of his creditors, and that the plaintiffs, as assignees thereunder, accepted the trust, and duly qualified as such assignees. It therefore appears affirmatively that the plaintiffs have the legal capacity to sue. And if it be a fact that the affidavit, which seems to be essential to the validity of the assignment, (Civil Code, §§ 3461-3463, 3465; Beardsley v. Frame, (Cal.) 24 Pac. Rep. 721,) was omitted, then, under the rule applied in District No. 110 v. Feck, supra, such omission must be set up in the answer, because it does not affirmatively appear upon the face of the complaint that such affidavit was omitted. We therefore advise that the judgment be reversed, with instructions to the trial court to overrule the demurrer to the complaint, and grant defendants leave to answer within the usual time.

We concur: VANCLIEF, C.; BELCHER, C.PER CURIAM.

For the reasons given in the foregoing opinion, the judgment is reversed, with instructions to the trial court to overrule the demurrer to the complaint, and grant defendants leave to answer within the usual time.

Cal. 1891

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Wilhoit v. Cunningham
87 Cal. 453, 25 P. 675

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.