# Exhibit 7

1  NEWMEYER & DILLION LLP
   GREGORY L. DILLION, CBN 93712
2  CAROL SHERMAN ZAIST, CBN 203995
   895 Dove Street, 5th Floor
3  Newport Beach, California  92660
   (949) 854-7000; (949) 854-7099 (Fax)
4
   RENNER, OTTO, BOISELLE & SKLAR, LLP
5  KYLE B. FLEMING, CBN 166386
   1621 Euclid Avenue, Nineteenth Floor
6  Cleveland, Ohio  44115
   (216) 621-1113; (216) 621-6165
7
   Attorneys for Plaintiff Westinghouse Digital, LLC
8
9                      SUPERIOR COURT OF CALIFORNIA

10            COUNTY OF ORANGE - CIVIL COMPLEX CENTER

11

12  WESTINGHOUSE DIGITAL, LLC, a          CASE NO.:
    Delaware limited liability company,
13                                        UNLIMITED JURISDICTION
               Plaintiff,
14                                        **VERIFIED COMPLAINT TO QUIET**
    vs.                                   **TITLE IN PERSONAL PROPERTY AND**
15                                        **FOR DECLARATORY RELIEF**
    SAMSUNG ELECTRONICS CO., LTD., a
16  Korean corporation; LG ELECTRONICS,   FILE DATE:
    INC., a Korean corporation; TRUSTEES  TRIAL DATE SET:   No Date Set
17  OF COLUMBIA UNIVERSITY IN THE
    CITY OF NEW YORK, a New York
18  corporation; SOFTWARE FREEDOM
    CONSERVANCY, INC., a New York
19  corporation; ERIK ANDERSEN, an
    individual; and DARWIN CHANG, an
20  individual; CREDIT MANAGERS
    ASSOCIATION OF CALIFORNIA, d/b/a
21  CREDIT MANAGEMENT
    ASSOCIATION, a California non-profit
22  association; ALL PERSONS UNKNOWN
    CLAIMING AN INTEREST IN THE
23  PROPERTY, named as DOES 1 through
    50, inclusive; and DOES 51 through 100,
24  inclusive,

25             Defendants.

26

27        For its Complaint to quiet title of certain personal property and for declaratory judgment,

28  plaintiff Westinghouse Digital, LLC alleges with knowledge as to itself and otherwise on

2233922.2

NEWMEYER & DILLION LLP

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

information and belief as follows:

**PARTIES**

1.      Plaintiff Westinghouse Digital, LLC ("Westinghouse Digital") is a Delaware limited liability company having its principal place of business in Orange, California.

2.      Defendant Samsung Electronics Co., Ltd. ("Samsung") is on information and belief a corporation of Korea having its principal place of business in Seoul, Korea.  Samsung previously did business with Mora Electronics, LLC (formerly known as Westinghouse Digital Electronics, LLC) ("Mora") in the County of Orange, State of California, and thus has personally availed itself of the laws of this jurisdiction.

3.      Defendant LG Electronics, Inc. ("LG") is on information and belief a corporation of Korea having its principal place of business in Seoul, Korea.  LG previously did business with Mora in the County of Orange, State of California, and thus has personally availed itself of the laws of this jurisdiction.

4.      Defendant the Trustees of Columbia University in the City of New York ("Columbia") is on information and belief a not-for-profit corporation under the laws of New York having its principal place of business in New York, New York.  Columbia previously did business with Mora in the County of Orange, State of California, and thus has personally availed itself of the laws of this jurisdiction.

5.      Defendant Software Freedom Conservancy, Inc. ("SFC") is on information and belief a non-profit incorporated under the laws of New York and having its principal place of business in New York, New York.  SFC previously did business with Mora in the County of Orange, State of California, and thus has personally availed itself of the laws of this jurisdiction.

6.      Defendant Erik Andersen ("Anderson") is on information and belief an individual residing in Springville, Utah.  Anderson previously did business with Mora in the County of Orange, State of California, and thus has personally availed himself of the laws of this jurisdiction.

7.      Defendant Darwin Chang ("Chang") is on information and belief an individual residing in Santa Clara County, California.  Chang previously did business with Mora in the

1   County of Orange, State of California, and thus has personally availed himself of the laws of this

2   jurisdiction.

3       8.      Defendant Credit Managers Association of California, doing business as Credit

4   Management Association ("CMA"), is a non-profit association incorporated under the laws of

5   California having its principal place of business in Burbank, California. CMA entered into a

6   business transaction with Mora in the County of Orange, State of California, as described below,

7   and thus has availed itself of the laws of this jurisdiction.

8       9.      Plaintiffs are informed and believe and thereon allege that defendants Does 1

9   through 50, inclusive, claim a legal and/or equitable right, title, estate, lien, or interest in the

10  properties described in this complaint adverse to Plaintiffs' interests, or any cloud upon Plaintiffs'

11  interests. In addition, Plaintiffs are informed and believe and thereon allege that defendants Does

12  51 through 100, inclusive, are responsible in some manner for the acts and/or omissions to act

13  alleged in this complaint. Plaintiffs will seek leave of court to amend this complaint as the true

14  names and capacities of defendants Does 1 through 50, inclusive, and/or Does 51 through 100,

15  inclusive, are ascertained. Plaintiff is unaware of the true names and capacities of defendants

16  Does 1 through 50, and accordingly sues those defendants by such fictitious names. Plaintiffs

17  will amend this complaint to set forth the true names and capacities of these defendants when

18  ascertained and as necessary. The named defendants and Does 1 through 100 will collectively be

19  referred to as "Defendants," and as "Defendant" in the singular.

20                          **JURISDICTION AND VENUE**

21      10.     The Court also has in rem jurisdiction over the property located within this state.

22  Pursuant to Code of Civil Procedure, section 760.050, subdivision (b), the proper county for the

23  trial of this action is Orange County, California, as the personal property at issue is principally

24  located in Orange County at the commencement of this action.

25      11.     The Court has personal jurisdiction over defendants because, on information and

26  belief, each has done and/or does business in this jurisdiction and has committed the acts

27  complained of herein in this jurisdiction and elsewhere, and Defendants' contacts with this

28  jurisdiction are sufficient to render Defendants amenable to personal jurisdiction. The Court also

NEWMEYER & DILLION LLP

2233922.2                                    - 3 -

1  has jurisdiction over the Defendants based on Defendants' claim of rights in certain property

2  located within this jurisdiction.

3  **THE DISPUTE**

4  12.   Mora formerly was known as Westinghouse Digital Electronics, LLC.  Mora was

5  and/or is a California limited liability company that imported and sold television sets under the

6  trademark WESTINGHOUSE.  Mora licensed the WESTINGHOUSE trademark from a

7  subsidiary of CBS Corporation.

8  13.   On or about June 10, 2008, and September 19, 2008, LG and Columbia (and

9  others) filed an action in the U.S. District Court for Delaware alleging Mora and others infringed

10  various patents owned by them (respectively) when Mora manufactured and sold various models

11  of televisions.

12  14.   On or about December 14, 2009, SFC and Andersen filed an action in the U.S.

13  District Court for the Southern District of New York alleging that Mora and others violated

14  certain copyrights by selling certain models of televisions.

15  15.   On or about June 14, 2010, Chang filed an action in the Superior Court of the State

16  of California, Santa Clara County, against Westinghouse Digital and others alleging that

17  Westinghouse Digital is liable for certain debts of Mora under theories of successor liability and

18  alter ego liability.

19  16.   On April 2, 2010, Mora executed a General Assignment for the Benefit of its

20  Creditors to CMA under California law, including California Code of Civil Procedure sections

21  493.010 et seq.  A copy of the General Assignment is attached as Exhibit A.

22  17.   The General Assignment was made to CMA, a non-profit association that has

23  served business to-business companies since 1883.  CMA helps credit, collection, and financial

24  decision-makers get the information and support they need to make fast, accurate credit decisions.

25  One of CMA's services is to assist insolvent companies with workouts or liquidation through cost

26  effective alternatives to bankruptcy, such as California's Assignment for the Benefit of Creditors

27  procedures.  CMA has served as the assignee for the benefit of creditor on numerous occasions.

28  Notification of the proposed sale of assets and liabilities of Mora was published in the Los

NEWMEYER & DILLION LLP

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

1    Angeles Times and Wall Street Journal.

2        18.    After approximately one month of arms length negotiations, CMA, in its capacity

3    as assignee for the benefit of Mora's creditors, entered into an Asset Purchase Agreement

4    whereby Golden Star Electronics, LLC ("Golden Star") agreed to purchase from CMA certain of

5    Mora's former assets and assume certain of its liabilities.  CMA, Mora, and Golden Star were

6    represented by separate and independent counsel.  Nexis, Inc, the manager of Mora, obtained a

7    fairness opinion from independent financial advisors certifying the fair treatment of Mora's

8    creditors through the Asset Purchase Agreement.   This fairness opinion was issued only after

9    independent review by CMA of the opinion's financial analysis.

10       19.    The Asset Purchase Agreement was dated April 2, 2010, and the assets transferred

11   on the same day.  Included among the assets and liabilities were those related to the trademark

12   license from the subsidiary of CBS Corporation.  A copy of the Bill of Sale identifying the assets

13   and liabilities transferred to Westinghouse Digital is attached as Exhibit B.  Specifically, these

14   assets and liabilities include:

15       (a)    Any and all tangible and intangible personal property assets acquired by

16   CMA from Westinghouse Digital Electronics, LLC used in the operation of the business of the

17   distribution of consumer electronic products, including without limitation all machinery and

18   equipment, special tools, furniture, fixtures, inventory and work in process but excluding the

19   inventory expressly described in Section (1) of Exhibit B of the Bill of Sale (Exhibit B).

20       (b)    Any and all intangible assets acquired by CMA from Westinghouse Digital

21   Electronics, LLC including, without limitation, customer lists, vendor lists, licensing and

22   trademark rights to the name "Westinghouse Digital Electronics" and the rights to use the name

23   "Westinghouse" under that certain Trade Name License with Westinghouse Electric Corporation.

24       (c)    Any and all rights acquired by CMA from Westinghouse Digital

25   Electronics, LLC under the contracts and agreements described as follows, subject to, in all cases,

26   applicable restrictions and necessary consents of third parties.

27   ///

28   ///

NEWMEYER & DILLION LLP

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

| Other Party | Title |
|---|---|
| **Westinghouse trademark/trade name license agreements** | |
| Westinghouse Electric Corporation | Amended and Restated License Agreement |
| Westinghouse Electric Corporation | Amendment No. 1 to Amended and Restated License Agreement |
| Westinghouse Electric Corporation | Trade Name Agreement |

| | |
|---|---|
| **Materials Vendor Supply Agreements and NDAs** | |
| Wistron Corporation | Product Supply Agreement (including 10-27-05 Amendment) |
| Unihan Corporation | Mutual Confidentiality Agreement |
| Kenmos Technology Co., Ltd. | Mutual Confidentiality Agreement |
| Unity Opto Technology | Mutual Confidentiality Agreement |
| Everlight Electronics Co. | Mutual Confidentiality Agreement |
| Broadcom Corporation | Joint Nondisclosure Agreement (as amended; 2008 and 2009 agreements) |

| | |
|---|---|
| **Marketing Vendor Agreements** | |
| HWH Enterprises | Letter of Agreement *(public relations services)* |
| Consumer Electronics Ass'n | Yearly membership |

| | |
|---|---|
| **Customer Agreements** | |
| Target Corporation | Conditions of Contract (On-Line Vender Agreement); Also including Vendor Item Agreements (VIT) for 2009 and 2010 |
| Costco Wholesale | Basic Vendor Agreement |
| BJ's Wholesale Club, Inc. | Purchase Order Terms and Conditions (Blanket agreement) |
| Wal-Mart | Supplier Agreement (Online agreement) |
| Sam's Club | Supplier Agreement (Online agreement) |

| | |
|---|---|
| **License and Development Agreements** | |
| AdtekMedia, Inc. | Custom Software Development Agreement *(neonNow software)* |

| | |
|---|---|
| **Customer Service & Logistics Agreements** | |
| P&O Nedlloyd Logistics, LLC d/b/a The Gilbert Companies | Agency Agreement dated June 23, 2006 (the primary agreement) |
| P&O Nedlloyd Logistics, LLC d/b/a The Gilbert Companies | Standard Service Level Agreement dated July 14, 2006 |
| Zoyto Inc. | Master Services Agreement dated May 21, 2009 (with Statement of Work dated April 30, 2009) |

2233922.2

- 6 -

| | |
|---|---|
| Delta Products Corporation | Manufacturing Services Agreement dated October 17, 2007 |
| Delta Products Corporation | Service Quotation dated March 10, 2009 |
| Wistron Infocomm (Texas) Corporation | Quotation dated March 10, 2009 |
| Indusys Technology, Inc | On-Site Services Agreement dated 02-27-2009 |
| Federal Express Corporation and FedEx Ground Package System, Inc. | Pricing Agreement dated September 1, 2009 |
| ABF Freight System, Inc. | LTL pricing effective 08/01/2007 *(outbound shipments)* |
| Daylight Transport, LLC | Pricing Agreement effective 2/9/2009 *(outbound shipments)* |
| Yellow Transportation, Inc. | Standard Group Publication Confirmation *(tariff for outbound shipments)* |

| **Sales Representative Agreement** | |
|---|---|
| Impact Marketing | Sales Representative Agreement |

| **IT Agreement** | |
|---|---|
| iStreet | Service Level Agreement (with 2010 amendment) |

| **Lease Agreements** | |
|---|---|
| First American Title Company | Sub-Sublease Agreement |
| Rider Express | Commercial Lease Agreement dated December 1, 2009 |
| Storage West | Storage services agreement |
| Canon Financial Services | Lease Agreements: <ul><li>(10-28-2005) for IR-227 multifunction office machine</li><li>(10-28-2009) for IR-5050N (2) and IR-1025if multifunction office machines</li></ul> |
| Dell Financial Services | Lease Agreements *(for Dell laptops)*-Lease Numbers: <ul><li>003-008122263-005</li><li>003-008122263-006</li><li>003-008122263-007</li><li>003-008737771-001</li></ul> |

| **Benefits agreements** | |
|---|---|
| Anthem Blue Cross Life and Health Insurance Company | Group Policy (BC PPO and Dental Blue Plan) |
| Blue Cross of California (dba Anthem Blue Cross) | Anthem Blue Cross HMO Plan (Group Benefit Agreement) |
| Blue Cross of California (dba Anthem Blue Cross) | Dental Net Group Benefit Agreement |
| Blue Cross of California | Group Benefit Agreement |

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

NEWMEYER & DILLION LLP

| (dba Anthem Blue Cross) | (Prudent Buyer Plan Amendment) |
|---|---|
| Mutual of Omaha Life Insurance Company | Group Policy No. GLUG-516H (employee life insurance) |
| Mutual of Omaha Life Insurance Company | Group Policy No. GLTD-516H (long term disability) |
| Mutual of Omaha Life Insurance Company | Group Policy No. GUG-516H (short term disability) |
| Mutual of Omaha Life Insurance Company | Group Policy No. GVTL-516H (voluntary life insurance) |
| Vision Service Plan | Group Vision Care Plan Plan number 30002396 |

| Services and Secondment Agreements | |
|---|---|
| Nexcast LLC | Secondment and Services Agreement *(Dave Parkin)* |
| Nexcast LLC and AdtekMedia, Inc. | Secondment and Services Agreement *(general)* |
| Akamai Lighting, LLC | Secondment and Services Agreement *(general)* |

| Consulting Agreements | |
|---|---|
| Rukkus, LLC | Consulting Agreement dated October 18, 2007 |

| Miscellaneous WDE non-disclosure agreements - 2010 |
|---|
| Amazon. com Dated Jan 29, 2010 |
| Diamond Electronics Dated Jan 19, 2010 |
| St. George Distribution Corp. Dated January 15, 2010 |

| Miscellaneous WDE non-disclosure agreements - 2009 |
|---|
| Anyhealth Insurance Service Dated Apr 3,2009 |
| Auvitek Dated Jul 21, 2009 |
| AXZM Dated Jun 15,2009 |
| Brawn Consulting Dated Jul 20, 2009 |
| Crowe Horwath Dated Mar 12, 2009 |
| CUD Inc Dated Feb 2, 2009 |
| Equipment Design & Mfg Dated Mar 9, 2009 |
| FTI Capital Afvisors, LLC Dated Nov 23,2009 |
| I Do It Co Dated Oct 9, 2009 |
| iWatt Inc Dated Dec 22, 2009 |
| Kick Back Dated Sep 18, 2009 |
| Mitac Technology Corp Dated Jun 1, 2009· |
| National Parts Dated Aug 2009 |
| Outcast media International, Inc Dated Feb 12,2009 |
| Pivo Media Inc Dated Oct 12, 2009 |
| Samsung Semiconductor, Inc Dated Aug 28, 2009 |
| Signature Technology Group Dated Jun 12,2009 |
| Taos Inc Dated Sep 1,2009 |
| XRoads Solutions Group Dated Dec 10, 2009 |

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

| |
|---|
| Miscellaneous WDE non-disclosure agreements - 2008 |
| A-1 Dated Jan 22, 2008 |
| Acme PCB Assembly Dated March 3, 2008 |
| Advantech Corporation Dated Aug 25, 2008 |
| Akamai Technologies, Inc Dated April 10, 2008 |
| American Panturell Technology Inc Dated Dec 16, 2008 |
| Amimon Ltd Dated March 14, 2008 |
| Amlogic Inc, Dated Jun 25,2008 |
| Aonvision Technology Corp Dated Apr 22, 2008 |
| AOpen Inc Dated March 12, 2008 |
| Arizona Precision Sheet Metal Inc dated Oct 14, 2008 |
| Avnet Electronics Marketing Dated Aug 28, 2008 |
| Axentra Corporation Dated April 25, 2008 |
| Best Western Executive Inn Dated Aug 5, 2008 |
| Blackmagic Design Inc Dated May 1, 2008 |
| Certus Group of Companies Dated Dec 4, 2008 |
| Chi Mei Lighting Technology Corp Dated Dec 1,2008 |
| Commendo Software, Inc Dated Apr 30, 2008 |
| Delta Electronics Dated Dec 5, 2008 |
| Diboss Co., LTD Dated Jan 4, 2008 |
| Emcore Corporation Dated May 19,2008 |
| ePBoard Design Company Dated April 10, 2008 |
| Google Inc Dated Feb 7, 2008 |
| Gordon K Ota, OD A Professional Corp Dated Nov 5, 2008 |
| Gordon K Ota, OD A Professional Corp-Case Study Dated Nov 05, 2008 |
| Gowell Digital LTD dated Aug 6, 2008 |
| Green Plug Inc Dated Jan 16, 2008 |
| Hisense Imp. & Exp. Co, Ltd Dated May 13,2008 |
| Huay &Huay CPA's Dated Sep 30, 2008 |
| Indusvs Technology Inc Dated Aug 21, 2008 |
| International Risk Consultants Dated Aug 11, 2008 |
| Ionics Ems Inc Dated Jun 25, 2008 |
| IPVALUE Management Inc Dated Dec 10, 2008 |
| James Braman Konarka Technologies Dated Aug 25, 2008 |
| Jean Co, Ltd Dated Oct 7, 2008 |
| Jhen Vei Electronic Dated May 28, 2008 |
| Johnstone, Downey, Klein Inc dba International Risk Consultants Dated Aug 11, 2008 |
| KLN Management Group Inc Dated Dec 10, 2008 |
| KLN Management Group Inc- Case Study Dated Dec 10, 2008 |
| Konarka Technologies Dated Aug 25, 2008 |
| Konka America Dated Sep 19, 2008 |
| Marshall Lebovits Dated Feb 7,2008 |
| Mustek Systems Inc Dated Jun 5, 2008 |
| Open Peak Inc Dated Nov 20, 2008 |
| Oregan Networks Ltd Dated Dec 4, 2008 |
| Oscar Leung Dated Sep 6, 2008 |
| Power Sat USA Dated April 1, 2008 |
| Protech Technologies Inc Dated Sep 10, 2008 |
| Radiospire Networks, Inc Dated Jan 14, 2008 |
| Rhombus Services Dated January 30, 2008 |
| Sensory Inc Dated Mar 14, 2008 |

NEWMEYER & DILLION LLP

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

| |
|---|
| SJJ Embedded Micro Solutions Dated Dec 20, 2008 |
| SLS Dated Sep 5, 2008 |
| SMK Electronics America, Inc Dated Jul 30, 2008 |
| Tatung Tatung Company of America, Inc Dated Apr 21,2008 |
| Tek Panel Inc Sep 05, 2008 |
| Tek Panel Inc- Case Study Dated Sep 05, 2008 |
| Thinkoptics Inc Dated Feb 29, 2008 |
| Thomson Licensing LLC Dated Oct 27, 2008 |
| Till Krueger Dated Dec 1, 2008 |
| Tony Wu Dted Apr 14, 2008 |
| Tyco Electronics Corporation Dated Jul9, 2008 |
| Tzero Technologies Inc, Dated Apr 29, 2008 |
| United Electrical Media Dated Dec 1, 2008 |
| Universal Microelectronics Co., LTD Dated Aug 5, 2008 |
| Zinwell Corporation Dated Oct 3, 2008 |

(d)     Any and all Intellectual Property acquired by CMA from Westinghouse Digital Electronics, LLC concerning the business of the distribution of consumer electronic products, including, without limitation, the Intellectual Property set forth below.  Intellectual Property means all intellectual property rights arising under the laws of the United States or any other jurisdiction with respect to the following: (i) trade names, trademarks and service marks (registered and unregistered), domain names, trade dress and similar rights and applications to register any of the foregoing (collectively, "Marks"); (ii) patents and patent applications and rights in respect of utility models or industrial designs (collectively, "Patents"); (iii) copyrights and registrations and applications therefore(collectively, "Copyrights"); and (iv) know-how, inventions, artwork, processes, marketing material, designs, manuals, schematics, blueprints, drawings discoveries, methods, technical data, specifications, research and development information, technology, data bases and other proprietary or confidential information (including ideas, research and development, customer lists manufacturing, engineering and unpatented technology) in each case that derives economic value from not being generally known to other Persons who can obtain economic value from its disclosure, but excluding any Copyrights or Patents that cover or protect any of the foregoing (collectively, "Trade Secrets").  Such Intellectual Property includes, without limitation, any Patents, Copyrights, Mark and Trade Secrets relating to the business of the distribution of consumer electronic products.

///

2233922.2

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

| Title | Country | Counsel Dist. No. | Application No. Filing Date | Patent No. Issue date |
|---|---|---|---|---|
| TELEVISION WITH AUTOMATIC INPUT SWITCHING | US | Kleinberg 15592 | 10/965,337 10/14/04 | 7,636,130 12/22/09 |
| ACOUSTIC FRAME FOR FLAT SCREEN TELEVISION | US | Kleinberg 15612 | 10/974,452 10/24/04 | |
| IMPROVED BACK PANEL FOR VIDEO DISPLAY DEVICE | US | Kleinberg 16078 | 11/426,254 10/04/06 | |
| BACK PANEL FOR VIDEO DISPLAY DEVICE | US | Kleinberg 16080 | 29/426,254 02/14/00 | |
| METHOD AND APPARATUS FOR AUTOMATIC STARTUP AND SHUTDOWN INCLUDING AUTOMATIC CONTENT SWITCHING | US | Kleinberg 17192 | 60/780,298 03/08/06 | |
| METHOD AND APPARATUS FOR DIGITAL AUTOMATIC DISPLAY OF PICTURES IN A PICTURE FRAME | US | Kleinberg 17409 | 11/425,108 06/19/06 | |
| METHOD AND APPARATUS FOR USER CONFIGURABLE TABLE FOR BLOCKING OR ALLOWING OF VIDEO AND AUDIO SIGNALS | US | Kleinberg 17516 | 12/135,081 6/6/08 | |
| AC INVERTER CAPABLE OF DRIVING MULTIPLE LAMPS FOR LCD PANEL BACKLIGHT | US | Kleinberg 18000 | 11/757,949 06/04/2007 | |

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

NEWMEYER & DILLION LLP

| Title | Country | Counsel Dist. No. | Application No. Filing Date | Patent No. Issue date |
|---|---|---|---|---|
| METHOD AND APPARATUS FOR AUTOMATIC STARTUP AND SHUTDOWN INCLUDING AUTOMATIC SOURCE SWITCHING | US | Kleinberg 18131 | 11/683,400 03/07/87 | |
| METHOD AND APPARATUS FOR AUTOMATIC STARTUP AND SHUTDOWN INCLUDING AUTOMATIC CONTENT SWITCHING II | US | Kleinberg 18394 | 11/761,345 06/11/07 | |
| BACK PANEL FOR A VIDEO DISPLAY DEVICE | CHINA | Kleinberg 18639 | 200730150259 08/14/07 | |
| (PCT) METHOD AND APPARATUS FOR. DIGITAL AUTOMATIC DISPLAY OF PICTURES IN A REAL FRAME | PCT | Kleinberg 18540 | PCT/US07/716030 6/19/07 | |
| AC INVERTER CAPABLE OF DRIVING MULTIPLE LAMPS FOR LCD PANEL BACKLIGHT | Taiwan | Kleinberg 18949 | 96150710 12/28/2007 | |
| BACK PANEL FOR VIDEO DISPLAY DEVICE INCLUDING REPLACEABLE SLIDE-OUT ELECTRONIC COMPONENTS | US | Kleinberg 18978 | 11/971,187 01/08/2008 | |

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

| Title | Country | Counsel Dist. No. | Application No. Filing Date | Patent No. Issue date |
|---|---|---|---|---|
| USPA: METHOD AND APPARATUS FOR AUTOMATIC DISPLAY OF PICTURES IN A DIGITAL PICTURE FRAME | US | Kleinberg 19536 | 12/172,191 07/11/2008 | |
| USER-CUSTOMIZED COMPUTER DISPLAY METHOD | US | Renner Otto WEDEP0101US | 61/222,553 07/02/2009 | |
| INTERACTIVE DIGITAL-TELEVISION WITH IMPROVED USER INTERFACE | US | Renner Otto WEDEP0102US | 61/253,601 10/21/2009 | |
| SYSTEM AND METHOD FOR ACTIVATING DISPLAY DEVICE FEATURE | US | Renner Otto WEDEP0104US | 61/292,573, 01/06/2010 | |

KNOW-HOW

INVENTION DISCLOSURES

| Title | Country | Counsel Dkt No. |
|---|---|---|
| METHOD AND APPARATUS FOR CONTROLLING LED BACKLIGHT IN A VIDEO MONITOR | US | Kleinberg 17069 |
| REMOTE CONTROL HOTKEY | US | Kleinberg 17080 |
| METHOD AND APPARATUS FOR THE AUTOMATIC ASSOCIATION OF PARTICULAR TELEVISION NETWORKS WITH REMOTE CONTROL BUTTONS DESIGNATED FOR THOSE TELEVISION NETWORKS | US | Kleinberg 17167 |

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

| | | |
|---|---|---|
| METHOD AND APPARATUS FOR THE DISPLAY OF PRE-DEFINED TELEVISION NETWORKS OR CONTENT UPON TELEVISION STARTUP | US | Kleinberg 17168 |
| METHOD FOR PROVIDING REMOTE CONTROL BUTTONS ALLOCATED TO A PARTICULAR TELEVISION NETWORK: | US | Kleinberg 17169 |
| METHOD AND APPARATUS FOR DEFINING A SINGLE BUTTON FOR MULTIPLE CONFIGURATION SETTINGS ON A REMOTE CONTROL | US | Kleinberg 17170 |

## OTHER KNOW-HOW

(1) Mosaic View technologies

(2) neonNow and neonSource technologies

(3) Z-Axis Interface technology

(4) Monitor Plus technology

(5) Crowe Horwath Valuation Report of October 31, 2008 regarding items (1)-(4)

(6) Tuner Activation technologies and business methods

(7) Know-how related to edge-lit LED televisions:
  a. Preferred sources of supply for components and assemblies,
  b. Reduced NIT luminance requirements (250 NIT or lower) and reduced LED component requirements including thermal efficiency studies and the use of fewer filters/films in order to create the BLU Design for LED packaging in edge-lit LED backlight units
  c. Know-how relating to market requirements and technology review, and the application of this knowhow to derive specific LED backlight unit designs at preferred values of brightness, viewing angle. and color temperature

## TRADEMARK REGISTRATIONS AND APPLICATIONS

**1080 PURE**

| Country | Counsel Dkt No. | Application No. Filing Date | Registration No. Reg. Date |
|---|---|---|---|
| US | Kleinberg 17847 | 77/052,491 11/28/06 | 3,432,009 5/20/08 |

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

NEWMEYER & DILLION LLP

NEWMEYER & DILLION LLP

**AUTOSOURCE**

| Country | Counsel Dkt No. | Application No. Filing Date | Registration No. Reg. Date |
|---------|-----------------|------------------------------|-----------------------------|
| US | Kleinberg 16789 | 78/869,219 04/25/06 | |
| JAPAN | Kleinberg 17699 | 91213/2006 09/29/06 | 5206600 02/20/2009 |
| TAIWAN | Kleinberg 17701 | 95049263 09/27/06 | 01343626 01/01/2009 |

**MOSAICVIEW**

| Country | Counsel Dkt No. | Application No. Filing Date | Registration No. Reg. Date |
|---------|-----------------|------------------------------|-----------------------------|
| US | Kleinberg 17222 | 78/844,215 03/23/06 | 3,647,131 06/09/2009 |
| INDIA | Kleinberg 17706 | 1490334 09/22/06 | 1490334 Reg. Date 09/22/2006 Reg. Recordal Date 07/10/2008 |
| JAPAN | Kleinberg 17707 | 89152/2006 9/25/06 | 5134180 05/09/2008 |
| TAIWAN | Kleinberg 17709 | 95048227 09/21/06 | 01268524 07/01/07 Class 9 |

**PIXELDIRECT™**

| Country | Counsel Dkt No. | Application No. Filing Date | Registration No. Reg. Date |
|---------|-----------------|------------------------------|-----------------------------|
| US | Kleinberg 16407 | 78/731,080 10/11/05 | 3,497,099 09/02/2008 §§ 8 & 15 Due 09 02 2014 |
| TAIWAN | Kleinberg 17717 | 95049265 09/27/06 | 01343627 01/01/2009 |

///

///

NEWMEYER & DILLION LLP

| SPINE DESIGN™ | | | |
|---|---|---|---|
| Country | Counsel Dkt No. | Application No. Filing Date | Registration No. Reg. Date |
| US | Kleinberg 16861 | 78/783,190 12/30/05 | 3,413,027 4/15/08 §§ 8 & 15 Due 09 02 2014 |
| JAPAN | Kleinberg 17747 | 91212/2006 09/29/06 | 5172276 10/10/08 |
| TAIWAN | Kleinberg 17749 | 95049269 09/27/06 | 01353677 03/16/2009 |

| NEONPLAYER | | | |
|---|---|---|---|
| Country | Counsel Dkt No. | Application No. Filing Date | Registration No. Reg. Date |
| US | Kleinberg 19805 | 77/591428 10/13/08 | 3,750,537 2/16/10 |

| NEONNOW | | | |
|---|---|---|---|
| Country | Counsel Dkt No. | Application No. Filing Date | Registration No. Reg. Date |
| US | Kleinberg 19806 | 77/591458 10/13/08 | 3,750,538 2/16/10 |

| NEONSOURCE | | | |
|---|---|---|---|
| Country | Counsel Dkt No. | Application No. Filing Date | Registration No. Reg. Date |
| US | Kleinberg 19807 | 77/591477 10/13/08 | 3,750,539 2/16/10 |

| NEONPUMP | | | |
|---|---|---|---|
| Country | Counsel Dkt No. | Application No. Filing Date | Registration No. Reg. Date |
| US | Kleinberg 20196 | 77/694,237 03/18/2009 | |

///

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

| NEONREMOTE | | | |
|---|---|---|---|
| Country | Counsel Dkt No. | Application No. Filing Date | Registration No. Reg. Date |
| US | Kleinberg 20195 | 77/694,223 03/18/2009 | |

(e)     Any and all rights acquired by CMA from Westinghouse Digital Electronics, LLC in the following Westinghouse Digital Electronics, LLC subsidiaries:

> Westinghouse Digital Electronics (Taiwan), Ltd. is a wholly owned subsidiary of Westinghouse Digital Electronics, LLC

> Westinghouse Digital Electronics (Japan), Ltd. is owned by Westinghouse Digital Electronics, LLC and Nexis Inc., each holding 51 % and 49% of the Westinghouse Digital Electronics (Japan), Ltd. shares respectively

> Westinghouse Digital Electronics (China), Ltd. is owned by Westinghouse Digital Electronics, LLC and Nexis Inc., each holding 51 % and 49% of the Westinghouse Digital Electronics (China), Ltd. shares respectively

(f)     Any and all rights acquired by CMA from Westinghouse Digital Electronics, LLC that are deemed by Westinghouse Digital in writing to be necessary or desirable in connection with the operation of the business of the distribution of consumer electronic products.

(g)     Any and all rights acquired by CMA from Westinghouse Digital Electronics, LLC under any and all warranties, claims, causes of action, choses in action, covenants and other similar claims and interests of CMA against third parties including, without limitation, any liens, security interests, or other rights to payment or to enforce payment in connection with the Purchased Assets (as defined in the Bill of Sale, Exh. B) or the Assumed Liabilities (as defined in the Bill of Sale, Exh. B); provided, that Westinghouse Digital shall not acquire the causes of action, choses in action or similar claims and interests relating to the matters described in Section (n) of Exhibit B to the Bill of Sale (Exhibit B).

(h)     Any and all rights acquired by CMA from Westinghouse Digital Electronics, LLC of any prepaid charges, deposits, sums and fees and all rights to refunds pertaining to the Purchased Assets (as defined in the Bill of Sale, Exh. B) or the Assumed

NEWMEYER & DILLION LLP

NEWMEYER & DILLION LLP

1   Liabilities (as defined in the Bill of Sale, Exh. B).

2           (i)     Any and all of CMA's right title and interest in and to the Governmental

3   Permits, to the extent such Governmental Permits are transferable.  "Governmental Permit(s)"

4   means all material licenses, permits, franchises, privileges, immunities, approvals and other

5   authorizations issues from or by any Governmental Authority which are necessary to entitle

6   Buyer to own, lease, operate and use the Purchased Assets (as defined in the Bill of Sale, Exh. B)

7   or the business of the distribution of consumer electronic products.  "Governmental Authority"

8   means any foreign, domestic, federal, territorial, state or local governmental authority, quasi-

9   governmental authority, instrumentality, court, government or self-regulatory organization,

10  commission, tribunal or organization or any regulatory, administrative or other agency, or any

11  political or other subdivision, department or branch of any of the foregoing.

12          (j)     Any and all rights acquired by CMA from Westinghouse Digital

13  Electronics, LLC in the telephone and facsimile numbers of CMA (subject to approval by the

14  telephone service provider(s)).

15          (k)     Any and all rights acquired by CMA from Westinghouse Digital

16  Electronics, LLC in Westinghouse Digital Electronics, LLC's world wide web domain names as

17  follows:

18          Domain wde.com (Record expires on 26-June-2010)

19          Domain westinghousece.com (Record expires on 30-September-
            2011)

20

21          Domain westinghousedigital.com (Record expires on 03-October-
            2010)

22          Domain westinghousetv.com (Record expires on 30-September-
            2010)

23

24  All of the above domain name registrations are subject to paragraph 2.8 of Section 2.0 License

25  Grant of the Amended and Restated License Agreement between Westinghouse Electric

26  Corporation and Westinghouse Digital Electronics, LLC

27          (l)     Any and all rights acquired by CMA from Westinghouse Digital

28  Electronics, LLC in Westinghouse Digital Electronics, LLC's inventory of advertising, sales and

2233922.2                                    - 18 -

1   customer materials, forms, labels, promotional materials, manuals and supplies used in the

2   operation of the business of the distribution of consumer electronic products.

3       (m)     Subject to the rights of CMA under Section 5.4 of the Purchase Agreement,

4   any and all rights acquired by CMA from Westinghouse Digital Electronics, LLC in

5   Westinghouse Digital Electronics, LLC's books and records (including, without limitation, sales

6   records, data processing records, employment and personnel records, customer lists, files and

7   records, advertising and marketing data and records, credit records, and records relating to

8   suppliers), credit information, domain names, customer account information, user names,

9   passwords, real names, postal and email addresses, telephone and facsimile numbers, customer

10  credit card information, and billing history relating to such customers and vendors, books of

11  account, files, invoices, inventory records, accounting records, maintenance, operating and

12  production records, customer lists, supplier lists, business plans, catalogs, quality control records

13  and manuals, blueprints, research and development files, laboratory books, patent and trademark

14  files and litigation files, wherever located, whether in hard copy or electronic form, other than

15  records kept for tax purposes and excluding any of the foregoing relating to, or included in, the

16  Excluded Assets (as defined in the Bill of Sale, Exh. B).

17      (n)     Any and all rights acquired by CMA from Westinghouse Digital

18  Electronics, LLC in Westinghouse Digital Electronics, LLC's computer software (including

19  proprietary and third party software) associated with the operation of the business of the

20  distribution of consumer electronic products (the "Software"); subject to, in all cases, applicable

21  restrictions and necessary consents of third parties.

22      (o)     Any and all rights acquired by CMA from Westinghouse Digital

23  Electronics, LLC in the goodwill of the business of the distribution of consumer electronic

24  products, including all of Westinghouse Digital Electronics, LLC's customer and vendor lists.

25      (p)     Any and all rights acquired by CMA from Westinghouse Digital

26  Electronics, LLC in the following:

27  ///

28  ///

2233922.2

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

| Customer | Balance Outstanding @ 3/31/10 |
|---|---|
| Westinghouse Digital China | 114,524 |
| Westinghouse Digital Japan | 316,241 |
| Akamai Lighting | 57,335 |
| Nexis, Inc. | 2,018,827 |
| **Total** | **2,506,927** |

(q)    Any and all accounts receivable due to CMA (whether short-term or long-term), together with any unpaid interest or fees accrued thereon or other amounts due with respect to thereto other than:

| Customer | Balance Outstanding at 3/31/10 |
|---|---|
| Accounts Receivable – Tatung | 103,588 |
| **Total** | **103,588** |

20.    Golden Star paid fair, reasonable and adequate consideration for these assets, agreeing to consideration in excess of $20 million in combination of cash, royalty payments, and assumption of certain liabilities.  Golden Star did not use any of its own stock or ownership interest as consideration for the purchase.

21.    On April 7, 2010, Golden Star changed its name to Westinghouse Digital, LLC. None of the members (owners or shareholders) of Westinghouse Digital were or are members of Mora.

22.    LG and Columbia allege that the assignment of assets and liabilities from Mora to CMA, and then from CMA to Westinghouse Digital violated California's Uniform Fraudulent Transfer Act, Delaware's Uniform Fraudulent Transfer Act and common law.  LG and Columbia further claim that the assets purchase by Westinghouse Digital imposed successor liability and/or alter ego liability on Westinghouse Digital for the liabilities of Mora.

23.    SFC and Andersen have alleged that the assignment and subsequent asset purchase were fraudulent transfers and further alleged that the property purchased by Westinghouse Digital imposed successor liability on Westinghouse Digital for the liabilities of Mora.

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

24.     Chang has alleged that Westinghouse Digital has successor entity liability and/or alter ego liability with respect to certain debts that Chang claims are owed to him by Mora.

25.     LG, Columbia, SFC, Andersen and Chang each have claimed an interest in the property purchased by Westinghouse Digital, such claim placing a cloud on the title and rights of Westinghouse Digital in such property.

26.     A substantial part of the property that is the subject of this action is located within this state and county.

**FIRST CAUSE OF ACTION**

**Quiet Title to Personal Property**

**(Against all Defendants)**

27.     Westinghouse Digital and CMA incorporate the allegations of paragraphs 1-26 as if fully rewritten herein.

28.     The property for which Westinghouse Digital and CMA seek to quiet title is that identified in the Bill of Sale, attached to the Complaint as Exhibit B.  The tangible personal property identified in the Bill of Sale exists in Orange County, California, and elsewhere.

29.     Westinghouse Digital is the owner of the property identified in the Bill of Sale by virtue of the consummation of the Asset Purchase Agreement and the exchange of fair and adequate consideration therefor.

30.     Defendants claim a lien upon, attachment to, and/or some other unspecified equitable interest in such property.  Defendants have also demanded that the property be returned to CMA.

31.     Westinghouse Digital and CMA request that the determination of the rights, title and interest of the parties in the property be made as of April 2, 2010.

///
///
///
///
///

NEWMEYER & DILLION LLP

2233922.2

- 21 -

1

## SECOND CAUSE OF ACTION

2

### Declaratory Judgment

3

### (Against all Defendants)

4          32.     Westinghouse Digital and CMA incorporate the allegations of paragraphs 1-26 as

5 if fully rewritten herein.

6          33.     Each of the Defendants has taken the position that Westinghouse Digital is liable

7 to him or it as the successor of Mora, including alleging that:

8                  (a)     Westinghouse Digital is a mere continuation of Mora;

9                  (b)     Westinghouse Digital did not pay adequate consideration to CMA for

10 Mora's assets and liabilities, leaving insufficient funds to satisfy Mora's obligations to

11 Defendants; and

12                  (c)     The General Assignment and Asset Purchase Agreement were fraudulent

13 conveyances under Section 3439.05 of the California Uniform Fraudulent Transfer Act and state

14 common law for inadequate consideration, and designed to defraud Mora's creditors.

15          34.     Westinghouse Digital and CMA deny Defendants' allegations, and deny that

16 Westinghouse Digital is liable to Defendants for Mora's obligations, liabilities or debts to them, if

17 any, and as such an actual controversy exists.

18          35.     Westinghouse Digital acquired the assets of Mora for adequate consideration.

19          36.     Westinghouse Digital and CMA request that the Court declare the rights of the

20 parties pursuant to California Code of Civil Procedure § 1060 and declare that:  (a) Westinghouse

21 Digital is not liable to Defendants under any theory of successor liability and/or alter ego liability;

22 and (b) the transfer of assts and liabilities from Mora, through CMA, to Westinghouse Digital was

23 not fraudulent.

24

## PRAYER

25          Wherefore, Plaintiffs request a declaratory judgment as follows:

26          1.     Adjudging, finding, and declaring that Westinghouse Digital is the owner, free and

27 clear of any interest, liens or claims by Defendants, of the property identified in paragraph 19,

28 above, and Exhibit B to the Complaint.

*(left margin, vertical)* NEWMEYER & DILLION LLP

2.      Adjudging, finding, and declaring that Westinghouse Digital is not liable under any theory of successor liability and/or alter ego for the obligations, liabilities and debts of Mora.

3.      Adjudging, finding, and declaring that the transfer of assets from Mora, through CMA, to Westinghouse Digital did not violate Section 3439.05 of the California Uniform Fraudulent Transfer Act or state common law.

4.      Adjudging, finding, and declaring that the transfer of assets from Mora, through CMA, to Westinghouse Digital was for fair and adequate consideration.

5.      Granting Plaintiffs such other and further relief that the Court deems is just and proper.

Dated: August 2, 2010

NEWMEYER & DILLION LLP
Gregory L. Dillion
Carol S. Zaist

By: _____
        Carol S. Zaist
        Attorneys for Plaintiff
        Westinghouse Digital, LLC

2233922.2

- 23 -

VERIFIED COMPLAINT TO QUIET TITLE FOR PERSONAL PROPERTY AND DECL. RELIEF

**VERIFICATION**

I, Douglas Q. Woo, declare:

I am the president of Westinghouse Digital, LLC, which is a plaintiff in the action identified above. I have read Plaintiffs' VERIFIED COMPLAINT and know the contents thereof.

The factual matters stated in the VERIFIED COMPLAINT, unless averred on information and belief, are true and correct of my own knowledge.

I declare under penalty of perjury under the laws of the United States and of the State of California that the forgoing is true and correct, and that this verification was executed by me on July 30, 2010.

_____
Douglas Q. Woo