# Exhibit 8

| | |
|---|---|
| **From:** | Daniel B. Ravicher [ravicher@softwarefreedom.org] |
| **Sent:** | Sunday, August 15, 2010 12:52 PM |
| **To:** | Denny, Daniel B. |
| **Cc:** | Newman, Samuel A. |
| **Subject:** | [FS#717153] Re: FW: Software Freedom Conservancy, Inc. v. Best Buy Co., Inc. et al., 09-cv-10155 |

Daniel,

If you'd like to cite me a Supreme Court or 2nd Circuit case that conclusively states your client is not a successor in interest, I'd be much obliged, and happy to dismiss your client from the joinder motion.
If you can't do that, then your threat of a Rule 11 motion only serves to dissuade my clients from thinking my time is worth being spent having any conversation with you. As for your client's offer, this is the same proposal made to me more than once by Sam. I told Sam before, and will tell you now, that offering my client pennies on the dollar is effectively offering my client nothing, so I can't see why you think my clients would ever accept that.

To be honest, what has happened here is absolutely disgusting. A company knowingly and willfully violating my clients copyright, with the ex ante intent to use some paperwork in an attempt to make it all go away, while not at all intending to reform its business operations one iota is despicable and any intermediary that assists them in doing so is just as guilty as the company itself. I look forward to setting precedent that businesses like your client, which portend to offer a "get out of jail" free card to those who intentionally flout intellectual property laws are not protectable under any version of the law.

As for our motion, which you say has no basis in law or fact, whatever California may call the "assignment" that occurred, it's still an assignment, not a bankruptcy, and thus is not distinguishable from any other continuation of business. The infringing website distribution of our clients' code continued throughout April, when the transactions were taking place, and the assets were in your client's possession. Thus, not only does that support our joiner motion, it also supports a direct claim of copyright infringement against your client.

In closing, my organization exists to serve the public interest. Your message has only served to increase my belief that litigating this issue stridently for the next couple of years would be in support of our mission. At this point, I will notify the court of our agreed-to schedule for briefing the joinder motion. I will attach a copy of your email so that the court knows of all your proposed conditions, none of which are accepted.

Regards,

Daniel B. Ravicher, Legal Director
Software Freedom Law Center (SFLC) and Moglen Ravicher LLC
1995 Broadway, 17th Fl., New York, NY 10023
(212) 461-1902 direct  (212) 580-0800 main  (212) 580-0898 fax
ravicher@softwarefreedom.org  www.softwarefreedom.org


On 8/13/2010 5:05 PM, Denny, Daniel B. wrote:
> Dan,

1

> We confirm the briefing schedule you propose, September 20 for
> opposition and October 4 for reply, subject to the following.
>
> Before we spend money of the assignment estate on this litigation,
> would you consider stipulating with CMA as to the allowance of SFC's
> claim in a liquidated amount?  It is my understanding that the court
> has entered default judgment against WDE, and CMA is willing to
> stipulate to SFC's claim against WDE so that SFC may participate in
> the liquidation of the assignment estate as a creditor of WDE.
>
> Regarding the transfer of property from WDE to CMA, CMA has only acted
> as assignee for the benefit of WDE's creditors pursuant to a General
> Assignment.  CMA, as a trustee of the property, subsequently sold
> certain assets to Golden Star n/k/a Westinghouse Digital, LLC and is
> now in the process of administering the estate for the benefit of all
> creditors.  Your assertion that CMA is a "successor in interest" of
> WDE has no foundation in the law or facts.  If SFC wishes to assert
> its claim against WDE with the assignment estate, which CMA is
> administering, then submitting to the claims process is SFC's
> appropriate avenue for relief.
>
> If SFC intends to proceed under the theory that CMA is a successor, we
> reserve our right to deliver notice of a Rule 11 motion, and in that
> event we would request additional time to respond to the joinder
> motion, if necessary, to avoid having to unnecessarily spend money in the
> interim.   I would like to discuss the matter further with you.  Please
> let me know if you think it makes sense to have a conversation.  Thank
> you.
>
> Daniel B. Denny
> GIBSON DUNN
>
> -----Original Message-----
> From: Jay Campbell [mailto:jcampbell@rennerotto.com]
> Sent: Friday, August 13, 2010 7:18 AM
> To: Daniel B. Ravicher
> Cc: Denny, Daniel B.; Arthur Moore; Newman, Samuel A.
> Subject: Re: Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.
> et al., 09-cv-10155
>
> Dan:
>
>     That's fine with Westinghouse Digital.
>
> Jay
>
>
> On 8/13/10 10:16 AM, "Daniel B.
> Ravicher"<ravicher@softwarefreedom.org>
> wrote:
>

2

```
>> I'm not going to give you an extra week and then also shorten my time
> by
>> a week.  Makes no sense.  So, how about September 20 for you
> opposition
>> briefs and then October 4 for my reply?
>>
>> On 08/13/2010 10:11 AM, Jay Campbell wrote:
>>> Dan:
>>>
>>>     Westinghouse Digital agrees to the briefing schedule outlined
>>> by
> Mr.
>>> Denny below:  Opposition briefs due September 20.  Reply briefs due
> on
>>> September 27.
>>>
>>> Jay
>>>
>>>
>>> On 8/13/10 10:04 AM, "Daniel B. Ravicher"
> <ravicher@softwarefreedom.org>
>>> wrote:
>>>
>>>> Thanks, Daniel.
>>>>
>>>> Jay, When can I expect to hear from you?  I plan to call the judge
> back
>>>> Monday morning at the latest and if I haven't heard from you by
> then,
>>>> I'll tell her I tried you multiple times.
>>>>
>>>> --Dan
>>>>
>>>>
>>>> On 08/12/2010 05:56 PM, Denny, Daniel B. wrote:
>>>>> Dan,
>>>>>
>>>>> We request that September 20 be the deadline for filing opposition
> to
>>>>> your joinder motion.  We intend to respond to the motion, if CMA
>>>>> is
> not
>>>>> removed from the motion at a prior time, and the extra week is
> needed
>>>>> from your proposed Sept 13 deadline considering vacation schedules
> and
>>>>> anticipated depositions in September on unrelated matters.
>>>>>
>>>>> I was not able to coordinate with Jay Campbell concerning the
> briefing
>>>>> schedule.
```

3

```
>>>>>
>>>>> Thank you.
>>>>>
>>>>> Daniel B. Denny
>>>>> GIBSON DUNN
>>>>>
>>>>> -----Original Message-----
>>>>> From: Daniel B. Ravicher [mailto:ravicher@softwarefreedom.org]
>>>>> Sent: Wednesday, August 11, 2010 10:42 AM
>>>>> To: Jay Campbell
>>>>> Cc: Moore, Arthur; Newman, Samuel A.; Denny, Daniel B.
>>>>> Subject: Re: Software Freedom Conservancy, Inc. v. Best Buy Co.,
> Inc. et
>>>>> al., 09-cv-10155
>>>>>
>>>>> Jay,
>>>>>
>>>>> I await your response to my message below.  FYI, cc'd here is
> Daniel
>>>>> Denny, counsel for CMA and colleague of Sam Newman.  Daniel is
> covering
>>>>> for Sam this week because Sam is traveling internationally.
> Perhaps the
>>>>> two of you should coordinate a collective response regarding a
> briefing
>>>>> schedule.
>>>>>
>>>>> Regards,
>>>>>
>>>>> Daniel B. Ravicher, Legal Director Software Freedom Law Center
>>>>> (SFLC) and Moglen Ravicher LLC
>>>>> 1995 Broadway, 17th Fl., New York, NY 10023
>>>>> (212) 461-1902 direct  (212) 580-0800 main  (212) 580-0898 fax
>>>>> ravicher@softwarefreedom.org   www.softwarefreedom.org
>>>>>
>>>>>
>>>>> On 08/11/2010 01:06 PM, Moore, Arthur wrote:
>>>>>> Dan,
>>>>>>
>>>>>> Westinghouse Digital, LLC does intend to respond to the motion.
>>>>> Please
>>>>>> contact Westinghouse Digital's counsel concerning the briefing
>>>>> schedule:
>>>>>> Jay R. Campbell
>>>>>> Renner, Otto, Boisselle& Sklar, LLP
>>>>>> 1621 Euclid Ave. / 19th Floor
>>>>>> Cleveland, OH 44115 USA
>>>>>> Tel: (216) 736-3156
>>>>>> jcampbell@rennerotto.com
>>>>>>
>>>>>> Arthur B. Moore
```

4

```
>>>>>> Senior Counsel
>>>>>> Westinghouse Digital, LLC
>>>>>> 500 N. State College Boulevard / Suite 1300 Orange, CA 92868-1625
>>>>>> Tel: 714.221.9800, ext. 148
>>>>>> email: amoore@wde.com
>>>>>>
>>>>>> -----Original Message-----
>>>>>> From: Daniel B. Ravicher [mailto:ravicher@softwarefreedom.org]
>>>>>> Sent: Wednesday, August 11, 2010 8:10 AM
>>>>>> To: Moore, Arthur; snewman@gibsondunn.com
>>>>>> Subject: Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.
> et
>>>>>> al., 09-cv-10155
>>>>>>
>>>>>> Arthur and Sam,
>>>>>>
>>>>>> On Monday, Plaintiffs in the above entitled action filed the
> attached
>>>>>> motion for joinder of CMA and Westinghouse Digital as successors
> in
>>>>>> interest to Westinghouse Digital Electronics.  This is the motion
> I
>>>>> had
>>>>>> told both of you previously we were going to file.  CMA and
>>>>> Westinghouse
>>>>>> Digital will be served with the papers shortly, if they haven't
> been
>>>>>> already.  The Judge has now asked me to coordinate with the
> parties a
>>>>>> briefing schedule for the motion.
>>>>>>
>>>>>> Please confirm or deny your clients' intention to respond to our
>>>>> joiner
>>>>>> motion.  If your client does intend to respond, please suggest an
>>>>> amount
>>>>>> of time within which you will do so.  I propose giving you until
>>>>>> September 13th to file your opposition, and then plaintiffs
>>>>>> having
>>>>> until
>>>>>> September 27 to file their reply, but I am willing to be
> reasonable
>>>>> with
>>>>>> your schedules, as I do recognize it's August and many people go
> on
>>>>>> vacations, etc.
>>>>>>
>>>>>> If I hear no response from you within 48 hours, I will notify the
>>>>> Judge
>>>>>> of such and suggest the reasonable implication is that neither
> party
>>>>>> wishes to respond to the motion.
```

5

```
>>>>>>
>>>>>> Regards,
>>>>>>
>>>>>> Daniel B. Ravicher, Legal Director Software Freedom Law Center
>>>>>> (SFLC) and Moglen Ravicher LLC
>>>>>> 1995 Broadway, 17th Fl., New York, NY 10023
>>>>>> (212) 461-1902 direct  (212) 580-0800 main  (212) 580-0898 fax
>>>>>> ravicher@softwarefreedom.org   www.softwarefreedom.org
>>>>>>
>>>>>
> ================================================================
> ==
> =====
>>> =
>>>>> This message may contain confidential and privileged information.
> If it
>>>>> has
>>>>> been sent to you in error, please reply to advise the sender of
>>>>> the
> error
>>>>> and
>>>>> then immediately delete this message.
>>>>>
> ================================================================
> ==
> =====
>>> =
>>>
>
>
> ================================================================
> ======== This message may contain confidential and privileged
> information.  If it has been sent to you in error, please reply to
> advise the sender of the error and then immediately delete this
> message.
> ================================================================
> ========
>
>
>
```