UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SOFTWARE FREEDOM CONSERVANCY, INC.
and ERIK ANDERSEN,

            Plaintiffs,

  -against-                                                    09 Civ. 10155 (SAS)

BEST BUY CO., INC., SAMSUNG ELECTRONICS
AMERICA, INC., WESTINGHOUSE DIGITAL
ELECTRONICS, LLC, JVC AMERICAS
CORPORATION, WESTERN DIGITAL
TECHNOLOGIES, INC., ROBERT BOSCH LLC,
PHOEBE MICRO, INC., HUMAX USA INC.,
COMTREND CORPORATION, DOBBS-
STANFORD CORPORATION, VERSA
TECHNOLGY INC., ZYXEL COMMUNICATIONS
INC., ASTAK INC., and GCI TECHNOLOGIES
CORPORATION,

            Defendants.

------------------------------------------------------------------x

### SUPPLEMENTAL DECLARATION OF MICHAEL JONCICH

Pursuant to 28 U.S.C. § 1746, Michael Joncich hereby declares as follows:

1.     I am a Manager in the Adjustment Bureau and agent of Credit Managers Association of California ("CMA"), a California corporation.

2.     I submit this Supplemental Declaration in support of CMA's opposition to the plaintiffs' motion to join successors in interest of defendant Westinghouse Digital Electronics, LLC in the above-captioned action.

### Claims Administration and Bar Date

3. As a Manager in the Adjustment Bureau, I supervise the claims administration process for the General Assignment for the benefit of creditors of Westinghouse Digital Electronics, LLC n/k/a Mora Electronics, LLC (the "Assignor WDE").

4. Pursuant to the California Code of Civil Procedure § 1802(b), the assignee must "establish a date by which creditors must file their claims to be able to share in the distribution of proceeds of the liquidation of the assignor's assets," the date being not less than 150 days and not greater than 180 days from the first notice sent to creditors and parties in interest. Pursuant to this statute, CMA sent its first notice on April 28, 2010, and set the bar date of September 27, 2010 (the "Bar Date") for creditors to submit proofs of claim to CMA to participate in the claims administration process and estate distributions. See Exhibit 2 to my declaration filed on September 20, 2010 for a true and correct copy of the Creditor Bulletin No. 1 providing such notice of Bar Date.

5. I have not received a proof of claim from the plaintiffs in the above-captioned case (the "Plaintiffs"). Plaintiffs, having failed to submit a proof of claim on or before the Bar Date, and are barred from the claims administration process and any recovery from or participation in estate distributions.

6. Several other creditors of the Assignor WDE, who were also plaintiffs in other litigation commenced pre-assignment against the Assignor WDE, timely submitted proofs of claims or stipulated to a claim in the General Assignment, including for example:

   a. Zenith Electronics LLC, represented by Cooley Godward Kronish LLP, proof of claim for $79,042,915.00;

    b.    Tatung Company Ltd., represented by Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., stipulation of claim for $17,000,000;

    c.    Sony Corporation, represented by Quinn Emmanuel Urquart Oliver & Hedges, LLP, proof of claim for $4,414,120.84; and

    d.    Microdyne Outsourcing Inc., represented by Connon Wood Scheidemantle LLP, proof of claim for $644,020.00.

7.    CMA repeatedly offered to stipulate to the allowance in full of the claims of the Plaintiffs in this action in the amount liquidated by this Court. CMA has communicated this offer to the Plaintiffs and they rejected this offer.

8.    CMA is in the process of analyzing the claims submitted, and CMA does not waive its right to object to the allowance of such claims in the General Assignment.

9.    I declare under penalty of perjury that the foregoing is true and correct. Executed at Burbank, California this 30th day of September, 2010.

                                      _____
                                      Michael Joncich