SOFTWARE FREEDOM LAW CENTER, INC.
Daniel B. Ravicher (DR1498)
Aaron Williamson (AW1337)
Michael A. Spiegel (MS2309)
1995 Broadway, 17th Floor
New York, NY 10023-5882
Tel.: 212-580-0800
Fax.: 212-580-0898

Attorneys for Plaintiffs *Software Freedom Conservancy, Inc.* and *Erik Andersen*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
SOFTWARE FREEDOM CONSERVANCY, INC. and  :
ERIK ANDERSEN,                           :    ECF CASE
                                         :
                Plaintiffs,   :    09-CV-10155 (SAS)
   -against-                            :
                                         :
BEST BUY CO., INC., SAMSUNG ELECTRONICS  :    **MEMORANDUM OF LAW IN**
AMERICA, INC., WESTINGHOUSE DIGITAL      :    **SUPPORT OF PLAINTIFFS'**
ELECTRONICS, LLC, JVC AMERICAS           :    **MOTION TO FIND**
CORPORATION, WESTERN DIGITAL             :    **WESTINGHOUSE DIGITAL,**
TECHNOLOGIES, INC., ROBERT BOSCH LLC,    :    **LLC IN CONTEMPT**
PHOEBE MICRO, INC., HUMAX USA INC.,      :
COMTREND CORPORATION, DOBBS-STANFORD     :
CORPORATION, VERSA TECHNOLOGY INC.,      :
ZYXEL COMMUNICATIONS INC., ASTAK INC.,   :
and GCI TECHNOLOGIES CORPORATION,        :
                                         :
                Defendants.   :
------------------------------------------------------------------- X

Plaintiffs Software Freedom Conservancy, Inc., and Erik Andersen ("Plaintiffs") respectfully submit this Memorandum of Law in support of their motion to find Westinghouse Digital, LLC, ("New Westinghouse") to be in contempt of this Court's injunction issued against Westinghouse Digital Electronics, LLC ("Old Westinghouse"). The court granted Plaintiffs leave to make this motion at the conference held by the court on February 22, 2011.

Plaintiffs hold valid copyright in a computer program known as BusyBox. Despite being subject to the injunction issued by this Court prohibiting copying, distribution or use of BusyBox, New Westinghouse continues to distribute BusyBox without Plaintiffs' permission. Thus, Plaintiffs move this Court to find New Westinghouse in contempt of its injunction, and to award all appropriate remedies therefor, including compensatory and coercive damages, attorney's fees and costs, and an order for New Westinghouse to deliver all infringing articles to Plaintiffs for disposition.

<u>This Court's Injunction Against Old Westinghouse Applies to New Westinghouse</u>

The injunction granted by the Court in this matter prohibits Old Westinghouse from "further copying, distribution, or use of Busybox without permission." Opinion and Order (July 27, 2010) (Dkt. 131). Federal Rule of Civil Procedure 65(d) ("Rule 65(d)") defines the scope of injunctions under federal law and states that, with actual notice thereof, an injunction applies to "the parties … [their] officers, agents, servants, employees, and attorneys and … other persons who are in active concert or participation with [the preceding]." The Second Circuit has held that "an organization and its agents may not circumvent a valid court order merely by making

1

superficial changes in the organization's name or form, and in appropriate circumstances a court is authorized to enforce its order against a successor of the enjoined organization." *New York v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2nd Cir. 1996).

The "critical inquiry" to whether an injunction applies to a third party is "whether there is a substantial continuity of identity between the two organizations." *Id*. This rule has been routinely applied in the intellectual property context. For example, the Federal Circuit noted in a case involving an injunction arising from patent infringement committed by a successor to the enjoined party that "An injunction would be of little value if its proscriptions could be evaded by the expedient of forming another entity to carry on the enjoined activity. For that reason, courts have consistently held that 'successors' are within the scope of an injunction entered against a corporation and may be held in contempt for its violation." *Additive Controls & Measurement Sys. v. Flowdata, Inc.*, 154 F.3d 1345, 1355 (Fed. Cir. 1998).

Federal common law – not state law – determines the applicability of Rule 65(d) on successors. *See, Operation Rescue*, 80 F.3d at 70 (2d Cir. 1996) (applying federal successor law to determine the limits of Rule 65(d)); *Additive Controls,* 154 F.3d at 1355 ("the question of the extent to which a federal injunction applies to non-parties is governed by Federal Rule of Civil Procedure 65(d), not by state law"). As the Federal Circuit correctly recognized, "the 'substantial continuity of identity' test has been adopted as a general expression of the degree of closeness that Rule 65(d) requires for a non-party successor to be subject to the injunction." *Additive Controls,* 154 F.3d at 1355 (*citing Operation Rescue Nat'l*, 80 F.3d at 70).

This Court noted in its opinion on Plaintiffs' pending motion to join New Westinghouse to this action under Rule 25(c) that the "substantial continuity test asks whether the new company has acquired substantial assets of its predecessor and continued, without interruption or substantial change, the predecessor's business operations." 2010 US Dist. Lexis 125426, *24 (S.D.N.Y 2010) (quoting *Fall River Dyeing & Fishing Corp. v. NLRB*, 482 U.S. 27, 43 (1987)) (internal quotations omitted). The circumstances here paint a crystal clear picture that New Westinghouse is a substantial continuation of Old Westinghouse. New Westinghouse acquired substantial assets of Old Westinghouse and continues to operate the same television business without interruption. New Westinghouse also holds itself out to be the same corporation (by using the same name) and appears to both possess the infringing televisions Old Westinghouse manufactured and acquired the contractual liabilities of Old Westinghouse necessary to continue the television business. Further still, New Westinghouse has the same address and at least some of the same officers, including the same President and Counsel.

New Westinghouse concedes it has been fully aware of this action and specifically this Court's injunction. *Respondent Westinghouse Digital, LLC's Opposition to Plaintiffs' Motion for Joinder*, Dkt. 149, pp. 6, 22 (September 20, 2010). Nonetheless, it continues to distribute BusyBox at least via its website without any regard thereto. In fact, it continues to distribute the same infringing firmware containing BusyBox from the same exact URL from which Old Westinghouse had made infringing distributions. To be sure, by attempting to shed copyright infringement liability while continuing its television distribution operations without interruption,

New Westinghouse and Old Westinghouse acted in concert to bring about a result forbidden by the injunction, namely the continued distribution of infringing versions of Plaintiffs' copyrighted BusyBox software.  New Westinghouse was aware of the injunction and must know that its continued distribution of Plaintiffs' copyrighted software violates the injunction.  As such, it is appropriate for this Court to find New Westinghouse in contempt of its injunction order.

<u>Plaintiffs Seek All Appropriate Remedies Against New Westinghouse</u>

Where a court finds contempt of its order, the court may fashion a remedy that enforces future compliance.  *See*, *e.g.*, *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 657-658 (2d Cir. 2004).  As such, Plaintiffs respectfully request that, upon finding New Westinghouse in contempt of its injunction, the Court award Plaintiffs (i) coercive and compensatory damages, (ii) attorney's fees and costs, and (iii) an order for New Westinghouse to deliver all infringing articles to Plaintiffs for disposition.

Dated: February 23, 2011
       New York, New York

                                      Respectfully submitted,
                                      SOFTWARE FREEDOM LAW CENTER, INC.

                                      By: <u> s/ Daniel B. Ravicher         </u>
                                      Daniel B. Ravicher (DR1498)
                                      Aaron Williamson (AW1337)
                                      Michael A. Spiegel (MS2309)
                                      1995 Broadway, 17th Floor
                                      New York, NY 10023-5882
                                      Tel.: 212-580-0800
                                      Fax.: 212-580-0898

                                      Attorneys for Plaintiffs *Software Freedom*
                                      Conservancy, Inc. and Erik Andersen