UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SOFTWARE FREEDOM CONSERVANCY, INC.
and ERIK ANDERSEN,                                                          09-CIV-10155 (SAS)

                Plaintiffs                              **DECLARATION OF PETER LUI IN SUPPORT OF DEFFENDANT PHOEBE MICRO'S INC.'S NOTICE OF JOINDER IN DEFENDANT BEST BUY CO. INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

-against-

BEST BUY CO. INC.; SAMSUNG ELECTRONICS AMERICA, INC.; WESTINGHOUSE DIGITAL ELECTRONICS, LLC; JVC AMERICAS CORP; WESTERN DIGITAL TECHNOLOGIES, INC; ROBERT BOSCH, LLC; PHOEBE MICRO, INC.; HUMAX USA, INC.; COMTREND CORPORATION DOBBS-STANFORD CORPORATION; VERSA TECHNOLOGY INC.; ZYXEL COMMUNICATIONS INC.; ASTAK INC.; and GCI TECHNOLOGIES CORPORATION,

                Defendants
-----------------------------------------------------------------X

        I, Peter Lui, hereby declare as follows:

        1.    I am the General Manager of Phoebe Micro, Inc. ("Phoebe") and my work address is Phoebe Micro, Inc., 47606 Kato Road, Fremont, CA 94538. I submit this declaration in support of Defendant Phoebe Micro, Inc.'s Notice of Joinder in Defendant Best Buy Co. Inc.'s Opposition to Plaintiff's Motion for Preliminary Injunction.

        2.    Phoebe is a reseller of *inter alia* wireless router products, access points and wireless cards that operate under the 802.11 standard. It purchases wireless products from original equipment manufacturers and resells them to distributors.

        3.    Phoebe sells its product on a wholesale basis primarily to other distributors. Phoebe does not advertise its website to generate sales. Interactions between end users and Phoebe are minimal and generally limited to some technical support help.

4.      Phoebe is a small company of 12 full-time and part-time employees and has spent significant efforts in the past year to obtain code from the manufacturers of the products subject to this litigation (the "Accused Products").  Phoebe provided these codes in an attempt to show compliance with the licensing terms and to enter into a settlement agreement with Plaintiffs.

5.      Plaintiffs approved three of the software codes provided as being properly compiled and stated that there were software compilation problems with the remaining codes.  There are now 14 code sets still to be approved by Plaintiffs.

6.      In the past year, whenever Plaintiffs noted an error with some code compilation, Phoebe would go back to the manufacturers to fix the problems and present revised code to Plaintiffs for review.  It would generally take Plaintiffs one to four months to provide feedback on the code provided.

7.      Phoebe presented the latest full set of codes to Plaintiffs for review on or about December 1, 2010.  Because of Plaintiffs' busy schedule, they were not able to provide comment on whether some of the codes provided were properly compiled until February 11, 2011.

8.      Phoebe's full intent is to comply with the licensing terms but, based on the rejection of the code compilations by Plaintiffs, Phoebe believed that it needed to bring in outside software development experts to review the codes provided by Phoebe's manufacturers.  Phoebe desires to provide compliant code, but apparently the manufacturers' software developers were not compiling the code to the standards desired by Plaintiffs.

9.      Because of Phoebe's small size (12 full-time and part-time employees), Phoebe also sought software development assistance that would be affordable.

10. Phoebe asked Plaintiffs for recommendations of Busybox developers whom they work with so that Phoebe can be assured that the developers selected could properly format the codes. Plaintiffs indicated they were unable to provide recommendations.

11. In the first week of March 2011, Phoebe then reached out to the Busybox general development community through the Busybox.net website mailing list to ask if any Busybox developer could assist in properly compiling the code. Phoebe informed Plaintiffs of its desire to seek a software developer from the Busybox community to ensure that the software developer selected had the proper expertise. Plaintiffs' counsel indicated this approach was acceptable to them so long as Phoebe informed them of which Busybox developers approached Phoebe.

12. Two developers from the Busybox developer community, who are not parties to this action, responded and said they would assist. Phoebe informed Plaintiffs of the identities of these developers. Plaintiffs instructed Phoebe not to speak with one of these developers, but indicated Phoebe was free to speak with the other developer. Given this developer's involvement in the Busybox developer community, Phoebe has a higher level of confidence that the code it is supplying can be compiled to the standards required by Plaintiffs.

13. Through the preliminary injunction motion, Plaintiffs are seeking to prevent Phoebe from selling any of the Accused Products until Plaintiffs have time to review and approve the code. This would have a devastating effect on my small company as the Accused Products constitute a significant portion of our revenue. It is all the more frustrating in that there is no timeline provided by Plaintiffs as to when they would actually have the time to review and approve all the codes provided by Phoebe and

Phoebe could be in a situation of waiting months for approval and having to terminate additional staff members because of the significant drop in revenue.

14. Phoebe joins in the arguments presented by Defendant Best Buy Co. Inc. in its opposition motion that Plaintiffs have not met the high burden required for a preliminary injunction and also requests that if a preliminary injunction be granted, that Plaintiffs should post a bond in an amount sufficient to protect Phoebe.

15. On March 4, 2011, Phoebe presented Plaintiffs with yet another full set of codes to be reviewed by Plaintiffs.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on March 7, 2011 at Fremont, California.

By: _____
       Peter Lui