Federal Communications Commission DA 08-848

**Before the
Federal Communications Commission
Washington, D.C. 20554**

| | | |
|---|---|---|
| In the Matter of | ) | File No. EB-07-SE-261 |
| | ) | |
| | ) | Acct. No. 200832100028 |
| Westinghouse Digital Electronics, LLC | ) | |
| | ) | FRN No. 0017020017 |

**ORDER**

**Adopted:** April 9, 2008                                **Released:** April 10, 2008

By the Chief, Enforcement Bureau:

1. In this Order, we adopt the attached Consent Decree entered into between the Enforcement Bureau ("Bureau") and Westinghouse Digital Electronics, LLC ("Westinghouse Digital Electronics"). The Consent Decree terminates an investigation by the Bureau against Westinghouse Digital for possible violations of section 330(c) of the Communications Act of 1934, as amended (the "Act"),[1] and section 15.120(d)(2) of the Commission's rules,[2] regarding the interstate shipment, after March 15, 2006, of digital television receivers that do not comply with the V-Chip technology requirements because they lack the ability to adapt to new rating systems.

2. The Bureau and Westinghouse Digital Electronics have negotiated the terms of the Consent Decree that resolve this matter. A copy of the Consent Decree is attached hereto and incorporated by reference.

3. After reviewing the terms of the Consent Decree and evaluating the facts before us, we find that the public interest would be served by adopting the Consent Decree and terminating the investigation.

4. In the absence of material new evidence relating to this matter, we conclude that our investigation raises no substantial or material questions of fact as to whether Westinghouse Digital Electronics possesses the basic qualifications, including those related to character, to hold or obtain any Commission license or authorization.

5. Accordingly, **IT IS ORDERED** that, pursuant to section 4(i) of the Communications Act of 1934, as amended,[3] and sections 0.111 and 0.311 of the Commission's Rules,[4] the Consent Decree attached to this Order **IS ADOPTED**.

6. **IT IS FURTHER ORDERED** that the above-captioned investigation **IS TERMINATED**.

---

[1] 47 U.S.C. § 330(c).

[2] 47 C.F.R. § 15.120(d)(2).

[3] 47 U.S.C. § 154(i).

[4] 47 C.F.R. §§ 0.111, 0.311.

7.	**IT IS FURTHER ORDERED** that all third-party complaints against Westinghouse Digital Electronics before the Bureau related to the above-captioned-investigation as of the date of this Consent Decree **ARE DISMISSED**.

8.	**IT IS FURTHER ORDERED** that Westinghouse Digital Electronics shall make its voluntary contribution to the United States Treasury, as specified in the Consent Decree, by credit card through the Commission's Revenue and Receivables Operations Group at (202) 418-1995, or by mailing a check or similar instrument payable to the Order of the Federal Communications Commission, to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000.  Payment by overnight mail may be sent to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101.  Payment by wire transfer may be made to ABA Number 021030004, receiving bank Federal Reserve Bank of New York, and account number 27000001.  For payment by credit card, an FCC Form 159 (Remittance Advice) must be submitted.  When completing the FCC Form 159, enter the Account number in block number 23A (call sign/other ID), and enter the letters "FORF" in block number 24A (payment type code).

9.	**IT IS FURTHER ORDERED** that Westinghouse Digital Electronics will file reports with the Commission ninety days after the Effective Date, twelve months after the Effective Date**,** and twenty-four months after the Effective Date.  Each report shall include a compliance certificate from an officer, as an agent of Westinghouse Digital Electronics, stating that the officer has personal knowledge that Westinghouse Digital Electronics has established operating procedures intended to ensure compliance with this Consent Decree, together with an accompanying statement explaining the basis for the officer's compliance certification.  All reports shall be submitted to Chief, Spectrum Enforcement Division, Enforcement Bureau, Federal Communications Commission, 445 12th Street, S.W., Washington, D.C. 20554.

10.	**IT IS FURTHER ORDERED** that a copy of this Order and Consent Decree shall be sent by first class mail and certified mail, return receipt requested, to Darwin Chang, Chief Technology Office, Westinghouse Digital Electronics, LLC, 12150 Mora Drive, Santa Fe Springs, CA 90670, and to its counsel, Gunnar D. Halley, Esq., Lawler, Metzger, Milkman & Keeney, LLC, 2001 K Street, NW, Suite 802, Washington, DC 20006, and Christopher J. Wright, Esq., Harris, Wiltshire & Grannis, LLP, 1200 18th St., N.W. Washington, DC 20036.

		FEDERAL COMMUNICATIONS COMMISSION



		Kris Anne Monteith
		Chief, Enforcement Bureau

Federal Communications Commission					DA 08-848

**Before the
Federal Communications Commission
Washington, D.C. 20554**

| | | |
|---|---|---|
| In the Matter of | ) | File No. EB-07-SE-261 |
| | ) | |
| | ) | Acct. No. 200832100028 |
| Westinghouse Digital Electronics, LLC | ) | |
| | ) | FRN No. 0017020017 |

**CONSENT DECREE**

The Enforcement Bureau ("Bureau") and Westinghouse Digital Electronics, LLC ("Westinghouse Digital Electronics"), by their authorized representatives, hereby enter into this Consent Decree for the purpose of terminating the Bureau's investigation into whether Westinghouse Digital Electronics violated section 330(c) of the Communications Act of 1934, as amended (the "Act"),[1] and section 15.120(d)(2) of the Commission's rules,[2] regarding the interstate shipment, after March 15, 2006, of digital television receivers that do not comply with the V-Chip technology requirements because they lack the ability to adapt to new rating systems.

**I.   DEFINITIONS**

      1.      For the purposes of this Consent Decree, the following definitions shall apply:

      (a)  "Act" means the Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq.*

      (b)  "Bureau" means the Enforcement Bureau of the Federal Communications Commission.

      (c)  "Commission" and "FCC" mean the Federal Communications Commission and all of its bureaus and offices.

      (d)  "Complaints" means third-party complaints that may have been received by, or are in the possession of, the Commission or Bureau alleging violations of V-Chip technology requirements.

      (e)  "Compliance Plan" means the program described in this Consent Decree at paragraph 8.

      (f)  "Digital Television Receivers" or "DTV Receivers" means (i) digital television broadcast receivers with display screens in the 4:3 aspect ratio measuring 13 inches or larger diagonally, (ii) digital television broadcast receivers with display screens in the 16:9 aspect ratio measuring 7.8 inches or larger vertically, and (iii) devices with digital television broadcast tuners sold without an accompanying display device, such as DVR recorders.

      (g)  "Effective Date" means the date on which the Bureau releases the Adopting Order.

---

[1] 47 U.S.C. § 330(c).

[2] 47 C.F.R. § 15.120(d)(2).

(h) "Investigation" means the investigation commenced by the Bureau's August 9, 2007 Letter of Inquiry[3] regarding whether Westinghouse Digital Electronics violated section 330(c) of the Act, and section 15.120(d)(2) of the Rules, by shipping interstate television receivers that do not comply with the V-Chip technology requirements because they lack the ability to adapt to new rating systems.[4]

(i) "Westinghouse Digital Electronics" means Westinghouse Digital Electronics, LLC and its predecessors-in-interest and successors-in-interest.

(j) "Order" or "Adopting Order" means an Order of the Bureau adopting the terms of this Consent Decree without change, addition, deletion, or modification.

(k) "Parties" means Westinghouse Digital Electronics and the Bureau.

(l) "Rules" means the Commission's regulations found in Title 47 of the Code of Federal Regulations.

## II. BACKGROUND

2. Section 303(x) of the Act directs the Commission to prescribe rules requiring that television receivers shipped in interstate commerce or manufactured in the United States be equipped with a feature designed to enable viewers to block the display of all programs with a common rating.[5] Section 330(c) of the Act provides that no person shall ship in interstate commerce or manufacture in the United States television receivers that do not comply with rules prescribed by the Commission pursuant to section 303(x).[6] The Commission adopted program blocking capability requirements for both analog and digital television ("DTV") receivers in 1998.[7] In 2004, the Commission adopted specific technical standards to implement V-Chip functionality for DTV receivers ("V-Chip technology requirements").[8] The DTV V-Chip technology requirements provide that, effective March 15, 2006, digital television receivers with picture screens 13 inches or greater that are shipped in interstate commerce must be equipped with V-Chip technology to allow blocking of the display of programming based on its content and be able to respond to changes in the content advisory rating system.[9]

3. On August 9, 2007, the Bureau issued a letter of inquiry (LOI) to Westinghouse Digital Electronics.[10] The August 9, 2007 LOI directed Westinghouse Digital Electronics, among other things, to

---

[3] *See* Letter from Kathryn S. Berthot, Chief, Spectrum Enforcement Division, Enforcement Bureau to Richard Huong, Chief Executive Officer, Westinghouse Digital Electronics, LLC ("August 9, 2007 LOI").

[4] 47 U.S.C. § 330(c); 47 C.F.R. § 15.201(d)(2).

[5] 47 U.S.C. § 303(x).

[6] 47 U.S.C. § 330(c).

[7] *In the Matter of Technical Requirements to Enable Blocking of Video Programming Based on Program Rating, Implementation of Sections 551(c), (d), and (e) of the Telecommunications Act of* 1996, Report and Order, 13 FCC Rcd 11248 (1998).

[8] *In the Matter of Second Periodic Review of the Commission's Rules and Policies Affecting the Conversion to Digital Television*, Report and Order, 19 FCC Rcd 18279 (2004). The V-Chip technology requirements also apply to devices sold without an accompanying display device. *Id.* at 18348.

[9] 47 C.F.R. § 15.120(d)(2).

[10] *See* August 9, 2007 LOI.

submit a sworn written response to a series of questions relating to the interstate shipment of television receivers that did not comply with the Commission's requirements that they be able to respond to changes in the content advisory rating system. Westinghouse Digital Electronics responded to the August 9, 2007 LOI on October 9, 2007.[11]

### III.   TERMS OF AGREEMENT

4.   **Adopting Order.**  The Parties agree that the provisions of this Consent Decree shall be subject to final approval by the Bureau by incorporation of such provisions by reference in the Adopting Order without change, addition, modification, or deletion.

5.   **Jurisdiction.**  Westinghouse Digital Electronics agrees that the Bureau has jurisdiction over it and the matters contained in this Consent Decree and has the authority to enter into and adopt this Consent Decree.

6.   **Effective Date; Violations.**  The Parties agree that this Consent Decree shall become effective on the date on which the Bureau releases the Adopting Order.  Upon release, the Adopting Order and this Consent Decree shall have the same force and effect as any other Order of the Bureau.  Any violation of the Adopting Order or of the terms of this Consent Decree shall constitute a separate violation of a Bureau Order, entitling the Bureau to exercise any rights and remedies attendant to the enforcement of a Commission Order.

7.   **Termination of Investigation.**  In express reliance on the covenants and representations in this Consent Decree and to avoid further expenditure of public resources, the Bureau agrees to terminate its investigation and dismiss the Complaint.  In consideration for the termination of said investigation and dismissal of the Complaint, Westinghouse Digital Electronics agrees to the terms, conditions, and procedures contained herein.  The Bureau further agrees that in the absence of new material evidence, the Bureau will not use the facts developed in this investigation through the Effective Date of the Consent Decree, or the existence of this Consent Decree, to institute, on its own motion, any new proceeding, formal or informal, or take any action on its own motion against Westinghouse Digital Electronics concerning the matters that were the subject of the investigation.  The Bureau also agrees that it will not use the facts developed in this investigation through the Effective Date of this Consent Decree, or the existence of this Consent Decree, to institute on its own motion any proceeding, formal or informal, or take any action on its own motion against Westinghouse Digital Electronics with respect to Westinghouse Digital Electronics' basic qualifications, including its character qualifications, to be a Commission licensee or hold Commission authorizations.

8.   **Compliance Plan.**  For purposes of settling the matters set forth herein, Westinghouse Digital Electronics agrees to create within 60 days and maintain a Compliance Plan related to future compliance with the Act, the Commission's Rules, and the Commission's Orders.  The Plan will include, at a minimum, the following components:

(a) **Customer Notification.** Westinghouse Digital Electronics will notify all customers in its data base who purchased digital television receivers that do not comply with section 15.120(d)(2) that the receivers need to be upgraded to respond to changes in the content advisory rating system. Westinghouse Digital Electronics also will post this information on its website and will provide this information to customers who are on hold while calling its service and call centers.

---

[11] *See* Letter from Darwin Chang, Chief Technology Officer, Westinghouse Digital Electronics, LLC, to Kathryn Berthot, Chief, Spectrum Enforcement Division, Enforcement Bureau (October 9, 2007).

3

    (b) **Receiver Upgrades**.  Westinghouse Digital Electronics will assist customers who purchased models with a USB connector in downloading appropriate firmware from its website and installing it on the receiver through the USB connector.  Westinghouse Digital will make the firmware available on its website for a period of five years.  If a customer is not able to download the firmware, Westinghouse Digital Electronics will offer to provide a device (such as a thumb drive or a compact disc) at no charge that the customer can use to install the upgrade.  For customers who purchased models without a USB connector or firmware solution, Westinghouse Digital Electronics will permit the customer to bring the receiver to the store where it was purchased or to a Westinghouse Digital Electronics service center, where the receiver will be upgraded or replaced, at Westinghouse Digital Electronics' discretion, without charge to the customer.

    (c) **Compliance Officer.**  Westinghouse Digital Electronics will appoint its Chief Technology Officer as the Compliance Officer who will oversee the Compliance Plan and enforce the applicable FCC requirements within Westinghouse Digital Electronics.

    (d) **Compliance Measures**.  To ensure future compliance, Westinghouse Digital Electronics will implement compliance policies and procedures which will: (1) require specifications for the purchase of products and components to include specific reference to applicable FCC standards; (2) include compliance with FCC requirements in the company's internal and external product design review process; (3) establish procedures for and conduct periodic product testing with respect to compliance with applicable FCC standards; (4) and identify, segregate, and track to resolution design and product issues specifically affecting the ability of a product to comply with FCC standards.

    (e) **Compliance Reports.**  Westinghouse Digital Electronics will file compliance reports with the Commission ninety days after the Effective Date, twelve months after the Effective Date, and twenty-four months after the Effective Date.  Each compliance report shall include a compliance certificate from an officer, as an agent of Westinghouse Digital Electronics, stating that the officer has personal knowledge that Westinghouse Digital Electronics has established operating procedures intended to ensure compliance with this Consent Decree, together with an accompanying statement explaining the basis for the officer's compliance certification.  All compliance reports shall be submitted to Chief, Spectrum Enforcement Division, Enforcement Bureau, Federal Communications Commission, 445 12th Street, S.W., Washington, D.C. 20554.

    (f) **Termination Date.**  Unless stated otherwise, the requirements of this Consent Decree will expire twenty-four months after the Effective Date.

    9.    **Voluntary Contribution.**  Westinghouse Digital Electronics agrees that it will make a voluntary contribution to the United States Treasury in the amount of $210,000.  The payment will be made within 30 days after the Effective Date of the Adopting Order.  The payment must be made by check or similar instrument, payable to the Order of the Federal Communications Commission.  The payment must include the Account Number and FRN Number referenced in the caption to the Adopting Order.  Payment by check or money order may be mailed to Federal Communications Commission, P.O. Box 979088, St. Louis, MO 63197-9000.  Payment by overnight mail may be sent to U.S. Bank – Government Lockbox #979088, SL-MO-C2-GL, 1005 Convention Plaza, St. Louis, MO 63101. Payment by wire transfer may be made to ABA Number 021030004, receiving bank TREAS/NYC, and account number 27000001.  For payment by credit card, an FCC Form 159 (Remittance Advice) must be submitted.  When completing the FCC Form 159, enter the Account number in block number 23A (call sign/other ID), and enter the letters "FORF" in block number 24A (payment type code).

10.	**Waivers.**  Westinghouse Digital Electronics waives any and all rights it may have to seek administrative or judicial reconsideration, review, appeal or stay, or to otherwise challenge or contest the validity of this Consent Decree and the Order adopting this Consent Decree, provided the Bureau issues an Order adopting the Consent Decree without change, addition, modification, or deletion.  Westinghouse Digital Electronics shall retain the right to challenge Commission interpretation of the Consent Decree or any terms contained herein.  If either Party (or the United States on behalf of the Commission) brings a judicial action to enforce the terms of the Adopting Order, neither Westinghouse Digital Electronics nor the Commission shall contest the validity of the Consent Decree or the Adopting Order, and Westinghouse Digital Electronics shall waive any statutory right to a trial *de novo*.  Westinghouse Digital Electronics hereby agrees to waive any claims it may otherwise have under the Equal Access to Justice Act, 5 U.S.C. § 504 and 47 C.F.R. § 1.1501 *et seq.*, relating to the matters addressed in this Consent Decree.

11.	**Severability.**  The Parties agree that if any of the provisions of the Adopting Order or the Consent Decree shall be invalid or unenforceable, such invalidity or unenforceability shall not invalidate or render unenforceable the entire Adopting Order or Consent Decree, but rather the entire Adopting Order or Consent Decree shall be construed as if not containing the particular invalid or unenforceable provision or provisions, and the rights and obligations of the Parties shall be construed and enforced accordingly.  In the event that this Consent Decree in its entirety is rendered invalid by any court of competent jurisdiction, it shall become null and void and may not be used in any manner in any legal proceeding.

12.	**Subsequent Rule or Order.**  The Parties agree that if any provision of the Consent Decree conflicts with any subsequent rule or Order adopted by the Commission (except an Order specifically intended to revise the terms of this Consent Decree to which Westinghouse Digital Electronics does not expressly consent) that provision will be superseded by such Commission rule or Order.

13.	**Successors and Assigns.**  Westinghouse Digital Electronics agrees that the provisions of this Consent Decree shall be binding on its successors, assigns, and transferees.

14.	**Final Settlement.**  The Parties agree and acknowledge that this Consent Decree shall constitute a final settlement between the Parties.  The Parties further agree that this Consent Decree does not constitute either an adjudication on the merits or a factual or legal finding or determination regarding any compliance or noncompliance with the requirements of the Act or the Commission's Rules and Orders.

15.	**Modifications.**  This Consent Decree cannot be modified without the advance written consent of both Parties.

16.	**Paragraph Headings.**  The headings of the Paragraphs in this Consent Decree are inserted for convenience only and are not intended to affect the meaning or interpretation of this Consent Decree.

17.	**Authorized Representative.**  Each party represents and warrants to the other that it has full power and authority to enter into this Consent Decree.

**Federal Communications Commission**     DA 08-848

    18.    **Counterparts.**  This Consent Decree may be signed in any number of counterparts (including by facsimile), each of which, when executed and delivered, shall be an original, and all of which counterparts together shall constitute one and the same fully executed instrument.

_____
Kris Anne Monteith
Chief
Enforcement Bureau


_____
Date


_____
Darwin Chang
Chief Technology Officer
Westinghouse Digital Electronics, LLC


_____
Date