SOFTWARE FREEDOM LAW CENTER, INC.
Daniel B. Ravicher (DR1498)
Aaron Williamson (AW1337)
Mishi Choudhary (MC2009)
Michael A. Spiegel (MS2309)
1995 Broadway, 17th Floor
New York, NY 10023-5882
Tel.: 212-580-0800
Fax.: 212-580-0898

Attorneys for Plaintiffs *Software Freedom
Conservancy, Inc. and Erik Andersen*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SOFTWARE FREEDOM CONSERVANCY, INC., et al.** | |
| **Plaintiffs,** | **1:09-cv-10155-SAS** |
| **- against -** | |
| **BEST BUY CO., INC., et al.** | **ECF CASE** |
| **Defendants.** | |

## PLAINTIFF SOFTWARE FREEDOM CONSERVANCY'S RESPONSE TO DEFENDANT BEST BUY'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiff Software Freedom

Conservancy hereby answers Defendant Best Buy Co., Inc.'s First Set of Production Requests as

follows:

**General Objections**

1. Plaintiff objects to these requests to the extent they seek information which is protected from disclosure under the attorney-client privilege or work product immunity.
2. Plaintiff objects to these requests to the extent they seek the production of "all" documents or the like.  Such requests are unduly broad and burdensome.
3. Plaintiff objects to these requests to the extent the information sought has been previously asked and answered.
4. Plaintiff objects to these requests to the extent that they seek information which is neither relevant to the issues raised in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.
5. Plaintiff objects to these requests to the extent that they seek information which is readily available to Defendant from a public source, including from http://www.busybox.net or from the following publicly archived mailing lists: busybox@busybox.net; busybox-cvs@busybox.net; buildroot@busybox.net; and debian-boot@lists.debian.org.  Public archives of these lists can be found at http://lists.busybox.net/mailman/listinfo and http://lists.debian.org/debian-boot/.
6. To the extent that Plaintiff responds to a Request, this should not be construed as a representation or admission that the documents or responses are admissible at trial or any objections to the Request have been waived.

**Responses to Requests:**

REQUEST NO. 1: All Documents identified in your responses to any Interrogatories propounded to you in this matter, by any party, or used, referenced, or consulted by you to answer any such Interrogatories.

**RESPONSE TO REQUEST NO. 1:** Plaintiff has not identified, used, referenced, or consulted any documents in response to any Interrogatory yet propounded by it in this matter.

REQUEST NO. 2: All Documents that support, refute, or in any way relate to any of the assertions contained within your Complaint.

**RESPONSE TO REQUEST NO. 2:** Objection. This request is essentially unlimited in scope, and to comply with it would be an undue burden and expense on the plaintiff.  Relevant documents responsive to this request will be produced in response to other requests.

REQUEST NO. 3: All Documents that refer to, reflect, or constitute the development of each version of BusyBox including, without limitation, Documents demonstrating all persons involved in such development.

**RESPONSE TO REQUEST NO. 3**: Subject to General Objections No. 2 and 5.  Every relevant version of BusyBox, as well as logs detailing its entire development history, are available publicly at http://www.busybox.net/.  Additionally, most communication regarding the development of BusyBox occurred on public mailing lists which are archived publicly.  All

responsive documents of which Plaintiff is aware and which are not publicly available will be produced.

REQUEST NO. 4: All Documents that refer to, reflect, or constitute any version of the BusyBox code.

**RESPONSE TO REQUEST NO. 4**: Subject to General Objections No. 2 and 5.  Every relevant version of BusyBox, as well as logs detailing its entire development history, are available publicly at http://www.busybox.net/.  Plaintiff objects to this request to the extent it includes all email referring to BusyBox, because such a request would be overbroad and because it is unlikely to lead to the production of emails relevant to this matter that will not be produced in response to other requests.

REQUEST NO. 5: All communications with any individual who purports to have been involved with the creation, design and/or the development of any version of "BusyBox," including, but not limited to, Bruce Perens, Rob Landley and Denys Vlasenko.

**RESPONSE TO REQUEST NO. 5**: Subject to General Objections No. 2, 4, and 5. Plaintiff  has exchanged personal communications unrelated to BusyBox development with many of the individual developers of BusyBox.  Since those communications are irrelevant to this matter, they have been excluded, and only communications related to the development of BusyBox will be produced.

REQUEST NO. 6: All Documents relating or referring to ownership of any alleged copyrights in BusyBox.

**RESPONSE TO REQUEST NO. 6**: Subject to, and without waiving, the foregoing General Objections, Plaintiff will produce documents responsive to this request which are in its possession, custody, and control, in the form of electronic copies, or at a reasonable time and place.

REQUEST NO. 7: All Documents reflecting or referring to or constituting copyright registrations for BusyBox.

**RESPONSE TO REQUEST NO. 7**: Subject to, and without waiving, the foregoing General Objections, Plaintiff will produce documents responsive to this request which are in its possession, custody, and control, in the form of electronic copies, or at a reasonable time and place.

REQUEST NO. 8: All Documents referring or relating to any licensing of any alleged copyrights in BusyBox.

**RESPONSE TO REQUEST NO. 8**: Subject to, and without waiving, the foregoing General Objections, Plaintiff will produce documents responsive to Request No. 8 which are in its possession, custody, and control, in the form of electronic copies, or at a reasonable time and place.

REQUEST NO. 9: All communications between Erik Andersen and Software Freedom Conservancy, Inc. regarding ownership or enforcement of any alleged copyrights in BusyBox.

**RESPONSE TO REQUEST NO. 9**: Subject to, and without waiving, the foregoing General Objections, Plaintiff will produce documents responsive to this request which are in its possession, custody, and control, in the form of electronic copies, or at a reasonable time and place.

REQUEST NO. 10: All documents that refer to, reflect, or constitute any suits or threats of suit involving BusyBox.

**RESPONSE TO REQUEST NO. 10**: Subject to the General Objections, Plaintiff will produce documents responsive to this request which are in its possession, custody, and control, in the form of electronic copies, or at a reasonable time and place.

REQUEST NO. 11: All Documents that refer to Best Buy, including, but not limited to, Documents concerning Best Buy's alleged use of any alleged copyrights in BusyBox.

**RESPONSE TO REQUEST NO. 11**: Subject to, and without waiving, the foregoing General Objections, Plaintiff will produce documents responsive to this request which are in its possession, custody, and control, in the form of electronic copies, or at a reasonable time and place.

REQUEST NO. 12: All documents that refer to, reflect, or constitute any communications with Best Buy.

**RESPONSE TO REQUEST NO. 12**: Subject to General Objections No. 2 and 3; all responsive documents of which Plaintiff is aware will be produced pursuant to Request No. 11.

REQUEST NO. 13: All Documents produced in any prior litigation, where the litigation related to any alleged copyrights in BusyBox.

**RESPONSE TO REQUEST NO. 13**: Subject to General Objection No. 2; but Plaintiff has no knowledge of any such documents to date which would be responsive to this Request.

REQUEST NO. 14: All documents produced by any party in the current litigation.

**RESPONSE TO REQUEST NO. 14**: Subject to, and without waiving, the foregoing General Objections, Plaintiff will produce documents responsive to this request which are in its possession, custody, and control, in the form of electronic copies, or at a reasonable time and place.

4

DATED: June 18, 2010                     Respectfully submitted,

                                         SOFTWARE FREEDOM LAW CENTER, INC.

                              By:  s/ Aaron Williamson                    

                                   Aaron Williamson (AW1337)
                                   Daniel B. Ravicher (DR1498)
                                   Mishi Choudhary (MC2009)
                                   Michael A. Spiegel (MS2309)
                                   1995 Broadway, 17th Floor
                                   New York, NY 10023-5882
                                   Tel.: 212-580-0800
                                   Fax.: 212-580-0898

                                   Attorneys for Plaintiffs *Software Freedom
                                   Conservancy, Inc. and Erik Andersen*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via electronic mail on this 18th day of June, 2010.


By:  s/ Aaron Williamson
Aaron Williamson