# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-418
www.rkmc.com

ATTORNEYS AT LAW

Emmett J. McMahon
612-349-8728
EJMcMahon@rkmc.com

April 25, 2011

Honorable Shira A. Scheindlin
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

VIA FACSIMILE

Re: *Software Freedom Conservancy Inc., et al. v. Best Buy Co., Inc., et al.*,
09-cv-10155 (SAS)

Dear Judge Scheindlin:

On behalf of defendant Best Buy Co., Inc. ("Best Buy"), we write to request a pre-motion conference regarding a motion to strike Plaintiffs' claim for "actual damages and any additional profits of [Best Buy] . . . incurred as the result of infringement." (Dkt. No. 1 at ¶ 33.) The basis for the motion is that, although discovery is closed and Plaintiffs continue to pursue non-statutory damages in this case, they have not provided a computation of such damages and supporting information as required by Fed. R. Civ. P. 26(a)(1)(A)(iii), nor have they provided any expert report or disclosures as required by Rule 26(a)(2). Plaintiffs continue to insist on "hiding the ball."

The Federal Rules required Plaintiffs to disclose a computation of each category of damages that they claim. Fed. R. Civ. P. 26(a)(1)(A)(iii). But no such computation has ever been provided to Best Buy. Plaintiffs' initial disclosures, which have never been supplemented as required by Fed. R. Civ. P. 26(e), did nothing more than reiterate the allegations in the Complaint. Plaintiffs also failed to produce a damages expert report by April 11th, as required by the Court's scheduling order. Furthermore, even after this issue was raised with counsel for Plaintiffs, they have not provided the requisite disclosures. Plaintiffs should therefore be precluded from offering any evidence on these claims at trial. Fed. R. Civ. P. 37(c); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294-296 (2d. Cir. 2006) (affirming a district court's exclusion of damages evidence where plaintiff failed to comply with the requirements of Fed. R. Civ. P. 26(a), which included providing a computation of damages supported by documents); *Gould Paper Corp. v. Madisen Corp.*, 614 F. Supp. 2d 485, 490 (S.D.N.Y. 2009) (precluding plaintiff from proving anything but nominal damages where they failed to provide a computation of each category of damages claimed and where fact and expert discovery had closed).

*Request granted. A pre-motion conference will be held on May 6 at 2:30. So Ordered. [signature] USDJ 4/25/11*

82146165.1

Honorable Shira A. Scheindlin
April 25, 2011
Page 2

In determining actual damages "the primary measure of recovery is the extent to which the market value of the copyrighted work at the time of the infringement has been injured or destroyed by the infringement." *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1118 (2d Cir. 1986). A copyright holder may typically demonstrate harm to the market value of a copyrighted work by demonstrating lost sales or other profits that he would have obtained but for the infringement. *Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 356 (S.D.N.Y. 2003). As discussed above, Plaintiffs have nowhere even attempted to articulate quantifiable harm to the market value of the copyrighted software at issue, Mr. Andersen's contributions to BusyBox v.0.60.3. Nor can they. The entire BusyBox program is freely available under an open source software license, (Dkt. No. 1, Ex. A), and no action by Best Buy has precluded anyone from accessing the BusyBox program. (Dkt. No. 178 at 6.)

Plaintiffs have also failed to make any of the requisite disclosures related to their damages claim based on Best Buy's profits, providing neither an expert report nor a computation as required by Rule 26(a)(1)(A)(iii).

Plaintiffs may respond that they are not required to elect which remedy they will pursue yet. Best Buy believes this is incorrect as expert reports on issues where Plaintiffs bear the burden of proof were due on April 11th. However, this is not merely an election issue. It is a disclosure issue. The Rules and Scheduling Order require that meaningful disclosures be made so that an opponent can adequately prepare a defense. Moreover, Rule 26(a)(1)(A)(iii) does not carve out an exception for plaintiffs who want to hide the ball and obtain unfair advantages. It does not allow a party to make the required disclosure whenever it is ready to elect between alternative remedies. The Rule specifically requires disclosure of "a computation of each category of damages."

For the reasons above, Plaintiffs' claim for actual damages and for Best Buy's profits should be stricken. We respectfully request an opportunity to appear and present argument on this important issue, and also to answer any questions from the Court.

Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Emmett J. McMahon

cc: Daniel B. Ravicher, Esq. (by email)
All Counsel of Record

82146165.1