# THE LAW OFFICES OF DANIEL B. RAVICHER, ESQ.

1375 Broadway, Ste. 600
New York, NY 10018

(646) 470-2641
ravicher@gmail.com

July 15, 2011

**By Facsimile**

Honorable Shira A. Scheindlin, U.S.D.J.
United States District Court
500 Pearl Street, Room 1620
New York, New York 10007
Fax: (212) 805-7920

*Request for a pre-motion conference is granted and scheduled for July 28, 2011 at 3:30pm. SO ORDERED*

*Shira A. Scheindlin, U.S.D.J.*

*7/18/11*

Re: **Software Freedom Conservancy v. Best Buy Co., 1:09-cv-10155-SAS**

Dear Judge Scheindlin:

Plaintiffs in this action for copyright infringement write to request a pre-motion conference in contemplation of filing a motion for summary judgment against the two remaining defendants, ZyXEL Communications, Inc. ("ZyXEL") and Phoebe Micro, Inc. ("Phoebe"). A copyright infringement claim comprises two elements: (i) ownership of a valid copyright and (ii) unauthorized copying, modifying, or distributing of the copyrighted work by another. *Feist Pub'lns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

<u>Plaintiffs Own Valid Copyrights in BusyBox.</u> Plaintiff Erik Andersen is a experienced computer programer who, from 1999 to 2006, was the sole maintainer of the BusyBox software project. As maintainer, Mr. Andersen not only wrote enormous amounts of code for BusyBox, he also served as the program's chief architect, reviewing, coordinating and editing contributions of code submitted by other developers. When he began his maintainership of BusyBox, Mr. Andersen was employed by Lineo, Inc., but that employment ended in 2001.

The first version of BusyBox Andersen began working on after leaving Lineo was version 0.60.3. That version contained a significant amount of brand new code that added functionality and improvements to the stability of BusyBox's core features. A large portion of this new code was written by Mr. Andersen entirely by himself. Mr. Andersen also received code from others and then edited and arranged those contributions before adding them to BusyBox. After releasing BusyBox version 0.60.3, Mr. Andersen continued contributing substantial original code as well as managing and editing contributions of code from other developers for every subsequent version of BusyBox until he ceded maintainership in 2006.

The BusyBox project uses revision control software to record the precise details of all changes made to it, by who, and when. All of BusyBox's revision control software records are available for public inspection. A simple review of those records shows the changes made under Mr. Andersen's maintainership and specifically the files he personally created or edited. When making changes to the BusyBox code, Mr. Andersen noted in the revision control software if the

Honorable Shira A. Scheindlin                                              July 15, 2011
Re: Software Freedom Conservancy v. Best Buy, 1:09-cv-10155-SAS             Page 2

changes were contributed in whole or part by another developer. Since all of these records were publicly available, other developers (in particular the ones who submitted changes) would review them and notify Mr. Andersen if any errors in attribution had been made. Neither ZyXEL nor Phoebe has identified a single witness – fact or expert – to dispute the accuracy of those publicly available records or Mr. Andersen's authorship in general.

Mr. Andersen is entitled to copyright for the code he wrote, including the edits he made to code contributed by others. *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 702 (2d Cir. 1992). Mr. Andersen is also entitled to copyright for his compilation of each BusyBox version he released as maintainer because the Copyright Act protects "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship ... ." 17 U.S.C. §§ 101, 103; *Feist Pub'lns, Inc.*, 499 U.S. at 362.

Mr. Andersen registered his copyright in version 0.60.3 of BusyBox. Dkt. 165-1 at 2. This registration covers both the specific new code he wrote for that version and also the version as a whole since he – as the project maintainer – was responsible for its "collection and assembling." Mr. Andersen's copyrights in later versions of BusyBox, while unregistered, are still a valid basis for the seeking of injunctive relief. 17 U.S.C. § 412 (listing remedies for which registration is a prerequisite and omitting injunctive relief).

ZyXEL and Phoebe are Infringing Plaintiffs' Copyrights. ZyXEL and Phoebe distributed and continue to distribute executable versions of BusyBox in products and via their website as part of software updates for their products. An executable version (the version that runs on a device) is produced when source code (the version of software written by humans, like Mr. Andersen) is compiled. Thus, the executable versions of BusyBox distributed by ZyXEL and Phoebe are mere translations of source code versions of BusyBox. Mr. Andersen's copyrights in BusyBox cover both the source code and executable versions. *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1249 (3d Cir. Pa. 1983).

The extent of ZyXEL and Phoebe's use of BusyBox is quite significant. ZyXEL has used BusyBox in more than fifty of its products; Phoebe in more than a dozen. The versions of BusyBox distributed by ZyXEL and Phoebe are copies of or heavily derived from version 0.60.3 and the later versions of BusyBox that Mr. Andersen contributed to and compiled as maintainer. Neither ZyXEL nor Phoebe have identifed a single witness – fact or expert – to dispute this conclusion. Thus, ZyXEL and Phoebe's distributions of executable versions of BusyBox that are copies of or substantially similar to version 0.60.3 and the later versions Mr. Andersen contributed to and compiled as maintainer infringe Plaintiffs' copyrights therein.

Plaintiffs are Entitled to Appropriate Remedies Against ZyXEL and Phoebe. Upon the issuance of summary judgment of infringement, Plaintiffs will request the following remedies.

Honorable Shira A. Scheindlin                                              July 15, 2011
Re: Software Freedom Conservancy v. Best Buy, 1:09-cv-10155-SAS             Page 3

*Permanent Injunction*: Under 17 U.S.C. § 502(a), a court may grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." In this Circuit, "permanent injunctions are generally granted where liability has been established and there is a threat of continuing infringement." *Pearson Educ., Inc. v. Jun Liao*, 2008 U.S. Dist. LEXIS 39222, at *14-15 (S.D.N.Y. 2008). Plaintiffs will respectfully request that the Court permanently enjoin ZyXEL and Phoebe from further copying, distribution or use of BusyBox.

*Damages*: Under 17 U.S.C. § 504(a), "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer ...; or (2) statutory damages." A plaintiff may pursue a determination of both alternative forms of damages before having to elect between the two. 17 U.S.C. § 504(c)(1).

Under 17 U.S.C. § 504(c)(2), if a defendant's infringement was willful, a court may award statutory damages up to $150,000. A finding of willful infringement is appropriate if the infringer was "actually aware of the infringing activity." *Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir 2005). Since both ZyXEL and Phoebe have had notice of Plaintiffs' copyright claims for over 18 months and yet continue to make infringing distributions, Plaintiffs will request statutory damages in the amount of $150,000 against each.

Further, on June 10, Plaintiffs provided ZyXEL with a calculation of ZyXEL's gross revenues attributable to infringement of Plaintiffs' copyright and the precise documents that support that calculation. On July 9, counsel for Plaintiffs asked counsel for ZyXEL whether ZyXEL intended to use any fact witness to address the issue of actual damages so that a deposition of that person could be scheduled. On July 10, counsel for ZyXEL wrote, "We don't plan to offer any further discovery on this topic, and we have not yet decided who we will call to testify at trial on these issues." As a result, Plaintiffs seek to move to preclude the introduction of any such evidence and be awarded the full calculation they provided to ZyXEL on June 10.

*Other Proper Relief: Delivery of All Infringing Articles to Plaintiffs*: Under 17 U.S.C. § 503(b), "[a]s part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies ... found to have been made or used in violation of the copyright owner's exclusive rights." Plaintiffs will respectfully request that the Court order ZyXEL and Phoebe to deliver all articles containing BusyBox to Plaintiffs for disposition as they see fit. Plaintiffs intend to donate all such infringing articles to local schools and charities.

Respectfully submitted,

*Daniel Ravicher*
Daniel B. Ravicher

cc:   David Leichtman, Esq. (by email)
      Andrew Kaver, Esq. (by email)