```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SOFTWARE FREEDOM CONSERVANCY,
et al.,

              Plaintiffs,

        v.                              09 CV 10155 (SAS)

BEST BUY, et al.,

              Defendants.

------------------------------x
                                        August 15, 2011
                                        4:45 p.m.
Before:

                HON. SHIRA A. SCHEINDLIN,

                                        District Judge

                        APPEARANCES

DANIEL RAVICHER
     Attorney for Plaintiffs

DAVID LEICHTMAN
     Attorney for Defendants
```

1              THE COURT:  Just the two of you, Mr. Ravicher and
2     Mr. Leichtman.
3              MR. LEICHTMAN:  Yes, your Honor.
4              MR. RAVICHER:  Daniel Ravicher.
5              THE COURT:  Weren't you two supposed to just report
6     back to me, Mr. Ravicher, Mr. Leichtman?  You were here just a
7     week ago.
8              MR. RAVICHER:  Yes, your Honor.
9              THE COURT:  I thought you were supposed to talk about
10    something and come back.
11             MR. LEICHTMAN:  Yes, your Honor.  You left one issue
12    open.  Mr. Ravicher was supposed to provide some information --
13             THE COURT:  Oh, that's right.
14             MR. LEICHTMAN:  -- to us.
15             THE COURT:  I got a letter from you.  You were very
16    upset about what he provided.
17             MR. LEICHTMAN:  I wasn't very upset about it, but I
18    had some issues with it.
19             THE COURT:  Okay.
20             MR. LEICHTMAN:  And I sent you a letter.
21             THE COURT:  Yes.
22             MR. LEICHTMAN:  And we are also here to set, then, a
23    briefing schedule after your Honor decides that issue.
24             THE COURT:  I didn't decide, because whenever I get a
25    letter from one side that sounds very upset, I expect a letter

1    from the other side answering it.  So I put it to one side
2    waiting for a response.
3               Did you respond to this letter?
4               MR. RAVICHER:  No, your Honor.  The letter came in on
5    Friday night.
6               THE COURT:  Yes, it did, right.  And I read it.  And
7    he seemed upset.  So what's the story about responding to it?
8               MR. RAVICHER:  Well, I assume that we'd respond today.
9               THE COURT:  Okay, respond.
10              MR. RAVICHER:  Well, his arguments regarding fact
11   discovery ending many months ago are disingenuous, because he
12   just took the fact depositions of our witnesses within the last
13   few weeks.
14              THE COURT:  That may be, but you didn't give him this
15   list of additional products until Friday or whatever, shortly
16   before his letter, Thursday.  I don't know when, but shortly
17   before his letter.
18              MR. RAVICHER:  Well, in the complaint we didn't limit
19   it to just the one product.
20              THE COURT:  But you didn't list the products that you
21   were doing, and then there was all of the discovery.  And, at
22   most, there was the product in the complaint, plus he, I think
23   Mr. Leichtman might have conceded one other product came up
24   somewhere along the line, but that's it.  Then all of a sudden
25   you're naming lots of products with lots of code, and it

1  doesn't seem fair to sort of expand the case at the close of
2  discovery.
3         MR. RAVICHER:  Well, part of the problem here is
4  because they've made new infringements that have occurred since
5  we filed the case, so.
6         THE COURT:  Well, then you have to file another case
7  and mark it related, do that one separately.
8         But this one where all this discovery's gone on and
9  it's been limited to one, maybe two products, and it's
10 complicated enough, maybe we need to do this case and it might
11 teach us a lot or inform you a lot for the next case.  If
12 there's new infringements and new, with new products and
13 different codes, why don't we do that afterward?
14        MR. RAVICHER:  Well, during discovery --
15        THE COURT:  Otherwise I have to reopen the discovery.
16 You know, that's really what it seems like to me.
17        MR. RAVICHER:  I appreciate that, your Honor.  And
18 during discovery, just to be accurate, the first few discovery
19 requests, which were for documents and RFAs related just to the
20 two products that we then --
21        THE COURT:  Right.
22        MR. RAVICHER:  -- wanted discovery on.  Then we had a
23 30(b)(6) notice, which he admits was filed well within the fact
24 discovery time line.  And that 30(b)(6) deposition notice
25 identified a number of other products as well.

1              THE COURT:  But not all the ones that you just said.

2              MR. RAVICHER:  Not all the ones once on the spread

3     sheet.

4              THE COURT:  So you agree that if you were to get

5     everything you wanted on that spread sheet, you would

6     essentially have to reopen discovery.  And if it took another

7     six months, then it would.  So it's almost your choice.  Do you

8     want to try to bring the present case to conclusion and see

9     where the Court is headed, or do you want to lose four to six

10    months on more discovery?  You're going to get the ability to

11    bring in the other products and potentially other code.

12             MR. RAVICHER:  Well, if we're going to have to file

13    another lawsuit, I know --

14             THE COURT:  Well, it would be after you are informed,

15    essentially, by the decisions here where it's going.

16             Let's say you lose completely.  It might not be worth

17    another lawsuit.  Let's say you win completely, you may want to

18    take it to the Second Circuit quickly.  I mean, I don't know.

19             But you don't have a time bar problem.  These things

20    you said these are new infringements, there won't be any issue.

21    So I either can delay this one -- my guess is four to six

22    months -- or you can get a resolution and hold back on the new

23    infringements and bring them a different time.

24             MR. RAVICHER:  Before making that decision, I would

25    like to confer with my client, your Honor.

THE COURT: That's fair. So I'll leave this up in the air that, in other words, the response to your letter, Mr. Leichtman.

And then you said we need to turn to the briefing schedule? Would it not be best if Mr. Ravicher got back to you and me as to whether, from his perspective, he'd rather expand the present case, knowing he's going to reopen discovery somewhat or whether he's ready to go another practice?

MR. LEICHTMAN: Well, I -- that would make sense, but --

THE COURT: Yes.

MR. LEICHTMAN: -- obviously we would object to expanding the present case.

THE COURT: That's a different issue. But I'll tell you flat out I probably will allow it, as long as we open and go through all that. But if he's going to back to us, he may take to heart what I said about wrapping this up and getting some form of judgment. How fast can you get back, Mr. Ravicher?

MR. RAVICHER: Within 48 hours, your Honor.

THE COURT: 48 hours. So if I put this on for a conference on Friday -- today is only Monday.

MR. RAVICHER: Friday actually we scheduled the deposition of their expert, which I also wanted to raise that issue again with you. Because he had said that he put me on

1  notice that they were going to use an expert, and you said that
2  because it was -- he said he had an e-mail that he sent me
3  putting me on notice that they were going to use this expert.
4        THE COURT:  Yes.
5        MR. RAVICHER:  I didn't get that e-mail, so I don't
6  know what he is talking about.  I asked him.  He said he sent
7  it on July 7th.
8        THE COURT:  Did you find the e-mail, Mr. Leichtman?
9        MR. LEICHTMAN:  I have it.
10        THE COURT:  Oh, you have it or haven't?
11        MR. LEICHTMAN:  I have it with me, and he responded to
12  it.
13        THE COURT:  Oh, well, show it to Mr. Ravicher.
14        What time is the deposition on Friday?
15        MR. RAVICHER:  We scheduled it for 9:30.
16        THE COURT:  So how long do you think it will last?
17        MR. RAVICHER:  All day.
18        THE COURT:  Oh.
19        MR. RAVICHER:  Oh, okay.  So this -- we're confused
20  for a moment.  This is about the e-mail regarding Mr. Koon as
21  our expert.
22        I'm talking about the issue of them using an expert
23  that they never provided any report to us to, they never
24  disclosed to us until his suggestion at last Monday's hearing
25  that he be allowed to use an expert that some other now

1   dismissed defendant --
2           THE COURT:  I thought I ruled on that at the last
3   conference.
4           MR. LEICHTMAN:  You did.
5           THE COURT:  And I said?
6           MR. LEICHTMAN:  You said that we could use Best Buy's
7   expert as long as he was limited to what Best Buy said.
8           THE COURT:  That's true, as long as he's limited to
9   the report that he, that Mr. Ravicher had seen, was familiar
10  with, and nothing more, you could.
11          MR. RAVICHER:  So am I entitled to get discovery from
12  him before?
13          THE COURT:  Before what, before?
14          MR. RAVICHER:  Before the deposition?
15          THE COURT:  On Friday?  Well, what would there be?
16          MR. RAVICHER:  Documents relied on, drafts, all his
17  correspondence with --
18          THE COURT:  I didn't think we were doing drafts any
19  more.  I thought drafts were out the window.  You have the
20  expert report.  If there are documents he relied on to prepare
21  that report, Mr. Leichtman, you should produce them before
22  Friday.
23          MR. LEICHTMAN:  Yes, I believe those are all listed in
24  the report, and they're either public documents or documents
25  produced in the case.

18fzsfcc                         Conference

1           THE COURT:  They're all in the report.
2           So Friday is not going to be good for you to come in.
3  I want to follow-up with this 48 hour business, and I guess
4  that would leave Thursday would be okay too, better than that
5  -- how about Thursday?
6           MR. RAVICHER:  I have appointments in the morning, but
7  Thursday after 3:00 p.m.
8           THE COURT:  Perfect, 4:30.  4:30 on the 18th.  See you
9  then.
10          Do let your adversary know your position.  He opposes
11 expansion anyway, but at least you can decide which you prefer,
12 then they're may be nothing to oppose.  And if you do this on
13 an expansion route, I think you should propose a discovery
14 schedule whether or not Mr. Lichtman agreed, at least I know
15 what you're thinking.  Anyway, what did I just say, 4:30?
16 4:30.
17          MR. LEICHTMAN:  Yes, your Honor.
18          THE COURT:  Okay, 4:30.
19          MR. LEICHTMAN:  Thank you.
20          (Adjourned to August 18, 2011 at 4:30 p.m.)
21
22
23
24
25