# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------x
SOFTWARE FREEDOM CONSERVANCY, INC.          :
and ERIK ANDERSEN,                          :
                                            :
                      Plaintiffs,           :     09-Civ-10155 (SAS)
                                            :
            - against -                     :
                                            :
BEST BUY CO., INC., SAMSUNG ELECTRONICS     :
AMERICA, INC., WESTINGHOUSE DIGITAL         :
ELECTRONICS, LLC, JVC AMERICAS             :
CORPORATION, WESTERN DIGITAL               :
TECHNOLOGIES, INC., ROBERT BOSCH LLC,      :
PHOEBE MICRO, INC., HUMAX USA INC.,        :     NOTICE OF APPEAL
COMTREND CORPORATION, DOBBS-                :
STANFORD CORPORATION, VERSA                 :
TECHNOLOGY INC., ZYXEL                       :
COMMUNICATIONS INC., ASTAK INC., and GCI    :
TECHNOLOGIES CORPORATION,                    :
                                            :
                      Defendants.           :
------------------------------------------------------------------x
```



U.S. DISTRICT COURT
FILED
SEP 0 7 2011
D.S.
S.D. OF N.Y.

Notice is hereby given that WESTINGHOUSE DIGITAL LLC, a non-party in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the Opinion and Order of Judge Shira A. Scheindlin granting Plaintiffs' motion to hold WESTINGHOUSE DIGITAL LLC in contempt of this Court's earlier injunction against Defendant Westinghouse Digital Electronics, LLC pursuant to Rule 65(d) of the Federal Rules of Civil Procedure entered in this action on August 8, 2011.

Dated:  September 7, 2011
        New York, New York

Respectfully submitted,
WESTINGHOUSE DIGITAL LLC

By: _____
Barry M. Kazan
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017
(212) 344-5680

*Attorney for Westinghouse Digital LLC*

TO:

Daniel Ben Ravicher, Esq.
Michael Andrew Spiegel, Esq.
Software Freedom Law Center, Inc.
1995 Broadway, 17th Floor
New York, New York 10023
(212) 580-0880

*Attorneys for Software Freedom Conservancy, Inc.*

Daniel Ben Ravicher, Esq.
Benjamin N. Cardozo School of Law
55 Fifth Avenue
New York, NY 10003
(212) 790-0442

*Attorney for Erik Andersen*

Kyle Bradford Fleming, Esq.
Baker & Daniels
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802
(216) 816-7374

Sarah Hawa Bawany Yousuf, Esq.
Balber, Pickard, Battistoni, Maldonado & Van Der Tuin
1370 Avenue of the Americas
New York, New York 10019
(212) 246-2400

*Attorneys for Westinghouse Digital Electronics, LLC*

Andrew Kaver, Esq.
The Law Office of Andrew M. Kaver
32 Broadway, Suite 1710
New York, New York 10004
(212) 897-5803

Brian Scott Cohen, Esq.
Cohen Law Group, P.C.
1220 Broadway, Suite 708
New York, New York 10001
(212) 967-2879

*Attorneys for Phoebe Micro, Inc.*

David Leichtman, Esq.
Robins, Kaplan, Miller & Ciresi LLP
601 Lexington Avenue, Suite 3400
New York, New York 10022
(212) 980-7400

Emily Bab Kirsch, Esq.
Reed Smith
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

Shiou-Jin Christine Hwang Yang, Esq.
Law Offices of S.J. Christine Yang
17220 Newhope Street, Suite 101-102
Fountain Valley, California 92708
(714) 641-4022

*Attorneys for ZYXEL Communications Inc.*

Ognjan Varbanov Shentov, Esq.
Jones Day (Cleveland)
901 Lakeside Avenue
Cleveland, Ohio 44114
(212) 326-3650

Lynn Michelle Marvin, Esq.
Stela Christina Tipi, Esq.
Jones Day (NYC)
222 East 41st Street
New York, New York 10016
(212) 326-3939

*Attorneys for Western Digital Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the attached WESTINGHOUSE DIGITAL LLC'S

NOTICE OF APPEAL was served on September 7, 2011 by first-class mail upon:

Daniel Ben Ravicher, Esq.
Michael Andrew Spiegel, Esq.
Software Freedom Law Center, Inc.
1995 Broadway, 17th Floor
New York, New York 10023
(212) 580-0880

*Attorneys for Software Freedom Conservancy, Inc.*

Daniel Ben Ravicher, Esq.
Benjamin N. Cardozo School of Law
55 Fifth Avenue
New York, NY 10003
(212) 790-0442

*Attorney for Erik Andersen*

Kyle Bradford Fleming, Esq.
Baker & Daniels
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802
(216) 816-7374

Sarah Hawa Bawany Yousuf, Esq.
Balber, Pickard, Battistoni, Maldonado & Van Der Tuin
1370 Avenue of the Americas
New York, New York 10019
(212) 246-2400

*Attorneys for Westinghouse Digital Electronics, LLC*

Andrew Kaver, Esq.
The Law Office of Andrew M. Kaver
32 Broadway, Suite 1710
New York, New York 10004
(212) 897-5803

Brian Scott Cohen, Esq.
Cohen Law Group, P.C.
1220 Broadway, Suite 708
New York, New York 10001
(212) 967-2879

*Attorneys for Phoebe Micro, Inc.*

David Leichtman, Esq.
Robins, Kaplan, Miller & Ciresi LLP
601 Lexington Avenue, Suite 3400
New York, New York 10022
(212) 980-7400

Emily Bab Kirsch, Esq.
Reed Smith
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

Shiou-Jin Christine Hwang Yang, Esq.
Law Offices of S.J. Christine Yang
17220 Newhope Street, Suite 101-102
Fountain Valley, California 92708
(714) 641-4022

*Attorneys for ZYXEL Communications Inc.*

Ognjan Varbanov Shentov, Esq.
Jones Day (Cleveland)
901 Lakeside Avenue
Cleveland, Ohio 44114
(212) 326-3650

Lynn Michelle Marvin, Esq.
Stela Christina Tipi, Esq.
Jones Day (NYC)
222 East 41st Street
New York, New York 10016
(212) 326-3939

*Attorneys for Western Digital Corporation*

Dated:  September 7, 2011

_____
Barry M. Kazan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X

SOFTWARE FREEDOM
CONSERVANCY, INC. and ERIK
ANDERSEN,

           Plaintiffs,

    - against -

WESTINGHOUSE DIGITAL
ELECTRONICS, LLC, PHOEBE
MICRO, INC., ZYXEL
COMMUNICATIONS INC. and
WESTERN DIGITAL CORPORATION,

           Defendants.

------------------------------------------------- X

**OPINION AND ORDER**

**09 Civ. 10155 (SAS)**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/8/11

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.   INTRODUCTION

On December 14, 2009, the Software Freedom Conservancy, Inc. and

Erik Andersen ("plaintiffs") brought an action against fourteen commercial

electronics distributors for copyright infringement.  Plaintiffs now move to hold

non-party Westinghouse Digital LLC ("WD") in contempt of this Court's earlier

injunction against Westinghouse Digital Electronics, LLC ("WDE") pursuant to

Rule 65(d) of the Federal Rules of Civil Procedure.  For the reasons discussed

1

below, plaintiffs' motion is granted.

## II.   BACKGROUND

In 1999, Andersen developed software, which he contributed to an
open source computer program known as BusyBox.[1] On December 14, 2009,
plaintiffs filed an action for copyright infringement against fourteen companies,
including WDE.[2] Plaintiffs claim that the defendants were distributing BusyBox
without plaintiffs' permission. After filing its answer and several initial
disclosures, WDE ceased responding to plaintiffs' requests for discovery.[3] WDE
informed this Court that it had sold all of its assets to Credit Management
Association ("CMA") as part of a General Assignment for the Benefit of Creditors
under California law and would not defend itself in the litigation.[4] In April 2010,

---

[1]     *See* 6/1/10 Declaration of Erik Andersen in Support of Motion for
Default Judgment, or in the Alternative, Summary Judgment against Defendant
Westinghouse Digital Electronics, LLC ("Andersen Decl.") ¶¶ 3-4.

[2]     *See* Complaint ("Compl.") ¶ 1.

[3]     *See Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*, No.
09 Civ. 10155, 2010 WL 2985320, at *1 (S.D.N.Y. July 27, 2010) ("*Software
Freedom I*").

[4]     *See id.* WD claims that CMA, on behalf of WDE, made the decision
to cease defending the action. *See* Respondent Westinghouse Digital, LLC's
Opposition to Plaintiffs' Motion to Find Westinghouse Digital, LLC in Contempt
("WD Mem.") at 1-2.

2

WD purchased from CMA the assets needed to operate WDE's business.[5]  On June 3, 2010, plaintiffs moved for a default judgment or, in the alternative, summary judgment against WDE.[6]

In July of 2010, this Court entered a default judgment against WDE for failing to meet its discovery obligations and awarded plaintiffs permanent injunctive relief as well as damages.[7]  Plaintiffs now move to hold WD, a non-party to the injunction, in contempt.[8]

## III.  APPLICABLE LAW

### A.  Contempt

"A party may be held in contempt only if it is proven by 'clear and convincing' evidence that the party violated a 'clear and unambiguous' order of

---

[5]     See Memorandum of Law in Support of Plaintiffs' Motion to Find Westinghouse Digital, LLC in Contempt ("Pl. Mem.") at 3.  See also WD Mem. at 9.

[6]     See Software Freedom I, 2010 WL 2985320, at *1.

[7]     See id. at *3.

[8]     In August of 2010, plaintiffs moved to join WD and CMA as defendants under Rule 25(c) as successors in interest.  This Court denied both motions.  See Software Freedom Conservancy Inc. v. Best Buy Co., Inc., – F. Supp. 2d –, No. 09 Civ. 10155, 2011 WL 1465837, at *1 (S.D.N.Y. April 14, 2011) ("Software Freedom II").

the court."[9]  "In the context of civil contempt, the clear and convincing standard

requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a

violation occurred."[10]

## B.   Enjoining a Non-Party

"As a general matter, a court may not enjoin a non-party that has not

appeared before it to have its rights legally adjudicated."[11]  However, under

Federal Rule of Civil Procedure 65(d), an injunction binds not only the parties, but

also the parties' "officers, agents, servants, employees, and attorneys" and "other

persons who are in active concert or participation with [them]" as long as they

"receive actual notice of it by personal service or otherwise."[12]  Under Rule 65(d),

---

[9]     *City of New York v. Local 28, Sheet Metal Workers' Int'l Ass'n*, 170
F.3d 279, 282 (2d Cir. 1999) (citation omitted).

[10]    *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002)
(citation omitted).

[11]    *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154
F.3d 1345, 1351 (Fed. Cir. 1998) (citing *Chase Nat'l Bank v. City of Norwalk*, 291
U.S. 431, 436-37 (1943)).

[12]    Fed. R. Civ. P. 56(d)(2)(A)-(C).  *Accord Vacco v. Operation Rescue
Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996) ("Rule 65(d) codifies the well-established
principle that, in exercising its equitable powers, a court cannot lawfully enjoin the
world at large.  In order for a court to hold a nonparty respondent in contempt of a
court order, the respondent must either [1] abet the [party named in the order], or
must [2] be legally identified with him.") (quotation marks and citations omitted).

an organization and its agents may not circumvent a valid court order merely by making superficial changes in the organization's name or form, and in appropriate circumstances a court is authorized to enforce its order against a successor of the enjoined organization. Whether a new organization is the successor of an enjoined organization depends upon the facts and circumstances of the case. *The critical inquiry is whether there is a substantial continuity of identity between the two organizations.*[13]

"The party seeking enforcement of an order bears the burden of demonstrating that the persons to be held in contempt are within the scope of the injunction."[14]

### C.     Fair Use Doctrine

Under the fair use doctrine, "the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching . . . , scholarship or research is not an infringement of copyright."[15] The fair use doctrine "permits [and requires] courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster."[16] Whether the use of a work is "fair use" turns on

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational

---

[13]     *Vacco*, 80 F.3d at 70 (citations omitted) (emphasis added).

[14]     *Id.*

[15]     17 U.S.C. § 107.

[16]     *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1993) (quotation marks and citation omitted) (alterations in original).

purposes;
(2) the nature of the copyrighted work;
(3) the amount and substantiality of the portion used in relation to
the copyrighted work as a whole; and
(4) the effect of the use upon the potential market for or value of
the copyrighted work.[17]

"The last factor is undoubtedly the single most important element of fair use."[18]

"Although defendants bear the burden of proving that their use was fair, . . . they

need not establish that each of the factors set forth in § 107 weighs in their

favor."[19]

## IV.   DISCUSSION

WD argues that plaintiffs' allegations do not support a finding of

contempt for the following reasons: (1) WD does not fall under Rule 65(d)

because it is not a successor to WDE; (2) its posting of the BusyBox code on its

website was done pursuant to an Order from the Federal Communications

Commission ("FCC") and (3) its use of BusyBox on its website is a fair use.[20]   I

address each argument in turn.

---

[17]    17 U.S.C. § 107.

[18]    *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 566
(1985).

[19]    *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 477 (2d Cir. 2004).

[20]    *See* WD Mem. at 3.

6

**A.      Because There Is a Substantial Continuity of Identity Between WD and WDE, WD Is Within the Scope, and in Contempt of, the Injunction**

This Court previously held that WD is not a successor in interest to WDE under Rule 26(c).[21]  However, the question now before the Court is whether WD falls within the scope of the injunction under Rule 65(d) based on a "substantial continuity of identity" between WD and WDE.[22]

The hallmarks of a "substantial continuity of identity" clearly exist.[23] Plaintiffs claim, and WD does not dispute, that WD acquired all the assets necessary to carry on WDE's business and continues to use the same trade name

---

[21]      *See Software Freedom II*, 2011 WL 1465837, at *1.

[22]      As plaintiffs have pointed out, WD has applied the wrong "substantial continuity" test in arguing that it is not a successor of WDE.  *See* Plaintiffs' Reply Memorandum of Law in Support of Their Motion to Find Westinghouse Digital, LLC in Contempt ("Pl. Reply Mem.") at 1-2 n.1.  As noted earlier, the appropriate test in determining whether a non-party can be held in contempt is the "substantial continuity" test under Rule 65(d), not the federal common law test for successor liability.

[23]      *See, e.g, Stotter Division of Graduate Plastics Co., Inc. v. District 65, United Auto Workers, AFL-CIO*, 991 F.2d 997, 1001 (2d Cir. 1993) ("In the instant case, such continuity clearly exists -- the same plant is being operated, the Stooter name is being used, the same products are being made with the same equipment and methods of production, all the Stotter employees were retained by GPC, and employee benefits are calculated based on service time with both Stotter and GPC.").

and web address.[24]  Nor does WD dispute that it occupies the same location as WDE and operates with many of the same employees, including the same President and Counsel.  In fact, WD admits that "WD employs many of [WDE's] former officers and employees."[25]  Finally, WD does not dispute that it had actual notice of the injunction against WDE and has continued to post BusyBox software on its website.[26]

Instead, WD contends that it does not fall within the scope of the injunction under the theory that it is a "substantial continuation" of WDE because (1) it was not formed as a means to evade this Court's injunction and (2) it acquired WDE's assets *before* the issuance of the injunction against WDE.[27]  As to WD's first argument, a court need not find that an organization was formed as a means to circumvent an injunction in order to hold a non-party in contempt.[28]  This

---

[24]    *See* Pl. Reply Mem. at 3.

[25]    WD Mem. at 9.

[26]    *See id.* at 3.  *See also* Pl. Mem. at 3.

[27]    *See* WD Mem. at 9.

[28]    *See, e.g, Walling v. Reuter, Inc.*, 321 U.S. 671, 674 (1944) ("Not only is such an injunction enforceable by contempt proceedings against the corporation, its agents and officers and those individuals associated with it in the conduct of its business, but it may also, in appropriate circumstances, be enforced against those to whom the business may have been transferred, whether as a means of evading the judgement *or for other reasons*.") (emphasis added).

8

type of scienter is only necessary under the "aiding and abetting" theory of non-party liability.[29]

   WD next argues that it purchased WDE's assets before the injunction was issued and before plaintiffs even moved for an injunction, barring any potential for a finding of contempt.[30]  Plaintiffs respond that, although the injunction had not yet been issued when WD purchased WDE's assets, the copyright infringement suit, seeking injunctive relief, was already a pending matter.[31]

---

  [29]  *See Additive Controls*, 154 F.3d at 1353 ("[Defendant's] contention is more properly directed at the scienter requirement for acting in active concert and participation.").  *Accord National Spiritual Assembly of Baha'is of the U.S. Under Hereditary Guardianship, Inc. v. National Spiritual Assembly of the Baha'is of the U.S., Inc.*, 628 F.3d 837, 849 (7th Cir. 2010) (explaining the two categories of non-parties potentially bound by an injunction).

   Plaintiffs allude to the "aiding and abetting" theory in their brief.  *See* Pl. Mem. at 3-4 ("To be sure . . . [WD] and [WDE] acted in concert to bring about a result forbidden by the injunction, namely the continued distribution of infringing versions of Plaintiffs' copyrighted BusyBox software.").  To the extent that plaintiffs argue WD is aiding and abetting WDE, plaintiffs' argument must fail because WDE entered bankruptcy proceedings in 2010.  *See Additive Controls*, 154 F.3d at 1354 ("[Defendant] contends that the district court found him in contempt based on his actions 'in active concert or participation' with AdCon, although AdCon has been dormant for years.  If that were the basis for the contempt finding, we would agree; one cannot act in concert with an inactive corporation.").

  [30]  *See* WD Mem. at 9.

  [31]  *See* Pl. Mem. at 5 ("[WDE] acquired as part of their transaction the very software that violates the injunction, knowing full well that there was an

In *Golden State Bottling v. NLRB*, the Supreme Court held that a
purchaser who acquires assets can be held liable under Rule 65(d) if the assets
were purchased with knowledge of the order.[32]  And as noted by the Federal
Circuit in *Kloster Speedsteel AB v. Crucible Inc.*, courts have "repeatedly found
privity where, *after a suit begins*, a nonparty acquires assets of a defendant-
infringer."[33]  Like the non-party purchaser in *Kloster Speedsteel*, WD purchased
WDE's assets with knowledge of the pending litigation.  This knowledge, coupled
with the significant operational overlap between WD and WDE, leads me to
conclude that a "substantial continuity of identity" exists between WDE and WD
for the purposes of Rule 65(d).  As a successor in interest, WD is therefore bound
by the injunction against WDE.

---

outstanding software copyright claim against the products containing that
software.").

[32]    *See* 414 U.S. 168, 180 (1973) ("We hold that a bonafide purchaser,
acquiring, with knowledge that the wrong remains unremedied . . . may be
considered in privity with the predecessor for purposes of Rule 65(d).") (citations
omitted).

[33]    793 F.2d 1565, 1583 (Fed. Cir. 1986) (overruled on other grounds)
(emphasis added).  In *Kloster Speedsteel*, the district court found in favor of
plaintiff for patent infringement and permanently enjoined the defendant and its
"successor in interest" from infringing plaintiff's patents.  The Federal Circuit then
found that, under Rule 65(d), the injunction also applied to Kloster, a non-party
purchaser of the infringing assets, even though at the time of the purchase, the
judgement had not been rendered.

10

## B.    WD's Affirmative Defenses

Perhaps in anticipation of this Court's finding that it is WDE's successor for the purposes of Rule 65(d), WD argues that use of the BusyBox software "cannot be considered an act of copyright infringement."[34]

### 1.    The 2008 FCC Order

WD asserts that plaintiffs' contempt motion is based solely on WD's maintenance of WDE's old website, which allegedly contains the copyrighted BusyBox code.[35]  WD then argues that posting the firmware on its website cannot amount to copyright infringement because WD was ordered to do so by the FCC.[36] WD relies on two cases in support of this affirmative defense.  WD first cites to *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharmaceuticals, Inc.*, where the Second Circuit found no copyright liability when the Food and Drug Administration ("FDA") directed the defendants, pursuant to the Federal Food, Drug, and Cosmetics Act ("FFDCA"), to use labeling nearly identical to the plaintiff's copyrighted guide and tape.[37]  The *SmithKline Beecham* court found

---

[34]     WD Mem. at 7.

[35]     *See id.* at 2.

[36]     *See id.* at 4.

[37]     *See* 211 F.3d 21 (2d Cir. 2000).

11

significant that "the Amendments [to the FFDCA] require that the labeling for the [defendant's] generic drug be the 'same' as the labeling for the [plaintiff's] pioneer drug."[38]

In April 2008, the FCC issued a Consent Decree relating to an investigation of WDE's interstate shipment of television receivers that did not comply with FCC V-Chip technology requirements.[39] Pursuant to the Consent Decree, the FCC terminated the investigation and, in return, WDE agreed to adhere to several requirements, including "assist[ing] customers . . . in downloading appropriate firmware from its website . . . [and making] the firmware available on its website for a period of five years."[40] WD argues that its use of BusyBox software cannot be a copyright violation because, similar to the FDA's order in *SmithKline Beecham*, the FCC Order directed WD to post the BusyBox firmware on its website.[41] Unlike the FDA requirements in *SmithKline Beecham*, however, the FCC Order does not require WD to use *the BusyBox software*.

---

[38]     *Id.* at 27.

[39]     *See* FCC Consent Decree, In the Matter of Westinghouse Digital Electronics, LLC ("FCC Consent Decree"), Ex. A to Declaration of Kenneth Randall in Support of Respondent Westinghouse Digital, LLC's Opposition to Plaintiffs' Motion to Find Westinghouse Digital, LLC in Contempt.

[40]     *Id.* ¶ 8.

[41]     *See* WD Mem. at 4.

12

Rather, the FCC Order only requires that WD make "appropriate firmware" available. WD has not carried its burden of showing that it is incapable of obeying both the FCC Order and respecting plaintiffs' copyright. Therefore, WD's argument must fail.[42]

## 2.    Fair Use Doctrine

WD also argues that the fair use doctrine shields it from liability for copyright infringement.[43] WD points to *Gulfstream Aerospace Corp. v. Camp Systems International, Inc.*, where a federal court allowed defendant's copying of Gulfstream's airplane repair manuals pursuant to the fair use doctrine.[44] Examining the fourth, and most important, fair use factor, the *Gulfstream* court found that defendant's use of the manual did not adversely affect the market for the manuals.[45] The court emphasized that granting copyright protection to the Gulfstream manuals – let alone to their secondary use – would not further the aims

---

[42]     WD also argues that posting the BusyBox firmware on its website cannot amount to copyright infringement because the injunction applies only to activity done "without permission" and WD is acting with the FCC's permission. *See id.* at 7. This argument is unavailing. The "permission" in the injunction clearly refers to the plaintiffs' permission.

[43]     *See id.* at 5.

[44]     *See* 428 F. Supp. 2d 1369 (S.D. Ga. 2006).

[45]     *See id.* at 1379-80.

13

of copyright laws[46] because "not only is the *content* of the manuals specified by

regulation, but also the *format* of the manuals is specified so that an aircraft

manufacturer may not add unnecessary sections to give the manuals a 'creative' or

'original' touch."[47]

   This case is easily distinguishable from *Gulfstream*. Unlike the

manuals at issue in that case, the BusyBox software was not "written in

accordance with federal guidelines that significantly prescribe[d] [its] content and

format" – a fact that led the *Gulfstream* court to conclude that "much, if not all, of

Gulfstream's manuals are not copyrightable."[48] WD does not even attempt to

argue that the BusyBox software *itself* is not subject to copyright protection. What

is more, even assuming the truth of WD's assertion that "the firmware posted on

[its] website cannot be read by humans and has no use or value except when

installed on the specific Mora television model for which it was written," that fact

---

  [46] *See id.* at 1380 (noting that the purpose of copyright law is to promote
the progress of science and useful arts).

  [47] *Id.* at 1376 (emphasis in original). *Accord id.* at 1380-81 ("It would
be especially egregious [to protect Gulfstream's manual] since Gulfstream is
required by federal regulations to produce the manuals anyway. Again, those
federal regulations leave Gulfstream little room to make decisions regarding either
format or the content of those manuals.").

  [48] *Id.* at 1376. *Accord id.* at 1380-81 ("[G]ranting copyright protection
under these facts would not serve the purposes of copyright law . . . .").

does not establish that "there cannot be any effect on the market for BusyBox."[49]

Under such logic, any use of copywritten work would be "fair" as long as that use

did not result in the copywritten work's unauthorized reproduction by anyone

other than the putative infringer.  Because WD has not met its burden of

demonstrating that its use of the BusyBox software would not affect the value of

plaintiffs' copyright, WD's fair use defense fails.

### C.    Remedies

Plaintiffs request that this Court award (1) coercive and compensatory

damages, (2) attorneys' fees and costs, and (3) an order for WD to deliver all

infringing articles to plaintiffs for disposition.[50]

#### 1.    Damages

"The imposition of civil contempt sanctions may serve dual purposes:

to secure future compliance with court orders and to compensate the party that has

been wronged."[51]  To the extent the sanction is coercive, "[t]he district court is

counseled to consider several factors in calculating a fine including the character

---

[49]     WD Mem. at 6 (reasoning that "those who want to use it must acquire
it from BusyBox.net or some other source").

[50]     *See* Pl. Mem. at 4.

[51]     *Paramedics Ectromedicina Comerical, Ltda v. GE Medical Sys.*, 369
F.3d 645, 657 (2d Cir. 2004).

and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance and the contemnor's ability to pay."[52]  If the fine is compensatory and paid directly to the other party, the court has less discretion and "'the sanction should correspond at least to some degree with the amount of damages.'"[53]

Unlike in *Software Freedom I*, plaintiffs here do not elect statutory damages and have made no recommendations to this Court as to the appropriate amount of coercive and compensatory damages.  Without further information, I am unable to determine the proper amount of damages.  The parties are therefore ordered to submit information regarding WD's ability to pay and plaintiffs' lost profits due to WD's unauthorized use of BusyBox[54] within fifteen (15) days of the date of this Order.  I reserve decision on the amount of coercive and compensatory damages until these submissions are received.

### 2.    Attorneys' Fees and Costs

"It is well settled in this Circuit that costs, including reasonable

---

[52]     *Id.* at 657-58 (quotations and citations omitted).

[53]     *Id.* at 658 (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)).

[54]     Plaintiffs allege that BusyBox is an open source computer program without a profit-making mission.  *See* Compl. ¶¶ 21-23.

16

attorneys' fees, may be awarded to the party who prosecutes a contempt motion as an appropriate compensatory sanction for contumacious behavior."[55] As in *Software Freedom I*, I find that an award of attorneys' fees is both appropriate and "'in line with the statutory goal of deterrence.'"[56] Plaintiffs are directed to submit a fee application within fifteen (15) days of the date of this Order detailing their costs and expenses in connection with this litigation.

### 3.    Forfeiture of Infringing Articles

WD is also ordered to deliver all infringing articles to plaintiffs for disposition under the same rationale as that provided in *Software Freedom I*.[57]

## V.    CONCLUSION

For the aforementioned reasons stated above, plaintiffs' motion to hold WD in contempt of this Court's earlier injunction against WDE pursuant to Rule 65(d) is granted.  Counsel is ordered to submit information regarding WD's ability to pay and plaintiffs' lost profits within fifteen (15) days of the issuance of this Opinion and Order.  Plaintiffs are directed to submit a fee application by the

---

[55]    *New York State Nat'l Org. for Women v. Terry*, 952 F. Supp. 1033, 1043 (S.D.N.Y. 1997) (citations omitted).

[56]    *Software Freedom I*, 2010 WL 2985320, at *4 (quoting *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999)).

[57]    *See id.* (ordering WDE to turn over all infringing articles to plaintiffs pursuant to 17 U.S.C. § 503(b)).

same date.  The Clerk of the Court is directed to close this motion (docket # 172).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              August 8, 2011

18

### - Appearances -

**For Plaintiffs:**

Daniel B. Ravicher, Esq.
Aaron Williamson, Esq.
Michael A. Spiegel, Esq.
Software Freedom Law Center
1995 Broadway, 17th Floor
New York, New York 10023-5882
(212) 580-0880

**For Respondent Westinghouse Digital, LLC:**

Barry M. Kazan, Esq.
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017
(212) 344-5680

**For Westinghouse Digital Electronics, LLC:**

Kyle Bradford Fleming, Esq.
Baker & Daniels
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802
(216) 816-7374

Sarah Hawa Bawany Yousuf, Esq.
Balber, Pickard, Battistoni, Maldonado & Van Der Tuin
1370 Avenue of the Americas
New York, New York
(212) 246-2400

**For Phoebe Micro, Inc.:**

Andrew Kaver, Esq.
The Law Office of Andrew M. Kaver

19

32 Broadway, Suite 1710
New York, New York 10004
(212) 897-5803

Brian Scott Cohen, Esq.
Cohen Law Group, P.C.
1220 Broadway, Suite 708
New York, New York 10001
(212) 967-2879

**For Zyxel Communications Inc.:**

David Leichtman, Esq.
Robins, Kaplan, Miller & Ciresi LLP
601 Lexington Avenue, Suite 3400
New York, New York 10022
(212) 980-7400

Emily Bab Kirsch, Esq.
Reed Smith
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

Shiou-Jin Christine Hwang Yang, Esq.
Law Offices of S.J. Christine Yang
17220 Newhope Street, Suite 101-102
Fountain Valley, California 92708
(714) 641-4022

**For Western Digital Corporation:**

Ognjan Varbanov Shentov, Esq.
Jones Day (Cleveland)
901 Lakeside Avenue
Cleveland, Ohio 44114
(212) 326-3650

Lynn Michelle Marvin, Esq.
Stela Christina Tipi, Esq.
Jones Day (NYC)
222 East 41st Street
New York, New York
(212) 326-3939