```
18izsfcc                      Conference

   UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
   ------------------------------x

   SOFTWARE FREEDOM CONSERVANCY,
   et al.,

                Plaintiffs,

         v.                                09 CV 10155 (SAS)

   BEST BUY, et al.,

                Defendants.
   ------------------------------x
                                        August 18, 2011
                                        5:10 p.m.
   Before:

                 HON. SHIRA A. SCHEINDLIN,

                                        District Judge

                        APPEARANCES

   DANIEL RAVICHER
        Attorney for Plaintiffs

   DAVID LEICHTMAN
   MATTHEW YANG
        Attorneys for Defendants
```

1           THE COURT:  Okay, do you have a sign-in sheet?  Have
2    you signed an appearance sheet?
3           MR. LEICHTMAN:  Yes.
4           MR. RAVICHER:  We gave it to your Clerk.
5           THE COURT:  Okay, then it's here.
6           Good afternoon, Mr. Ravicher.
7           MR. RAVICHER:  Good afternoon, your Honor.
8           THE COURT:  Good afternoon, Mr. Leichtman.
9           MR. LEICHTMAN:  Good afternoon.
10          THE COURT:  Good afternoon, Mr. Yang?
11          MR. YANG:  Yes, good afternoon.
12          THE COURT:  So since our last conference a week ago, I
13   received a letter from Mr. Ravicher.  I had asked them to
14   consider two options; as to whether he wished to add a product
15   that I don't think had been previously spelled out, realizing
16   that that would extend the discovery schedule significantly and
17   prevent the case from reaching an earlier resolution, or
18   whether he wanted an earlier resolution on the two limited
19   products.  And then obviously one would think that people could
20   read the handwriting on the wall and apply whatever rulings or
21   verdicts came from those two to the remainder of the products.
22          He chose the former, and he said that he would like to
23   add all these products, and he realizes that would mean that
24   deposition -- I'm sorry -- discovery would not close till
25   March 30th of 2012, which is a reasonably long schedule.  So I

1    can't fault him for saying I want the world, and I want it done
2    in a month.  He didn't do that, he realizes, if he adds these
3    products, it's going to extend things by many months, six or
4    seven to be exact.
5             Now, I think at the last conference, Mr. Leichtman, I
6    said, well, he's welcome to tell me which he prefers.  You
7    still have the right to oppose, so to speak, his desire to
8    expand the case to include the products.
9             There are good policy reasons to allow it, in some
10   sense, and in another sense you would say not.  The benefit of
11   allowing it is to not have a second lawsuit following the first
12   lawsuit, starting from scratch and doing everything all over
13   again.  If he thinks there's been infringement, he's not going
14   away, and they're not time barred.  So he's going to be able to
15   bring the case and probably as a related case.  So it's coming
16   down the road anyway.  There is a certain efficiency in doing
17   this all at one time, since his proposal as I said was somewhat
18   reasonable in allowing discovery, maybe beneficial to Mr.
19   Leichtman because you were barred from doing certain things
20   that you now would be permitted to do obviously as the schedule
21   opens up.
22            So that's the upside as.  I suppose the downside from
23   your point of view is we were at the end of discovery, we're
24   about to move towards the resolution phase either by motion or
25   by trial, and there is this open question hanging over us, we

1   need a resolution.  So I understand the arguments already, but
2   go ahead and make the argument.
3           MR. LEICHTMAN:  Thank you, your Honor.  We do think in
4   some ways it would be unfair to allow them to add these new
5   products.  And I do hear what you're saying, but I think there
6   are -- there are two subsidiary issues.  They are the -- that
7   impact this.  One is if they were to file a new case, and we
8   were to prevail on summary judgment, there would be certain
9   common issues.
10          THE COURT:  Wait a minute, I'm sorry.
11          MR. LEICHTMAN:  If we were to prevail on summary
12  judgment here --
13          THE COURT:  Right.
14          MR. LEICHTMAN:  -- there would be certain common
15  issues which they would be collaterally estoped or possibly
16  even res judicata prevented from raising again.
17          In addition to that, there are certain products -- and
18  Mr. Ravicher was talking in generalities when we were here last
19  time -- that we do think would be time barred if they filed a
20  new suit.  And I don't think standing here today -- you know,
21  there are 21 different products, your Honor probably doesn't
22  want to go through each one of them.
23          THE COURT:  Not this afternoon.  I've been on the
24  bench all day, when I didn't expect to be on hardly at all.
25          MR. LEICHTMAN:  Understood.

1          So our point only would be that we don't think, you
2    know, simply amending it by letter or by sending us a chart is
3    sufficient to relate it back to the original date of the filing
4    of complaint.
5          THE COURT:  No, right.
6          MR. LEICHTMAN:  And so if we do have Statute of
7    Limitations issues, and certain damages --
8          THE COURT:  I can deal with that.
9          MR. LEICHTMAN:  Damages issues, we don't -- you know,
10   that would be of a concern to us as well, as well as going
11   through discovery, you know, on a case spending all the time
12   and money on discovery, when there are certainly are some
13   common issues which could be resolved by the summary judgment
14   motions that were proposed, and then holding off to adding
15   those products and seeing if that discovery really is
16   necessary.
17         THE COURT:  But Mr. Ravicher understood that too, that
18   the rulings on some generic issues would make the case for one
19   side or the other, and bring the whole thing to fruition
20   earlier.  And he still said I'd rather do it all in once piece.
21   And I have to say I'm leaning that way too.  As long as the
22   discovery schedule is expanded enough that nobody's really
23   prejudiced, as far as your issue, I think you're absolutely
24   about the relation back.  What he has to do, frankly, is
25   amended the complaint, and I'm granting leave for him to do

1   that unopposed -- well, you can oppose it, but I'm going to
2   grant it over opposition.  He can amend the complaint.  And
3   then, because it's a new complaint, if you have a motion to
4   dismiss in part based on Statute of Limitations, I can deal
5   with that right up front.
6           As for the summary judgment issues, I don't know why
7   you would want to bring them on, when this expanded discovery
8   may reopen the opportunity for you to have the experts that you
9   were foreclosed from having before.  That's a risk Mr. Ravicher
10  took.
11          MR. LEICHTMAN:  Well, I think it's also, from our
12  standpoint, under our view of this case, that it couldn't meet
13  the burden of proof with respect to our client the way things
14  stood where they were before today.  So we were, I think, from
15  our perspective, happy to have the summary judgment based on
16  the record as it existed.
17          THE COURT:  Well, that's a waste too, because then
18  they bring the other suit, add the missing facts, we wouldn't
19  be anywhere.  The efficient way for me to deal with this,
20  frankly, is to allow this, other than the time barred.  So when
21  can you file the amended complaint, Mr. Ravicher?
22          MR. RAVICHER:  Well, your Honor, just one more
23  question on that.  One of the issues here is whether or not
24  we're allowed to assert the unregistered copyrights in the
25  program.  And your Honor indicated at the conference a week and

1   a half ago that you thought the law would say that we could not

2   assert the unregistered copyrights, but that you would allow us

3   to brief that issue.

4           THE COURT:  Oh.

5           MR. RAVICHER:  Just to nip that whole issue in the

6   bud, my client and I are conferring about registering all of

7   these copyrights and all of the later versions of the program,

8   including the exact version they include in their products.  So

9   we would like to, with your permission, amend the complaint if

10  you think that's the most efficient way to do it.  We're happy

11  to file a brand new lawsuit with all those new registered

12  copyrights, wherever you think is the most efficient way to do

13  it.

14          THE COURT:  I think the amended complaint is the best

15  way to do it.

16          MR. RAVICHER:  Okay, so it will just take us a few

17  weeks because we have to confer with our client, Mr. Anderson,

18  who is --

19          THE COURT:  But I don't how the issue -- they still

20  were unregistered when they were unregistered, you know what I

21  mean.  I mean, the registration kicks in as of the date of

22  registration.

23          MR. RAVICHER:  Actually the case law says that once

24  the registration application has been filed, even if the

25  copyright office hasn't yet formally acted on it.

1    THE COURT:  Oh, for sure, that's the application date;
2 still won't take care of the last year, for example.
3    MR. RAVICHER:  Well, that's why I was suggesting, your
4 Honor, we could either register those copyrights and file a
5 brand new lawsuit with all of the products --
6    THE COURT:  All I'm saying is I don't care whether
7 it's a new lawsuit or amended complaint.  Prior to the date of
8 the application for registration, it wasn't registered.
9    MR. RAVICHER:  Agreed.
10    THE COURT:  Okay.  So if you're looking for any
11 damages, for example, for any time period that predates the
12 application, it still was an unregistered copyright then.  I
13 can't change that, because I don't know if the issue is mooted
14 or not.
15    MR. RAVICHER:  We always argued that the unregistered
16 copyrights could always seek the remedy of an injunction.  We
17 said that in our papers and that's the position we stand by.
18    THE COURT:  Okay.  So you're saying it doesn't matter
19 once they're registered going forward, they're registered as
20 preregistration period.  All you want is the judgment which
21 would you want post registration anyway.
22    MR. RAVICHER:  Right.  And any damages that occur
23 after registration --
24    THE COURT:  That's different.
25    MR. RAVICHER:  -- would be --

1        THE COURT:  Okay.  So when can -- I'll return -- when
2   can you file the amended complaint, since you want to register
3   first.  I don't know how long it takes you to get the
4   applications in.
5        MR. RAVICHER:  I would request leave for one month
6   from today.
7        THE COURT:  Then is the schedule you propose still
8   intact or it does move up one month?
9        MR. RAVICHER:  I bumped the schedule back one month
10  then.
11       THE COURT:  Okay.  So the amended complaint would be
12  in September 16th, and any motion directed to that complaint,
13  which won't stay discovery, will proceed, but any motion should
14  come in by October 14th, and any opposition to the motion is
15  due November 11th, and reply November 28.
16       MR. RAVICHER:  I'm not sure, that might be
17  Thanksgiving, your Honor.
18       THE COURT:  No, no I went to the --
19       MR. LEICHTMAN:  That's Monday after the holiday.
20       THE COURT:  I know.  I said I went to the Monday, and
21  I'm changing the discovery dates all of them by one month.
22       MR. LEICHTMAN:  Your Honor, may we, just because I'm
23  going to be away for that extended Thanksgiving weekend, can we
24  just move that to the 30th, the Wednesday, instead of the
25  Monday, the reply?

18izsfcc                        Conference

1              THE COURT:  Yes.
2              MR. LEICHTMAN:  Thank you.
3              THE COURT:  Okay.  I don't think we have anything else
4    to do today, then.
5              MR. RAVICHER:  Thank you, your Honor.
6              (Adjourned)