UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
SOFTWARE FREEDOM CONSERVANCY, INC. and  :
ERIK ANDERSEN,                                                        :    ECF CASE
                                                                                   :
                      Plaintiffs,            :    09-CV-10155 (SAS)
    -against-                                                      :
                                                                                   :    **PLAINTIFFS'**
WESTINGHOUSE DIGITAL ELECTRONICS, LLC,  :    **MEMORANDUM OF LAW**
PHOEBE MICRO, INC., and ZYXEL                         :    **IN SUPPORT OF THEIR**
COMMUNICATIONS INC.,                                       :    **MOTION TO AMEND**
                                                                                   :    **COMPLAINT**
                      Defendants.          :
------------------------------------------------------------------- X

Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in support of their motion, pursuant to Federal Rule of Civil Procedure Rule 15(a)(2), for leave to amend their complaint.

## BACKGROUND

In December 2009, Plaintiffs filed this action for copyright infringement against fourteen distributors of electronic products alleging that each distributed copies of Plaintiffs' copyrighted BusyBox software program without Plaintiffs permission and despite receiving notice from Plaintiffs of such infringement. Eleven of the defendants have been dismissed from this action and the Court granted default judgment against a twelfth. Thus, only two defendants are left for the Court to address, Phoebe Micro, Inc., and ZyXEL Communications, Inc.

At the time of the original complaint, Plaintiffs had only registered their copyright in one version of BusyBox, version 0.60.3. Compl. ¶ 31. However, Plaintiffs did not limit their complaint to just that registered copyright, but instead asserted their unregistered copyrights as well. Plaintiffs believe they are entitled to assert their unregistered copyrights along with the assertion of their registered copyright in order to seek an injunction against infringement of those unregistered copyrights, even if they may not be entitled to seek damages for infringement of those copyrights when unregistered. Nevertheless, Plaintiffs have since registered or submitted applications for registration of their copyrights in additional versions of BusyBox and seek leave to file an Amended Complaint setting forth details of those registrations and applications for registration. Declaration of Daniel B. Ravicher in Support of Plaintiffs' Motion to Amend Complaint, Ex. 1 (proposed Amended Complaint) ("Am. Compl."), ¶¶ 10, 21.

Further, in the original complaint Plaintiffs identified example infringing products of each defendant. Compl. ¶ 27 ("Phoebe Micro's Airlink101 AR670W and AR690W wireless routers and Airlink101 AICAP650W IP Motion Wireless Camera" and "ZyXEL's P-663H-51 ADSL 2+ Bonded 4 Port Router"). Plaintiffs seek leave to file an amended complaint identifying additional infringing products for both of the two remaining defendants. Am. Compl. ¶ 17 (adding fourteen additional Phoebe Micro products and 20 additional ZyXEL products).

## ARGUMENT

Plaintiffs' motion to amend the complaint in this matter should be granted, Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be "freely given when justice so requires," and the Supreme Court has said:

> In the absence of any apparent or declared reason-- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,etc. -- the leave should ... be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See, also, Frasier v. General Electric Co.*, 930 F.2d 1004 (2nd Cir 1991).

None of those factors is present here. First, there has been no undue delay, bad faith or dilatory motive by Plaintiffs. Plaintiffs have consistently prosecuted this action since it was first filed against the original fourteen defendants, twelve of whom are no longer active in this matter. In doing so, Plaintiffs met all scheduling and discovery deadlines. Second, this is the first proposed amended complaint, and it is not being filed to cure a deficiency found by the Court. Thus, the filing is not in any way an attempt to cure deficiencies of previously allowed amended

complaints.  Lastly, the proposed amended complaint does not prejudice the two lone remaining defendants because (i) the original complaint asserted Plaintiffs' additional unregistered copyrights for which registration information is now proposed to be added and (ii) the original complaint also alleged infringement by any product containing BusyBox, and Plaintiffs have provided defendants with the precise identity of those additional specific products.  Further, Plaintiffs have proposed a revised scheduling order to provide for adequate discovery regarding the additional copyright registrations and the additional products.  Letter of Daniel B. Ravicher (August 17, 2011).

    Accordingly, Plaintiffs respectfully request that their motion for leave to amend the complaint be granted.

Dated: September 16, 2011                    Respectfully submitted,
    New York, New York                By:  s/ Daniel B. Ravicher
                                                  Daniel B. Ravicher (DR1498)
                                                  Law Offices of Daniel B. Ravicher, Esq.
                                                  1375 Broadway, Suite 600
                                                  New York, NY 10018
                                                  Tel.: 646-470-2641
                                                  Fax.: 212-591-6038