UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
SOFTWARE FREEDOM CONSERVANCY, INC.
and ERIK ANDERSON,

                Plaintiffs,

       v.

WESTINGHOUSE DIGITAL ELECTRONICS, LLC,
PHOEBE MICRO, INC. and ZYZEL
COMMUNICATIONS, INC.,

                Defendants.
----------------------------------------------------------------x

ECF CASE

09-CIV-10155 (SAS)

**DEFENDANT PHOBE MICRO, INC.'S ANSWER
TO PLAINTIFFS' AMENDED COMPLAINT**

Phoebe Micro, Inc. ("Phoebe"), answers Software Freedom Conservancy, Inc. and Erik Andersen's ("Plaintiffs") Amended Complaint ("Amended Complaint") as follows:

**GENERAL DENIAL**

Phoebe denies each and every allegation, matter, or thing contained in the Amended Complaint which is not expressly admitted, qualified or answered herein.

**THE PARTIES**

1. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. Phoebe admits the allegations in paragraph 4.

5. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

## JURISDICTION AND VENUE

6. Phoebe admits that the Amended Complaint alleges infringement under the United States copyright laws but denies copyright infringement.  Phoebe also admits that this Court has subject matter jurisdiction over copyright claims generally.

7. Phoebe admits that this Court has personal jurisdiction over Phoebe, but denies paragraph 7 to the extent that it alleges copyright infringement by Phoebe.  Phoebe is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 7 and therefore denies them.

8. Phoebe admits that venue is proper in this jurisdiction.  To the extent that paragraph 8 alleges copyright infringement by Phoebe, Phoebe denies the allegation.  Phoebe is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 8 and therefore denies them.

## FACTUAL BACKGROUND

9. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. Phoebe admits that Plaintiffs have, in paragraph 12 of their Amended Complaint, attached a copy off Exhibit A to their Amended Complaint, which purports to be a License. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies them.

13. Phoebe admits that Plaintiffs have, in paragraph 13 of their Amended Complaint, provided a quotation from section 2(b) of Exhibit A to their Amended Complaint, which purports to be a License. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies them.

14. Phoebe admits that Plaintiffs have, in paragraph 14 of their Amended Complaint, provided a quotation from section 3 of Exhibit A to their Amended Complaint, which purports to be a License. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies them.

15. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. Phoebe admits that a letter was faxed to Phoebe Co., Inc. from the Software Freedom Conservancy, purporting to be notice of copyright infringement.  Phoebe is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies them.

### PLAINTIFFS' CLAIM FOR RELIEF COUNT I—COPYRIGHT INFRINGEMENT

20. Phoebe denies the allegations in paragraph 20, except as expressly admitted herein.

21. Phoebe is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22. Phoebe denies the allegations in paragraph 22 to the extent that paragraph 22 alleges copyright infringement by Phoebe.  Phoebe is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 22 and therefore denies them.

23. Phoebe denies the allegations in paragraph 23 to the extent that paragraph 23 alleges that Plaintiffs are entitled to recover damages from Phoebe.  Phoebe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies them.

24. Phoebe denies the allegations in paragraph 24 to the extent that paragraph 24 alleges that Plaintiffs are entitled to permanently enjoin Phoebe.  Phoebe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies them.

25. Phoebe denies the allegations in paragraph 25 to the extent that paragraph 25 alleges that Plaintiffs are entitled to recover attorneys' fees and costs from Phoebe.  Phoebe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

26. Plaintiffs have failed to join a required party.

### SECOND AFFIRMATIVE DEFENSE

27. Plaintiffs lack standing.

### THIRD AFFIRMATIVE DEFENSE

28. Use of the work identified by Plaintiffs in their Amended Complaint was licensed or otherwise authorized.

### FOURTH AFFIRMATIVE DEFENSE

29. Plaintiffs do not hold a valid or enforceable copyright in the work identified in their Amended Complaint, and such alleged copyright is invalid and/or unenforceable.

### FIFTH AFFIRMATIVE DEFENSE

30. Phoebe has not infringed any valid or enforceable copyright belonging to Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

31. Phoebe's alleged conduct constitutes fair use.

### SEVENTH AFFIRMATIVE DEFENSE

32. To the extent that any Phoebe entity has infringed any valid and enforceable copyright in the work identified in Plaintiffs' Amended Complaint, which is denied, such infringement was innocent and not willful.

## COUNTERCLAIMS

Defendant/Counterclaimant Phoebe for its separate counterclaims against Plaintiffs Software Freedom Conservancy, Inc. and Erik Andersen states and alleges as follows:

1. This is an action for declaratory judgment, together with such further relief based thereon as may be necessary or proper, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  There is an actual controversy between Phoebe and Plaintiffs arising under United States copyright laws, Title 17 of the United States Code.

2. The subject matter jurisdiction of this Court is founded upon Title 28, United States Code §§ 1331, 1338(a), 2201 and 2202.

3. Phoebe is a California corporation with its principal place of business at 47606 Kato Road, Fremont, CA  94538.

4. Software Freedom Conservancy, Inc. alleges that it is a not-for-profit New York corporation with its principal place of business at 1995 Broadway, 17th Fl., New York, New York 10023.

5. Erik Andersen alleges that he has a residence in Springville, Utah.

6. Mr. Anderson alleges that he authored, developed and owns the copyrights in a computer program called "BusyBox."

7. Software Freedom Conservancy, Inc. alleges that it is a copyright enforcement agent for Mr. Andersen with respect to BusyBox.

8. Mr. Andersen and Software Freedom Conservancy, Inc. ("Plaintiffs") allege that Phoebe has infringed Mr. Andersen's alleged copyrights in BusyBox.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

9. Phoebe restates and realleges each of the allegations set forth in the Counterclaim paragraphs 1-8 above.

10. By filing the instant Amended Complaint, Plaintiffs have purported to assert a claim for copyright infringement by Phoebe of copyrights in BusyBox.

11. Phoebe has not infringed any copyrights in BusyBox.

12. Phoebe is entitled to judgment that it has not infringed any copyrights in BusyBox.

## JURY DEMAND

13. Phoebe requests a jury trial on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Phoebe prays for judgment in its favor against Plaintiffs/Counterclaimants as follows:

1. Dismissing Plaintiffs' cause of action with prejudice and on the merits;

2. Declaring that Phoebe has not infringed the alleged copyrights in BusyBox;

3. Awarding Phoebe its costs, including reasonable attorneys' fees, incurred in connection with this matter; and

4. Awarding such other relief as this Court deems just and equitable.

Dated: December 16, 2011

        Respectfully submitted,

        **COHEN LAW GROUP, P.C.**

        /s/ Brian Scott Cohen
        _____
        Brian Scott Cohen (BC2091)
        1220 Broadway, Suite 708
        New York, NY 10001
        Phone: (212) 967-2879
        Fax:  (646) 349-2567
        Email: brian@cohenlg.com

        *Local Counsel for Defendant*
        *Phoebe Micro, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the below date, he did cause a true and correct copy of the foregoing **DEFENDANT PHOEBE MICRO, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** to be served via this Court's Electronic Case Filing System upon counsel for all parties.

Dated:  December 16, 2011

                                                    /s/ Brian Scott Cohen_____

                                                  Brian Scott Cohen